MDL 2 1 4 9

MULTIDISTRICT LITIGATION

JAN 2 5 2010

FILED
CLERK'S OFFICE



**ORIGINAL**

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

**In re** U.S. Patent 4,935,184    )
PATENT LITIGATION             )          MDL Docket No. _____
                              )

## JENS ERIK SORENSEN AS TRUSTEE OF SORENSEN RESEARCH AND
## DEVELOPMENT TRUST'S MOTION FOR TRANSFER AND
## CONSOLIDATION OF RELATED PATENT INFRINGEMENT ACTIONS
## <u>PURSUANT TO 28 U.S.C. § 1407</u>

Jens Erik Sorensen as Trustee of Sorensen Research and Development Trust

("Sorensen"), respectfully moves the Judicial Panel on Multidistrict Litigation (the

"Panel"), pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure for

the Judicial Panel on Multidistrict Litigation (the "MDL Rules"), for an Order

transferring and/or consolidating 32 lawsuits relating to a single patent that are

now pending in three district courts to a single district court.

In support of this motion, and as more fully set forth in the accompanying

memorandum, Sorensen avers as follows:

1.     Sorensen is the holder of U.S. Patent No. 4,935,184 ("'184 patent")

and has alleged infringement of the '184 patent as plaintiff against defendants in 28

cases in the Southern District of California and one case in the Northern District of

California ("Infringement Actions").   Sorensen is also the defendant in three

## OFFICIAL FILE COPY

IMAGED JAN 2 5 2010

PLEADING NO. 1

additional suits for declaratory judgment of non-infringement and/or invalidity, two in the Southern District of California and one in the Eastern District of Pennsylvania ("DJ Actions"). The Schedule of Actions attached hereto summarizes the 32 patent actions that are the subject of this Motion.

2. Each of the cases proposed for transfer and/or consolidation under 28 U.S.C. § 1407(a) are based upon common questions of fact, including patent infringement, patent validity, prior art, obviousness, and the proper interpretation of the claims of the patent, as well as overlapping manufacturing processes and common questions relating to 35 U.S.C. § 295.

3. This request is being filed upon the suggestion of Judge Barry Ted Moskowitz, presiding judge for 29 of the pending actions currently located within the Southern District of California.

4. The 15 oldest cases within the Southern District of California are scheduled to have a currently standing stay of litigation lifted on April 30, 2010 and the remaining cases are either not stayed or are expected to have stay lifted within the same timeframe. This request is being filed now so that the cases will be prepared to immediately proceed together by the time the stay lifts on April 30, 2010.

5.    Transfer and consolidation of these actions under § 1407 serve the convenience of the parties and witnesses, and will promote just and efficient conduct of litigation.

Wherefore, Sorensen hereby moves this Panel to: (1) transfer the patent actions that are currently pending in multiple districts and before multiple judges to a single district court for pretrial purposes; (2) order coordinated or consolidated pretrial proceedings for the transferred actions and the related patent actions already pending before the district court selected by the Panel.

The detailed grounds for this motion are set forth in the accompanying memorandum of law.

DATED this 14th day of January, 2010.

**MELODY A. KRAMER**, SBN 169984
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

**J. MICHAEL KALER**, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK
SORENSEN, as Trustee of
SORENSEN RESEARCH AND
DEVELOPMENT TRUST

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 5 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

**In re** U.S. Patent 4,935,184          )
PATENT LITIGATION                        )          MDL Docket No. _____
                                         )

## BRIEF IN SUPPORT OF SORENSEN'S MOTION FOR TRANSFER AND
## CONSOLIDATION OF RELATED PATENT INFRINGEMENT ACTIONS
## PURSUANT TO 28 U.S.C. § 1407

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

FACTUAL BACKGROUND ............................................................................... 1

ARGUMENT ...................................................................................................... 7

    I.     THE '184 PATENT CASES MEET THE CRITERIA FOR
          TRANSFER, COORDINATION AND CONSOLIDATION UNDER
          28 U.S.C. § 1407. ................................................................................ 7

          A.  The '184 patent cases involve common questions of fact and law. 9

          B.  Coordinated or consolidated pretrial proceedings will be for the
              convenience of parties and witnesses and promote just and
              efficient conduct of these actions. .................................................. 9

    II.    TRANSFER AND/OR CONSOLIDATION NEED NOT AWAIT
          LIFT OF ANY STAYS ...................................................................... 10

    III.  A CALIFORNIA DISTRICT COURT WOULD BE AN
          APPROPRIATE TRANSFEREE FORUM ........................................ 12

CONCLUSION ................................................................................................. 16

# TABLE OF AUTHORITIES

## STATUTES

28 U.S.C. § 1407 ............................................................................................... 1, 2, 7

35 U.S.C. § 295 ......................................................................................... 2, 3, 4, 9, 10

## CASES

*In re Acacia Media Techs. Corp. Patent Litigation*, 360 F.Supp.2d 1377

(J.P.M.L. 2005) ...........................................................................................................7

*In re Brimonidine Patent Litigation*, 507 F.Supp.2d 1381 (J.P.M.L. 2007) .............7

*In re Capital Underwriters, Inc. Securities Litigation*, 464 F.Supp. 955

(J.P.M.L.1979) ..........................................................................................................11

*In re Columbia University Patent Litigation*, 313 F.Supp.2d 1383

(J.P.M.L. 2004) ...........................................................................................................7

*In re Laughlin Prods, Inc., Patent Litigation*, 240 F Supp 2d 1358

(J.P.M.L. 2003) ...........................................................................................................8

*Novo Nordisk of North America, Inc. v. Genentech, Inc.*, 77 F.3d 1364

(Fed. Cir. 1996) ..........................................................................................................4

*Nutrinova Nutrition Specialties & Food Ingredients GmbH v. Int'l Trade Comm'n*,

224 F.3d 1356 (Fed. Cir. 2000) .................................................................................4

## FACTUAL BACKGROUND

*Summary of the patent at issue*

The '184 patent is a manufacturing process patent for plastic injection molding. It is a solution to a common problem in the manufacture of hollow plastic products, i.e., how to stabilize the mold parts during injection. The process has been widely adopted, and is licensed for use by more than 100 U.S. and international manufacturers, including Microsoft, Newell Rubbermaid, and many other respected household names.

*Details of the actions and parties*

The three oldest cases – *Sorensen v. Giant International, Sorensen v. Esseplast,* and *Sorensen v. Helen of Troy Texas Corporation, et al* – were filed by Sorensen in the Southern District of California. The next oldest case – *Sorensen v. Lexar Media, Inc.* – was filed by Sorensen in the Northern District of California. The remaining actions, with the exception of three, were all filed by Sorensen in the Southern District of California. Of the three DJ Actions, one was filed in the Southern District of California (*Acco v. Sorensen*), one was recently transferred to the same district, but different judge (*Big Lots v. Sorensen*), and the third was filed in the Eastern District of Pennsylvania (*Dorman Products v. Sorensen*).

Two of the DJ Actions have mirror-image Infringement Actions – Big Lots and Dorman – that will need to be consolidated. As to the Dorman/Sorensen dispute, Sorensen has pending a motion to dismiss or transfer that case for lack of personal jurisdiction and the matter is currently in jurisdictional discovery.

Two of the cases in the Southern District of California are currently subject to automatic bankruptcy stays – *Sorensen v. Global Machinery Company* and *Sorensen v. Senco*.

*The need for coordination*

Sorensen's written discovery in each of the cases will involve nearly identical requests for certain types of manufacturing, sales, and marketing evidence, as well as internal company documents relating to knowledge of the '184 patented process and decisions made to use the process. Sorensen will also be seeking discovery regarding alleged prior art and other claimed grounds for invalidation of the '184 patent. Without consolidation, the very same discovery requests could be subject to dozens of different discovery disputes by different parties, requiring that each dispute be separately resolved by the district court in which suit is pending, and with the potential for inconsistent rulings on identical discovery issues.

2

It is also anticipated that each of the defendants will be seeking essentially the same general information from Sorensen regarding the subject '184 patent and bases for royalty calculations. Again, without consolidation, dozens of different requests for essentially the same core set of information is likely to generate unnecessarily duplicative work, multiple requests to depose the same witnesses, and generate an unnecessary number of repetitive discovery disputes.

Depositions of Sorensen's witnesses, including designated experts, would also be more efficiently done in a consolidated proceeding, rather than setting dozens of depositions for essentially the same information requests.

In the bulk of these cases, the actual manufacturing at issue occurred outside of the United States, in China or Taiwan. Although some of the defendants have already identified their manufacturers and suppliers, informal efforts to obtain preservation of evidence from these third-parties that are outside the reach of the jurisdiction of U.S. courts has largely been unavailing. Combined with the excessive length of stay of some of these cases, the inevitable absence of manufacturing evidence in some cases will lead to the filing of requests for presumptions of infringement pursuant to 35 U.S.C. § 295.

Sec. 295. Presumption: Product made by patented process

In actions alleging infringement of a process patent based on the importation, sale, offer for sale, or use of a product which is made from a process patented in the United States, if the court finds—

(1) that a substantial likelihood exists that the product was made by the patented process, and

(2) that the plaintiff has made a reasonable effort to determine the process actually used in the production of the product and was unable to so determine,

**the product shall be presumed to have been so made, and the burden of establishing that the product was not made by the process shall be on the party asserting that it was not so made.**

35 U.S.C. § 295 (emphasis added).

35 U.S.C. § 295 is a statutory burden-shifting provision, whereby the accused infringer's product is presumed to have been made by the patented process. When a court finds that the patent holder is unable to determine the process that was used by the manufacturer, the patent holder's showing of a "substantial likelihood" of infringement shifts the burden of establishing that the product was not made by the patented process to the alleged infringer, the party best able to obtain the evidence of the process used. *Novo Nordisk of North America, Inc. v. Genentech, Inc.*, 77 F.3d 1364, 1368 n.6 (Fed. Cir. 1996); *Nutrinova Nutrition Specialties & Food Ingredients GmbH v. Int'l Trade Comm'n*, 224 F.3d 1356, 1359-60 (Fed. Cir. 2000).

A motion under 35 U.S.C. § 295 has already been brought in the *Sorensen v. Lexar* case in the Northern District of California, prompting the presiding judge there – Judge James Ware – to extensively review the '184 patent and compare it with manufacturing process information. Although Section 295 motions will not

4

be identical between all of the cases, such motions will deal with common facts relating to an overall understanding of how and why multi-layer products are manufactured.

*Anticipated location of evidence and witnesses*

Sorensen is a California trust with a single place of business in Southern California. That is also the location of the inventor of the '184 patent, Jens Ole Sorensen. A review of the location of the other parties shows a wide scattering across the country. The principal places of business for each of the Defendants (per the respective complaints) are as follows:

8 in California (in the Southern, Central, and Northern Districts)
4 in Pennsylvania (in the Eastern and Western Districts)
4 in Texas (in the Eastern and Western Districts)
3 in Illinois
3 in North Carolina,
3 in Ohio (in the Southern and Northern Districts) (one of these is in a
    bankruptcy-stayed case)
3 in South Carolina
3 in Australia[1] (all of these are part of a bankruptcy-stayed case)
2 in Florida,
2 in Georgia
2 in New York
2 in Oregon
and one each in Connecticut, Delaware, Louisiana, Minnesota, Missouri,
    Rhode Island, and Washington.

---

[1] Sorensen's claim against one of the Australian defendants was pursued in that defendant's Australian liquidation proceeding, however, there will be no payment on the claim.

The location of manufacturers and suppliers that have already been identified in discovery include primarily China, Hong Kong, and Taiwan, but also include other Asian and European countries, and as well as a few locations scattered throughout the United States.

*Failure of attempts at voluntary coordination*

Sorensen contacted opposing counsel in all of the cases within the past two weeks requesting their position on use of the MDL Panel. With the exception of two parties, none of the opposing counsel were willing to even address the issue. Dorman Products indicated objection to use of MDL, and Rally "questions [the] advisability" of MDL. None identified any preferred transferee forum.

*Timing of this request*

On December 21, 2009, orders issued in 15 of the oldest cases in the Southern District of California stating that the stay in those cases would expire no later than April 30, 2010. An additional six motions to lift stay are set for hearing before Judge Moskowitz on January 22, 2010. Based upon the previous recommendation of Judge Moskowitz that one or more parties consider requesting implementation of the MDL Panel for the '184 patent cases, this request is being filed by Sorensen sufficiently in advance of that lift of stay so that there will not be any further delay in prosecution of these cases.

# ARGUMENT

I.   THE '184 PATENT CASES MEET THE CRITERIA FOR TRANSFER, COORDINATION AND CONSOLIDATION UNDER 28 U.S.C. § 1407.

> (a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. . . .

28 U.S.C. § 1407(a).

Use of 28 U.S.C. § 1407 to consolidate patent litigation relating to the same patent is commonplace. *See, e.g., In re Brimonidine Patent Litigation*, 507 F.Supp.2d 1381, 1381-82 (J.P.M.L. 2007) (Panel held that centralization under Section 1407 of patent suits pending in two different districts would "eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary"); *In re Columbia University Patent Litigation*, 313 F.Supp.2d 1383, 1385 (J.P.M.L. 2004) (same); *In re Acacia Media Techs. Corp. Patent Litigation*, 360 F.Supp.2d 1377, 1379 (J.P.M.L. 2005) (Panel held that centralization of patent infringement actions pending in five different districts was necessary under Section 1407 even though there were differences in alleged infringing uses and pretrial litigation was more advanced in some cases than others; Panel found common

questions of law and fact relating to overlapping set of patents at issue in subject lawsuits).

For example, in *In re Laughlin Prods.*, the Panel ordered the transfer of eight patent litigation actions to a single district for consolidation of pretrial proceedings with the action already pending in that district. The court found that the:

> litigation involve[s] common questions of fact and that centralization . . . will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At issue in each of the actions is the same patent . . . Seven of the actions are brought by Laughlin against HTS and /or its franchisees for infringement of the [patent] . . . . The eighth action is brought against Laughlin and Dr. Laughlin by HTS, which seeks a declaratory judgment of patent invalidity and non-infringement with respect to the [patent]. All actions can thus be expected to share factual and legal questions with respect to the [patent] concerning such matters as infringement, patent validity, prior art, obviousness and interpretation of the claims of the patent. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

*In re Laughlin Prods, Inc., Patent Litigation*, 240 F Supp 2d 1358, 1358-1359 (J.P.M.L. 2003).

As with the *In re Laughlin* matters, the '184 patent cases share factual and legal questions, and centralization and consolidation is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve judicial and party resources.

8

A.    The '184 patent cases involve common questions of fact and law.

Each of the 32 cases subject to this request involve the same patent, thus implicating common questions of infringement, patent validity, prior art, anticipation, obviousness, and interpretation of the claims of the patent. Additionally, within the context of these particular cases, there are likely to be multiple motions pursuant to 35 U.S.C. § 295 seeking application of a presumption of infringement.

Because of these common questions of fact and law, the cases should be transferred to and/or consolidated in a single district court for pretrial proceedings.

B.    Coordinated or consolidated pretrial proceedings will be for the convenience of parties and witnesses and promote just and efficient conduct of these actions.

Only one of the cases sought to be consolidated have had any substantial discovery or motion practice, that being the *Sorensen v. Lexar* case in the Northern District of California. Jurisdictional discovery was conducted in the *Big Lots v. Sorensen* DJ Action before transfer from Ohio to Southern California, and is in progress in the *Dorman v. Sorensen* DJ Action pending a transfer request for lack of personal jurisdiction. As to the rest of these cases, no discovery has occurred with the exception of a single interrogatory allowed by Judge Moskowitz for the intended purpose of evidence preservation. As such, the discovery status is essentially the same for all cases.

Transfer and consolidation will thus avoid duplicative discovery and duplicative motion practice, and the potential for conflicting rulings and claim constructions. Discovery can be consolidated by coordinating depositions, making discovery disclosures and responses to written discovery available to all parties, consolidating motions on protective orders, privilege issues, and 35 U.S.C. § 295 issues, and motions involving common questions of law can be resolved in one court rather than many.

As recognized by Judge Moskowitz in the *Sorensen v. Helen of Troy* case:

> THE COURT [Judge Moskowitz]: Here is my concern as a judge: That if there is litigation in multiple districts and it involves interpretation of the patent, you can have different results in different districts. And then if there are issues about -- that would apply across the board, for example, invalidity -- you know, a lot of times there are arguments about invalidity for failure to disclose thing to the Patent Office, or obviousness or other things that go to invalidity, that you could have different results in different districts. And it can really be a mess. And now, I checked, this would be – with declaratory judgment actions and with affirmative actions by the patent holder, this would be a case that could be appropriate for multidistrict litigation, so there is one group of, you know, discovery that everybody gets and you don't have to make discovery in all different districts. There is one group of patent litigation about the terms of the patent rather than having multiple litigation over it.

Transcript of court hearing in *Sorensen v. Helen of Troy*, February 25, 2008, page 11:18-12:10 (courtesy copy attached hereto as Exhibit A).

## II.    TRANSFER AND/OR CONSOLIDATION NEED NOT AWAIT LIFT OF ANY STAYS.

As identified herein, some of the cases sought to be consolidated are current

subject to bankruptcy stays and litigation stays pending completion of

reexamination. These stays, however, do not interfere with the jurisdiction of the

MDL Panel to transfer and consolidate these cases.

The fact that four of the actions in question had been stayed in the district in

which they had been brought pending the outcome of administrative proceedings

did not affect the authority of the Judicial Panel to transfer the actions, nor did the

transfer itself affect the present status of those actions. *In re Capital Underwriters,*

*Inc. Securities Litigation,* Jud.Pan.Mult.Lit.1979, 464 F.Supp. 955.

The MDL Panel has previously held that the existence of bankruptcy stays

does not deprive it of jurisdiction to transfer such actions under Section 1407.

> There appears to be some confusion among the parties concerning the
> interaction of the provisions of the Bankruptcy Code and § 1407.
> Transfer under § 1407 of an action containing claims against a
> defendant in bankruptcy has no effect on the automatic stay provisions
> of the Bankruptcy Code (11 U.S.C. § 362). Claims that have been
> stayed in the transferor court remain stayed in the transferee court.
> The Panel, however, has never considered the pendency of such
> stayed claims in an action to be an impediment to transfer of the
> action. 28 U.S.C. § 1407(a) authorizes the Panel to transfer only "civil
> actions" and not claims. The complex multidistrict litigations before
> the Panel have often included actions brought against multiple
> defendants, the claims against one or more of which have been stayed
> as a result of bankruptcy. To have allowed the pendency of claims
> against a single bankrupt defendant to preclude the transfer of actions
> containing claims actively being litigated against common
> nonbankrupt defendants would have frustrated the essential purpose of
> § 1407.

11

*In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 421 (Jud.Pan.Mult.Lit., 1991); see also *In re Ephedra Products Liability Litigation*, 416 F.Supp.2d 1358 (Jud.Pan.Mult.Lit.,2006).

There is no authority suggesting that the situation is any different for other stays. Furthermore, all of the cases sought to be transferred (with exception of the two cases in bankruptcy stay) are either slated to have stay lifted no later than April 30, 2010 (15 cases), having pending motions to lift stay (7 cases), is stayed with no motion to life stay yet filed (1 case), have appeals to the Federal Circuit with regard to stay orders (2 cases), or are not stayed (5 cases).

III.    A CALIFORNIA DISTRICT COURT WOULD BE AN APPROPRIATE
        TRANSFEREE FORUM.

The most obvious choices for an appropriate transferee forum and judge would be the Southern District of California (Judge Barry Ted Moskowitz) or alternative, the Northern District of California (Judge James S. Ware), for the reasons outlined below.

Currently 30 cases are in the Southern District of California, 29 are before the same judge – Judge Moskowitz – with the remaining one before Judge Michael

M. Anello.[2]  One case is in the Northern District of California before Judge Ware, and the remaining other case is pending before Judge Jan E. DuBois of the Eastern District of Pennsylvania.

Thus, the Southern District of California is where the concentration of actions is located.  With respect to the level of experience with these cases, Judge Moskowitz has developed some familiarity with the majority of the parties involved as a result of presiding over the largest number of cases.  However, Judge Moskowitz has not yet had occasion to delve into the details of the '184 patent in any depth.  The cases pending before Judge Moskowitz have all been effectively or explicitly in stay since their inception.   Judge Moskowitz has primarily presided over motions to preserve evidence during the litigation stays.  With respect to an earlier case involving infringement of the '184 patent that has since settled (*Sorensen v. The Black & Decker Corporation, et al*, USDC Southern California, Case No. 06cv1572), all motions that would have required any in depth consideration of the '184 patent were postponed pending a claim construction hearing, which never occurred in that case and has not yet occurred in any of the cases that are the subject of this motion.

---

[2] *Big Lots Stores, Inc. v. Sorensen Research and Development Trust*, Case No, 08-CV-506, was recently transferred to the Southern District of California from the United States District Court for the Southern District of Ohio.  This case was assigned to Judge Anello.

By contrast, Judge Ware of the Northern District of California, has already tackled substantive issues relating to the '184 patent. Judge Ware considered extensive briefing and ruled upon a 35 U.S.C. § 295 motion in the *Sorensen v. Lexar* case, which required him to evaluate evidence with respect to making a finding regarding the "substantial likelihood of infringement." The briefing and oral argument on the hearing included substantial reference to technical details of the '184 patent and the accused products at issue. Accordingly, Judge Ware is the judge that has attained the most familiarity with the '184 patent.

Judge Jan E. DuBois of the Eastern District of Pennsylania, has dealt only with resolving the issue of whether personal jurisdiction lies in that District. The issue of jurisdiction has not required Judge DuBois to consider substantive issues relating to the '184 patent. Likewise, Judge Anello of the Southern District of Califorina has had no opportunity to substantively consider any matters related to the '184 patent. Judge Anello was the recipient of a declaratory judgment suit that was originally filed against Sorensen in the Southern District of Ohio and then was recently transferred to the Southern District of California.

Based on the concentration of actions and experience of current judges, Sorensen recommends that the actions be consolidated and transferred to the Southern District of California before Judge Moskowitz, or in the alternative, to the Northern District of California before Judge Ware.

14

Looking outside the factors of concentration of cases and experience of judges in the cases subject to consolidation does not provide any substantial reason to transfer these cases elsewhere.

The principal places of business for the bulk of the parties are in California, specifically, Sorensen and eight of the defendants. Moreover, with two defendants in Oregon, and one defendant in Washington, there are a total of twelve parties based on the West Coast. No other states have more than four defendants with principal places of businesses in them.

The locations of necessary documents and witnesses are widely scattered throughout the United States and internationally. Certain documents and witnesses will be located in the principal places of businesses of the various parties, and evidence of the accused processes is often divided between the locations of product design and product manufacture. Manufacture of the accused products in many cases are conducted in an assortment of Asian and European countries, as well as a few scattered locations throughout the United States.

Centrality of the location for the convenience of the parties and witnesses pulls in favor of a California court. California is the home of the highest number of parties, and is a primary destination for many witnesses coming from Asia, the manufacturing source of the majority of accused products. Moreover, the location

of three additional parties in Oregon and Washington adds to the relative convenience of California as a forum for the largest group of parties.

The three earliest cases to be filed were all filed in the Southern District of California, followed by one that was filed in the Northern District of California. This fact again favors a California district court as the appropriate transferee court.

Based upon the location of principal places of business, the location of documents and witnesses, the earliest filed actions, the districts with the most cases pending, and the judges with greatest familiarity with the issues involved in this patent litigation, the two California district courts – Southern and Northern – stand out as the most logical choices for a transferee forum.

## CONCLUSION

Based upon the foregoing, transfer and consolidation to either the Southern District of California or the Northern District of California for the coordination and consolidated of pre-trial discovery is warranted and would promote the just and efficient conduct of these actions.

DATED this 14th day of January, 2010.

**MELODY A. KRAMER**, SBN 169984
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

16

**J. MICHAEL KALER,** SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK
SORENSEN, as Trustee of
SORENSEN RESEARCH AND
DEVELOPMENT TRUST

17

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 5 2010

FILED
CLERK'S OFFICE

# EXHIBIT A

1               UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

2

3                                  )

JENS ERIK SORENSEN, as        )
4 Trustee of SORENSEN           )
RESEARCH AND DEVELOPMENT    )
5 TRUST,                     )
                                 )
6                                  )
             Plaintiff,     ) Case No. 07cv02278BTM
7                                )
                               )
8               vs.           )
                               )
9 HELEN OF TROY TEXAS         )
CORPORATION; OXO           )
10 INTERNATIONAL, LTD; and     )
DOES 1-100,              )
11                                )
                               )
12          Defendants.     )
                               ) San Diego, California
13                                )
                               ) February 25, 2008
14

15

16                     Status Conference

17       BEFORE THE HONORABLE BARRY TED MOSKOWITZ
             UNITED STATES DISTRICT JUDGE

18

19 APPEARANCES:

20 *For the Plaintiff*:          Kaler Law Offices
                          J. Michael Kaler
21                           9930 Mesa Rim Road St. 200
                          San Diego, CA 92121
22
                          Kramer Law Office
23                           Melody A. Kramer
                          9930 Mesa Rim Road, St.1600
24                           San Diego, CA 92121

25

2

| | |
|---|---|
| *For the Defendants:* | Seyfarth Shaw<br>Eric B. Von Zeipel<br>2029 Century Park East,<br>Suite 3300<br>Los Angeles, CA 90067 |
| *Official Reporter:* | Barbara Harris CM/RPR/CRR<br>880 Front Street<br>San Diego, CA 92101<br>619-990-3116 |

```
 1   next step, because I'm sure you've got plenty of things to
 2   do.  You don't need time to waste on things that really
 3   aren't going to accomplish anything.
 4           You filed at least in one other district.  Did you
 5   file cases in --                                              16:22:07
 6           MR. KALER:  Northern District of California.
 7           THE COURT:  -- any other district?
 8           MR. KALER:  No.  We have been sued with dec relief
 9   actions in at least three other districts.  None of those
10   have actually come at issue as of yet because they just      16:22:07
11   started serving them, but our actions --
12           THE COURT:  Can you still hear him, Mr. Von Zeipel?
13           MR. VON ZEIPEL:  Yes, I can hear.
14           MR. KALER:  So there are three other districts
15   where there is litigation against us which has been pending  16:22:08
16   or the time has not come to respond, but we have only been
17   sued in the Northern District --
18           THE COURT:  Here is my concern as a judge:  That if
19   there is litigation in multiple districts and it involves
20   interpretation of the patent, you can have different results 16:22:08
21   in different districts.  And then if there are issues about
22   -- that would apply across the board, for example,
23   invalidity -- you know, a lot of times there are arguments
24   about invalidity for failure to disclose thing to the Patent
25   Office, or obviousness or other things that go to invalidity, 16:22:08
```

1  that you could have different results in different districts.

2  And it can really be a mess.

3          And now, I checked, this would be -- with

4  declaratory judgment actions and with affirmative actions by

5  the patent holder, this would be a case that could be                16:22:08

6  appropriate for multidistrict litigation, so there is one

7  group of, you know, discovery that everybody gets and you

8  don't have to make discovery in all different districts.

9  There is one group of patent litigation about the terms of

10  the patent rather than having multiple litigation over it.              16:22:09

11          But, the Multidistrict Litigation Panel or the

12  court on its own can't -- the Multidistrict Litigation Panel

13  can, but a district judge can't sua sponte have it considered

14  by the Multidistrict Litigation Panel.

15          And the Multidistrict Litigation Panel's staff told     16:22:09

16  me that they routinely do not do it sua sponte.  So that

17  unless a party, any party, makes a motion to the

18  Multidistrict Litigation Panel, they will not, you know, just

19  reach out and consolidate it or even issue an order to show

20  cause as to whether it should be done.  So it's really up to        16:22:10

21  the defendants and the plaintiff.

22          Now, the defendants may have less of an interest

23  because if one defendant loses it's not collateral estoppel

24  against another defendant.  If the plaintiff loses one case,

25  the plaintiff loses every case, because it's collateral              16:22:10

Before the Judicial Panel on Multidistrict Litigation
MDL-_____    In re U.S. Patent 4,935,184

REVISED SCHEDULE OF ACTIONS

| CASE CAPTIONS | COURT | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>Defendants: Lexar Media, Inc. | California, Northern District | 5:08-cv-0095 | James Ware |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>Defendants: Giant International (USA) LTD | California, Southern District | 3:07-cv-2121 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>Defendants: Esseplast USA (NC) Inc. | California, Southern District | 3:07-cv-2277 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>Defendants: Helen of Troy Texas Corporation; OXO International LTD | California, Southern District | 3:07-cv-2278 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>Defendants: Emerson Electric Co.; One World Technologies, Inc.; Ridge Tool Company; Ridgid, Inc. | California, Southern District | 3:08-cv-60 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>Defendants: Ryobi Technologies, Inc.; Techtronic Industries North America, Inc. | California, Southern District | 3:08-cv-70 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>Defendants: Senco Products, Inc. | California, Southern District | 3:08-cv-71 | Barry Ted Moskowitz |

| CASE CAPTIONS | COURT | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Informatics, Inc., Informatics Holdings, Inc., Datalogic Scanning, Inc., Datalogic Scanning Holdings, Inc., WASP Barcode Technologies. | California, Southern District | 3:08-cv-134 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Motorola, Inc. | California, Southern District | 3:08-cv-136 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Alltrade Tools, LLC. | California, Southern District | 3:08-cv-232 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Global Machinery Company; GMCA PTY.; Trapone Corporation PTY. LTD | California, Southern District | 3:08-cv-233 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Emissive Energy Corp. | California, Southern District | 3:08-cv-234 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Metabo Corporation; Metabowerke GMBH | California, Southern District | 3:08-cv-304 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Rally Manufacturing, Inc. | California, Southern District | 3:08-cv-305 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Sunbeam Products, Inc. | California, Southern District | 3:08-cv-306 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Central Purchasing, LLC. | California, Southern District | 3:08-cv-309 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust **Defendants:** Kyocera International, Inc.; Kyocera Wireless Corp. | California, Southern District | 3:08-cv-411 | Barry Ted Moskowitz |

| CASE CAPTIONS | COURT | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust Defendants: DMS Holdings, Inc. | California, Southern District | 3:08-cv-559 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust Defendants: Human Touch, LLC, Interactive Health, Inc. | California, Southern District | 3:08-cv-1080 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust Defendants: Conair Corporation | California, Southern District | 3:08-cv-1256 | Barry Ted Moskowitz |
| Plaintiff: Acco Brands USA LLC Defendants: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust. | California, Southern District | 3:08-cv-1670 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust Defendants: Target Corporation | California, Southern District | 3:09-cv-56 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust Defendants: Big Lots Stores, Inc. | California, Southern District | 3:09-cv-57 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust Defendants: Spectrum Brands, Inc. | California, Southern District | 3:09-cv-58 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust Defendants: Lowe's Companies, Inc., LG Sourcing, Inc., Lowe's HIW, Inc. | California, Southern District | 3:09-cv-59 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust Defendants: Axonn, LLC; Spot, LLC; Global Star, Inc. | California, Southern District | 3:09-cv-60 | Barry Ted Moskowitz |
| Plaintiff: Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust Defendants: Freshlink Product Development, LLC; Pollen Design, Inc. | California, Southern District | 3:09-cv-267 | Barry Ted Moskowitz |

| CASE CAPTIONS | COURT | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>**Defendants:** U.S. Tape Company, Inc. | California, Southern District | 3:09-cv-531 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>**Defendants:** Fein Power Tools, Inc. | California, Southern District | 3:09-cv-558 | Barry Ted Moskowitz |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>**Defendants:** Dorman Products, Inc. | California, Southern District | 3:09-cv-1579 | Barry Ted Moskowitz |
| **Plaintiff:** Big Lots Stores, Inc.<br>**Defendants:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust | California, Southern District | 3:09-cv-2702 | Michael M. Anello |
| **Plaintiff:** Dorman Products, Inc.<br>**Defendants:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust | Pennsylvania, Eastern District | 2:09-cv-2946 | Jan E. Dubois |

| CASE CAPTIONS | COURT | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>**Defendants:** U.S. Tape Company, Inc. | **California, Southern District** | 3:09-cv-531 | **Barry Ted Moskowitz** |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>**Defendants:** Fein Power Tools, Inc. | **California, Southern District** | 3:09-cv-558 | **Barry Ted Moskowitz** |
| **Plaintiff:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust<br>**Defendants:** Dorman Products, Inc. | **California, Southern District** | 3:09-cv-1579 | **Barry Ted Moskowitz** |
| **Plaintiff:** Big Lots Stores, Inc.<br>**Defendants:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust | **California, Southern District** | 3:09-cv-2702 | **Barry Ted Moskowitz** |
| **Plaintiff:** Dorman Products, Inc.<br>**Defendants:** Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust | **Pennsylvania, Eastern District** | 2:09-cv-2946 | **Jan E. Dubois** |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 25 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

**In re** U.S. Patent 4,935,184                MDL -

## PROOF OF SERVICE

I, Melody A. Kramer, hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate of Service was served by Federal Express Third Day Delivery on January 14, 2010 to the following:

Clerk, USDC Northern District of California
San Jose, CA

Clerk, USDC Southern District of California
San Diego, CA

Clerk, Eastern District of Pennsylvania
Philadelphia, Pennsylvania

Jared Bobrow
Joseph H. Lee
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
jared.bobrow@weil.com
joseph.lee@weil.com

Kevin Kudlac
Christian J. Hurt
Daniel J. Booth
Weil, Gotshal & Manges LLP
Kevin.kudlac@weil.com
700 Louisiana, Suite 1600
Houston, Texas 77002

**Counsel for Defendant Lexar Media, Inc.**
**N.D. California, No: 5:08-cv-0095**

Allison Goddard
J. Christopher Jaczko
Jaczko Goddard LLP
4401 Eastgate Mall
San Diego, CA 92121

Dale Lischer
Elizabeth G. Borland
Kerri A. Hochgesang
Smith, Gambrell & Russell, LLP
Promenade II, Suite 3100
1230 Peachtree St., N.E.
Atlanta, GA 30309

**Counsel for Defendant Giant International (USA) LTD**
**S.D. California, No: 3:07-cv-2121**

Alan A. Limbach
Elizabeth Day
Vincent S Lam
Erik R. Fuehrer
DLA Piper USA LLC
2000 University Avenue
East Palo Alto, CA 94303-2214

**Counsel for Defendant Esseplast USA (NC) Inc.**
**S.D. California, No: 3:07-cv-2277**

Erik B. Von Ziepel
Christopher C. Larkin
Seyfarth Shaw LLP
2029 Century Park East, Suite 3300
Los Angeles, CA 90067

**Counsel for Defendants Helen of Troy Texas Corporation; OXO International LTD**
**S.D. California, No: 3:07-cv-2278**

Roger G. Perkins
Peter J. Lucca
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101

Orlando F. Cabanday
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292

Richard Marschall
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108

**Counsel for Defendants Emerson Electric Co.; One World Technologies, Inc.;
Ridge Tool Company; Ridgid, Inc.
S.D. California, No: 3:08-cv-60**

Roger G. Perkins
Peter J. Lucca
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101

Richard Marschall
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108

**Counsel for Defendants Ryobi Technologies, Inc.; Techtronic Industries North America, Inc.
S.D. California, No: 3:08-cv-70**

Roger G. Perkins
Peter J. Lucca
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101

Richard Marschall
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108

**Counsel for Defendant Senco Products, Inc.
S.D. California, No: 3:08-cv-71**

James H. Shalek
Elias L. Schilowitz
Proskauer Rose LLP
1585 Broadway,
New York, NY 10036-8299

Jonathan E. Rich
Proskauer Rose LLP

2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206

**Counsel for Defendant Informatics, Inc.**
**S.D. California, No: 3:08-cv-134**

RACHEL M. CAPOCCIA
Hogan & Hartson L.L.P.
1999 Avenue of the Stars,
Suite 1400
Los Angeles, California 90067

Erik J. Lobenfeld
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

**Counsel for Defendant Motorola, Inc.**
**S.D. California, No: 3:08-cv-136**

Douglas R. Peterson
John V. Hanley
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067-5052

**Counsel for Defendant Alltrade Tools, LLC**
**S.D. California, No: 3:08-cv-232**

M. Andrew Woodmansee
Morrison & Foerster LLP
12531 High Bluff Dr., Suite 100
San Diego, California 92130

**Counsel for Defendants Global Machinery Company; GMCA PTY.; Trapone Corporation PTY. LTD**
**S.D. California, No: 3:08-cv-233**

Jeff E. Scott
Kamran Salour
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404

**Counsel for Defendant Emissive Energy Corp.**
**S.D. California, No: 3:08-cv-234**

Jeffrey D. Lewin
Sullivan, Hill, Lewin, Rez & Engel

550 West "C" Street, Suite 1500
San Diego, CA 92101

Arnold Rosenblatt, Esq.
Cook, Little, Rosenblatt & Manson
1000 Elm Street
Manchester, NH  03101

**Counsel for Defendants Metabo Corporation; Metabowerke GMBH**
**S.D. California, No: 3:08-cv-304**

Gary M. Anderson
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045

David S. Taylor
Matthew Stavish
Berenato, White & Stavish
6550 Rock Spring Drive, Suite 240
Bethesda, MD 20817

**Counsel for Defendant Rally Manufacturing, Inc.**
**S.D. California, No: 3:08-cv-305**

George L. Fountain
Vy H.Vu
FOUNTAIN LAW GROUP, INC.
18201 Von Karman Ave., Suite 960
Irvine, CA 92612

Kening Li, PH.D.
PINSENT MASONS
C/o BAKER DONELSON BEARMAN CALDWELL AND BERKOWITZ
555 11th St., NW,
Washington, DC 20004

**Counsel for Defendant Sunbeam Products, Inc.**
**S.D. California, No: 3:08-cv-306**

Mark J. Rosenberg
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020

Susan E. Basinger
Higgs Fletcher & Mack LLP
401West "A" Street, Suite 2600

San Diego, California 92101

**Counsel for Defendant Central Purchasing, LLC**
**S.D. California, No: 3:08-cv-309**

Anthony J. Dain
Victor M. Felix
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101

**Counsel for Defendants Kyocera International, Inc.; Kyocera Wireless Corp.**
**S.D. California, No: 3:08-cv-411**

Teresa A. Ascencio
Sonnenschein Nath & Rosenthal LLP
4250 Main Street, Suite 1100
Kansas City, MO 64111

**Counsel for Defendant DMS Holdings, Inc.**
**S.D. California, No: 3:08-cv-559**

Gary Dukarich
Syed A. Hasan
Christie, Parker & Hale, LLP
350 West Colorado Blvd, Ste. 500
Post Office Box 7068
Pasadena, California 91109-7068

**Counsel for Defendants Human Touch, LLC; Interactive Health, Inc.**
**S.D. California, No: 3:08-cv-1080**

Allison H. Goddard
Jaczko Goddard LLP
4401 Eastgate Mall
San Diego, CA 92121

Dean D. Niro
Robert A. Conley
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois, 60602

**Counsel for Defendant Conair Corporation**
**S.D. California, No: 3:08-cv-1256**

Kenneth B. Black
Matthew D. Thayne
Brian J. Nese

STOEL RIVES LLP
Suite 1100, One Utah Center
201 South Main Street
Salt Lake City, Utah 84111

Michael D. Fabiano
MAZZARELLA CALDARELLI
550 West C Street, Suite 700
San Diego, California 92101

**Counsel for Plaintiff Acco Brands USA LLC**
**S.D. California, No: 3:08-cv-1670**

Scott Casey Moore
Morrison & Foerster LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013-1024

Lee M. Pulju
James R. Steffen
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55423

**Counsel for Defendant Target Corporation**
**S.D. California, No: 3:09-cv-56**

Cooley Godward LLP
David A. Fox (254651)
John S. Kyle
dfox@cooley.com
kylejs@cooley.com
4401 Eastgate Mall
San Diego, CA 92121

Nydegger And Associates
Kent M. Walker (173700)
348 Olive Street
San Diego, CA 92103

Taft Stettinius LLP
John M. Mueller
mueller@taftlaw.com
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957

**Counsel for Defendant Big Lots Stores, Inc.**

**S.D. California, No: 3:09-cv-57**

Wilson Turner Kosmo LLP
Frederick W. Kosmo, Jr.
Theresa Osterman Stevenson
550 West C Street, Suite 1050
San Diego, California 92101

Nicholas B. Clifford, Jr.
Michael H. Longmeyer.
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740

**Counsel for Defendant Spectrum Brands, Inc.**
**S.D. California, No: 3:09-cv-58**

Gail J. Standish
Robert F. Gookin
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**Counsel for Defendants Lowe's Companies, Inc., LG Sourcing, Inc., Lowe's HIW, Inc.**
**S.D. California, No: 3:09-cv-59**

Allison H. Goddard
J. Christopher Jaczko
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, CA 92121

Ryan Johnson
Michael Leachman
Bernard Meroney
JONES WALKER
8555 United Plaza Blvd
Baton Rouge, Louisiana 70809

**Counsel for Defendants Axonn, LLC; Spot, LLC; Global Star, Inc.**
**S.D. California, No: 3:09-cv-60**

Lee A. Goldberg
Nathaniel Buchek
Pearl Cohen Zedek & Latzer, LLP
1500 Broadway, 12th Floor
New York, NY 10036

**Counsel for Defendants Freshlink Product Development, LLC; Pollen Design, Inc.**

**S.D. California, No: 3:09-cv-267**

David J. Noonan (55966)
Lauren E. Butz (246668)
Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300
San Diego, California 92101-8700

Michael D. LiPuma
Law Office of Michael LiPuma
Constitution Place, Ste. 1109
325 Chestnut Street
Philadelphia, PA 19106

**Counsel for Defendant U.S. Tape Company, Inc.**
**S.D. California, No: 3:09-cv-531**

John Karl Buche
Sean M. Sullivan
BUCHE & ASSOCIATES, P.C.
875 Prospect, Suite 305
La Jolla, California 92037

Wesley W. Whitmyer, Jr.
Todd M. Oberdick
Benjamin C. White
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT 06905

**Counsel for Defendant Fein Power Tools, Inc.**
**S.D. California, No: 3:09-cv-558**

Ryan W. O'Donell
Anthony S. Volpe
Volpe and Koenig, P.C.
United Plaza, Ste. 1600,
30 South 17th Street
Philadelphia, PA 19103

Joseph T. Ergastolo
Robert C. Wright
Wright & L'Estrange
401 West A Street, Ste. 2250
San Diego, CA 92101

**Counsel for Defendant Dorman Products, Inc.**
**S.D. California, No: 3:09-cv-1579**

Taft Stettinius LLP
John M. Mueller
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957

**Counsel for Plaintiff Big Lots Stores, Inc.**
**S.D. California, No: 3:09-cv-2702**


Ryan W. O'Donell
Anthony S. Volpe
Volpe and Koenig, P.C.
United Plaza, Ste. 1600,
30 South 17th Street
Philadelphia, PA 19103

**Counsel for Plaintiff Dorman Products, Inc.**
**E.D. Pennsylvania, No: 2:09-cv-2946**


/s/ Melody A. Kramer

MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150


Attorney for JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2010 JAN 19 A 9: 59

RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 25 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

**In re** U.S. Patent 4,935,184            MDL -

## REVISED PROOF OF SERVICE

I, Melody A. Kramer, hereby certify that a copy of the foregoing Revised Schedule of
Actions and Revised Certificate of Service was served by Federal Express Express Saver
Delivery on January 21, 2010 to the following:

Clerk, USDC Northern District of California
San Jose, CA

Clerk, USDC Southern District of California
San Diego, CA

Clerk, Eastern District of Pennsylvania
Philadelphia, Pennsylvania

Jared Bobrow
Joseph H. Lee
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
jared.bobrow@weil.com
joseph.lee@weil.com

Kevin Kudlac
Christian J. Hurt
Daniel J. Booth
Weil, Gotshal & Manges LLP
Kevin.kudlac@weil.com
700 Louisiana, Suite 1600
Houston, Texas 77002

**Counsel for Defendant Lexar Media, Inc.**
**N.D. California, No: 5:08-cv-0095**



1

Allison Goddard
J. Christopher Jaczko
Jaczko Goddard LLP
4401 Eastgate Mall
San Diego, CA 92121

Dale Lischer
Elizabeth G. Borland
Kerri A. Hochgesang
Smith, Gambrell & Russell, LLP
Promenade II, Suite 3100
1230 Peachtree St., N.E.
Atlanta, GA 30309

**Counsel for Defendant Giant International (USA) LTD
S.D. California, No: 3:07-cv-2121**

Alan A. Limbach
Elizabeth Day
Vincent S Lam
Erik R. Fuehrer
DLA Piper USA LLC
2000 University Avenue
East Palo Alto, CA 94303-2214

**Counsel for Defendant Esseplast USA (NC) Inc.
S.D. California, No: 3:07-cv-2277**

Erik B. Von Ziepel
Christopher C. Larkin
Seyfarth Shaw LLP
2029 Century Park East, Suite 3300
Los Angeles, CA 90067

**Counsel for Defendants Helen of Troy Texas Corporation; OXO International LTD
S.D. California, No: 3:07-cv-2278**

Roger G. Perkins
Peter J. Lucca
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101

Orlando F. Cabanday
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292

2

Richard Marschall
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108

**Counsel for Defendants Emerson Electric Co.; One World Technologies, Inc.;
Ridge Tool Company; Ridgid, Inc.
S.D. California, No: 3:08-cv-60**

Roger G. Perkins
Peter J. Lucca
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101

Richard Marschall
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108

**Counsel for Defendants Ryobi Technologies, Inc.; Techtronic Industries North America, Inc.
S.D. California, No: 3:08-cv-70**

Roger G. Perkins
Peter J. Lucca
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101

Richard Marschall
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108

**Counsel for Defendant Senco Products, Inc.
S.D. California, No: 3:08-cv-71**

James H. Shalek
Elias L. Schilowitz
Proskauer Rose LLP
1585 Broadway,
New York, NY 10036-8299

Jonathan E. Rich

3

Proskauer Rose LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206

**Counsel for Defendant Informatics, Inc, Informatics Holdings, Inc., Datalogic Scanning, Inc.,**
**Datalogic Scanning Holdings, Inc., WASP Barcode Technologies**
**S.D. California, No: 3:08-cv-134**

RACHEL M. CAPOCCIA
Hogan & Hartson L.L.P.
1999 Avenue of the Stars,
Suite 1400
Los Angeles, California 90067

Erik J. Lobenfeld
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

**Counsel for Defendant Motorola, Inc.**
**S.D. California, No: 3:08-cv-136**

Douglas R. Peterson
John V. Hanley
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067-5052

**Counsel for Defendant Alltrade Tools, LLC**
**S.D. California, No: 3:08-cv-232**

M. Andrew Woodmansee
Morrison & Foerster LLP
12531 High Bluff Dr., Suite 100
San Diego, California 92130

**Counsel for Defendants Global Machinery Company; GMCA PTY.; Trapone Corporation PTY. LTD**
**S.D. California, No: 3:08-cv-233**

Jeff E. Scott
Kamran Salour
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404

**Counsel for Defendant Emissive Energy Corp.**
**S.D. California, No: 3:08-cv-234**

4

Jeffrey D. Lewin
Sullivan, Hill, Lewin, Rez & Engel
550 West "C" Street, Suite 1500
San Diego, CA 92101

Arnold Rosenblatt, Esq.
Cook, Little, Rosenblatt & Manson
1000 Elm Street
Manchester, NH 03101

**Counsel for Defendants Metabo Corporation; Metabowerke GMBH**
**S.D. California, No: 3:08-cv-304**

Gary M. Anderson
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045

David S. Taylor
Matthew Stavish
Berenato, White & Stavish
6550 Rock Spring Drive, Suite 240
Bethesda, MD 20817

**Counsel for Defendant Rally Manufacturing, Inc.**
**S.D. California, No: 3:08-cv-305**

George L. Fountain
Vy H.Vu
FOUNTAIN LAW GROUP, INC.
18201 Von Karman Ave., Suite 960
Irvine, CA 92612

Kening Li, PH.D.
PINSENT MASONS
C/o BAKER DONELSON BEARMAN CALDWELL AND BERKOWITZ
555 11th St., NW,
Washington, DC 20004

**Counsel for Defendant Sunbeam Products, Inc.**
**S.D. California, No: 3:08-cv-306**

Mark J. Rosenberg
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020

5

Susan E. Basinger
Higgs Fletcher & Mack LLP
401West "A" Street, Suite 2600
San Diego, California 92101

**Counsel for Defendant Central Purchasing, LLC**
**S.D. California, No: 3:08-cv-309**

Anthony J. Dain
Victor M. Felix
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101

**Counsel for Defendants Kyocera International, Inc.; Kyocera Wireless Corp.**
**S.D. California, No: 3:08-cv-411**

Teresa A. Ascencio
Sonnenschein Nath & Rosenthal LLP
4250 Main Street, Suite 1100
Kansas City, MO 64111

**Counsel for Defendant DMS Holdings, Inc.**
**S.D. California, No: 3:08-cv-559**

Gary Dukarich
Syed A. Hasan
Christie, Parker & Hale, LLP
350 West Colorado Blvd, Ste. 500
Post Office Box 7068
Pasadena, California 91109-7068

**Counsel for Defendants Human Touch, LLC; Interactive Health, Inc.**
**S.D. California, No: 3:08-cv-1080**

Allison H. Goddard
Jaczko Goddard LLP
4401 Eastgate Mall
San Diego, CA 92121

Dean D. Niro
Robert A. Conley
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois, 60602

**Counsel for Defendant Conair Corporation**
**S.D. California, No: 3:08-cv-1256**

6

Kenneth B. Black
Matthew D. Thayne
Brian J. Nese
STOEL RIVES LLP
Suite 1100, One Utah Center
201 South Main Street
Salt Lake City, Utah 84111

Michael D. Fabiano
MAZZARELLA CALDARELLI
550 West C Street, Suite 700
San Diego, California 92101

**Counsel for Plaintiff Acco Brands USA LLC**
**S.D. California, No: 3:08-cv-1670**

Scott Casey Moore
Morrison & Foerster LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013-1024

Lee M. Pulju
James R. Steffen
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55423

**Counsel for Defendant Target Corporation**
**S.D. California, No: 3:09-cv-56**

Cooley Godward LLP
David A. Fox (254651)
John S. Kyle
dfox@cooley.com
kylejs@cooley.com
4401 Eastgate Mall
San Diego, CA 92121

Nydegger And Associates
Kent M. Walker (173700)
348 Olive Street
San Diego, CA 92103

Taft Stettinius LLP
John M. Mueller

7

mueller@taftlaw.com
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957

**Counsel for Defendant Big Lots Stores, Inc.**
**S.D. California, No: 3:09-cv-57**

Wilson Turner Kosmo LLP
Frederick W. Kosmo, Jr.
Theresa Osterman Stevenson
550 West C Street, Suite 1050
San Diego, California 92101

Nicholas B. Clifford, Jr.
Michael H. Longmeyer.
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740

**Counsel for Defendant Spectrum Brands, Inc.**
**S.D. California, No: 3:09-cv-58**

Gail J. Standish
Robert F. Gookin
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**Counsel for Defendants Lowe's Companies, Inc., LG Sourcing, Inc., Lowe's HIW, Inc.**
**S.D. California, No: 3:09-cv-59**

Allison H. Goddard
J. Christopher Jaczko
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, CA 92121

Ryan Johnson
Michael Leachman
Bernard Meroney
JONES WALKER
8555 United Plaza Blvd
Baton Rouge, Louisiana 70809

**Counsel for Defendants Axonn, LLC; Spot, LLC; Global Star, Inc.**
**S.D. California, No: 3:09-cv-60**

Lee A. Goldberg

8

Nathaniel Buchek
Pearl Cohen Zedek & Latzer, LLP
1500 Broadway, 12th Floor
New York, NY 10036

**Counsel for Defendants Freshlink Product Development, LLC; Pollen Design, Inc.**
**S.D. California, No: 3:09-cv-267**

David J. Noonan (55966)
Lauren E. Butz (246668)
Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300
San Diego, California 92101-8700

Michael D. LiPuma
Law Office of Michael LiPuma
Constitution Place, Ste. 1109
325 Chestnut Street
Philadelphia, PA 19106

**Counsel for Defendant U.S. Tape Company, Inc.**
**S.D. California, No: 3:09-cv-531**

John Karl Buche
Sean M. Sullivan
BUCHE & ASSOCIATES, P.C.
875 Prospect, Suite 305
La Jolla, California 92037

Wesley W. Whitmyer, Jr.
Todd M. Oberdick
Benjamin C. White
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT 06905

**Counsel for Defendant Fein Power Tools, Inc.**
**S.D. California, No: 3:09-cv-558**

Ryan W. O'Donell
Anthony S. Volpe
Volpe and Koenig, P.C.
United Plaza, Ste. 1600,
30 South 17th Street
Philadelphia, PA 19103

Joseph T. Ergastolo
Robert C. Wright

9

Wright & L'Estrange
401 West A Street, Ste. 2250
San Diego, CA 92101

**Counsel for Defendant Dorman Products, Inc.**
**S.D. California, No: 3:09-cv-1579**

Taft Stettinius LLP
John M. Mueller
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957

**Counsel for Plaintiff Big Lots Stores, Inc.**
**S.D. California, No: 3:09-cv-2702**

Ryan W. O'Donell
Anthony S. Volpe
Volpe and Koenig, P.C.
United Plaza, Ste. 1600,
30 South 17th Street
Philadelphia, PA 19103

**Counsel for Plaintiff Dorman Products, Inc.**
**E.D. Pennsylvania, No: 2:09-cv-2946**

/s/ Melody A. Kramer

MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

Attorney for JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

10