JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL** 2 1 4 9

FEB 1 8 2010

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| In re Plastic Injection Molding Manufacturing Process ('184 Patent Litigation) | MDL No. 2149 |
|---|---|

PLEADING NO. 20

## LEXAR MEDIA, INC.'S OPPOSITION TO SORENSEN'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED PATENT INFRINGEMENT ACTIONS PURSUANT TO 28 U.S.C. § 1407

Lexar Media, Inc. ("Lexar") respectfully opposes the motion of Jens Erik Sorensen as Trustee of Sorensen Research and Development Trust ("Sorensen") to transfer and/or consolidate under 28 U.S.C. § 1407(a) the litigations currently pending in District Court relating to U.S. Patent No. 4,935,184 ("'184 patent").

In support of this opposition, and as set forth more fully in the accompanying brief in support thereof, Lexar responds to Sorensen's averments and sets forth its own averments as follows:

1. Lexar admits that Sorensen purports to be the current assignee of the '184 patent. Lexar also admits that there are currently 28 cases filed by Sorensen alleging infringement of the '184 patent pending in the Southern District of California and one action filed by Sorensen alleging infringement currently pending in the Northern District of California. Lexar further admits that Sorensen is the defendant in three suits for declaratory judgment of non-infringement and/or invalidity, two in the Southern District of California and one in the

**OFFICIAL FILE COPY**   IMAGED FEB 1 8 2010

Eastern District of Pennsylvania. Lexar denies that the cases pending in the Southern District of California qualify as distinct actions for purposes of consideration by this Panel, for the reasons set forth in its accompanying brief.

2.  Lexar denies that each of the cases proposed for transfer and/or consolidation under 28 U.S.C. § 1407(a) is based upon common questions of fact. With respect to the action against Lexar ("Lexar litigation"), Sorensen accuses specific Lexar products that are not being accused in any other litigation. Sorensen provides no factual basis for averring that the accused Lexar products are made using the same process steps, using the same equipment, or by the same manufacturer as any other accused product in the other litigations, nor that there are common factual questions relating to 35 U.S.C. § 295.[1] Lexar also denies that the proper interpretation of the claims of the '184 patent are a common factual issue, as claim construction is a matter of law. The remaining questions (patent validity, prior art, and obviousness) all relate to the issue of the validity of the '184 patent.

3.  Lexar denies that Judge Moskowitz suggested that Sorensen's motion was necessary. Lexar also denies that this motion is being filed in response to the fact that Judge Moskowitz mentioned multidistrict litigation at a hearing two years ago.

4.  Lexar admits that all of the non-declaratory judgment cases are currently stayed. Lexar further admits that Judge Moskowitz has ordered that the stays in at least some of the matters pending before him be lifted on April 30, 2010. Lexar denies that the stay in the Lexar litigation is expected to be lifted within the same timeframe. Sorensen has recently filed a

---

[1] 35 U.S.C. § 295 allows for a presumption that an accused product is made by a patented process if a court finds "(1) that a substantial likelihood exists that the product was made by the patented process, and (2) the plaintiff has made a reasonable effort to determined the process actually used in the production of the product and was unable to so determine…" 35 U.S.C. § 295.

motion to lift the stay in that case, but Lexar will oppose. The Lexar Court has already denied a prior motion by Sorensen to lift the stay.

       5. Lexar denies that transfer and consolidation of these actions will serve the convenience of the parties and witnesses or will promote just and efficient conduct of litigation, for the reasons set forth in its accompanying brief.

       Accordingly, on the basis of the averments above and the grounds set forth in the accompanying brief, Lexar respectfully requests that the Panel deny Sorensen's motion to transfer and consolidate the '184 patent litigations. In the alternative, should the Panel deem consolidation and transfer appropriate, Lexar respectfully requests that the Panel consolidate the relevant actions before Judge James Ware of the Northern District of California.

Dated: February 16, 2010

By: _Kevin Kudlac / UB_
Kevin Kudlac

WEIL, GOTSHAL & MANGES
LLP
700 Louisiana #1600
Houston, TX 77002
(713) 546-5000 telephone
(713) 224-9511 facsimile

*Attorney for Defendant*
*Lexar Media, Inc.*

3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 8 2010

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| In re Plastic Injection Molding Manufacturing Process ('184 Patent Litigation) | MDL No. 2149 |
|---|---|

**BRIEF IN SUPPORT OF LEXAR MEDIA, INC.'S OPPOSITION TO SORENSEN'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED PATENT INFRINGEMENT ACTIONS PURSUANT TO 28 U.S.C. § 1407**

**TABLE OF CONTENTS**

Page

| | | | |
|---|---|---|---|
| I. | | INTRODUCTION | 1 |
| II. | | FACTS | 1 |
| | A. | The Reexamination of the '184 Patent | 1 |
| | B. | The Pending Cases | 2 |
| | C. | Sorensen's Prior Positions on Consolidation | 4 |
| III. | | ARGUMENT | 6 |
| | A. | Sorensen's Position on Consolidation is Not Credible | 6 |
| | B. | Uncommon Factual Issues Predominate in the '184 Patent Cases | 7 |
| | C. | Transfer and Consolidation Will Not Promote Judicial Efficiency | 10 |
| | | 1.   The Pending Cases are Before Only Three Courts | 10 |
| | | 2.   Alternatives to Transfer Exist to Coordinate Discovery and Pretrial Proceedings | 12 |
| | | 3.   Coordination Between the Cases is Unnecessary Due to Prior Rulings and Discovery Practice | 13 |
| | D. | Sorensen Has Failed to Show How Transfer Would Be More Convenient for the Parties or Witnesses | 15 |
| | E. | Sorensen's Motion is Premature Because the Cases Pending Outside the Southern District of California are Stayed or Subject to Sorensen's Motion to Transfer to the Southern District of California | 16 |
| | F. | Should the Panel Find the Sorensen Cases Proper for Consolidation, Judge Ware is the Appropriate Judge | 17 |
| IV. | | CONCLUSION | 18 |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*
318 F. Supp. 1116 (S.D.N.Y. 1970) ......................................................................................... 9

*In re Air Crash Disaster Near Silver Plume, Colo., on Oct. 2, 1970*
368 F. Supp. 810 (J.P.M.L. 1973) ............................................................................................ 7

*In re Airline "Age of Employee" Employment Practices Litigation*
483 F. Supp. 814, (J.P.M.L. 1980) ........................................................................................... 9

*In re Bally Total Fitness Holding Corp. Securities Litigation*
360 F. Supp. 2d 1359 (J.P.M.L. 2005) ............................................................................... 11, 12

*In re Commonwealth Sci. & Indus. Research Organization Patent Litigation*
395 F. Supp. 2d 1357 (J.M.P.L. 2005) ................................................................................. 9, 11

*In re Drowning Incident at Quality Inn Northeast, Washington, D.C., on May 3, 1974*
405 F. Supp. 1304 (J.P.M.L. 1976) ........................................................................................ 10

*In re Eli Lilly & Co.*
446 F. Supp. 242 (J.P.M.L. 1978) ...................................................................................... 12, 13

*In re Highway Accident Near Rockville, Connecticut, on December 30, 1972*
388 F. Supp. 574 (J.P.M.L. 1975) ............................................................................................ 7

*In re IBM*
302 F. Supp. 796 (J.P.M.L. 1969) .......................................................................................... 17

*In re Personalized Media Comm'ns, L.L.C. Patent Litigation*
261 F. Supp. 2d 1380 (J.P.M.L. 2003) ................................................................................. 9, 11

*In re Plasma Display Panels Patent Litigation*
196 F. Supp. 2d 1378 (J.P.M.L. 2002) ..................................................................................... 9

*In re Sumatriptan Succinate Patent Litigation*
381 F. Supp. 2d 1378 (J.P.M.L 2005) ............................................................................ 9, 11, 12

*In re VTran Media Techs., LLC Patent Litigation*
559 F. Supp. 2d 1409 (J.P.M.L. 2008) ................................................................................... 10

## TABLE OF AUTHORITIES
### (continued)

Page(s)

**Statutes**

28 U.S.C. § 1404 ............................................................................................................................ 17

28 U.S.C. § 1407(a) ....................................................................................................................... 10

35 U.S.C. § 295 ......................................................................................................................... 10, 14

## I.    INTRODUCTION

Two years ago, Judge Moskowitz of the Southern District of California raised the possibility of multidistrict proceedings for the '184 patent cases that were then-pending in five different districts. Yet until now, Sorensen has never pursued multidistrict proceedings. To the contrary, only three days after Judge Moskowitz's "suggestion," Sorensen opposed consolidation on the ground that the cases shared no common products or defendants. The simple fact is that disparate factual issues in the '184 patent cases predominate, making transfer and consolidation under 28 U.S.C. § 1407 inappropriate.

Nor has Sorensen shown that the statutory requirements under 28 U.S.C. § 1407 for transfer of the '184 patent cases have been met—that "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Especially given that only three judges currently have '184 patent cases before them, alternative methods of managing the separate cases exist and should be used and Sorensen has failed to show any inconvenience from the existence of litigation in separate districts. The multidistrict nature of the '184 patent cases is largely due to Sorensen's own litigation choices and Sorensen has failed to show any reason to allow him to disavow those choices.

## II.    FACTS

### A.    The Reexamination of the '184 Patent

The U.S. Patent & Trademark Office ("PTO") is currently reexamining the '184 patent, and Sorensen's case against Lexar Media, Inc. ("Lexar") is stayed pending the PTO's

1

completion of the reexamination. On Friday, January 8, 2010, the PTO issued a final action that found unpatentable every claim of the '184 patent that Sorensen asserts against Lexar.[1]

## B.   The Pending Cases

Sorensen seeks to consolidate thirty-two cases where Sorensen alleges infringement of the '184 patent, twenty-nine of which Sorensen filed. The '184 patent has been the subject of many lawsuits, and its terms have been construed by one district court, the International Trade Commission, and the Federal Circuit Court of Appeals.[2]   In the reexamination, the PTO has followed the Federal Circuit's construction, but has otherwise adopted independent interpretations of the '184 patent.[3]

Thirty of the thirty-two pending cases are before Judge Moskowitz in the Southern District of California ("SDCA").[4]   While these cases are stayed pending completion of the PTO's reexamination, the stays cases are set to expire on April 30, 2010, and Judge

---

[1] February 16, 2010 Declaration of Kevin Kudlac in Support of Lexar's Opposition to Sorensen's Motion to Transfer Under 28 U.S.C. § 1407 ("Kudlac Decl."), Ex. 1, at 3 (pages 1–3 attached from January 8, 2010 Office Action); Kudlac Decl., Ex. 2, at 1–2 (pages 1–2 from Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions).

[2] *Sorensen v. DiamlerChrysler AG*, Case No. 2:03-cv-1763, Opinion and Order (Docket No. 30), at 14–31 (D.N.J. July 21, 2004) (selected pages attached as Kudlac Decl., Ex. 3); *Sorensen v. ITC*, 427 F.3d 1375, 1376–77, 1378–81 (Fed. Cir. 2005).

[3] Kudlac Decl., Ex. 4 (pages 1-9 from the August 21, 2009 Office Action).

[4] On January 21, 2010, *Big Lots Stores v. Sorensen* was transferred from Judge Anello to Judge Moskowitz as a related case pursuant to the intra-district "low number rule." *Big Lots Stores, Inc. v Sorensen*, Case No. 3:09-cv-2702-BTM-CAB, Report of Clerk Pursuant to Low Number Rule (Docket No. 36), at 1 (S.D. Cal. Jan. 21. 2010) (attached as Kudlac Decl., Ex. 5). Thus, Judge Moskowitz currently presides over all the pending Sorensen cases in the Southern District of California.

Moskowitz will hold a status conference for all of his Sorensen cases on May 5, 2010.[5] The *Sorensen v. Lexar* case is pending before Judge Ware in the Northern District of California ("NDCA") and is presently stayed. On January 13, 2010, Sorensen filed his second motion to reopen the case "to Prevent Imminent Violation of Plaintiff's Constitutional Rights," the first motion having been denied on May 27, 2009.[6] The remaining case, *Dorman Products v. Sorensen*, is pending before Judge DuBois in the Eastern District of Pennsylvania ("EDPA"). Sorensen has moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the SDCA.[7] Over the course of the Sorensen litigation, every other declaratory judgment action brought outside the SDCA has been transferred to the SDCA or dismissed.[8]

The Lexar case is the only pending case that was not in its infant stages before the case was stayed pending the PTO's reexamination proceedings. Before Judge Ware stayed Sorensen's case against Lexar, the case was pending for over a year. During the time that the

---

[5] *Sorensen v. Emerson Elec. Co.*, Case No. 3:08-CV-60, Order (Docket No. 83), at 4 (S.D. Cal. Dec. 21, 2009) (attached as Kudlac Decl., Ex. 6); *Sorensen v. Human Touch LLC*, Case No. 3:08-cv-1080, Order (Docket No. 56) (Jan. 27, 2010), at 1 (attached as Kudlac Decl., Ex. 7).

[6] *Sorensen v. Lexar Media, Inc.*, Case No. 5:08-cv-95, Order (Docket No. 133), at 1–2 (N.D. Cal. May 27, 2009) (attached as Kudlac Decl., Ex. 8); *Sorensen v. Lexar Media, Inc.*, Case No. 5:08-cv-95, Motion to Reopen Case and Terminate Stay to Prevent Imminent Violation of Plaintiff's Constitutional Rights (Docket No. 135) (N.D. Cal. Feb. 8, 2010) (docket sheet attached as Kudlac Decl., Ex. 9). In April of 2009, Sorensen moved to lift the stay on the basis that PTO personnel, in an ex parte interview, told Sorensen that the PTO would withdraw the claim rejections and find valid the '184 Patent. *Sorensen v. Lexar Media, Inc.*, Case No. 5:08-cv-95, Plaintiff's Notice of Motion and Motion to Lift Stay (Docket No. 128) (N.D. Cal. Apr. 7, 2009) (pages 1–2 attached as Kudlac Decl., Ex. 10). Judge Ware denied Sorensen's motion on May 27, 2009. *Sorensen v. Lexar Media, Inc.*, Case No. 5:08-cv-95, Order (Docket No. 133) (N.D. Cal. May 27, 2009) (attached as Kudlac Decl., Ex. 8). The PTO subsequently issued a final office action that rejected the '184 patent's claims.

[7] *Dorman Prods., Inc. v. Sorensen*, Case No. 2:09-cv-2946, Motion to Dismiss, (Docket No. 7) (E.D. Pa. Aug. 10, 2009) (docket sheet attached as Kudlac Decl., Ex. 11).

[8] *See Sorensen v Emerson Elec. Co.*, Case No. 3:08-CV-60, Ninth Amended Notice of Related Cases, 4–5, 10–11 (Docket No. 77) (S.D. Cal. Nov. 16, 2009) (attached as Kudlac Decl., Ex. 12).

case was open, Lexar served fifty-four requests for production of documents. Lexar also produced thousands of pages of documents, including documents on the process used to manufacture the accused JumpDrive secure housings, including pictures of the molds used to manufacture the accused products. Lexar also responded to multiple sets of interrogatories from Sorensen. Sorensen initially produced about 400 pages of documents, but began a "rolling" production of documents in early 2009 after the Court issued rulings on three discovery motions. Sorensen deposed three Lexar employees, and Lexar deposed Sorensen's proffered infringement expert on certain issues. Lexar also offered to arrange for an inspection of the facilities and molds used to manufacture the accused products, which Sorensen declined. In addition to this discovery, Judge Ware held two hearings and reviewed multiple rounds of briefing on Sorensen's motion to presume infringement under 35 U.S.C. § 295, which was denied on December 17, 2008.[9]

### C.    Sorensen's Prior Positions on Consolidation

Sorensen has previously characterized cases involving the '184 patent as not proper for consolidation. In the pending cases, which were all brought as separate actions, Sorensen accuses a host of different products sold by different defendants, including cell phones, funnels, glass scrubbers, flashlights, chainsaws, scanners, clothing irons, personal massagers, hair brushes and grooming systems, digital thermometers, dog bowls, computer mice, and

---

[9] *Sorensen v. Lexar Media, Inc.*, Case No. 5:08-cv-95, Order (Docket No. 115) (N.D. Cal. Dec. 17, 2008) (docket sheet attached as Kudlac Decl., Ex. 9).

personal satellite trackers.[10]  In the *Lexar* case, Sorensen alleges that the housing of Lexar's discontinued flash drives (the JumpDrive Secure) was manufactured by an infringing process.[11]

On February 25, 2008, Judge Moskowitz held a status conference in the *Sorensen v. Helen of Troy* case.  During the conference, Judge Moskowitz "tossed out" the possibility of the parties pursuing a multidistrict litigation if Sorensen had cases pending in other districts.[12]  At the time of the status conference, there were at least twenty-eight pending Sorensen cases spread across five districts: the SDCA, the NDCA, the District of South Carolina, the Northern District of Illinois, and the District of Columbia.[13]  Only three days later, Sorensen claimed that consolidation of these cases was "not recommended" because each case "involve[d] different parties and ha[d] different, unrelated products at issue."[14]

Similarly, on March 31, 2008, Sorensen opposed consolidation of three cases pending in the NDCA because each case lacked "overlapping defendants or products accused of patent infringement."[15]  Sorensen subsequently asked Judge Ware to consolidate the *Lexar* case

---

[10] *See* Kudlac Decl., Ex. 13 (selected pages from Sorensen infringement allegations).

[11] Kudlac Decl., Ex. 2, at 1–2.

[12] *Sorensen v. Helen of Troy Tex. Corp.*, Case No. 3:07-cv-2278, Transcript of Status Conference Proceedings, at 13 (S.D. Cal. Feb. 25, 2008) (selected pages attached as Kudlac Decl., Ex. 14).

[13] *Sorensen v. Emerson Elec. Co.*, Case No. 3:08-cv-60, Second Amended Notice of Related Cases (Docket No. 14), at 2–9 (S.D. Cal. Feb. 25. 2008) (attached as Kudlac Decl., Ex, 15).

[14] *Id.* Approximately two months later, Sorensen filed a motion to consolidate 23 of the 24 cases then pending before Judge Moskowitz. *Sorensen v. Emerson Elec. Co.*, Case No. 3:08-cv-60, Motion to Consolidate Cases (Docket No. 34) (S.D. Cal. Apr. 9, 2008) (docket sheet attached as Kudlac Decl., Ex. 16). Judge Moskowitz denied that motion. *See, e.g., Sorensen v. Emerson Elec. Co.*, Case No. 3:08-cv-60, Order (Docket No. 38) (S.D. Cal. Apr. 25, 2008) (docket sheet attached as Kudlac Decl., Ex. 16).

[15] *Sorensen v. Ampro Tools Corp.*, Case No. 4:08-cv-96, Plaintiff's Response to Judicial Referral for Purpose of Determining Relationship of Cases (Docket No. 14), at 2 (N.D. Cal. Mar. 31, 2008) (attached as Kudlac Decl., Ex. 17).

with another case he had recently filed in the NDCA, but excluded from his request the other cases then pending there.[16]

## III.    ARGUMENT

### A.    Sorensen's Position on Consolidation is Not Credible

Sorensen's claim that "[t]his request is being filed upon the suggestion of Judge Barry Ted Moskowitz" is simply not credible.[17]  Judge Moskowitz raised the possibility of multidistrict proceedings two years ago, and if Sorensen were acting on Judge Moskowitz's "suggestion," Sorensen undoubtedly would have filed the instant motion then, rather than waiting two years.  Instead, despite the existence of at least twenty-eight pending '184 patent cases spread across five districts at the time of Judge Moskowitz's "suggestion," Sorensen actively fought consolidation on at least two occasions.   Only three days after Judge Moskowitz's "suggestion," Sorensen claimed that "[c]onsolidation is not recommended" because each case "involve[d] different parties and ha[d] different, unrelated products at issue."[18]  Later that year, Sorensen again opposed consolidation when the issue was raised, again on the basis that the cases involved different products and defendants.[19]

---

[16] *Sorensen v. Lexar Media, Inc.*, Case No. 08-cv-95, Motion to Relate C08-3094 MHP Case (Docket No. 44), at 2 (N.D. Cal. July 17, 2008) (attached as Kudlac Decl., Ex. 18).

[17] Jens Erik Sorensen as Trustee of Sorensen Research and Development Trust's Motion for Transfer and Consolidation of Related Patent Infringement Actions Pursuant to 28 U.S.C. § 1407 ("Mot."), at ¶ 3.

[18] *Sorensen v. Emerson Elec. Co.*, Case No. 3:08-cv-60, Second Amended Notice of Related Cases (Docket No. 14), at 2–9 (S.D. Cal. Feb. 25. 2008) (attached as Kudlac Decl., Ex. 15).

[19] *Sorensen v. Ampro Tools Corp.*, Case No. 4:08-cv-96, Plaintiff's Response to Judicial Referral for Purpose of Determining Relationship of Cases (Docket No. 14), at 2 (N.D. Cal. Mar. 31, 2008) (attached as Kudlac Dec., Ex. 17).

Since Judge Moskowitz's comments regarding multidistrict litigation proceedings, the cases have become less spread out, not more. Two years ago, the '184 patent cases were venued in five districts; now, outside of the SDCA, only two cases exist, and it is likely that the Pennsylvania case will soon be transferred to the SDCA or dismissed. If Sorensen were motivated to invoke § 1407 by the existence of cases across multiple districts, he would have had even more motivation two years ago, but he never pursued that possibility until now. Regardless of what Sorensen now claims, this Panel is free to consider Sorensen's prior history of opposing consolidation when deciding this motion.[20] And should this Panel conclude that Sorensen is not motivated by the purposes behind § 1407, it is free to deny his motion.[21]

## B.   Uncommon Factual Issues Predominate in the '184 Patent Cases

Regardless of Sorensen's motives in bringing this motion, transfer and consolidation of the '184 patent cases are not necessary or appropriate for a number of reasons. Chief among them is the existence of widely disparate factual issues among the cases. Sorensen claims that the pending cases implicate "common questions of infringement, patent validity, prior art, anticipation, obviousness, and the interpretation of the claims of the patent."[22] This is incorrect. While the pending cases all involve the '184 patent and raise common questions related to patent validity, the central fact question in each case—is the '184 patent infringed by

---

[20] *See, e.g., In re Air Crash Disaster*, 368 F. Supp. at 811 (finding it appropriate to vacate an earlier order granting consolidation on the basis of the plaintiff's prior litigation history).

[21] *See, e.g., In re Highway Accident Near Rockville, Connecticut, on December 30, 1972*, 388 F. Supp. 574, 576 (J.P.M.L. 1975) (denying transfer because the request was "not motivated by a desire to achieve the purposes for which Section 1407 was designed" despite the existence of common questions of fact); *In re Air Crash Disaster Near Silver Plume, Colo., on Oct. 2, 1970*, 368 F. Supp. 810, 811 (J.P.M.L. 1973) (vacating an earlier order granting transfer after plaintiff's true motive for transfer was brought to the Panel's attention).

[22] Mot., at 9.

the process used to manufacture the defendant's products?—varies significantly from case to case, as do the fact questions related to Sorensen's motions to presume infringement and what damages, if any, Sorensen is entitled to upon proof that a valid claim has been infringed.

In the pending Sorensen cases, Sorensen accuses a host of dissimilar products made by presumably different processes. In *Lexar*, Sorensen alleges that a flash drive housing was made by a plastic-molding process that infringed the '184 patent. As noted above, Sorensen also alleges in separate cases that cell phones, funnels, glass scrubbers, flashlights, hammers, chainsaws, scanners, clothing irons, personal massagers, hair brushes, digital thermometers, dog bowls, computer mice, personal satellite trackers, and a host of other unrelated products were made by processes that infringed the '184 patent's claims. Each of these products is self-evidently materially different from the others. And there has been no showing that they were made by the same manufacturers, using the same molds, or using the same manufacturing steps. Thus, the question of whether an accused product was manufactured by an infringing process will have little to no commonality among products or defendants.

In addition, questions relating to whether infringement should be presumed under 35 U.S.C. § 295 are uncommon between defendants. Section 295 requires Sorensen to show a (1) "substantial likelihood" exists that a particular accused product was made by an infringing process and (2) that Sorensen could not, after a "reasonable effort," determine the process actually used to manufacture the particular accused product.[23] This inquiry is specific to the particular accused product and the specific process used to manufacture it, as well as Sorensen's efforts to obtain discovery on that particular process. This product-by-product, process-by-process, and party-by-party inquiry will be different from case to case.

---

[23] 35 U.S.C. § 295 (2009).

Other issues are also case-specific. The factual considerations regarding the issue of damages can include, but are not limited to, the licensing history of the accused infringer, the commercial success of the accused product, when the accused product was first sold, and the extent to which the accused infringer has made use of the alleged invention.[24] Each of these factors is inherently particular to each accused product and/or each defendant. Any allegations of willfulness Sorensen may have asserted also would be case-specific, as it depends in part on what a particular defendant may or may not have done.

Sorensen would have this Panel ignore all this and accept that patent cases by their very nature should be consolidated.[25] But here, Sorensen's argument proves too much. Under Sorensen's theory, every motion for § 1407 transfer involving a patent should be consolidated. But this is far from the case. This Panel has, on numerous occasions, denied § 1407 transfers despite shared patent infringement allegations between cases.[26]

Where, as here, individual, rather than common fact questions predominate in a litigation, § 1407 transfer is not warranted.[27] Thus, because central questions in the '184 patent

---

[24] *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

[25] Mot., at 9 ("Each of the 32 cases subject to this request involve the same patent, thus implicating common questions . . . . Because of these common questions of fact and law, the cases should be transferred to and/or consolidated in a single district court for pretrial proceedings.").

[26] *E.g., In re Sumatriptan Succinate Patent Litigation*, 381 F. Supp. 2d 1378, 1378–79 (J.P.M.L 2005) (denying consolidation of patent cases); *In re Commonwealth Sci. & Indus. Research Organization Patent Litigation*, 395 F. Supp. 2d 1357, 1358 (J.M.P.L. 2005) (same); *In re Personalized Media Comm'ns, L.L.C. Patent Litigation,* 261 F. Supp. 2d 1380, 1380–81 (J.P.M.L. 2003) (same); *In re Plasma Display Panels Patent Litigation*, 196 F. Supp. 2d 1378, 1379 (J.P.M.L. 2002) (same).

[27] *In re Airline "Age of Employee" Employment Practices Litigation*, 483 F. Supp. 814, 817 (J.P.M.L. 1980).

cases—infringement, the applicability of 35 U.S.C. § 295, damages, and willfulness, among others—are specific to each defendant in each case, Sorensen's motion should be denied.

### C.    Transfer and Consolidation Will Not Promote Judicial Efficiency

#### 1.    The Pending Cases are Before Only Three Courts

Even if common questions of fact predominated, which they do not, transfer would not be appropriate. Actions with common questions of fact can only be transferred under 28 U.S.C. § 1407 if this Panel determines that "transfer for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."[28] Here, these criteria are not met.

Only three judges currently preside over the Sorensen cases, and only a single judge will preside over the active Sorensen cases if Sorensen's pending motion to dismiss or transfer the *Dorman Products v. Sorensen* case to the SDCA (and Judge Moskowitz) is granted and the *Lexar* case remains stayed. Thus, this case does not present a multidistrict or multi-court problem that requires consolidation of multiple actions scattered in multiple districts before multiple judges,[29] and Sorensen's motion should be denied accordingly.

Sorensen claims that a multidistrict proceeding is required to avoid duplicative discovery, duplicative motion practice, and inconsistent pretrial rulings in the thirty-two pending cases.[30] But this Panel assesses the number of districts and judges presiding over the pending

---

[28] 28 U.S.C. § 1407(a); *see also In re Drowning Incident at Quality Inn Northeast, Washington, D.C., on May 3, 1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976) ("Before a transfer will be ordered, the Panel must be satisfied that all the statutory criteria have been met.").

[29] *See In re VTran Media Techs., LLC Patent Litigation*, 559 F. Supp. 2d 1409, 1409–10 (J.P.M.L. 2008) (granting motion to consolidate ten actions pending in nine districts and the Panel was further notified that related actions were filed in an additional five districts).

[30] Mot., at 2–5, 10.

cases—and not the number of pending actions—to determine if transfer is warranted.[31] Here, most of the Sorensen lawsuits are pending before Judge Moskowitz in the SDCA. Only two cases are not before Judge Moskowitz and, as discussed *infra*, the *Dorman Products* case will likely soon be transferred to the SDCA before Judge Moskowitz or dismissed. At that point, only a single judge will preside over the non-stayed '184 patent cases. Even counting the *Lexar* case, the number of judges rises only to two. And this Panel has concluded on multiple occasions that a patent infringement caseload split between two judges does not necessitate transfer under § 1407.[32]

The Panel's decision in *Bally Total Fitness* is instructive. There, the Panel declined to consolidate eleven pending cases in a multidistrict proceeding where ten of the cases were pending before the same judge in the Northern District of Illinois.[33] In denying transfer, the Panel noted that the pending litigation did not consist of eleven separate cases but only two—a consolidated action in the Northern District of Illinois and a separate action in the District of Oregon.[34] Because the case only involved two courts, the Panel found that alternatives to

---

[31] *In re Bally Total Fitness Holding Corp. Securities Litigation*, 360 F. Supp. 2d 1359, 1360 (J.P.M.L. 2005).

[32] *Sumatriptan Succinate*, 381 F. Supp. 2d at 1378–79 (denying consolidation of two actions pending before one judge and one action pending before another judge in a separate district where the docket "essentially involves only two actions pending in two districts"); *Commonwealth Sci. & Indus.*, 395 F. Supp. 2d at 1358 (denying consolidation where "[t]his docket consists of only three actions pending before just two judges in two districts"); *Personalized Media Comm'ns*, 261 F. Supp. 2d at 1380–81 (denying consolidation of two cases involving six defendants where one action had been pending for almost two and a half years).

[33] *Bally Total Fitness*, 360 F. Supp. 2d at 1360.

[34] *Id.*

transfer existed to coordinate discovery and avoid inconsistent pretrial rulings between the two courts.[35]

The present case is indistinguishable from *Bally Total Fitness*. Only two judges will eventually preside over the Sorensen cases. This small number minimizes the risk of inconsistent pretrial rulings,[36] and, as shown below, minimizes the risk that the parties will duplicate discovery efforts. For the same reasons delineated in *Bally Total Fitness*, Sorensen's motion should be denied.

### 2.    Alternatives to Transfer Exist to Coordinate Discovery and Pretrial Proceedings

As noted in *Bally Total Fitness*, the concentrated nature of the Sorensen cases also allows for alternative ways to coordinate pretrial proceedings.[37] Sorensen claims a "failure of attempts at voluntary coordination," but fails to identify any failed attempts to coordinate pretrial proceedings or discovery in the pending cases.[38] In reality, the cases before Judge Moskowitz are already effectively consolidated and any coordination that may become necessary (if any) between them and the *Lexar* case should be easily achievable without resort to transfer under § 1407.

---

[35] *Id.*

[36] *See In re Eli Lilly & Co.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) ("[C]onsultation and cooperation among the three concerned district courts, if deemed appropriate by those courts, coupled with the cooperation of the parties, would be sufficient to minimize the possibility of conflicting pretrial rulings.")

[37] *Bally Total Fitness*, 360 F. Supp. 2d at 1360; *see also Sumatriptan Succinate*, 381 F. Supp. 2d at 1379.

[38] Mot., at 6.

All of the Sorensen cases pending before Judge Moskowitz will be subject to a single status conference on May 5th.[39] Should the stays lift and the cases resume, Judge Moskowitz will likely proceed on a consolidated basis, as he had done prior to the stays, such as when he scheduled a consolidated claim-construction hearing for the '184 patent cases then before him.[40] Indeed, Judge Moskowitz already considers the cases before him as a single unit, as he has issued single orders applicable to multiple cases in response to identical motions filed by Sorensen in separate cases.[41]

There also is no need to resort to § 1407 to coordinate the *Sorensen v. Lexar* litigation with the remaining cases because the *Lexar* case is stayed. Even if the stay is lifted, if coordination between the cases on discovery were needed, it would not be difficult to achieve given that only two judges will likely preside over the then-pending Sorensen cases.[42]

### 3. Coordination Between the Cases is Unnecessary Due to Prior Rulings and Discovery Practice

Sorensen's complaints about duplicative discovery and motion practice and conflicting rulings and claims construction do not support transfer and consolidation, as

---

[39] *Sorensen v Emerson Elec. Co.*, Case No. 3:08-CV-60, Order (Docket No. 83), at 4 (S.D. Cal. Dec. 21, 2009) (attached as Kudlac Decl., Ex. 6); *Sorensen v. Human Touch LLC*, Case No. 3:08-cv-1080, Order (Docket No. 56), at 1 (Jan. 27, 2010) (attached as Kudlac Decl., Ex. 7).

[40] *Sorensen v. Black & Decker Corp.*, Case No. 06-CV-1572, Order (Docket No. 158), at 1–2 (Jul. 7, 2007) (attached as Kudlac Decl., Ex. 19).

[41] *E.g., Sorensen v. Emerson Elec. Co.*, Case No. 3:08-cv-60, Order (Docket No. 71), at 2–3 (S.D. Cal. Jul. 10, 2009) (attached as Kudlac Decl., Ex. 20); *Sorensen v Emerson Elec. Co.*, Case No. 3:08-CV-60, Order (Docket No. 83) (S.D. Cal. Dec. 21, 2009) (attached as Kudlac Decl., Ex. 6); *Sorensen v. Human Touch LLC*, Case No. 3:08-cv-1080, Order (Docket No. 56) (Jan. 27, 2010) (attached as Kudlac Decl., Ex. 7).

[42] *See, e.g., Eli Lilly & Co.*, 446 F. Supp. at 244.

Sorensen claims.[43]  Once the Pennsylvania case is transferred or dismissed, the only case outside of the SDCA is the *Lexar* case.  But in *Lexar*, Sorensen has already requested and received discovery regarding the manufacturing processes for Lexar's accused product, as well as related sales and marketing documents.   Sorensen has also taken the deposition of three Lexar employees, including Lexar's Federal Rule of Civil Procedure 30(b)(6) witness on the process used to manufacture the accused product, as well as on relevant financial information.  Lexar also offered to arrange for an inspection of the facilities and molds used to manufacture the accused products, which Sorensen declined.  Lexar, in turn, has requested discovery from Sorensen, which Sorensen was in the process of providing when the case was stayed.  This discovery has taken place under a protective order and has also been the subject of discovery motions.  In contrast, virtually no discovery has taken place in the SDCA cases.  Regardless of whether the cases are transferred or not, Sorensen and the SDCA defendants will need to go through the same discovery that has already been done in *Lexar*.  Transfer under § 1407 would therefore provide no benefits with respect to this discovery.

The same is true for the two specific issues Sorensen raises with respect to non-discovery-related court rulings.[44]  In *Lexar*, the Court has already considered and denied a motion to apply 35 U.S.C. § 295.  Even assuming such a motion could be brought collectively against multiple defendants, Sorensen does not need the *Lexar* case to be consolidated with the SDCA cases to bring such a collective motion against the remaining defendants in the SDCA.

As for the courts' ruling on claims construction, Sorensen cannot avoid having more than one court construe the claims of the '184 patent.  The claims have already been

---

[43] Mot., at 10.

[44] Mot., at 10.

construed by prior courts, including the Federal Circuit. The PTO has also construed claim terms during the course of its reexamination. Whether one judge or two construes the claims, they can take into account the prior constructions when construing them and avoid unnecessary conflict as appropriate. A transfer under § 1407 is therefore unnecessary and would not be helpful with respect to duplicative discovery or conflicting rulings.

### D.   Sorensen Has Failed to Show How Transfer Would Be More Convenient for the Parties or Witnesses

Sorensen has also failed to make a showing that transfer would be more convenient for the parties or the witnesses. Except for the *Dorman* case pending in the EDPA, which will likely be transferred or dismissed, Sorensen has instigated litigation in every district in which '184 patent cases are pending.[45] He cannot therefore now complain that litigating in multiple districts would be inconvenient. And Sorensen's only argument regarding convenience does not distinguish between the two California districts, and therefore he has made no showing that transfer from one district to the other would be more convenient.[46] In any case, as a practical matter, documents will be produced electronically or via mail, while depositions will take place where each witness resides, so the actual district for pretrial proceedings will be largely irrelevant with regard to convenience. Accordingly, because transfer would not be more convenient for the parties or witnesses, transfer should be denied.

---

[45] *See Sorensen v Emerson Elec. Co.*, Case No. 3:08-CV-60, Ninth Amended Notice of Related Cases (Docket No. 77), at 4–5, 10–11 (S.D. Cal. Nov. 16, 2009) (attached as Kudlac Decl., Ex. 12).

[46] Mot., 15–16.

E.    **Sorensen's Motion is Premature Because the Cases Pending Outside the Southern District of California are Stayed or Subject to Sorensen's Motion to Transfer to the Southern District of California**

Regardless of the merits of Sorensen's motion, it is premature. The only two cases Sorensen identifies as not pending before Judge Moskowitz in the SDCA—*Sorensen v. Lexar* and *Doorman Products v. Sorensen*—are presently stayed (and administratively closed) or subject to Sorensen's motion to dismiss or transfer to the SDCA.[47]   While transfer and consolidation would not promote efficiency in any case, it is likely any issues Sorensen claims exist with managing the '184 patent litigations will be resolved through the motion pending in *Doorman Products*, as the only active cases then will all be before Judge Moskowitz.

The motion to dismiss or transfer from the EDPA to the SDCA for lack of personal jurisdiction in *Dorman Products v. Sorensen* is likely to be granted. A similar motion was brought in a declaratory judgment action that Big Lots Stores filed against Sorensen in the Southern District of Ohio, and the court there transferred that action to the SDCA because the Ohio Court lacked personal jurisdiction over Sorensen.[48]   Dorman Products's alleges the same basis for personal jurisdiction as in the Ohio case,[49] and it is likely to be similarly found insufficient. The Pennsylvania Court has already asked the parties to submit position statements

---

[47] The one case in the Southern District Sorensen identified as before a different judge has since been transferred to Judge Moskowitz.

[48] *Big Lots Stores, Inc. v. Sorensen*, 2:08-cv-506, Order (Docket No. 32), at 8 (S.D. Ohio Dec. 2, 2009) (attached as Kudlac Decl., Ex. 21).

[49] *Dorman Prods., Inc. v. Sorensen*, Case No. 2:09-cv-2946, Complaint (Docket No. 1), at 5–7 (E.D. Pa. Jun. 29, 2009) (attached as Kudlac Decl., Ex. 22).

in light of Judge Moskowitz's ruling that the parallel *Sorensen v. Dorman Products* case filed in the SDCA should not be transferred to the EDPA.[50]

Because it is likely that the Pennsylvania action will be dismissed or transferred under 28 U.S.C. § 1404 to the SDCA before Judge Moskowitz, it would be imprudent to rule in Sorensen's favor on the instant motion. Either a transfer under § 1404 or a dismissal for lack of personal jurisdiction would be a more efficient way to resolve any claimed inefficiencies between the Pennsylvania action and the SDCA cases than a consolidation under § 1407.

### F.    Should the Panel Find the Sorensen Cases Proper for Consolidation, Judge Ware is the Appropriate Judge

If, despite Sorensen's failure to show transfer and consolidation is necessary, this Panel determines that consolidation of the Sorensen cases is appropriate, the Panel should assign the cases to Judge Ware in the Northern District of California. Both Sorensen and Lexar agree that Judge Ware has the most experience with the Sorensen cases. As stated by Sorensen, "Judge Ware has already tackled substantive issues relating to the '184 patent" before the case was stayed.[51] In contrast, the cases before Judge Moskowitz remain in their infant stages,[52] so Judge Moskowitz has yet to be involved substantively with the issues in them.

Under governing precedent, the Panel generally assigns the consolidated proceeding to the district court judge with the most experience with the litigation.[53] Here, the

---

[50] *Dorman Prods., Inc. v. Sorensen*, Case No. 2:09-cv-2946, Order (Docket No. 18) (E.D. Pa. Dec. 7, 2009) (attached as Kudlac Decl., Ex. 23).

[51] Mot., at 14.

[52] Mot., at 13.

[53] *In re IBM*, 302 F. Supp. 796, 800 (J.P.M.L. 1969) ("We think that the just and efficient conduct of these actions will be best furthered by their transfer to a district wherein the assigned

17

parties agree that Judge Ware has the most experience with the '184 patent and the Sorensen litigation generally. Thus, should the Panel conclude that consolidation of the pending Sorensen cases into an multidistrict litigation is proper, Lexar requests that Judge Ware preside over the consolidated pretrial proceeding.

## IV.    CONCLUSION

For the reasons given above, Sorensen's motion should be denied. Alternatively, if this Panel nevertheless concludes transfer and consolidation is appropriate, the actions should be transferred before Judge Ware in the Northern District of California.

Dated: February 16, 2010

By: _Kevin Kudlac / UG_
Kevin Kudlac

WEIL, GOTSHAL & MANGES
LLP
700 Louisiana #1600
Houston, TX  77002
(713) 546-5000 telephone
(713) 224-9511 facsimile

*Attorney for Defendant*
*Lexar Media, Inc.*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2010 FEB 16  P 3: 46

RECEIVED
CLERK'S OFFICE

---

judge is already familiar with the proceedings and will be able to insure that consolidated pretrial proceedings are conducted fairly and expeditiously.").

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 8 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| In re Plastic Injection Molding Manufacturing Process ('184 Patent Litigation) | MDL No. 2149 |
| --- | --- |

### DECLARATION OF KEVIN KUDLAC IN SUPPORT OF LEXAR MEDIA, INC.'S OPPOSITION TO SORENSEN'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED PATENT INFRINGEMENT ACTIONS PURSUANT TO 28 U.S.C. § 1407

I, Kevin Kudlac, declare:

1. I am a partner with the law firm of Weil, Gotshal & Manges LLP, counsel of record for Lexar Media, Inc. ("Lexar") in the above-captioned matter. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

2. Attached as Exhibit 1 is a true and correct copy of selected pages from a USPTO Office Action regarding the 4,935,184 Patent, dated January 8, 2010.

3. Attached as Exhibit 2 is a true and correct copy of selected pages from Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions from *Sorensen v. Lexar Media, Inc.*, Case No. 5:08-cv-95 (N.D. Cal. Sept. 30, 2008).

4. Attached as Exhibit 3 is a true and correct copy of selected pages from an Opinion and Order from *Sorensen v. DiamlerChrysler AG*, Case No. 2:03-cv-1763, (Docket No. 30) (D.N.J. July 21, 2004).

5.   Attached as Exhibit 4 is a true and correct copy of selected pages from a USPTO Office Action regarding the 4,935,184 Patent, dated August 21, 2009.

6.   Attached as Exhibit 5 is a true and correct copy of a Report of Clerk Pursuant to Low Number Rule from *Big Lots Stores, Inc. v Sorensen*, Case No. 3:09-cv-2702-BTM-CAB, (Docket No. 36) (S.D. Cal. Jan. 21. 2010).

7.   Attached as Exhibit 6 is a true and correct copy of an Order from *Sorensen v. Emerson Elec. Co.*, Case No. 3:08-CV-60, (Docket No. 83) (S.D. Cal. December 21, 2009).

8.   Attached as Exhibit 7 is a true and correct copy of an Order from *Sorensen v. Human Touch LLC*, Case No. 3:08-cv-1080, (Docket No. 56) (January 27, 2010).

9.   Attached as Exhibit 8 is a true and correct copy of an Order from *Sorensen v. Lexar Media, Inc.*, Case No. 5:08-cv-95, (Docket No. 133) (N.D. Cal. May 27, 2009).

10. Attached as Exhibit 9 is a true and correct copy of a docket report from *Sorensen v. Lexar Media, Inc.*, Case No. 5:08-cv-95, (N.D. Cal. Feb. 8, 2010).

11. Attached as Exhibit 10 is a true and correct copy of selected pages from Plaintiff's Notice of Motion and Motion to Lift Stay from *Sorensen v. Lexar Media, Inc.*, Case No. 5:08-cv-95, (Docket No. 128) (N.D. Cal. April 7, 2009).

12. Attached as Exhibit 11 is a true and correct copy of a docket report from *Dorman Prods., Inc. v. Sorensen*, Case No. 2:09-cv-2946, (E.D. Pa. Aug. 10, 2009).

13. Attached as Exhibit 12 is a true and correct copy of Ninth Amended Notice of Related Cases from *Sorensen v Emerson Elec. Co.*, Case No. 3:08-CV-60, 4–5, 10–11 (Docket No. 77) (S.D. Cal. November 16, 2009).

14. Attached as Exhibit 13 is a true and correct copy of selected pages from complaints from the following cases:

- *Sorensen v. Kyocera Int'l Inc.*, Case No. 3:08-cv-411, Complaint, 3 (Docket No. 1) (S.D. Cal. Mar. 4, 2008).

- *Sorensen v. Helen of Troy Tex. Corp.*, Case No. 3:07-cv-2278, Complaint, 4 (Docket No. 1) (S.D. Cal. Dec. 4, 2007).

- *Sorensen v. Esseplast (USA) NC, Inc.*, Case No. 3:07-cv-2277, Complaint, 4 (Docket No. 1) (S.D. Cal. Dec. 4, 2007).

- *Sorensen v. Emissive Energy Corp.*, Case No. 3:08-cv-234, Complaint, 3 (Docket No. 1) (S.D. Cal. Feb. 5, 2008).

- *Sorensen v. Ryobi Techs., Inc.*, Case No. 3:08-cv-70, Complaint, 4 (Docket No. 1) (S.D. Cal. Jan. 11, 2008).

- *Sorensen v. Informatics., Inc.*, Case No. 3:08-cv-134, Complaint, 3 (Docket No. 1) (S.D. Cal. Jan. 23, 2008).

- *Sorensen v. Sunbeam Prods., Inc.*, Case No. 3:08-cv-306, Complaint, 3 (Docket No. 1) (S.D. Cal. Feb. 15, 2008).

- *Sorensen v. Human Touch LLC*, Case No. 3:08-cv-1080, Complaint, 3 (Docket No. 1) (S.D. Cal. June 18, 2008).

- *Sorensen v. Conair Corp.*, Case No. 3:08-cv-1256, Complaint, 3 (Docket No. 1) (S.D. Cal. July 11, 2008).

- *Sorensen v. DMS Holdings Inc.*, Case No. 3:08-cv-559, Complaint, 3 (Docket No. 1) (S.D. Cal. March 25, 2008).

- *Sorensen v. Target Brands, Inc.*, Case No. 3:08-cv-56, Complaint, 3–4 (Docket No. 1) (S.D. Cal. Jan. 14, 2009).

- *ACCO Brands USA LLC v. Sorensen*, Case No. 3:08-cv-1670, Answer, 5 (Docket No. 16) (S.D. Cal. Oct. 14, 2008).

- *Sorensen v. Axonn, LLC*, Case No. 3:09-cv-60, Complaint, 3 (Docket No. 1) (S.D. Cal. Jan. 14. 2009).

15. Attached as Exhibit 14 is a true and correct copy of selected pages from a

Transcript of Status Conference Proceedings from *Sorensen v. Helen of Troy Tex. Corp.*, Case

No. 3:07-cv-2278, (S.D. Cal. Feb. 25, 2008).

16. Attached as Exhibit 15 is a true and correct copy of a Second Amended Notice of Related Cases from *Sorensen v. Emerson Elec. Co.*, Case No. 3:08-cv-60, (Docket No. 14), (S.D. Cal. Feb. 25. 2008).

17. Attached as Exhibit 16 is a true and correct copy of a docket report from *Sorensen v. Emerson Elec. Co.*, Case No. 3:08-cv-60, (S.D. Cal. Apr. 9, 2008).

18. Attached as Exhibit 17 is a true and correct copy of Plaintiff's Response to Judicial Referral for Purpose of Determining Relationship of Cases from *Sorensen v. Ampro Tools Corp.*, Case No. 4:08-cv-96, (Docket No. 14) (N.D. Cal. Mar. 31, 2008).

19. Attached as Exhibit 18 is a true and correct copy of a Motion to Relate C08-3094 MHP Case from *Sorensen v. Lexar Media, Inc.*, Case No. 08-cv-95, (Docket No. 44) (N.D. Cal. July 17, 2008).

20. Attached as Exhibit 19 is a true and correct copy of an Order from *Sorensen v. Black & Decker Corp.*, Case No. 06-CV-1572, (Docket No. 158) (July 7, 2007).

21. Attached as Exhibit 20 is a true and correct copy of an Order from *Sorensen v. Emerson Elec. Co.*, Case No. 3:08-cv-60, (Docket No. 71) (S.D. Cal. Jul. 10, 2009);

22. Attached as Exhibit 21 is a true and correct copy of an Order from *Big Lots Stores, Inc. v. Sorensen*, 2:08-cv-506, (Docket No. 32) (S.D. Ohio December 2, 2009).

23. Attached as Exhibit 22 is a true and correct copy of a Complaint from *Dorman Prods., Inc. v. Sorensen*, Case No. 2:09-cv-2946, (Docket No. 1) (E.D. Pa. June 29, 2009).

24. Attached as Exhibit 23 is a true and correct copy of an Order from *Dorman Prods., Inc. v. Sorensen*, Case No. 2:09-cv-2946, (Docket No. 18) (E.D. Pa. Dec. 7, 2009).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

4

Executed this 16th day of February 2010 at Houston, Texas.

Dated: February 16, 2010                    By: _Kevin Kudlac / LB_
                                                    Kevin Kudlac

WEIL, GOTSHAL & MANGES
LLP
700 Louisiana #1600
Houston, TX 77002
(713) 546-5000 telephone
(713) 224-9511 facsimile

*Attorney for Defendant*
*Lexar Media, Inc.*

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 8 2010

FILED
CLERK'S OFFICE

# EXHIBIT 1



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Arnold Turk, Esq.
Greenblum & Bernstein PLC
1950 Roland Clarke Place
Reston, VA 20191

**MAILED**

JAN 08 2010

CENTRAL REEXAMINATION UNIT

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,775*. 90/008,976

PATENT NO. *4935184*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

**RECEIVED**

JAN 1 1 2010

GREENBLUM & BERNSTEIN PLC

PTOL-465 (Rev.07-04)



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,775 | 07/30/2007 | 4935184 | SRDT.006RX | 9943 |

| 20995 | 7590 | 01/08/2010 |
|---|---|---|

KNOBBE MARTENS OLSON & BEAR LLP
2040 MAIN STREET
FOURTEENTH FLOOR
IRVINE, CA 92614

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 01/08/2010

Please find below and/or attached an Office communication concerning this application or proceeding.

| **Office Action in Ex Parte Reexamination** | Control No.<br>90/008,775 ; 90/008,976 | Patent Under Reexamination<br>4935184 | |
|---|---|---|---|
| | Examiner<br>ALAN DIAMOND | Art Unit<br>3991 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a ☒ Responsive to the communication(s) filed on <u>21 October 2009 and 25 November 2009</u> .       b ☒ This action is made FINAL.
c ☐ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire <u>1</u> month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination
certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days
will be considered timely.

Part I      THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1.  ☐ Notice of References Cited by Examiner, PTO-892.      3.  ☐ Interview Summary, PTO-474.
2.  ☒ Information Disclosure Statement, PTO/SB/08.          4.  ☐ _____ .

Part II     SUMMARY OF ACTION

1a.  ☒ Claims <u>1,2,4 and 6-10</u> are subject to reexamination.

1b.  ☒ Claims <u>3 and 5</u> are not subject to reexamination.

2.  ☐ Claims _____ have been canceled in the present reexamination proceeding.

3.  ☐ Claims _____ are patentable and/or confirmed.

4.  ☒ Claims <u>1,2,4 and 6-10</u> are rejected.

5.  ☐ Claims _____ are objected to.

6.  ☐ The drawings, filed on _____ are acceptable.

7.  ☐ The proposed drawing correction, filed on _____ has been  (7a)☐ approved  (7b)☐ disapproved.

8.  ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).

       a)☐ All  b)☐ Some*  c)☐ None       of the certified copies have

       1☐ been received.

       2☐ not been received.

       3☐ been filed in Application No. _____ .

       4☐ been filed in reexamination Control No. _____.

       5☐ been received by the International Bureau in PCT application No. _____.

       * See the attached detailed Office action for a list of the certified copies not received.

9.  ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal
      matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D.
      11, 453 O.G. 213.

10.  ☐ Other: _____

cc: Requester (if third party requester)

# EXHIBIT 2

1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151
   Email: michael@kalerlaw.com
5
6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE
7  9930 Mesa Rim Road, Suite 1600
8  San Diego, California 92121
   Telephone (858) 362-3150
9  Email: mak@kramerlawip.com
10
   Attorneys for Plaintiff JENS ERIK SORENSEN,
11 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
12
13            UNITED STATES DISTRICT COURT
14        FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                  SAN JOSE DIVISION
16
17 JENS ERIK SORENSEN, as Trustee of    ) Case No. C08-00095 JW
18 SORENSEN RESEARCH AND                )
   DEVELOPMENT TRUST,                   )
                                        ) **PLAINTIFF'S DISCLOSURE OF**
19                                       ) **ASSERTED CLAIMS AND**
                                        ) **PRELIMINARY INFRINGEMENT**
20             Plaintiff                ) **CONTENTIONS**
      v.                                )
21                                       )
22 LEXAR MEDIA, INC., a Delaware        )
   corporation; and DOES 1 – 100,      )
23                                       )
24             Defendants.              )
                                        )
25 _____    )
26 and related counterclaims.          )
                                        )
27                                       )
                                        )
28 _____    )

PLAINTIFF Jens E. Sorensen, as Trustee of the Sorensen Research and
Development Trust ("SRDT"), pursuant to the requirements of Patent L.R. 3.1,
hereby serves the following "Disclosure of Asserted Claims and Preliminary
Infringement Contentions."

3.1(a)    Plaintiff alleges that Claims 1, 6, 7, 8, and 10 of U.S. Patent No.
4,935,184 ("the '184 patent") are being infringed by Defendants, as well as by any
and all suppliers, subsidiaries or affiliated companies that are engaged in
manufacture, import, sale and/or offer for sale of the identified Accused Products
and any other products manufactured through the same process. The infringement is
pursuant to 35 U.S.C. §§ 271(a) and 271(g).

(b)    Plaintiff contends that the '184 patent is infringed with respect to
the manufacture, import, offer for sale and sale of the following known and
identified Accused Products. The Accused Products are identified by Product Name
in the following table. Please note that the accused component of each such Accused
Products currently known to Plaintiff appear to be the same part:

| JumpDrive 64MB |
| JumpDrive 128MB |
| JumpDrive 256MB |
| JumpDrive 512MB |
| JumpDrive 1GB |

Plaintiff reserves the right to identify additional Accused Products when
Plaintiff learns of their existence.

(c)    Attached hereto is a claim chart describing how each element of
each asserted claim is found in each Accused Product. The claim chart is identified
by Bates numbers 149-155, inclusive.

Attached is an infringement drawing of exemplary Accused Products
identifying the locations of the patent elements on the drawings. The exemplary
drawing is numbered: D-5493.

Case No. 08CV0095
Plaintiff's Preliminary Infringement Contentions

1

2    (d)    Plaintiff asserts that each element of the asserted Claims 1, 6, 7,

3    8, and 10 are literally present in the Accused Products. Alternatively, if the Court

4    concludes that some element is not literally present in some subset of the Accused

5    Products, Plaintiff contends that the element is present under the doctrine of

6    equivalents.

7    (e)    Not Applicable, as there is no claim of priority to an earlier

8    application.

9    (f)    Not Applicable, as the Plaintiff does not assert that it

10    manufactures, imports, offers for sale, or sells any product utilizing the '184 patented

11    process.

12

13    3.2(a)    Not Applicable, no attempts to sell, or offer to sell, the '184

14    patented technology prior to the date of patent application are known to Plaintiff.

15    (b)    Not Applicable, as there is no claim of priority for the time period

16    prior to filing of the application which ultimately resulted in the issuance of the '184

17    patent.

18    (c)    A copy of the file history for the '184 patent has been previously

19    provided to Defendants.

20

21    DATED this Tuesday, September 30, 2008.

22                    JENS ERIK SORENSEN, as Trustee of
                      SORENSEN RESEARCH AND DEVELOPMENT
23                    TRUST, Plaintiff

24

25                    /s/ J. Michael Kaler
                      J. Michael Kaler, Esq.
26                    Melody A. Kramer, Esq.
27                    Attorney for Plaintiff

28

2.

# EXHIBIT 3

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**RECEIVED**

JUL 2 1 2004

AT 8:30_____M
WILLIAM T. WALSH, CLERK

JENS OLE SORENSEN, and JENS E. )
SORENSEN, as TRUSTEE OF THE )
SORENSEN RESEARCH AND DEVELOPMENT )
TRUST )
        Plaintiffs, )
                                                        )     CIV. NO. 03-1763 (HAA)
                                                        )
        -- vs -- )
                                                        )
                                                        )     **OPINION AND ORDER**
DAIMLERCHRYSLER AG, a German )
corporation; and MERCEDES-BENZ USA, LLC, )
a Delaware Limited Liability Company, )
                                                        )
        Defendants. )
                                                        )

C. Stephen Barrett, III
C. Stephen Barrett, III, P.A.
One Gateway Center
Suite 501
Newark, New Jersey 07102
*Attorney for Plaintiffs*

J. Michael Kaler
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
*Attorney for Plaintiffs*

Thomas R. Curtin
George Jones
Graham, Curtin & Sheridan, P.C.
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991

1

"better understand the underlying technology." *Id.* at 1584 n. 6. It may rely on dictionary definitions to construe claim terms "so long as [the definition] does not contradict any definition found in or ascertained by a reading of the patent documents." *Id.*

Once the process of claim construction has been completed, the accused devices must be compared to the properly construed claims to determine whether the devices infringe the patent. *Cybor Corp.*, 138 F.3d at 1454; *Markman*, 52 F.3d at 976. Infringement exists only if all claim limitations exist with respect to each accused product. *Elekta Instruments S.A. v. O.U.R. Scientific Int'l, Inc.*, 214 F.3d 1302, 1306 (Fed. Cir. 2000).

C.    Defendants' Motion for Summary Judgment of Invalidity Based on Prior Art

Defendants argue that the '184 patent is invalid because Claims 1, 6, 7, 8 and 10 have been anticipated by three prior patents and two prior publications, none of which were referenced by the USPTO in rendering its decision to issue the '184 patent to Plaintiffs. The allegedly anticipatory patents include: (a) U.S. Patent 3,178,497 issued to Leo A. Moscicki on April 13, 1965 ("Defs. SMF"), Ex. 4) ("Moscicki Patent"); (b) U.S. Patent 2,863,241 issued to Jules Gits on December 9, 1958 (Defs. SMF, Ex. 5) ("Gits Patent"); and (c) U.S. Patent 4,440,820 issued to Masahiko Shiho and Yasunori Sato on April 3, 1984 (Defs.' SMF, Ex. 6) ("Shiho Patent"). The allegedly anticipating publications include: (a) a book entitled *Plastic Product Design* written by Ronald D. Beck and published in 1970 (Defs.' SMF Ex. 3) ("Beck publication"); and (b) an article entitled, "New Vigor for Two-Shot Molding with Automation. . . Versatility. . . Ingenuity," published in the periodical *Modern Plastics* in May 1968. (Defs.' SMF Ex. 7) ("Modern Plastics publication").

13

The Court will focus on those aspects of the aforementioned patents and publications over which there is dispute between the parties as to whether or not they anticipate any of the claims of the `184 patent.

      1.    The Moscicki Patent

          a.    Lamination

Defendants assert that the Moscicki patent anticipates the `184 patent. Plaintiffs counter that the Moscicki patent fails to do so because it does not disclose a product with "laminated walls." Not surprisingly, what constitutes a laminated wall is in dispute. In order to resolve this dispute, the Court must employ a definition of what "laminated" means. As with any exercise of claim construction, the Court must endeavor to understand the term by first looking to the `184 patent claims, the specification, the prosecution history, and finally, extrinsic evidence. "Laminated" is not defined in the `184 patent, nor is it discussed in the specification or the prosecution history. Indeed, rather than attempting to parse the meaning of "laminated" by reference to the claims, specification, and prosecution history, both parties immediately embarked upon a battle of the dictionaries. According to Plaintiffs:

> Lamination means to be formed of layers. The Newbury House
> Dictionary of American English Updated Ed. 2000 by Monroe Allen
> Publishers (p. 482) provides that a laminate is a "material made from
> thin layers joined together." The Random House Webster's College
> Dictionary, 2001 by Random House, Inc. (p. 744) provides that
> laminated means: "constructed of layers of material bonded together."
> The New Shorter Oxford English Dictionary provides that a "Layer"
> is "a region that is thin in relation to its lateral extent, one adjacent to
> or covering a surface."

(Pls.' Mem. in Opp. at 14-15).

Defendants dispute Plaintiffs' claim construction of "laminated", and have supplied the

Court with their own definition of "laminated". Defendants' definition of laminated is actually quite helpful to Plaintiffs. Defendants point out that the USPTO Manual of Patent Classification defines "laminated" as a "[s]tructure in which one or more of the members include coextensive components in face-to-face contacting relationship." (Decl. of Counsel in Supp. of Defs.' Reply Br. ("Defs.' Reply Decl."), Ex. 16). The Manual further defines "lamina" as "[o]ne of the component parts or layers of an adhesively bonded sandwich." (*Id.* at 156-57). In addition to these definitions of laminated, Defendants have furnished the Court with layers and layers of definitions of the word "layer"–thirty-six such definitions, to be exact, from thirty-six different dictionaries. (Defs.' SMF, Exs. 17-52).

Review of Defendants' numerous definitions of "layer" is both time-consuming and illuminating. Words like "covering" and "spread over" or "spread out" abound in these definitions. For example, the Oxford English Dictionary's second definition of "layer"[2] is "[a] thickness of matter spread over a surface; esp. one of a series of such thicknesses, a stratum, course, or bed." (Defs.' SMF, at Ex. 31). Bearing in mind this sense of covering and spreading over, along with the definition of "laminated" furnished by Defendants, which makes reference to words and phrases like "coextensive" and "face-to-face relationship", it becomes clear that the Moscicki patent does not produce a laminated product. For purposes of the '184 patent, for an object to be laminated it must be composed of substantially coextensive layers in face-to-face contacting relationship that cover or spread over one another.

Plaintiffs reach the right result for the wrong reason in asserting that the Moscicki patent is not laminated because it teaches "how to form ribs on the outside of a single layer plastic

---

[2]The OED's first definition of "layer" is irrelevant as it refers to "one who lays" whereas the second definition references "something which is laid." (Defs.' SMF, Ex. 31).

15

product" and that a "rib is not a layer". (Pls.' Mem. in Opp. at 22).  Plaintiffs are correct not

because the Moscicki patent, as they assert, has ribs with "no lateral extent beyond [its]

thickness"– in fact, as Defendants have shown, the ribs do have such lateral extent beyond their

thickness—but because the ribs cannot be said to be "covering" or "spread out" over the initial

layer.  These ribs are hardly "coextensive" and do not exist in "face-to-face relationship" with the

initial layer (for lack of a better phrase, they are in nose-to-face relationship, a narrow band

pressed against a much more extensive surface).



Moscicki Figure 12

red   130' = first plastic material
white 132' = second plastic material
      135' = the product produced by the Moscicki method

16



'184 Patent Figure 7

A comparison between Figure 12 of the Moscicki patent and Figure 7 of the '184 patent is illustrative. Though the two objects might appear to be similar to one another, Figure 12 of the Moscicki patent is not laminated, whereas Figure 7 of the '184 patent is. For example, Figure 12 of the Moscicki patent could describe a red cup-like object with four white ribs added onto the red layer. In Figure 7 of the '184 patent, an object of similar appearance might be created with a first internal white layer and a second external red layer which is largely if not entirely coextensive with the white layer, such that it exists, for the most part, in face-to-face relationship with the white layer. The second external red layer mostly if not entirely covers or is spread out upon the white layer, and yet four small gaps in the red layer allow the internal white layer to be

17

exposed, thereby creating a mostly red cup with, say, four white ribs.[3]  While the two objects may appear to be similar if not identical to one another, the second is laminated and the first is not. This distinction suffices for the purpose of claim construction alone. This distinction is meaningful in that it would appear that the problems of core shift in thin walled, hollow, *laminated* products are decidedly more complex than for those products which are merely a single layer with a few ribs added to the outside. In any event, the `184 patent is designed with the purpose of reducing core shift in the injection of a second layer, which, for reasons already articulated above, is simply not anticipated by the Moscicki patent.[4]

> 2.    The Gits Patent, the Shiho Patent, the Beck Publication and the Modern Plastics Publication

The Gits Patent, the Shiho Patent, the Beck publication and the Modern Plastics

---

[3]Figure 7 actually shows sixteen such ribs, but for the sake of simplifying the comparison, the Court discusses them as if there were four

[4]As the Court reads the `184 patent, this definition of laminated is not only supported by the weight of the extrinsic evidence but, more importantly, makes most sense and is most consistent with the `184 patent claims. Nevertheless, this definition of laminated is clearly inconsistent with two of the preferred embodiments, Figs. 4 and 5. No one who has taken the time to grapple with the meaning of the words "laminated" or "layer" could come to the conclusion that Figures 4 and 5 are either laminated or layered. No component of Figs. 4 and 5 can be described as having coextensive components in face-to-face contacting relationship. As Defendants point out, Figs. 4 and 5 of the preferred embodiments of the `184 patent do not fit any reasonable definition of laminated. (Defs.' Reply Br. at 8). Though it should be done infrequently, a Court does have the power to construe a claim to exclude a preferred embodiment. *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 327 F.3d 1364, 1369 (Fed. Cir. 2003). Accordingly, the Court rejects Figures 4 and 5 as preferred embodiments of the `184 patent and will not consider them in its infringement analysis. The Figures are referenced nowhere in Plaintiffs' papers, other than in the `184 patent itself. Moreover, Paul Brown, Plaintiffs' expert, endeavors to describe the `184 patent only by reference to the first preferred embodiment, illustrated by Figs. 1A, 1B, 2A and 2B. (Declaration of Paul Brown in Supp. of Pls.' Mot. for Summary Judgment, ¶¶ 20-27 ("Brown Decl. in Supp.")).

publication all fail to anticipate the '184 patent because they all fail to disclose each and every element of the '184 patent.[5]  Specifically, the aforementioned patents and publications fail to disclose Claim 1, Section (g) of the '184 patent, namely, that "the first plastic material component ha[ve] one or more stabilizing regions that rigidly secure the first common mold part in position in relation to the second complementary mold part." (Pls.' Br. at 6).

Plaintiffs argue that one of ordinary skill in the art would know that core shift is exemplified by a lateral sliding along the parting surfaces where the two mold halves meet. (Pls.' Mem. in Opp. at 19). To resist core shift, the stabilizing region must be in compression between the two mold halves in the direction of core shift, which is approximately perpendicular to the direction of mold travel. As Plaintiffs' expert Paul Brown explains:

> Under the high pressures of plastic injection, the two mold parts tend to move with relation to each other. As the cavity fills under pressure, the plastic pushes out against the cavity walls, causing the walls to move apart and misaligning the two mold halves that form the cavity, which results in a deformed product. This movement is resisted by the large metal mold halves and their supporting structure, the mold base. Prior to injection of the molten plastic, the two mold parts are brought together face to face with many tons of clamping force in the direction of mold travel to hold the mold parts together and form the cavity. The paths of least resistance of the mold parts to this core movement induced by the plastic injection pressure are perpendicular to the direction of mold travel, with the mold halves sliding against each other where they meet along the parting surface. Figure 2B of the '184 patent illustrates how a stabilizing region must be located to accomplish the required resistance against core shift. *For the region to perform the step (g) stabilizing function, the plastic of the purported stabilizing region must be in compression between the two mold halves in the direction of mold shift.* The '184 patent illustrates one approach to this in Figures 1A and 2A, with a cup shaped product, the preferred embodiment has three stabilizing regions each placed about one-third of the way around the periphery of the cup. With that design, at least one of the three stabilizing regions will resist core shift in any direction that the mold halves can slide relative to each other. (emphasis added).

---

[5] In their reply brief, Defendants neglected to mention either the Beck or the Modern Plastics publications.

(Brown Decl., ¶ 32).[6]



A comparison of Figure 2B with the other patents and publications reveals that in none of the other patents or publications is the plastic in compression between the mold core and the mold cavity in the direction of mold shift. In the Beck publication, for example, there is a first plastic layer between the common and complementary mold parts, but not in the direction of core shift.

---

[6] While Defendants insist that the use of stabilizing regions is anticipated by the prior art, they do not dispute Plaintiffs' contention that plastic must be in compression between the two mold halves in the direction of core shift or mold shift. This silence speaks volumes. The obvious point is that plastic in compression between the mold parts but *not* in the direction of core shift would be ill-positioned to impede core shift.

20





Because none of these patents and publications have plastic in compression between the mold core and the mold cavity in the direction of core shift, none of them have what the `184 patent calls "stabilizing regions." Accordingly, none of these patents and publications anticipate the `184 patent. Defendants have failed to show that the `184 patent is invalid on the grounds of anticipation. Defendants' motion for summary judgment for invalidity based on prior art is DENIED.

        D.      Plaintiffs' Motion for Summary Judgment of Infringement

Plaintiffs assert that Defendants have infringed upon the `184 patent. Infringement exists only if all claim limitations exist with respect to each accused product. *See, e.g. Elekta Instrument*, 214 F.3d at 1306. The Court will limit its discussion to those claim limitations whose replication by the Accused Products is in dispute.

        1.      Whether the Accused Products are "Thin Walled"

Defendants argue that the Accused Products do not have thin walls and therefore cannot run afoul of the `184 patent. Defendants assert that the "thin-walled" claim limitation requires a structure that is one millimeter or less in thickness. They further assert that Plaintiff Sorensen himself has stated that "thin-walled" means walls less than 8/10 of a millimeter in thickness, or at most about one millimeter thick. In support of this assertion, Defendants rely upon the `184 patent's citation to Sorensen's own U.S. patent application No. 7,463. (SMF, Ex. A). The relevant portion of this reference in the `184 patent states: "The first plastic material component . . . is molded in a first mold cavity in accordance with the teaching of the applicant's U.S. Pat. application No. 7,643, filed Jan. 26, 1987 and in accordance of the above description to the extent that such description is compatible with the teaching of application Ser. No. 7,643." (`184 patent at C7/L66- C8/L4). U.S. Patent application No. 7,643 resulted in the issuance of U.S.

Patent 4,844,405. ("'405 patent") (Decl. of David M. Schnorrenberg in Opp. to Pls.' Mot. for Summ. Judg. ("Schnor. Decl."), Ex. 5).

Pointing to the fact that the '405 patent also addresses thin-walled hollow products, Defendants argue that its definition of thin-walled should control the definition of that term in the '184 patent. The '405 patent contemplates a plastic product with ribs that "form boundaries of the thin-walled areas". (Defs.' Mem in Opp. at 7). These ribs "are significantly thicker than the thin cavity region." (*Id.*) Defendants then quote Sorensen's sworn declaration dated July 11, 1988 in support of the '405 patent application: "the first and second ribs. . . define boundaries of a thin-walled area . . . . The thin-walled area . . . has a thickness of approximately 0.8mm." (Schnor. Decl., Ex. 6 at 1-2). Defendants conclude that according to Sorensen's sworn testimony, "thin-walled products can have a thickness of 0.16 mm or less, and products with a thickness of 0.8 mm are not thin-walled." (Defs.' Mem. in Opp. at 8).

In response, Plaintiffs point out that when different patents of the same inventor claim similar subject matter, the Court need not construe similar claim terms as identical. *ResQNet.com v. Lansa, Inc.*, 346 F.3d 1374, 1382-83 (Fed. Cir. 2003). But even if the Court were to treat the similar claim terms as identical, it still could not accept Defendants' definition of "thin-walled." The combination of the '405 patent language with Sorensen's statement, artful as it may be, does not necessarily lead to the conclusion that "products with a thickness of 0.8 mm are not thin-walled." It is true that the ribs referred to in the '405 patent are significantly thicker than the thin cavity region. But it does not mean that the ribs themselves could not be considered thin. To conclude that the description of the 0.8 mm ribs as "significantly thicker" than a thin 0.16 mm region means that a wall cannot be called "thin" beyond 0.8 mm or at the

23

very most 1 mm[7] overlooks the fact that the `184 patent's preferred embodiment depicted in Figure 2B has a minimal wall thickness of eight (8) millimeters.[8]  In the hierarchy of claim construction, this preferred embodiment certainly outweighs the definition utilized in a separate patent application whose relevance to the `184 patent is disputable. *Vitronics*, 90 F.3d at 1582 ("[T]he specification acts as a dictionary when it expressly defines terms or when it defines terms by implication . . . [It is] the single best guide to the meaning of a disputed term.")  Moreover, it is at best unpersuasive for Defendants to argue that a person of ordinary skill in the art would understand that "thin-walled" means no thicker than 1 mm since all five prior art references which Defendants cited as proof that the `184 patent was anticipated had a thickness greater than 1 mm.  (Defs.' Mem. in Opp. at 6).

Plaintiffs, in turn, discuss "thin-walled" as follows:

> Product wall thickness, or in laminated products the thickness of particular layers, impacts the ability to obtain proper fill of the mold before the plastic freezes solid and closes off the plastic flow.  The wall thickness is set by the space between the two mold parts during injection. This space also determines the opening through which the plastic flows.  The farther the plastic has to flow from the injection gate to fill the cavity, other factors remaining constant, the more likely it is that there will be a problem with plastic freezing and choking off the plastic flow without proper filling of the mold.  *A "thin-walled" product is one where the ratio of layer thickness to layer extent is sufficient that issues such as proper mold filling and product strength of the thin-walls become design considerations.*

---

[7]In support of this 1mm definition, Defendants cite to an article, J. Fassett, "Thin Wall Molding: How Its Processing Considerations Differ From Standard Injection Molding," Plastics Engineering (Dec. 1995). In this article, Fassett states, "Thin wall molding can be defined as injection molding of parts having a nominal wall thickness of 1 mm (0.040 inch) or less and a surface area of 50cm$^2$ (8in$^2$) or more." *Id.* at 35.

[8]The Court did not glean this fact from its own reading of the `184 patent, but from Plaintiffs' representation to this Court in its Reply Brief. (Pls.' Reply Br. at 6).

(Pls.' Reply Br. at 5).

This definition adequately describes all of the preferred embodiments, and fits well into the context and purposes of the `184 patent. The Court adopts it here as the definition of "thin-walled." Still, whether or not the Accused Products are thin-walled remains a question of fact for the jury. Defendants have raised the following genuine issues of material fact on the thin-walled question, specifically with regard to the design considerations of proper mold filling and product strength: (a) whether the accused tail-light covers are manufactured with a melt flow index far less than those used for thin-walled products; (b) whether they are manufactured with a relatively low injection pressure of 7000-10,000 p.s.i. which is far less than the 22,000 plus p.s.i. used for thin-walled parts; (c) whether the machines used to mold the accused products do not have the "accumulators" that are necessary to thin-walled parts; (d) whether the Accused Products take about one minute to make whereas a thin-walled product should take 15 seconds to produce.

      2.    What a `184 Product Should Look Like:
            "A. . . hollow, plastic product having a closed end and an open end with laminated walls terminating in a rim at the open end."

The parties dispute the meaning of two words in the above claim: "hollow" and "rim".

      a.    Hollow

Defendants endeavor to show that in order for an object to be "hollow" it must have a greater than 1:1 depth-to-width ratio, or put more plainly, it must be deeper than it is wide. Defendants only cite one authority that discusses the word "hollow" in specific dimensional terms. The Schad patent, cited by the USPTO as prior art in reviewing the `184 patent application, discloses a method "for molding hollow, slender workpieces such as test tubes,

pipettes and the like . . . where the ratio of the inside diameter to the length is greater than 2:1."
(Defs.' Mem. in Opp. at 16). It is not clear how Defendants get from greater than 2:1 to greater
than 1:1. The remaining evidence Defendants present on the word "hollow" is a dictionary
definition. "Hollow" means "having a cavity, gap or space within; not solid; being deeply
indented or concave; having depth or inclines; depressed." AMERICAN HERITAGE DICTIONARY,
at 628 (1973).

Defendants' 1:1 argument may be readily dismissed. Not only is it unsupported by any
authority but it is directly contradicted by the preferred embodiment depicted in Figure 2B of the
`184 patent, which has a depth to width ratio of less than 1:1.[9]  Defendants' dictionary definition,
however, is opposed insufficiently by Plaintiffs, who submit their own definition of hollow
without any reference to a dictionary or to any other authority outside themselves. Plaintiffs
claim that "[a]ny depression or concavity in a surface is hollow." (Pls.' Reply Br. at 6).
Presumably this would include dimples and dents. Fortunately, both sides agree that for an
object to be hollow it must be "concave in overall product shape, or . . . concave over some
significant portion of the overall product shape." (Defs.' Mem. in Opp. at 10; Pls.' Reply Br. at
8). The Court adopts this point of agreement in addition to Defendants' dictionary definition as
the controlling definition of the word "hollow."

      b.   Rim

The limitations of "a closed end and an open end" and "terminating in a rim at the open
end" were added during the prosecution of the `184 patent application. (Schnor. Decl., Ex. 2,
Prosecution File History at FH 79-83). The term "closed end" seems obvious enough and is

---

[9]Again, this Court did not glean this fact from its own reading of the `184 patent, but from
Plaintiffs' representation to this Court in its Reply Brief.  (Pls.' Reply at 7).

undisputed. It conveys a meaning of enclosure. Defendants assert that a "closed end" enables a product to contain liquid, and while Plaintiffs do not concede that the purpose of the `184 patent is to create products that hold liquid, they concede that a closed end should be able to contain liquid. (Pls.' Reply Br. at 9) Moreover, the `184 patent itself makes reference to products made in accordance with its requirements that hold or contain liquid. One of the `184 patent's preferred embodiments contemplates "a longitudinal window in the side wall in order to monitor the level of a substance, such as a fluid, contained in the plastic product." (Schnor. Decl., Ex. 1 at C3/L16-18.)

Defendants also point out that "the word 'rim' is routinely used for cuplike or container devices." (Defs.' Mem. in Opp. at 13). They offer a definition of rim as "the edge, border, or margin, especially of something circular; often a raised or projecting edge or border." (Schnor. Decl., Ex. 10, WEBSTER'S NEW WORLD DICTIONARY OF THE AMERICAN LANGUAGE at 1011 (1962)). Defendants assert that "in the context of the `184 patent, a rim is the surface at the product's extremities forming its planar edge . . . The rims in these patent figures form a planar open end, that is, the open end would lie flat on a table like an upside down cup." (Declaration of A. Jeffrey Giacomin ("Giacomin Decl."), ¶ 42). Defendants' definition of a cup-like object with a rim is reinforced by the `184 patent specification. The preferred embodiments depicted in Figs. 2A & 2B, 6 and 7 all show cup-like objects with a circular rim, and arguably, Figs. 3A, 3B, 3C, and 3D show the same. Each has a closed bottom, an empty interior cavity, side walls, and an open top terminating in a circular, planar rim. The Court has consulted additional dictionary definitions of the term 'rim', and all of them mention that a rim is most often circular. *See, e.g.*, THE RANDOM HOUSE COLLEGE DICTIONARY, Rev. Ed. at 1137 (1973) ("rim, the outer edge, border, or margin of something, esp. of a circular object"); WEBSTER'S NEW INT'L DICTIONARY,

27

2d Ed. at 2149 (1957) ("rim, the border, edge, or margin of a thing, usually something circular or curving; as the rim of a basin, a hat, a shield, the horizon, the sea")

Plaintiffs' argue that words like "planar" and "circular" are not words one should use to define rim but that they are in fact additional restrictions to the word "rim" that are absent from the language of the `184 patent. However, Plaintiffs offer no definition of rim, and they basically ignore the fact that the word "rim" must mean something, and that it is included in the claim limitation for a reason. *See, e.g. Elekta Instrument*, 214 F.3d at 1307 (reversing construction that rendered claim term "superfluous"); *Texas Instruments, Inc. v. United States Int'l Trade Comm'n*, 988 F.2d 1165, 1171 (Fed. Cir. 1993) (rejecting arguments that would render disputed claim language "mere surplusage"). All products must terminate somewhere, of course. But the `184 patent must "terminate in a *rim*." (emphasis added). Consequently, the word "rim" must mean more than just the place where the product ends. The fact that the object "terminate[s] in a rim" tells the reader that there is some significant limiting aspect as to how the "thin-walled, hollow" object ends. The dictionary definitions favor a definition of rim involving the word circular. The preferred embodiments all depict walls terminating in a circular, planar edge. Defendants' expert asserts without contradiction that persons of ordinary skill in the art would so understand the phrase "laminated walls terminating in a rim at the open end," and Plaintiffs offer no competing definition of the term. For these reasons, the Court holds that the open end of a `184 product must terminate in a circular, planar edge known as a rim.

In addition to written descriptions, the Court has been furnished with numerous photographs and drawings of the Accused Products. (Brown Decl., Exs. D-R; Giacomin Decl., Exs. 2-8). After reviewing these exhibits, it is abundantly clear that Plaintiffs have failed to show for summary judgment purposes that the Accused Products "terminat[e] in a rim."

28

3.    The Claim Limitation of Two "Plastic Materials" with "Different Characteristics"

Plaintiffs assert that the use of plastic materials with different colors suffices to fulfill the '184 patent's "different characteristics" requirement. Defendants assert that mere differences in color do not constitute "different characteristics."

Plaintiffs essentially accept Defendants' argument that "different characteristics" require different physical properties. (Brown Suppl. Decl., ¶ 30; Pls.' Mem. in Opp. at 24). Plaintiffs argue that color is in fact a physical characteristic: "With plastics, in particular the acrylics used in most automobile taillight lenses, color is different at the molecular level." (Brown Suppl. Decl., ¶ 30). Whether or not color is different at the molecular level is not presently the Court's concern. What is the Court's concern is how people of ordinary skill in the art would understand the phrase "different characteristics" as that phrase is utilized in the '184 patent. The Court is persuaded that such people would understand the phrase to include color.

Defendants assert that in the prior art of record cited by Mr. Sorensen, there is a clear distinction between differences in color and differences in physical properties. U.S. Patent 3,543,338 distinguishes the use of "[p]lastics of different colors . . . to provide decorative color effects" from the use of "plastics having different physical properties . . . to improve the structural characteristics of the article." (Schnor. Decl., Ex. 55, C6/L2-7). "Mr. Sorensen himself has repeatedly written in his other patents that 'color' does not differentiate the "sameness" of 'plastic materials.'" (Defs.' Mem. in Opp. at 24). Defendants' expert concludes that "different characteristics" must mean the use of different materials, as it would require use of plastics "with different molecular properties – i.e. different polymers–regardless of the colors of

29

those plastics." (Giacomin Decl, ¶ 37).

This point is clearly and entirely refuted by the language of the '184 patent itself. "The first and second plastic materials may be either the same material or different materials." ('184 Patent, C9/L17-18). Contrary to Defendants' interpretations, a product created by the '184 patent can quite clearly be composed of two layers of the same materials that still must possess some other "different characteristics." Given this proposition, Defendants' argument leaves no room for what those "different characteristics" might be. In the absence of this, Plaintiffs' assertion that color may function as one of those "different characteristics" is persuasive.

    <u>4.</u>   <u>"Rigidly secure the first common mold part in position in relation to the second complementary mold part in order to impede movement."</u>

Defendants assert that the phrase "rigidly secure" means that the stabilizing region "must eliminate *all* movement of the first mold part." (Defs.' Mem. in Opp. at 27). Plaintiffs counter that this interpretation ignores the use of the word "impede." To impede means "to retard in movement or progress by means of obstacles or hindrances; obstruct, hinder." (WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY OF THE ENGLISH LANGUAGE, Random House, 1996). To impede movement, therefore, does not necessarily mean to eliminate all movement. Plaintiffs are correct in asserting that "rigidly secure" refers to "how the stabilizing region is placed in fixed position between the two mold parts." (Pls.' Reply Br. at 3). Defendants plead no facts suggesting that the process which created the Accused Products did not impede movement between the mold parts. Accordingly, the Court finds for Plaintiffs on this issue.

    <u>5.</u>   <u>"[I]njecting . . . until [the first or second (or third...) plastic material] reaches the portion of the . . . mold cavity that defines the rim of the product."</u>

30

Defendants argue that this phrase means that the injection must cease the moment the plastic reaches the rim. (Defs.' Mem. in Opp. at 30). Defendants are careful to note that this limitation is "possible" for cup-like or tube-like products that are uniformly narrow on all sides. (*Id.*) For plastic products that are not uniformly narrow, the injected molten plastic could reach the rim before the rest of the mold cavity is filled. (Pls.' Reply Br. at 11). Consequently, Plaintiffs counter that the above phrase means "that one cannot stop injection before the plastic reaches the rim . . . not . . . that injection continues only until it reaches the rim." (Id. at 10). Plaintiffs' definition controls because there is no requirement that products made in accordance with the `184 patent need be uniformly narrow on all sides. To adopt Defendants' interpretation would be to read this requirement into the patent.[10]

Therefore, Defendants' assertion that it did not infringe because the Accused Products were not made by a process where injection of plastic ceased once the plastic reached the rim must fail.

### 6.    DCAG's Liability

As a final matter, Defendant DCAG asserts that it has not made, used, offered to sell or sold the accused taillight covers, or the Mercedes vehicles in which they are contained, within the United States. (Defs.' Mem. in Opp. at 40). DCAG further asserts that it did not import the accused taillight covers or the vehicles in which they are contained into the United States, nor did it induce anyone to infringe the `184 patent. (*Id.*) Plaintiffs dispute these assertions. Nowhere does DCAG ask that it be dismissed from the case on these grounds. In the absence of further

---

[10]Plaintiffs assert that Figure 2B of the preferred embodiments has varying wall thicknesses that will result in varying plastic flow speeds at different points in the cavity. Consequently, the molten plastic will not reach all portions of the rim at once.

31

factual development, the Court is not prepared to rule on this issue at this time.

### III.   CONCLUSION

Fo the reasons discussed above, it is on this 21st day of July, 2004 hereby ORDERED that Defendants' Motion for Summary Judgment of Invalidity Based on Prior Art is DENIED, and Plaintiffs' Motion for Summary Judgment of Infringement is also DENIED.

Newark, New Jersey

s/ Judge Harold A. Ackerman

32

# EXHIBIT 4



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,976+ 90/008775 12/21/2007 | | 4935184 | 065640-0260 | 6753 |

20995     7590     08/21/2009
KNOBBE MARTENS OLSON & BEAR LLP
2040 MAIN STREET
FOURTEENTH FLOOR
IRVINE, CA 92614

| EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 08/21/2009

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Pava Agarwal
Foley & Lardner LLP
3000 K Street NW, Suite 500
Washington, DC 20007

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,976*.    90/008,775

PATENT NO. *4935184*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Office Action in Ex Parte Reexamination* | Control No. 90/008,775; 90/008,976 | Patent Under Reexamination 4935184 | |
|---|---|---|---|
| | Examiner ALAN DIAMOND | Art Unit 3991 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

a ☒ Responsive to the communication(s) filed on 02 January 2009 .          b ☐ This action is made FINAL.
c ☐ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire 1 month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☐ Notice of References Cited by Examiner, PTO-892.     3. ☐ Interview Summary, PTO-474.
2. ☒ Information Disclosure Statement, PTO/SB/08.     4. ☐ _____.

Part II    SUMMARY OF ACTION

1a. ☒ Claims 1,2,4 and 6-10 are subject to reexamination.

1b. ☒ Claims 3 and 5 are not subject to reexamination.

2. ☐ Claims _____ have been canceled in the present reexamination proceeding.

3. ☐ Claims _____ are patentable and/or confirmed.

4. ☒ Claims 1,2,4 and 6-10 are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ The drawings, filed on _____ are acceptable.

7. ☐ The proposed drawing correction, filed on _____ has been (7a)☐ approved (7b)☐ disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).

   a)☐ All  b)☐ Some*  c)☐ None    of the certified copies have

   1☐ been received.

   2☐ not been received.

   3☐ been filed in Application No. _____ .

   4☐ been filed in reexamination Control No. _____.

   5☐ been received by the International Bureau in PCT application No. _____.

   * See the attached detailed Office action for a list of the certified copies not received.

9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.

10. ☐ Other: _____

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-466 (Rev. 08-06)                    Office Action In Ex Parte Reexamination                    Part of Paper No. 20090810

Application/Control Number: 90/008,775; 90/008,976                    Page 2
Art Unit: 3991

## Status of Proceedings

1.    A first request for *ex parte* reexamination of claims 1, 2, 4 and 6-10 of U.S.
Patent 4,935,184 (hereinafter the '184 patent), assigned Reexamination Control No.
90/008,775, was filed July 30, 2007 by a third party requester. An Order granting
reexamination of claims 1, 2, 4 and 6-10 was mailed October 11, 2007. A second
request for *ex parte* reexamination of claims 1, 2, 4 and 6-10 of the '184 patent,
assigned Reexamination Control No. 90/008,976, was filed December 21, 2007 by a
different third party requester. An Order granting reexamination of claims 1, 2, 4 and 6-
10 was mailed February 21, 2008. Reexamination Control Nos. 90/008,775 and
90/008,976 were merged in a Decision Merging Reexamination Proceedings mailed
August 29, 2008. A first Office action in the merged proceedings rejecting claims 1 and
6-10 and confirming claims 2 and 4 was mailed October 31, 2008. A petition for
extension of time to respond to said Office action was filed November 20, 2008, and a
one month extension was granted with the petition decision mailed December 11, 2008.
Patent Owner filed a response to said Office action on January 2, 2009. On March 12,
2009, a personal interview with patent owner was conducted for which an Interview
Summary was mailed by the Office on March 20, 2009. Patent Owner filed a statement
on the interview on April 10, 2009.

## Information Disclosure Statement

2.    On the attached PTO-1449 forms, those references that have been crossed out
with are litigation-related references. These litigation-related references have been

Application/Control Number: 90/008,775; 90/008,976                    Page 3
Art Unit: 3991

considered by the Examiner but have been crossed out because they are not

appropriate for printing on a reexamination certificate.

## Scope of Claims

3.      The '184 patent has expired. According to MPEP 2258(I)(G): "[i]n a

reexamination proceeding involving claims of an expired patent, claim construction

pursuant to the principle set forth by the court in Phillips v. AWH Corp., 415 F.3d 1303,

1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally given

their ordinary and customary meaning" as understood by a person of ordinary skill in the

art in question at the time of the invention) should be applied since the expired claim are

not subject to amendment. The statutory presumption of validity, 35 U.S.C. 282, has no

application in reexamination (In re Etter, 756 F.2d 852, 225 USPQ 1 (Fed. Cir. 1985))."

The merged reexamination proceeding contains claims 1, 2, 4 and 6-10 directed to a

method for cyclic injection molding a thin-walled hollow, plastic product.  Claim 1 is

representative:

        1.      A method of cyclic injection molding a thin-walled hollow, plastic product
having a closed end and an open end with laminated walls terminating in a rim at the
open end, utilizing a first mold cavity and a second mold cavity, the first mold cavity
being defined by a first common mold part and a first complementary mold part, and the
second mold cavity being defined by the first common mold part and a second
complementary mold part, the method comprising the steps of
        (a) combining the first common mold part with the first complementary mold part
to assemble the first mold cavity;
        (b) injecting a first plastic material into the first mold cavity;

(c) solidifying the injected first plastic material to form a first plastic material component;

(d) combining the first common mold part with the second complementary mold part to assemble the second mold cavity with the first plastic material component attached to the first common mold part so that when the second mold cavity is assembled the first plastic material component is contained within the second mold cavity;

(e) injecting a second plastic material having different characteristics than the first plastic material into the second mold cavity while the first plastic material component is contained therein; and

(f) solidifying the injected second plastic material so as to form a second plastic material component that fuses with the first plastic material component to produce a hollow plastic product;

wherein step (c) comprises the step of

(g) shaping the first plastic material component such that when the first plastic material component is so contained in the second mold cavity the first plastic material component provides one or more stabilizing regions that rigidly secure the first common mold part in position in relation to the second complementary mold part in order to impede movement of the first common mold part in relation to the second complementary mold part during step (e), to thereby produce a thin-walled plastic product having controlled dimensions;

wherein step (b) comprises the step of

(h) injecting the first plastic material until it reaches the portion of the first mold cavity that defines the rim of the product; and

wherein step (e) comprises the step of

(i) injecting the second plastic material until it reaches the portion of the second mold cavity that defines the rim of the product.

In the Order and Opinion of *Sorensen and Sorensen v. Daimler Chrysler*, Civ. No. 03-1763, the district court judge defined the following patent terms. Based on a preponderance of the evidence, the definitions are reasonable and have been adopted by the Examiner:

Thin-walled: A "thin-walled" product is one where the ratio of layer thickness to layer extent is sufficient that issues such as proper mold filling and product strength of the thin walls become design considerations.

Hollow: This means having a cavity, gap or space within; not solid; being deeply indented or concave; having depth or inclines; depressed. For an object to be hollow it must be concave in overall shape, or concave over some significant portion of the overall product shape.

Rigidly Secure the first common mold part in position in relation to the second complementary mold part in order to impede movement: To "impede" does not necessarily mean to eliminate all movement. "Rigidly secure" refers to how the stabilization region is placed in fixed position between the two mold parts.

[I]njecting ... until [the first or second (or third...) plastic material] reaches the position of the ... mold cavity that defines the rim of the product: This means that one cannot stop injection before the plastic reaches the rim, not that injection continues only until it reaches the rim.

The following are additional definitions:

Laminated: In the Office action mailed October 31, 2008, it was stated that for an object to be "laminated" it must be composed of substantially coextensive layers in

face-to-face contacting relationship that cover and spread over one another. This definition came from said Order and Opinion of Sorensen and Sorensen v. Daimler Chrysler, Civ. No. 03-1763. However, the text describing the product of Figs. 4 and 5 of the '184 patent (see col. 7, lines 22-60 of the '184 patent) is essentially identical with the text of claims 2-5 of the '184 patent. In Figs. 4 and 5, the side edge of transverse stabilizing region (68) is laminated with the side edge of the plastic material (72) and thus, the product has a "laminated wall". However, (68) and (72) do not form layers of the wall, nor do they cover and spread over one another. Thus, the use of the terms "layers" and "cover and spread over one another" in the definition for "laminated" is inappropriate. Accordingly, in order for the embodiment of Figs. 4 and 5 to be within the scope of claim 1, for an object to be "laminated" it must be composed of substantially coextensive parts in face-to-face contacting relationship. Said stabilizing region (68) and plastic material (72) are coextensive at the contacting, face-to-face edges. In the reasons for confirmation of claims 2 and 4 in said Office action mailed October 13, 2008, the Examiner pointed to Figs. 6 and 7 as examples of subject matter in claims 2 and 4. In particular, the Examiner pointed to stabilizing regions (84) as examples of strips. However, this was an error. The stabilizing regions (84) in Figs. 6 and 7 are not strips and are never labeled as strips in the '184 patent.

One or more stabilizing regions: The plastic of the product is in compression between the common mold part and the second complementary mold part in the direction of core shift (see the discussion at pp. 18-22 of said Order and Opinion of

*Sorensen and Sorensen v. Daimler Chrysler*, Civ. No. 03-1763). This definition was agreed to in the personal interview of March 12, 2009.

Rim: The edge or border where the open end of the plastic product terminates. This is slightly different from what was agreed to in the personal interview of March 12, 2009 in that the word "border" is being used instead of "boundary". The word "border" is used because dictionary definitions refer to a rim as an edge or border (see page 27 of said Opinion and Order of *Sorensen and Sorensen v. Daimler Chrysler*, Civ. No. 03-1763). The rim does not include material below the edge or border. For example, with a cup-shaped product, the rim is the circular planar edge and does not include material below the planar edge.

Different Characteristics: The CAFC, in *Sorensen and Sorensen v. Mercedes-Benz USA, LLC,* held that the requirement that the first and second materials have "different characteristics" did not require that they have different molecular properties. "As long as the characteristics differ, the patent does not specify further the nature of the difference." Thus, "color differences would suffice to satisfy the broad 'different characteristics' limitation".

### Rejection Withdrawn

4.     Upon reconsideration, the Examiner withdraws the rejections based on JP 52-51449 (hereinafter JP '449). JP '449 never discloses exactly what is produced and does not teach how the outer plastic layer (2) on its structure is formed. As pointed out by patent owner at pages 6-9 of the response filed January 2, 2009, the outer layer can

# EXHIBIT 5

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Big Lots Stores, Inc.

Plaintiff,

v.

Sorensen Research and Development Trust

Defendant

No.   09cv2702-MMA(NLS)

F I L E D

10 JAN 21   AM 10: 37

REPORT OF CLERK AND ORDER OF
TRANSFER PURSUANT TO
"LOW-NUMBER" RULE.

DEPU

## REPORT OF CLERK PURSUANT TO LOW NUMBER RULE

Re:     "Low Numbered" Case No.          07cv2121-BTM(CAB)

        Title:       Sorensen v. Giant International (USA) Ltd., et al

        Nature of Case:        830 Patent

The above "low numbered" case and the present case appear

__x__ (1)       to arise from the same or substantially identical transactions, happenings or events; or

__x__ (2)       involve the same or substantially the same parties or property; or

__x__ (3)       involve the same patent or trademark or different patents or trademarks covering the same or substantially identical things; or

__x__ (4)       call for determination of the same or substantially identical questions of law; or

_____ (5)     where a case is refiled within one year of having previously been terminated by the Court; or

__x__ (6)       for other reasons would entail unnecessary duplication of labor if heard by different judges.

New Case #:     09cv2702-BTM(CAB)

This case was transferred pursuant to the Low Number Rule. The related cases have been assigned to the same judge and magistrate judge but they are NOT CONSOLIDATED at this point; all pleadings must still be filed separately in each case.

W. Samuel Hamrick, Jr., Clerk of Court ,

DATED:     January 14, 2010          By:

(By) Deputy, L. Hammer

## ORDER OF TRANSFER PURSUANT TO "LOW NUMBER" RULE

I hereby consent to transfer of the above-entitled case to my calendar pursuant to Local Rule 40.1, Transfer of Civil Cases under the "Low Number" Rule.

DATED:   1 - 19 - 2010

Barry Ted Moskowitz
United States District Judge

It appearing that the above-entitled case is properly transferable in accordance with the provisions of the "Low Number" Rule, IT IS HEREBY ORDERED that this case is transferred to the calendar of Judge Barry Ted Moskowitz and Magistrate Judge Cathy Ann Bencivengo for all further proceedings.

DATED:   1 - 21 - 2010

Michael M. Anello
United States District Judge

# EXHIBIT 6

1

2

3

4

5

6

7

8

9

10                          **UNITED STATES DISTRICT COURT**

11                       **SOUTHERN DISTRICT OF CALIFORNIA**

12

13   JENS ERIK SORENSEN, as Trustee of          Case Nos.:
     SORENSEN RESEARCH &
14   DEVELOPMENT TRUST,                          07cv2121, 07cv2277, 07cv2278,
                                                 08cv60, 08cv70, 08cv134,
15                            Plaintiff,         08cv136, 08cv232, 08cv234,
                                                 08cv304, 08cv305, 08cv306,
16            v.                                 08cv309, 08cv411, 08cv559

17                                               **JOINT ORDER DENYING MOTIONS
                                                 TO LIFT STAY**
18   GIANT INTERNATIONAL (USA) LTD., et
     al.,
19
                             Defendants.
20

21        Plaintiff has filed "Motion(s) to Terminate Immoderate and Unlawful Stay" in fifteen

22   related cases. For the reasons discussed below, the Motions are **DENIED**.

23

24                              **I. BACKGROUND**

25        Plaintiff has asserted patent infringement claims against each of the defendants in the

26   fifteen above-captioned cases. These claims are all related to the same patent: U.S. Patent

27   No. 4,935,184 ("'184 Patent"). Plaintiff filed these suits at various times over the past several

28   years, and because the Court has stayed each of these cases, virtually all of them are in the

1

1  early stages of litigation.

2       The Court has stayed each of these cases because the United States Patent and
3  Trademark Office ("PTO") is conducting a reexamination of the '184 Patent. If the PTO
4  rejects the claims in the '184 Patent, all of these cases will be subject to dismissal. On the
5  other hand, if the PTO accepts the claims in the '184 Patent, Plaintiff may proceed with its
6  cases. Thus, the outcome of the reexamination will significantly affect these cases.

7       The PTO's reexamination proceedings have continued for approximately two years.
8  In its most recent communication, on August 29, 2009, the PTO issued a non-final office
9  action rejecting all of the relevant claims in the '184 Patent.

10      Shortly after this office action, Plaintiff filed its "Motion(s) to Terminate Immoderate
11  and Unlawful Stay." This is Plaintiff's second motion to lift the stay in seven months. Plaintiff
12  filed its first motion in March 2009, and the Court issued an order denying it on July 10, 2009.
13  In that order, the Court reasoned because the reexamination was still ongoing, all the factors
14  supporting the initial issuance of the stay— namely that Plaintiff had not established undue
15  prejudice, and the PTO's reexamination would simplify the issues and save expense—were
16  still present.

17      In its present motion to lift the stay, Plaintiff argues that the PTO has reversed course
18  in its most recent office action rejecting the claims in the '184 Patent, and that the
19  reexamination proceedings have no foreseeable conclusion. Therefore, Plaintiff contends,
20  the stays are immoderate and unlawful in duration. Plaintiff further argues that the Court has
21  unlawfully required it to submit to reexamination before proceeding with its cases.

22

23                              **II. DISCUSSION**

24      The stays in these related cases are neither immoderate nor unlawful, and the Court
25  has the authority to stay patent infringement suits pending the outcome of a reexamination
26  proceeding related to the patent at issue.

27      "Courts have inherent power to stay an action pending the conclusion of PTO
28  reexamination proceedings." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir.

                                      2

1    1988). There is a "liberal policy" in favor of granting motions to stay pending the outcome
2    of PTO reexamination proceedings. ACII Corp. v. STD Entertainment USA, Inc., 844 F.
3    Supp. 1378, 1381 (N.D. Cal. 1994). Indeed, federal district courts routinely stay patent
4    infringement suits pending the outcome of reexamination proceedings.   (See Central
5    Purchasing LLC's Opp., 9–10 (citing dozens of cases).)

6         In determining whether to stay litigation pending reexamination by the PTO, courts
7    generally consider the following factors: (1) the stage of litigation; (2) whether a stay would
8    cause undue prejudice or present a clear disadvantage to the non-moving party; and (3)
9    whether a stay will simplify the issues in question and the trial of the case. See, e.g., Xerox
10   Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999). The Court previously found
11   that all factors support the issuance of a stay in these cases. Specifically, the court held that
12   because these cases are in the early stages of litigation, Plaintiff has not established
13   prejudice, and, for obvious reasons, the outcome of the reexamination proceeding will
14   simplify the issues in this case. See Sorensen v. Black and Decker, 06cv1572, Docket No.
15   243.

16        None of the facts supporting the initial issuance of the stay have changed materially.
17   In fact, the only new development since the Court's denial of the first motion to lift the stays
18   is the PTO's office action, which indicates that the PTO may soon reject all of the claims in
19   the '184 Patent. This fact only supports the further continuance of the stays. And contrary
20   to the Plaintiff's claims, the stays are not indefinite; they will be terminated upon the
21   conclusion of the reexamination—or sooner if the reexamination proceedings continue for
22   an unreasonable length of time. But currently it appears that the PTO's reexamination is
23   continuing apace, and the Court is not persuaded that the reexamination proceedings will
24   continue indefinitely.

25        Lastly, and contrary to Plaintiff's assertion, the Court has not required Plaintiff to
26   submit to reexamination proceedings before bringing suit. Instead, the Court has stayed
27   litigation pending the outcome of reexamination proceedings, which is well within the Court's
28   authority. See, e.g., Ethicon, Inc. v. Quigg, 849 F.2d at 1426–27.

3

1       Notwithstanding the analysis set forth above, the Court does not believe the stay
2   should be indefinite.    On August 29, 2009, the PTO took preliminary action indicating
3   possible invalidity of the claims. Plaintiff has responded to that action. It seems that the PTO
4   can resolve these issues in the next several months. If the PTO can not, the light at the end
5   of the tunnel may be so dim that the length of time required to traverse the distance becomes
6   unreasonable.    Therefore, assuming that Plaintiff does not seek any further delays in
7   connection with the PTO's reconsideration, the stay will expire no later than **April 30, 2010**.
8   The parties in all pending '184 Patent cases shall appear before the Court for a status
9   conference on **May 5, 2010 at 4:00 p.m.**

10

11                                    **III. CONCLUSION**

12       For all of these reasons, the Court **DENIES** Plaintiff's "Motion(s) to Terminate
13   Immoderate and Unlawful Stay" in the fifteen related cases.    So long as Plaintiff takes no
14   action to delay the reexamination proceedings, the stay shall expire on April 30, 2010. Any
15   party may apply to the Court for an exception to the stay if it has specific, valid reasons to
16   believe that it needs to obtain discovery in order to preserve evidence that will otherwise be
17   unavailable after the stay.

18   **IT IS SO ORDERED.**

19
     DATED:  December 21, 2009
20
                                        Barry Ted Moskowitz
21
                                        Honorable Barry Ted Moskowitz
22                                      United States District Judge

23

24

25

26

27

28

                                          4

# EXHIBIT 7

1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
8          **SOUTHERN DISTRICT OF CALIFORNIA**
9
10   JENS ERIK SORENSEN,                          Case Nos. 08cv1080 BTM (CAB);
                                                  08cv1256; 08cv1670; 09cv56;
11                                  Plaintiff,    09cv57; 09cv60
           vs.
12                                                **JOINT ORDER DENYING MOTIONS**
     HUMAN TOUCH LLC, et al.,                     **TO VACATE STAY**
13
                                 Defendants.
14
           Plaintiff has filed a Motion to Vacate Stays Per Terms of Stay Orders in each of the
15
     six above-captioned cases. Plaintiff recently filed similar motions to vacate stays in several
16
     related cases. The Court denied those motions, and the reasoning in those orders applies
17
     with equal force here.  Thus, for the reasons stated in the Court's Joint Order dated
18
     December 21, 2009 in *Jens Erik Sorensen v. Giant International (USA) Ltd.*, No. 07cv2121
19
     BTM (CAB) [Doc. 59], the Court **DENIES** each of the six Motions to Vacate Stays Per Terms
20
     of Stay Orders filed in the above-captioned cases.  Although the Patent and Trademark
21
     Office recently issued a final rejection of the patent claims at issue, the stays in these six
22
     cases will nevertheless expire on **April 30, 2010**. The parties in all pending '184 Patent
23
     cases shall appear before the Court for a status conference on **May 5, 2010 at 4:00 p.m.**
24
     **IT IS SO ORDERED.**
25
     DATED:  January 27, 2010
26
27
28                                               Honorable Barry Ted Moskowitz
                                                 United States District Judge

                                             1

# EXHIBIT 8

1

2

3

4

5

6

7     IN THE UNITED STATES DISTRICT COURT

8     FOR THE NORTHERN DISTRICT OF CALIFORNIA

9     SAN JOSE DIVISION

10    Jens Erik Sorensen, as Trustee of Sorensen          NO. C 08-00095 JW
      Research and Development Trust
11                                                         **ORDER DENYING PLAINTIFF'S**
                  Plaintiff,                               **MOTION TO LIFT THE STAY**
12    v.

13    Lexar Media, Inc.,

14                  Defendant.
      _____/
15

16         Presently before the Court Plaintiff's Motion to Lift Stay. (hereafter, "Motion," Docket Item

17    No. 128.) Plaintiff moves to lift the current stay on the case on the ground that on March 12, 2009,

18    an interview was held between PTO Examiners, the '184 patent inventor and his counsel. (Motion

19    at 2.) At the conclusion of the interview, the panel issued a Summary stating that the Examiner has

20    reached an agreement with the Patentee with respect to the '184 patent claims at the are issue in this

21    case. (Motion at 2-3.)

22         Although the Court finds the Summary issued by the Examiner resulting from the March 12,

23    2009 meeting instructive, it is an insufficient basis for lifting the stay at this time. The Court had

24    previously indicated that any party may move to lift the stay upon a "final office action." (See

25    Docket Item No. 126.) Plaintiff suggests that the Court should lift the stay because all that is left are

26    "clerical tasks for formal conclusion of the reexamination." (Reply in Support of Motion to Lift

27    Stay, Docket Item No. 132.) Contrary of Plaintiff's contention, the Court finds that a "final office

28    action" is not merely a series of clerical tasks. Thus, to avoid prejudice to both parties and conserve

United States District Court
For the Northern District of California

1  judicial resources, it is best that this case proceeds without the cloud of reexamination over the

2  disputed patent.

3          Accordingly, the Court DENIES Plaintiff's Motion to Lift the Stay as premature. This denial

4  is without prejudice to be renewed upon receipt of a Final Office Action. In light of this Order, the

5  Court VACATES the hearing on the Motion set for June 1, 2009.

6

7  Dated: May 27, 2009

                                             JAMES WARE
                                             United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

2

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  James Michael Kaler michael@kalerlaw.com
   Jared Bobrow jared.bobrow@weil.com
3  Joseph Hyuk Lee joseph.lee@weil.com
   Kimberly K. Dodd kdodd@foley.com
4  Melody Ann Kramer mak@kramerlawip.com

5
   **Dated: May 27, 2009**                    **Richard W. Wieking, Clerk**
6

7                                    By:___**/s/ JW Chambers**_____
                                          **Elizabeth Garcia**
8                                          **Courtroom Deputy**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

# EXHIBIT 9

ADRMOP, AO279, CLOSED, E-Filing, REFSET-RS

## U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:08-cv-00095-JW

Sorensen v. Lexar Media, Inc.
Assigned to: Hon. James Ware
Referred to: Hon. Richard Seeborg
Cause: 35:271 Patent Infringement

Date Filed: 01/07/2008
Date Terminated: 02/25/2009
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

### Plaintiff

**Jens Erik Sorensen**
*as Trustee of Sorensen Research and*
*Development Trust*

represented by **James Michael Kaler**
Law Offices of J. Michael Kaler
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121
858-362-3151
Email: michael@kalerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melody Ann Kramer**
Kramer Law Office, Inc.
Ste. 1600
9930 Mesa Rim Road
San Diego, CA 92121
858-362-3150
Fax: 858-824-9073
Email: mak@kramerlawip.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Lexar Media, Inc.**
*a Delaware corporation*

represented by **Jared Bobrow**
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
650-802-3000
Fax: 650-802-3100
Email: jared.bobrow@weil.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christian John Hurt**
Weil Gotshal & Manges LLP

700 Louisiana, Suite 1600
Houston, TX 77002
713-546-5000
Fax: 713-224-9511
Email: christian.hurt@weil.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Hyuk Lee**
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
650-802-3245
Fax: 650-802-3100
Email: joseph.lee@weil.com
*ATTORNEY TO BE NOTICED*

**Kevin S. Kudlac**
Weil,Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002
(713) 546-5000
Fax: (713) 224-9511
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Phillips Plastics Corporation**          represented by **Kimberly K. Dodd**
Foley & Lardner LLP
One Maritime Plaza
Sixth Floor
San Francisco, CA 94111
415-434-4484
Fax: 415-434-4507
Email: kdodd@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Phillips Plastics Corporation**          represented by **Kimberly K. Dodd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Lexar Media, Inc.**          represented by **Jared Bobrow**
*a Delaware corporation*          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Hyuk Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin S. Kudlac**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

<u>Counter-defendant</u>

**Jens Erik Sorensen**        represented by **James Michael Kaler**
*as Trustee of Sorensen Research and*                    (See above for address)
*Development Trust*                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

**Melody Ann Kramer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/07/2008 | 1 | COMPLAINT for Patent Infringement (summons Issued); jury demand; against Lexar Media, Inc. ( Filing fee $ 350, receipt number 44611001684.). Filed by Jens Erik Sorensen. (bw, COURT STAFF) (Filed on 1/7/2008) (Entered: 01/08/2008) |
| 01/07/2008 | 2 | *** FILED IN ERROR *** please see 5 amended NOTICE of Related 07-5525 JSW, 07-5568 JSW, 08-95 JW,08-96 CW Cases by Jens Erik Sorensen (bw, COURT STAFF) (Filed on 1/7/2008) Modified text on 1/23/2008,counsel used incorrect event, correct event is motion, not notice) (Entered: 01/08/2008) |
| 01/07/2008 | 3 | ADR SCHEDULING ORDER: Case Management Conference set for 6/2/2008 10:00 PM. Case Management Statement due by 5/23/2008. (bw, COURT STAFF) (Filed on 1/7/2008) (Entered: 01/08/2008) |
| 01/07/2008 |  | Summons Issued as to Lexar Media, Inc. (bw, COURT STAFF) (Filed on 1/7/2008) (Entered: 01/08/2008) |
| 01/07/2008 |  | CASE DESIGNATED for Electronic Filing. (bw, COURT STAFF) (Filed on 1/7/2008) (Entered: 01/08/2008) |
| 01/08/2008 |  | REPORT on the filing or determination of an action regarding Patent Infringement (cc: form mailed to register). (bw, COURT STAFF) (Filed on 1/8/2008) (Entered: 01/08/2008) |
| 01/10/2008 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Jens Erik Sorensen. (Kramer, Melody) (Filed on 1/10/2008) (Entered: 01/10/2008) |

| 01/18/2008 | 5 | AMENDED MOTION to Related 07-5525 JSW, 07-5568 JSW, 08-95 JW,08-96 CW Cases (Kramer, Melody) (Filed on 1/18/2008) Modified text on 1/23/2008,(counsel used incorrect event, correct event is motion, not notice.) (cv, COURT STAFF). (Entered: 01/18/2008) |
|------------|----|------------------------------------------------------------------------------------|
| 01/21/2008 | 6 | NOTICE of Appearance by Melody Ann Kramer *Appearance of J. Michael Kaler, Attorney for Plaintiff* (Kramer, Melody) (Filed on 1/21/2008) (Entered: 01/21/2008) |
| 02/13/2008 | 7 | SUMMONS Returned Executed by Jens Erik Sorensen. Lexar Media, Inc. served on 1/24/2008, answer due 2/13/2008. (Attachments: # 1 Exhibit Certified Mail Receipt)(Kramer, Melody) (Filed on 2/13/2008) (Entered: 02/13/2008) |
| 02/19/2008 | 8 | STIPULATION *TO EXTEND TIME FOR DEFENDANT TO RESPOND TO PLAINTIFF'S COMPLAINT* by Lexar Media, Inc.. (Bobrow, Jared) (Filed on 2/19/2008) (Entered: 02/19/2008) |
| 02/22/2008 | 9 | STIPULATION AND ORDER Granting Extension of Time to Respond to Complaint by March 12, 2008 re 8 Stipulation filed by Lexar Media, Inc. Signed by Judge James Ware on 2/22/2008. (ecg, COURT STAFF) (Filed on 2/22/2008) Modified on 2/27/2008 (sp, COURT STAFF). (Entered: 02/22/2008) |
| 03/12/2008 | 10 | *Lexar Media, Inc.'s* ANSWER to Complaint with Jury Demand *for Patent Infringement*, COUNTERCLAIM against Jens Erik Sorensen byLexar Media, Inc.. (Bobrow, Jared) (Filed on 3/12/2008) (Entered: 03/12/2008) |
| 03/12/2008 | 11 | Certification of Interested Entities or Persons pursuant to LR 3-16 (Related document(s) 10 ) (Bobrow, Jared) (Filed on 3/12/2008) Modified on 3/13/2008,(counsel used incorrect event)(cv, COURT STAFF). (Entered: 03/12/2008) |
| 03/13/2008 | 12 | MOTION to Stay *Litigation Pending Outcome of Reexamination Proceedings* filed by Lexar Media, Inc.. Motion Hearing set for 4/28/2008 09:00 AM in Courtroom 8, 4th Floor, San Jose. (Bobrow, Jared) (Filed on 3/13/2008) (Entered: 03/13/2008) |
| 03/13/2008 | 13 | Declaration in Support of 12 MOTION to Stay *Litigation Pending Outcome of Reexamination Proceedings by Joseph Lee* filed byLexar Media, Inc.. (Attachments: # 1 Exhibit Exhibit A to Lee Declaration, # 2 Exhibit Exhibit B to Lee Declaration, # 3 Exhibit Exhibit C to Lee Declaration, # 4 Exhibit Exhibit D to Lee Declaration, # 5 Exhibit Exhibit E to Lee Declaration, # 6 Exhibit Exhibit F to Lee Declaration, # 7 Exhibit Exhibit G to Lee Declaration, # 8 Exhibit Exhibit H to Lee Declaration, # 9 Exhibit Exhibit I to Lee Declaration, # 10 Exhibit Exhibit J to Lee Declaration, # 11 Exhibit Exhibit K to Lee Declaration)(Related document(s) 12 ) (Bobrow, Jared) (Filed on 3/13/2008) (Entered: 03/13/2008) |
| 03/13/2008 | 14 | *** FILED IN ERROR. PLEASE SEE DOCKET # 24 . *** Proposed Order re 12 MOTION to Stay *Litigation Pending Outcome of Reexamination Proceedings*, 13 Declaration in Support,, by Lexar Media, Inc.. (Bobrow, Jared) (Filed on 3/13/2008) Modified on 4/24/2008 (ewn, |

| | | COURT STAFF). (Entered: 03/13/2008) |
|---|---|---|
| 03/14/2008 | 15 | CLERK'S NOTICE Continuing Motion Hearing from 4/28/2008 to 5/5/2008 re 12 Motion to Stay Litigation Pending Outcome of Reexamination Proceedings. Motion Hearing set for 5/5/2008 09:00 AM in Courtroom 8, 4th Floor, San Jose before Hon. James Ware. (ecg, COURT STAFF) (Filed on 3/14/2008) (Entered: 03/14/2008) |
| 03/31/2008 | 16 | *Plaintiff's* ANSWER to Counterclaim byJens Erik Sorensen. (Kramer, Melody) (Filed on 3/31/2008) (Entered: 03/31/2008) |
| 04/03/2008 | 17 | CLERK'S NOTICE - CASES NOT RELATED (jjo, COURT STAFF) (Filed on 4/3/2008) (Entered: 04/03/2008) |
| 04/09/2008 | 18 | Memorandum in Opposition re 12 MOTION to Stay *Litigation Pending Outcome of Reexamination Proceedings* filed byJens Erik Sorensen. (Attachments: # 1 Affidavit of Melody A. Kramer, # 2 Supplement Request for Oral Arguments)(Kramer, Melody) (Filed on 4/9/2008) (Entered: 04/09/2008) |
| 04/09/2008 | 19 | Request for Judicial Notice re 18 Memorandum in Opposition, 12 MOTION to Stay *Litigation Pending Outcome of Reexamination Proceedings* filed byJens Erik Sorensen. (Related document(s) 18 , 12 ) (Kramer, Melody) (Filed on 4/9/2008) (Entered: 04/09/2008) |
| 04/11/2008 | 20 | MOTION for an order Apply 35 USC section 295 to invoke the presumption of infringement as to **ACCUSED PRODUCTS** filed by Jens Erik Sorensen. Motion Hearing set for 6/9/2008 09:00 AM in Courtroom 8, 4th Floor, San Jose. (Attachments: # 1 Memorandum of Points & Authorities, # 2 Declaration of Paul Brown, # 3 Declaration of Edward Truitt, # 4 Exhibit A to Truitt Declaration, # 5 Exhibit A to Truitt Declaration, # 6 Declaration of Melody A Kramer, # 7 Exhibit A to Kramer Declaration, # 8 Exhibit B to Kramer Declaration, # 9 Exhibit C to Kramer Declaration, # 10 Exhibit D to Kramer Declaration, # 11 Exhibit E to Kramer Declaration, # 12 Request for Oral Argument)(Kaler, James) (Filed on 4/11/2008) Modified on 9/10/2008 (cv, COURT STAFF). (Entered: 04/11/2008) |
| 04/21/2008 | 21 | Reply Memorandum re 12 MOTION to Stay *Litigation Pending Outcome of Reexamination Proceedings* filed byLexar Media, Inc.. (Bobrow, Jared) (Filed on 4/21/2008) (Entered: 04/21/2008) |
| 04/21/2008 | 22 | Declaration of Joseph H. Lee in Support of 21 Reply Memorandum *in Support of its Motion to Stay this Litigation Pending the Outcome of Reexamination Proceedings* filed byLexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Related document(s) 21 ) (Bobrow, Jared) (Filed on 4/21/2008) (Entered: 04/21/2008) |
| 04/21/2008 | 23 | Declaration of David Ashmore in Support of 21 Reply Memorandum *in Support of its Motion to Stay this Litigation Pending the Outcome of Reexamination Proceedings* filed byLexar Media, Inc.. (Related document(s) 21 ) (Bobrow, Jared) (Filed on 4/21/2008) (Entered: 04/21/2008) |
| 04/21/2008 | 24 | Proposed Order Granting re 12 MOTION to Stay *Litigation Pending* |

| | | |
|---|---|---|
| | | *Outcome of Reexamination Proceedings [Corrected]* by Lexar Media, Inc.. (Bobrow, Jared) (Filed on 4/21/2008) Modified on 4/21/2008,(counsel failed to link to motion.) (cv, COURT STAFF). (Entered: 04/21/2008) |
| 04/29/2008 | 25 | MOTION To Continue The Hearing Date For Plaintiff's Motion For 35 U.S.C. §295 Presumption Of Infringement re 20 MOTION Apply 35 USC section 295 presumption of infringement filed by Lexar Media, Inc.. (Attachments: # 1 Proposed Order)(Bobrow, Jared) (Filed on 4/29/2008) (Entered: 04/29/2008) |
| 04/29/2008 | 26 | Declaration of Joseph H. Lee in Support of 25 MOTION To Continue The Hearing Date For Plaintiff's Motion For 35 U.S.C. §295 Presumption Of Infringement re 20 MOTION Apply 35 USC section 295 presumption of infringement MOTION To Continue The Hearing Date For Plaintiff's Motion For 35 U.S.C. §295 Presumption Of Infringement re 20 MOTION Apply 35 USC section 295 presumption of infringement filed byLexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 25 ) (Bobrow, Jared) (Filed on 4/29/2008) (Entered: 04/29/2008) |
| 04/30/2008 | 27 | ORDER Denying 12 Motion to Stay. The hearing set for 5/5/2008 is VACATED. The parties shall attend the case management conference currently set for 6/2/2008 at 10:00 AM. Joint Case Management Statement due 5/23/2008. Please see Order for further specifics. Signed by Judge James Ware on 4/30/2008. (jwlc2, COURT STAFF) (Filed on 4/30/2008) Modified docket text on 5/1/2008 (ecg, COURT STAFF). (Entered: 04/30/2008) |
| 05/01/2008 | 28 | Memorandum in Opposition re 25 MOTION To Continue The Hearing Date For Plaintiff's Motion For 35 U.S.C. §295 Presumption Of Infringement re 20 MOTION Apply 35 USC section 295 presumption of infringement MOTION To Continue The Hearing Date For Plaintiff's Motion For 35 U.S.C. §295 Presumption Of Infringement re 20 MOTION Apply 35 USC section 295 presumption of infringement filed byJens Erik Sorensen. (Attachments: # 1 Affidavit Declaration of J. Michael Kaler)(Kaler, James) (Filed on 5/1/2008) (Entered: 05/01/2008) |
| 05/08/2008 | 29 | ORDER Continuing Motion Hearing and Case Management Conference to 6/30/2008 re 20 MOTION Apply 35 USC section 295 presumption of infringement filed by Jens Erik Sorensen. Motion Hearing set for 6/30/2008 09:00 AM, Joint Case Management Statement due 6/20/2008. Case Management Conference set for 6/30/2008 10:00 AM in Courtroom 8, 4th Floor, San Jose. Please see Order for further specifics. Motions terminated: 25 MOTION To Continue The Hearing Date For Plaintiff's Motion For 35 U.S.C. §295 Presumption Of Infringement, 5 MOTION to Relate 07-5525 JSW, 07-5568 JSW, 08-95 JW, 08-96 CW Cases filed by Jens Erik Sorensen. Signed by Judge James Ware on 5/8/2008. (ecg, COURT STAFF) (Filed on 5/8/2008) (Entered: 05/08/2008) |
| 05/08/2008 | 30 | Certificate of Interested Entities by Jens Erik Sorensen (Kramer, Melody) (Filed on 5/8/2008) (Entered: 05/08/2008) |
| 05/20/2008 | 31 | RE-NOTICE OF MOTION hearing re: 20 MOTION Apply 35 USC section 295 presumption of infringement filed by Jens Erik Sorensen. Motion |

|  |  | Hearing set for 6/30/2008 09:00 AM in Courtroom 8, 4th Floor, San Jose. (Attachments: # 1 Amended Points & Authorities re Motion for 35 USC 295, # 2 Affidavit Declaration of Dr. Stephen Petrie, # 3 Signature Page (Declarations/Stipulations) for Declaration of Stephen Petrie, # 4 Exhibit A to Declaration of Stephen Petrie)(Kaler, James) (Filed on 5/20/2008) Modified on 5/22/2008,(counsel used incorrect event.) (cv, COURT STAFF). (Entered: 05/20/2008) |
|---|---|---|
| 05/20/2008 |  | Set/Reset Deadlines as to 20 MOTION Apply 35 USC section 295 presumption of infringement. Motion Hearing set for 6/30/2008 09:00 AM in Courtroom 8, 4th Floor, San Jose. (cv, COURT STAFF) (Filed on 5/20/2008) (Entered: 05/22/2008) |
| 05/21/2008 | 32 | NOTICE by Jens Erik Sorensen of Unavailable of Witness prompting filing of 31 motion for application of 53 USC section 295 presumption of infringement (Attachments: # 1 Exhibit A to Notice of Unavailability of Witness)(Kaler, James) (Filed on 5/21/2008) Modified on 5/22/2008,counsel **failed to properly link to motion.**) (cv, COURT STAFF). (Entered: 05/21/2008) |
| 05/29/2008 | 33 | MOTION for leave to appear in Pro Hac Vice of Attorney Kevin Kudlac ( Filing fee $ 210, receipt number 54611003274.) filed by Lexar Media, Inc.. (cv, COURT STAFF) (Filed on 5/29/2008) (Entered: 05/29/2008) |
| 05/29/2008 |  | Proposed Order re 33 MOTION for leave to appear in Pro Hac Vice of Attorney Kevin Kudlac by Lexar Media, Inc.. (cv, COURT STAFF) (Filed on 5/29/2008) (Entered: 05/29/2008) |
| 06/09/2008 | 34 | Memorandum in Opposition *to Plaintiff's 31 Motion for Application of 35 U.S.C. 295 Presumption of Infringement* filed by Lexar Media, Inc.. (Attachments: # 1 Proposed Order)(Bobrow, Jared) (Filed on 6/9/2008) Modified on 6/11/2008,(counsel failed to properly link to motion.) (cv, COURT STAFF). (Entered: 06/09/2008) |
| 06/09/2008 | 35 | Declaration of Joseph H. Lee in Support of 34 Memorandum in Opposition *to Plaintiff's Motion for Appl of 35 U.S.C. 295 Presumption of Infringement* filed by Lexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F Part 1, # 7 Exhibit F Part 2, # 8 Exhibit G)(Related document(s) 34 ) (Bobrow, Jared) (Filed on 6/9/2008) (Entered: 06/09/2008) |
| 06/09/2008 | 36 | Declaration of David Ashmore in Support of 34 Memorandum in Opposition *to Plaintiff's Motion for Application of 35 U.S.C. 295 Presumption of Infringement* filed by Lexar Media, Inc.. (Related document(s) 34 ) (Bobrow, Jared) (Filed on 6/9/2008) (Entered: 06/09/2008) |
| 06/13/2008 | 37 | ORDER Granting 33 Motion for Pro Hac Vice of Attorney Kevin Kudlac. Signed by Judge James Ware on 6/13/2008. (ecg, COURT STAFF) (Filed on 6/13/2008) (Entered: 06/13/2008) |
| 06/16/2008 | 38 | Reply to Opposition re 20 MOTION Apply 35 USC section 295 presumption of infringement filed by Jens Erik Sorensen. (Attachments: # 1 Evidentiary Objections, # 2 Affidavit Declaration of Michael Kaler, # 3 Exhibit F to Kaler |

| | | Declaration)(Kaler, James) (Filed on 6/16/2008) (Entered: 06/16/2008) |
|---|---|---|
| 06/23/2008 | 39 | JOINT CASE MANAGEMENT STATEMENT filed by Jens Erik Sorensen. (Attachments: # 1 Appendix A to Joint CMC statement)(Kaler, James) (Filed on 6/23/2008) (Entered: 06/23/2008) |
| 06/30/2008 | 40 | Minute Entry: Motion Hearing held on 6/30/2008 before Judge James Ware (Date Filed: 6/30/2008) re 31 RE-NOTICE OF MOTION Hearing re: 20 MOTION apply 35 USC section 295 presumption of infringement, 20 MOTION Apply 35 USC section 295 presumption of infringement filed by Jens Erik Sorensen. Initial Case Management Conference held on 6/30/2008 before Judge James Ware (Date Filed: 6/30/2008). Further Case Management Conference set for 9/8/2008 10:00 AM, Motion Hearing set for 9/8/2008 09:00 AM in Courtroom 8, 4th Floor, San Jose before Hon. James Ware. (Court Reporter Irene Rodriguez.) (ecg, COURT STAFF) (Date Filed: 6/30/2008) (Entered: 07/01/2008) |
| 07/01/2008 | 41 | Transcript of Proceedings held on 06/30/08, before Judge Ware. Court Reporter/Transcriber Irene L. Rodriguez, Telephone number (408)947-8160. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 7/21/2008. Redacted Transcript Deadline set for 7/29/2008. Release of Transcript Restriction set for 9/26/2008. (Rodriguez, Irene) (Filed on 7/1/2008) (Entered: 07/01/2008) |
| 07/02/2008 | 42 | *** please see 46 amended MOTION for Protective Order and [Proposed] order by Lexar Media, Inc.. (Bobrow, Jared) (Filed on 7/2/2008) Modified on 7/18/2008,(counsel used incorrect event.) (cv, COURT STAFF). (Entered: 07/02/2008) |
| 07/10/2008 | 43 | NOTICE by Jens Erik Sorensen *OF NEWLY DISCOVERED PRODUCTS ACCUSED OF PATENT INFRINGEMENT IN THIS ACTION* (Kaler, James) (Filed on 7/10/2008) (Entered: 07/10/2008) |
| 07/17/2008 | 44 | MOTION to Relate C08-3094 MHP Case filed by Jens Erik Sorensen. Motion Hearing set for 9/8/2008 09:00 AM in Courtroom 8, 4th Floor, San Jose. (Attachments: # 1 Affidavit Declaration of Michael Kaler, # 2 Proposed Order)(Kaler, James) (Filed on 7/17/2008) Modified on 7/17/2008 (cv, COURT STAFF). (Entered: 07/17/2008) |
| 07/18/2008 | 45 | Letter from J. Michael Kaler and Jared Bobrow *re: Amended Protective Order, see docket 42* . (Bobrow, Jared) (Filed on 7/18/2008) (Entered: 07/18/2008) |
| 07/18/2008 | 46 | Proposed Protective Order by Lexar Media, Inc. Amendment to 42 MOTION for Protective Order.related document 45 (Bobrow, Jared) (Filed on 7/18/2008) Modified on 7/18/2008 (cv, COURT STAFF). Modified text to match title of counsel's document on 7/21/2008 (srm, COURT STAFF). (Entered: 07/18/2008) |

| 07/22/2008 | 47 | PROTECTIVE ORDER re 46 . Signed by Judge Richard Seeborg on 7/22/08. (rssec, COURT STAFF) (Filed on 7/22/2008) (Entered: 07/22/2008) |
| 07/22/2008 | 48 | Memorandum in Opposition re 44 MOTION to Relate C08-3094 MHP Case filed byLexar Media, Inc.. (Attachments: # 1 Proposed Order)(Bobrow, Jared) (Filed on 7/22/2008) (Entered: 07/22/2008) |
| 07/22/2008 | 49 | Declaration of Joseph H. Lee in Support of 48 Memorandum in Opposition *to Plaintiff's Motion to Consider Whether Cases Should be Related* filed byLexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Related document(s) 48 ) (Bobrow, Jared) (Filed on 7/22/2008) (Entered: 07/22/2008) |
| 07/22/2008 | 50 | Memorandum in Opposition re 44 MOTION to Relate C08-3094 MHP Case filed byPhillips Plastics Corporation. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Dodd, Kimberly) (Filed on 7/22/2008) (Entered: 07/22/2008) |
| 07/25/2008 | 51 | ORDER by Judge James Ware denying 44 Motion to Relate Case (jwlc2, COURT STAFF) (Filed on 7/25/2008) (Entered: 07/25/2008) |
| 07/28/2008 | 52 | RELATED CASE ORDER. The court has reviewed the motion and determined that NO cases are related and NO reassignments shall occur. Signed by Judge James Ware on 7/25/08. (ecg, COURT STAFF) (Filed on 7/28/2008) (Entered: 07/28/2008) |
| 07/31/2008 | 53 | Transcript of Proceedings held on 06/30/08, before Judge Ware. Court Reporter/Transcriber Irene Rodriguez, Telephone number (408)947-8160. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 8/18/2008. Redacted Transcript Deadline set for 8/28/2008. Release of Transcript Restriction set for 10/27/2008. (Rodriguez, Irene) (Filed on 7/31/2008) (Entered: 07/31/2008) |
| 08/02/2008 | 69 | EXHIBITS A through F (UNDER SEAL) (cv, COURT STAFF) (Filed on 8/2/2008) (Entered: 09/11/2008) |
| 08/28/2008 | | Received Exhibit A through F (SUBMITTED) under seal (cv, COURT STAFF) (Filed on 8/28/2008) (Entered: 08/29/2008) |
| 08/29/2008 | 54 | SUPPLEMENTAL STATEMENT in Opposition re 20 MOTION Apply 35 USC section 295 presumption of infringement filed by Lexar Media, Inc.. (Bobrow, Jared) (Filed on 8/29/2008) Modified on 9/2/2008 (cv, COURT STAFF). (Entered: 08/29/2008) |
| 08/29/2008 | 55 | Declaration of Joseph H. Lee in Support of 54 Supplemental Statement in Opposition to Plaintiff's 20 Motion for Application of 35 U.S.C. section 295 Presumption of Infringement filed by Lexar Media, Inc.. (Attachments: # 1 Exhibit A NOTIFICATION OF MANUAL FILING seal item, # 2 Exhibit B |

| | | |
|---|---|---|
| | | NOTIFICATION OF MANUAL FILING seal item, # 3 Exhibit C<br>NOTIFICATION OF MANUAL FILING seal item, # 4 Exhibit D<br>NOTIFICATION OF MANUAL FILING seal item, # 5 Exhibit E<br>NOTIFICATION OF MANUAL FILING seal item, # 6 Exhibit F<br>NOTIFICATION OF MANUAL FILING seal item, # 7 Exhibit G)(Related<br>document(s) 54 ) (Bobrow, Jared) (Filed on 8/29/2008) Modified on<br>9/2/2008,(counsel failed to properly **link to motion** (cv, COURT STAFF).<br>Modified on 9/12/2008 (cv, COURT STAFF). (Entered: 08/29/2008) |
| 08/29/2008 | 56 | Declaration of Service of Exhibits A through F of the Lee Declaration Filed<br>Under Seal (Bobrow, Jared) (Filed on 8/29/2008) Modified on 9/12/2008 (cv,<br>COURT STAFF). (Entered: 08/29/2008) |
| 08/29/2008 | 57 | MOTION to File Under Seal Exhibits A through F filed by Lexar Media, Inc..<br>Motion Hearing set for 9/8/2008 09:00 AM in Courtroom 8, 4th Floor, San<br>Jose. (Attachments: # 1 Proposed Order)(Bobrow, Jared) (Filed on 8/29/2008)<br>Modified on 9/2/2008 (cv, COURT STAFF). Modified on 9/2/2008 (cv,<br>COURT STAFF). (Entered: 08/29/2008) |
| 08/29/2008 | 58 | REDACTED DOCUMENT of Supplemental brief in support of 20 MOTION<br>Apply 35 USC section 295 presumption of infringement *per Court order* filed<br>by Jens Erik Sorensen. Motion Hearing set for 9/8/2008 09:00 AM in<br>Courtroom 8, 4th Floor, San Jose. (Attachments: # 1 REDACTED<br>DOCUMENT of Declaration of Stephen Petrie, # 2 Exhibit 11 thereto, # 3<br>REDACTED DOCUMENT of Declaration of Melody Kramer, # 4 Exhibit A,<br># 5 Exhibit B, # 6 Exhibit I, # 7 Exhibit R)(Kaler, James) (Filed on<br>8/29/2008) Modified on 9/2/2008,(counsel used incorrect event.) (cv,<br>COURT STAFF). Modified on 9/12/2008 (cv, COURT STAFF). Modified on<br>10/3/2008, not a motion. (cv, COURT STAFF). (Entered: 08/29/2008) |
| 08/29/2008 | 59 | Declaration of Joseph H. Lee in Support of 57 MOTION to Seal<br>*Miscellaneous Administrative Request to File Documents Under Seal* filed<br>byLexar Media, Inc.. (Related document(s) 57 ) (Bobrow, Jared) (Filed on<br>8/29/2008) (Entered: 08/29/2008) |
| 08/29/2008 | 60 | MOTION for sealing all exhibits re: 20 motion filed by Jens Erik Sorensen.<br>Motion Hearing set for 9/8/2008 09:00 AM in Courtroom 8, 4th Floor, San<br>Jose. (Attachments: # 1 Stipulation)(Kaler, James) (Filed on 8/29/2008)<br>Modified on 9/2/2008,(counsel failed to properly **link to motion** (cv, COURT<br>STAFF). (Entered: 08/29/2008) |
| 08/29/2008 | 61 | STIPULATION re 57 MOTION for leave to file under seal by Jens Erik<br>Sorensen, Lexar Media, Inc.. (Bobrow, Jared) (Filed on 8/29/2008) Modified<br>on 9/2/2008 (cv, COURT STAFF). (Entered: 08/29/2008) |
| 09/03/2008 | 62 | ORDER Continuing Hearing on Motion; Setting Case Management<br>Conference re 20 MOTION Apply 35 USC section 295 presumption of<br>infringement from 9/8/2008 to 9/12/2008. Deadline for plaintiff to file<br>supplemental briefing, **specifically** addressing the issues raised by<br>**defendants supplemental statement.** due 9/5/2008, Defendant to file rely by<br>9/8/2008. Motion Hearing set for 9/12/2008 10:00 AM, Case Management<br>Conference set for 9/12/2008 10:30 AM in Courtroom 8, 4th Floor, San Jose. |

| | | |
|---|---|---|
| | | Please see Order for further specfics. Signed by Judge James Ware on 9/3/2008. (ecg, COURT STAFF) (Filed on 9/3/2008) Modified on 9/10/2008 (cv, COURT STAFF). (Entered: 09/03/2008) |
| 09/08/2008 | 63 | Declaration of Joseph H. Lee in Support of 57 MOTION to Seal Document all Exhibits re: 20 MOTION for 35 USC sec 295 presumption of infringement filed by Lexar Media, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 60 ) (Bobrow, Jared) (Filed on 9/8/2008) Modified on 9/10/2008 (cv, COURT STAFF). (Entered: 09/08/2008) |
| 09/08/2008 | 64 | RESPONSE to re 58 REDACTED DOCUMENT Supplemental Briefing - re 20 MOTION Apply 35 USC section 295 presumption of infringement as to the Accused Products filed by Lexar Media, Inc.. (Bobrow, Jared) (Filed on 9/8/2008) Modified text on 9/10/2008 (cv, COURT STAFF). Modified text on 9/10/2008 (cv, COURT STAFF). (Entered: 09/08/2008) |
| 09/08/2008 | 65 | Declaration of Joseph H. Lee in Support of 64 Reply Memorandum, *to Plaintiff's Supplemental Brief in Support of Plaintiff's Motion for Application of 35 U.S.C. section 295 Presumption of Infringement 58* filed by Lexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Related document(s) 64 ) (Bobrow, Jared) (Filed on 9/8/2008) (Entered: 09/08/2008) |
| 09/09/2008 | 66 | NOTICE by Jens Erik Sorensen *of Reliance on Verbal Instructions from Court Clerk re 62 Order and **REQUESTING** that the Court **CORRECT** the 62 Order to confirm that plaintiff DID TIMELY file 58 Supplemental Brief on 8/29/08, and **REQUEST** to either disregard defendants extra briefing filed on 9/8/08 docket 64 65 OR grant **LEAVE** for plaintiff to file a brief responding to defendants supplemental brief filed on 8/29/08 docket 54* (Attachments: # 1 Supplement Declaration of Melody A. Kramer)(Kramer, Melody) (Filed on 9/9/2008) Modified text on 9/10/2008 (cv, COURT STAFF). (Entered: 09/09/2008) |
| 09/10/2008 | 67 | ORDER Granting 60 Motion to Seal Document. Signed by Judge James Ware on 9/10/2008. (ecg, COURT STAFF) (Filed on 9/10/2008) (Entered: 09/10/2008) |
| 09/11/2008 | 68 | AMENDED JOINT CASE MANAGEMENT CONFERENCE by Jens Erik Sorensen. Amendment to 39 Joint Case Management Statement. (Kramer, Melody) (Filed on 9/11/2008) Modified on 9/11/2008 (cv, COURT STAFF). (Entered: 09/11/2008) |
| 09/12/2008 | 70 | ORDER Granting 57 Motion to Seal, 61 Stipulation to File Under Seal re 57 Motion to Seal. Signed by Judge James Ware on 9/2/2008. (ecg, COURT STAFF) (Filed on 9/12/2008) Modified docket text on 9/12/2008 (ecg, COURT STAFF). (Entered: 09/12/2008) |
| 09/12/2008 | 71 | Minute Entry: Initial Case Management Conference held on 9/12/2008 before Judge James Ware (Date Filed: 9/12/2008), Motion Hearing held on 9/12/2008 before Judge James Ware (Date Filed: 9/12/2008) re 31 RE-NOTICE OF MOTION Hearing re: 20 MOTION apply 35 USC section 295 presumption of infringement, 20 MOTION for an order to invoke the |

| | | presumption of infringement as to **ACCUSED PRODUCTS** filed by Jens Erik Sorensen. The Court to issue further motion. (Court Reporter Irene Rodriguez.) (ecg, COURT STAFF) (Date Filed: 9/12/2008) (Entered: 09/12/2008) |
|---|---|---|
| 09/15/2008 | 72 | NOTICE of Appearance by Joseph Hyuk Lee *Notice of Appearance of Joseph H. Lee* (Lee, Joseph) (Filed on 9/15/2008) (Entered: 09/15/2008) |
| 09/15/2008 | 73 | NOTICE of Appearance by Kevin S. Kudlac (Kudlac, Kevin) (Filed on 9/15/2008) (Entered: 09/15/2008) |
| 09/18/2008 | 74 | Transcript of Proceedings held on 9/12/08, before Judge Ware. Court Reporter/Transcriber Irene L. Rodriguez, Telephone number (408)947-8160. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 10/6/2008. Redacted Transcript Deadline set for 10/16/2008. Release of Transcript Restriction set for 12/15/2008. (Rodriguez, Irene) (Filed on 9/18/2008) (Entered: 09/18/2008) |
| 09/18/2008 | 75 | NOTICE of need for ADR Phone Conference (ADR L.R. 3-5 d) (Kaler, James) (Filed on 9/18/2008) (Entered: 09/18/2008) |
| 09/29/2008 | 76 | ADR Clerks Notice Setting ADR Phone Conference on 10/8/08 at 10:30 a.m. Please take note that plaintiff's counsel initiates the call to all parties. (tjs, COURT STAFF) (Filed on 9/29/2008) (Entered: 09/29/2008) |
| 10/08/2008 | | ADR Remark: ADR Phone Conference held by HAH on 10/8/08. (tjs, COURT STAFF) (Filed on 10/8/2008) (Entered: 10/08/2008) |
| 10/13/2008 | 77 | EXHIBIT A and B to Plaintiff's 31 Motion for Application of 35 U.S.C. 295 Presumption of Infringement (Docket 31) - Response to Subpoena to Manufacturer Fourte (Kramer, Melody) (Filed on 10/13/2008) Modified on 10/17/2008,(counsel used incorrect event.) (cv, COURT STAFF). (Entered: 10/13/2008) |
| 10/22/2008 | 78 | STIPULATION and [Proposed] Order *ASSIGNING A MAGISTRATE JUDGE TO CONDUCT A JUDICIALLY MEDIATED SETTLEMENT CONFERENCE* by Jens Erik Sorensen. (Attachments: # 1 Proposed Order on stipulation) (Kaler, James) (Filed on 10/22/2008) Modified on 10/24/2008 (cv, COURT STAFF). (Entered: 10/22/2008) |
| 10/22/2008 | 79 | MOTION for leave to appear in Pro Hac Vice of Attorney Christian J. Hurt ( Filing fee $ 210, receipt number 54611004085.) filed by Lexar Media, Inc.. (cv, COURT STAFF) (Filed on 10/22/2008) (Entered: 10/22/2008) |
| 10/22/2008 | 80 | Proposed Order re 79 MOTION for leave to appear in Pro Hac Vice Christian J. Hurt by Lexar Media, Inc.. (cv, COURT STAFF) (Filed on 10/22/2008) (Entered: 10/22/2008) |
| 10/24/2008 | 81 | ORDER Granting 79 Motion for Pro Hac Vice of Attorney Christian J. Hurt. |

| | | |
|---|---|---|
| | | Signed by Judge James Ware on 10/24/2008. (ecg, COURT STAFF) (Filed on 10/24/2008) (Entered: 10/24/2008) |
| 10/30/2008 | 82 | MOTION to Compel *Further Responses to Requests for Production, Set One* filed by Jens Erik Sorensen. Motion Hearing set for 12/17/2008 02:30 PM in Courtroom #4, 5th Floor, San Jose. (Attachments: # 1 Memorandum of Points & Authorities, # 2 Affidavit of Melody A. Kramer, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Proposed Order)(Kramer, Melody) (Filed on 10/30/2008) (Entered: 10/30/2008) |
| 11/06/2008 | 83 | ORDER REFERRING CASE to Magistrate Judge Richard Seeborg for Settlement re 78 STIPULATION FOR AN ORDER ASSIGNING A MAGISTRATE JUDGE TO CONDUCT A JUDICIALLY MEDIATED SETTLEMENT CONFERENCE. On or before November 10, 2008, the parties shall contact Judge Seeborg's Chambers to schedule their conference.. Signed by Judge James Ware on 11/3/2008. (ecg, COURT STAFF) (Filed on 11/6/2008) (Entered: 11/06/2008) |
| 11/12/2008 | 84 | MOTION for Leave to File *Motion for Reconsideration of Lexar's Motion to Stay* filed by Lexar Media, Inc.. (Attachments: # 1 Proposed Order, # 2 Proof of Service)(Bobrow, Jared) (Filed on 11/12/2008) (Entered: 11/12/2008) |
| 11/12/2008 | 85 | Declaration of Christian J. Hurt in Support of 84 MOTION for Leave to File *Motion for Reconsideration of Lexar's Motion to Stay* filed byLexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Related document(s) 84 ) (Bobrow, Jared) (Filed on 11/12/2008) (Entered: 11/12/2008) |
| 11/12/2008 | 86 | MOTION to Compel *Deposition of Defendant's 30(b)(6) Witness* filed by Jens Erik Sorensen. Motion Hearing set for 12/17/2008 02:30 PM in Courtroom #4, 5th Floor, San Jose. (Attachments: # 1 Supplement Memorandum of Points and Authorities, # 2 Supplement Declaration of Melody A. Kramer, # 3 Exhibit A through C to Declaration of Melody A. Kramer, # 4 Proposed Order)(Kramer, Melody) (Filed on 11/12/2008) (Entered: 11/12/2008) |
| 11/12/2008 | 87 | NOTICE regarding status of reexamination proceedings for U.S. Patent no. 4,935,184 by Jens Erik Sorensen (Kramer, Melody) (Filed on 11/12/2008) Modified on 11/18/2008 (cv, COURT STAFF). (Entered: 11/12/2008) |
| 11/12/2008 | 88 | MOTION to Compel *Production of Documents* filed by Lexar Media, Inc.. Motion Hearing set for 12/17/2008 09:30 AM. (Attachments: # 1 Proposed Order)(Bobrow, Jared) (Filed on 11/12/2008) (Entered: 11/12/2008) |
| 11/12/2008 | 89 | Declaration of Daniel J. Booth in Support of 88 MOTION to Compel *Production of Documents* filed byLexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Related document(s) 88 ) (Bobrow, Jared) (Filed on 11/12/2008) (Entered: 11/12/2008) |
| 11/17/2008 | 90 | STIPULATION *Joint Stipulation Regarding Extension of Time to Serve Invalidity Contentions* by Lexar Media, Inc.. (Kudlac, Kevin) (Filed on 11/17/2008) (Entered: 11/17/2008) |

| 11/17/2008 | 91 | CLERKS NOTICE Continuing Motion Hearing. Motion Hearing re 88 set for 12/17/2008 02:30 PM in Courtroom #4, 5th Floor, San Jose. (rssec, COURT STAFF) (Filed on 11/17/2008) (Entered: 11/17/2008) |
| 11/18/2008 | 92 | MOTION for leave to appear in Pro Hac Vice of Attorney Daniel J. Booth ( Filing fee $ 210, receipt number 54611004225.) filed by Lexar Media, Inc.. (cv, COURT STAFF) (Filed on 11/18/2008) (Entered: 11/18/2008) |
| 11/18/2008 | 93 | Proposed Order re 92 MOTION for leave to appear in Pro Hac Vice of Attorney Daniel J. Booth by Lexar Media, Inc.. (cv, COURT STAFF) (Filed on 11/18/2008) (Entered: 11/18/2008) |
| 11/24/2008 | 94 | STIPULATION AND ORDER GRANTING Extension of Time to Serve Invalidity Contentions re 90 Stipulation filed by Lexar Media, Inc. Deadline to serve set for 11/24/2008. Signed by Judge James Ware on 11/24/2008. (ecg, COURT STAFF) (Filed on 11/24/2008) (Entered: 11/24/2008) |
| 11/24/2008 | 95 | ORDER Denying Without Prejudice to submit a RENEWED application 92 Motion for Pro Hac Vice for Attorney Daniel J. Booth. Signed by Judge James Ware on 11/24/2008. (ecg, COURT STAFF) (Filed on 11/24/2008) Modified on 11/24/2008 (cv, COURT STAFF). (Entered: 11/24/2008) |
| 11/25/2008 | 96 | ORDER by Judge James Ware granting 84 Motion for Leave to File (jwlc3, COURT STAFF) (Filed on 11/25/2008) (Entered: 11/25/2008) |
| 11/25/2008 | 97 | Memorandum in Opposition re 88 MOTION to Compel *Production of Documents* filed byJens Erik Sorensen. (Kramer, Melody) (Filed on 11/25/2008) (Entered: 11/25/2008) |
| 11/25/2008 | 98 | Declaration of Melody A. Kramer in Support of 97 Memorandum in Opposition *to Defendant's Motion to Compel Production of Documents* filed byJens Erik Sorensen. (Related document(s) 97 ) (Kramer, Melody) (Filed on 11/25/2008) (Entered: 11/25/2008) |
| 11/26/2008 | 99 | Memorandum in Opposition re 86 MOTION to Compel *Deposition of Defendant's 30(b)(6) Witness* filed by Lexar Media, Inc.. (Attachments: # 1 Proposed Order)(Kudlac, Kevin) (Filed on 11/26/2008) Modified on 12/1/2008 (cv, COURT STAFF). (Entered: 11/26/2008) |
| 11/26/2008 | 100 | Declaration of Daniel Booth in support of 99 opposition filed by Lexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Kudlac, Kevin) (Filed on 11/26/2008) Modified on 12/1/2008,(counsel failed to properly link to which document relates to.) (cv, COURT STAFF). (Entered: 11/26/2008) |
| 11/26/2008 | 101 | Memorandum in Opposition re 82 MOTION to Compel *Further Responses to Requests for Production, Set One* filed byLexar Media, Inc.. (Attachments: # 1 Proposed Order)(Kudlac, Kevin) (Filed on 11/26/2008) (Entered: 11/26/2008) |
| 11/26/2008 | 102 | Declaration of Joseph H. Lee in support of 101 opposition filed by Lexar Media, Inc.. (Kudlac, Kevin) (Filed on 11/26/2008) Modified on 12/1/2008, (counsel failed to properly link to which document it relates to.) (cv, COURT STAFF). (Entered: 11/26/2008) |

| 12/01/2008 | 103 | Letter from Patricia Villarreal assistant dated 11/25/08 re: Application of Attorney. (cv, COURT STAFF) (Filed on 12/1/2008) (Entered: 12/01/2008) |
| 12/01/2008 | 104 | AMENDED MOTION for leave to appear in Pro Hac Vice of Attorney Daniel J. Booth filed by Lexar Media, Inc.. (cv, COURT STAFF) (Filed on 12/1/2008) (Entered: 12/01/2008) |
| 12/01/2008 | 105 | Proposed Order re 104 MOTION for leave to appear in Pro Hac Vice of Attorney Daniel J. Booth by Lexar Media, Inc.. (cv, COURT STAFF) (Filed on 12/1/2008) (Entered: 12/01/2008) |
| 12/03/2008 | 106 | ORDER Granting 104 AMENDED Motion for Pro Hac Vice of Attorney Daniel J. Booth. Signed by Judge James Ware on 12/3/2008. (ecg, COURT STAFF) (Filed on 12/3/2008) (Entered: 12/03/2008) |
| 12/03/2008 | 107 | Reply to Opposition re 82 MOTION to Compel *Further Responses to Requests for Production, Set One* filed by Jens Erik Sorensen. (Kramer, Melody) (Filed on 12/3/2008) (Entered: 12/03/2008) |
| 12/03/2008 | 108 | Reply to Opposition re 86 MOTION to Compel *Deposition of Defendant's 30 (b)(6) Witness* MOTION to Compel *Deposition of Defendant's 30(b)(6) Witness* filed by Jens Erik Sorensen. (Kramer, Melody) (Filed on 12/3/2008) (Entered: 12/03/2008) |
| 12/03/2008 | 109 | Reply to Opposition *97 to Lexar's Motion to Compel Production of Documents* filed by Lexar Media, Inc.. (Kudlac, Kevin) (Filed on 12/3/2008) (Entered: 12/03/2008) |
| 12/03/2008 | 110 | Declaration of Daniel Booth in Support of 109 Reply to Opposition *to Lexar's Motion to Compel Production of Docucments* filed by Lexar Media, Inc.. (Attachments: # 1 Exhibit A)(Related document(s) 109 ) (Kudlac, Kevin) (Filed on 12/3/2008) (Entered: 12/03/2008) |
| 12/05/2008 | 111 | CLERKS NOTICE. Motions to Compel re 82 , 86 and 88 will be heard at 9:30 a.m on 12/17/2008 in Courtroom #4, 5th Floor, San Jose. (rssec, COURT STAFF) (Filed on 12/5/2008) (Entered: 12/05/2008) |
| 12/08/2008 | 112 | SETTLEMENT CONFERENCE ORDER. Settlement Conference set for 2/9/2009 09:30 AM. Signed by Judge Richard Seeborg on 12/8/08. (rssec, COURT STAFF) (Filed on 12/8/2008) (Entered: 12/08/2008) |
| 12/15/2008 | 113 | MOTION for leave to file motion for Reconsideration *of Lexar's Motion to Stay pending the outcome of the PTO's reexamination of the '184 Patent.* filed by Lexar Media, Inc.. Motion Hearing set for 3/2/2009 09:00 AM in Courtroom 8, 4th Floor, San Jose. (Attachments: # 1 Proposed Order) (Bobrow, Jared) (Filed on 12/15/2008) Modified on 12/19/2008,(counsel used incorrect event,) (cv, COURT STAFF). Modified on 12/19/2008 (cv, COURT STAFF). (Entered: 12/15/2008) |
| 12/15/2008 | 114 | Declaration of Christian J. Hurt in Support of 113 MOTION for Reconsideration *for Lexar's Motion to Stay* filed by Lexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # |

| | | |
|---|---|---|
| | | 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S) (Related document(s) 113 ) (Bobrow, Jared) (Filed on 12/15/2008) (Entered: 12/15/2008) |
| 12/17/2008 | 115 | ORDER DENYING PLAINTIFFS MOTION TO PRESUME INFRINGEMENT PURSUANT TO 35 U.S.C. § 295 WITHOUT PREJUDICE by Judge James Ware denying 20 Motion (jwlc1, COURT STAFF) (Filed on 12/17/2008) (Entered: 12/17/2008) |
| 12/17/2008 | 116 | Minute Entry: Motion Hearing held on 12/17/2008 before Judge Richard Seeborg (Date Filed: 12/17/2008) re 82 MOTION to Compel *Further Responses to Requests for Production, Set One* filed by Jens Erik Sorensen, 88 MOTION to Compel *Production of Documents* filed by Lexar Media, Inc., 86 MOTION to Compel *Deposition of Defendant's 30(b)(6) Witness* MOTION to Compel *Deposition of Defendant's 30(b)(6) Witness* filed by Jens Erik Sorensen. (Tape #FTR.) (mpb, COURT STAFF) (Date Filed: 12/17/2008) (Entered: 12/18/2008) |
| 12/22/2008 | 117 | ORDER by Judge Richard Seeborg denying 82 Motion to Compel; granting 86 Motion to Compel; granting in part and denying in part 88 Motion to Compel (rssec, COURT STAFF) (Filed on 12/22/2008) (Entered: 12/22/2008) |
| 01/06/2009 | 118 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court re 117 Order on Motion to Compel,, (Attachments: # 1 Memorandum of law, # 2 Affidavit Declaration of J. Michael Kaler, # 3 Exhibit A to Kaler Declaration, # 4 Exhibit B to Kaler Declaration, # 5 Exhibit C to Kaler Declaration)(Kaler, James) (Filed on 1/6/2009) (Entered: 01/06/2009) |
| 01/16/2009 | 119 | ORDER re 118 Appeal of Magistrate Judge Decision to District Court,. Signed by Judge James Ware on January 16, 2009. (jwlc3, COURT STAFF) (Filed on 1/16/2009) (Entered: 01/16/2009) |
| 01/19/2009 | 120 | Transcript of Proceedings held on 12/17/08, before Judge Richard Seeborg. Court Reporter/Transcriber Kelly Bryce, e-mail Courtreporter232@aol.com Telephone number (510)828-9404. Tape Number: 9:40-9:54 11:09-11:21. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 4/16/2009. (Bryce, Kelly) (Filed on 1/19/2009) (Entered: 01/19/2009) |
| 02/08/2009 | 121 | Memorandum in Opposition re 113 MOTION for Leave to File motion for reconsideration of Lexar's motion to stay filed byJens Erik Sorensen. (Attachments: # 1 Affidavit Declaration of Melody Kramer, # 2 Exhibit A to Kramer Declaration, # 3 Exhibit B to Kramer Declaration, # 4 Exhibit C to Kramer Declaration, # 5 Exhibit D to Kramer Declaration)(Kaler, James) (Filed on 2/8/2009) (Entered: 02/08/2009) |
| 02/09/2009 | 122 | Minute Entry: Settlement Conference (Date Filed: 2/9/2009). (Court Reporter not reported.) (mpb, COURT STAFF) (Date Filed: 2/9/2009) (Entered: |

| | | 02/09/2009) |
|---|---|---|
| 02/13/2009 | 123 | Reply to Opposition re 113 MOTION for Leave to File motion for reconsideration of Lexar's motion to stay *(Opposition Docket 121 )* filed byLexar Media, Inc.. (Bobrow, Jared) (Filed on 2/13/2009) (Entered: 02/13/2009) |
| 02/13/2009 | 124 | Declaration of Daniel Booth in Support of 123 Reply to Opposition *to Defendant Lexar Media's Motion for Reconsideration of Stay* filed byLexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 123 ) (Bobrow, Jared) (Filed on 2/13/2009) (Entered: 02/13/2009) |
| 02/18/2009 | 125 | NOTICE by Jens Erik Sorensen *RE: LACK OF CASE MANAGEMENT ORDER PURSUANT TO L.R. 16(b) IS INTERFERING WITH ORDERLY PROSECUTION OF THE CASE* (Kaler, James) (Filed on 2/18/2009) (Entered: 02/18/2009) |
| 02/25/2009 | 126 | ORDER by Judge James Ware granting 113 Motion for Leave to File (jwlc3, COURT STAFF) (Filed on 2/25/2009) (Entered: 02/25/2009) |
| 03/25/2009 | 127 | NOTICE by Jens Erik Sorensen *of PTO's Agreement with Patentee Regarding Claims of U.S. Patent No. 4,935,184* (Attachments: # 1 Exhibit A)(Kramer, Melody) (Filed on 3/25/2009) (Entered: 03/25/2009) |
| 04/07/2009 | 128 | MOTION to Lift Stay filed by Jens Erik Sorensen. Motion Hearing set for 5/18/2009 09:00 AM in Courtroom 8, 4th Floor, San Jose. (Kaler, James) (Filed on 4/7/2009) (Entered: 04/07/2009) |
| 04/16/2009 | 129 | CLERKS NOTICE Continuing 124 Motion Hearing. Motion Hearing set for 6/1/2009 09:00 AM in Courtroom 8, 4th Floor, San Jose. (ecg, COURT STAFF) (Filed on 4/16/2009) (Entered: 04/16/2009) |
| 05/11/2009 | 130 | Memorandum in Opposition re 128 MOTION to Lift Stay filed byLexar Media, Inc.. (Bobrow, Jared) (Filed on 5/11/2009) (Entered: 05/11/2009) |
| 05/11/2009 | 131 | Declaration of Christian J. Hurt in Support of 130 Memorandum in Opposition *to Sorensen's Motion to Lift Stay* filed byLexar Media, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Related document(s) 130 ) (Bobrow, Jared) (Filed on 5/11/2009) (Entered: 05/11/2009) |
| 05/18/2009 | 132 | Reply in support of 128 MOTION to Lift Stay filed by Jens Erik Sorensen. (Kaler, James) (Filed on 5/18/2009) Modified on 5/19/2009,(counsel used incorrect event.) (cv, COURT STAFF). (Entered: 05/18/2009) |
| 05/27/2009 | 133 | ORDER by Judge James Ware denying 128 Motion (jwlc1, COURT STAFF) (Filed on 5/27/2009) (Entered: 05/27/2009) |
| 10/28/2009 | 134 | NOTICE by Jens Erik Sorensen *Notice Re Issuance Of Second Non-Final Office Action In The 184 Patent Reexamination* (Kramer, Melody) (Filed on 10/28/2009) (Entered: 10/28/2009) |
| | | |

| 01/13/2010 | 135 | MOTION to Reopen Case and Terminate Stay to Prevent Imminent Violation of Plaintiff's Constitutional Rights filed by Jens Erik Sorensen. Motion Hearing set for 3/8/2010 09:00 AM in Courtroom 8, 4th Floor, San Jose. (Attachments: # 1 Memorandum of Poins & Authorities, # 2 Declaration of Melody A. Kramer, # 3 Request for Oral Arguments, # 4 Proposed Order) (Kramer, Melody) (Filed on 1/13/2010) Modified on 1/14/2010,(counsel selected incorrect event.) (cv, COURT STAFF). (Entered: 01/13/2010) |
| 01/19/2010 | 136 | CLERKS NOTICE Continuing Motion Hearing from 3/8/2010 to 4/5/2010 re 135 Motion to Reopen Case. Motion Hearing set for 4/5/2010 09:00 AM in Courtroom 8, 4th Floor, San Jose. (ecg, COURT STAFF) (Filed on 1/19/2010) (Entered: 01/19/2010) |
| 01/22/2010 | 137 | REVISED PROOF OF SERVICE before The **JPML In re: U.S. Patent 4,935,184** by Jens Erik Sorensen (cv, COURT STAFF) (Filed on 1/22/2010) (Entered: 01/22/2010) |
| 02/08/2010 | 138 | NOTICE by Jens Erik Sorensen *Joint Status Report re Issuance of Final Office Action in Reexamination Proceedings for US Patent #4,935,184* (Kramer, Melody) (Filed on 2/8/2010) (Entered: 02/08/2010) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/12/2010 15:53:32 | | |
| **PACER Login:** wg0135 | **Client Code:** | 59204.0004-6689 |
| **Description:** | Docket Report | **Search Criteria:** 5:08-cv-00095-JW |
| **Billable Pages:** 13 | **Cost:** | 1.04 |

# EXHIBIT 10

1    J. MICHAEL KALER, SBN 158296
2    KALER LAW OFFICES
     9930 Mesa Rim Road, Suite 200
3    San Diego, California 92121
4    Telephone (858) 362-3151
     michael@kalerlaw.com
5
6    MELODY A. KRAMER, SBN 169984
     KRAMER LAW OFFICE, INC.
7    9930 Mesa Rim Road, Suite 1600
8    San Diego, California 92121
     Telephone (858) 362-3150
9    mak@kramerlawip.com
10
     Attorneys for Plaintiff JENS ERIK SORENSEN,
11   as Trustee of SORENSEN RESEARCH AND
     DEVELOPMENT TRUST
12
13                UNITED STATES DISTRICT COURT
14           FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                      SAN JOSE DIVISION
16
17   JENS ERIK SORENSEN, as Trustee of    ) Case No. C08-00095 JW
     SORENSEN RESEARCH AND                )
18   DEVELOPMENT TRUST,                   ) **PLAINTIFF'S NOTICE OF MOTION**
                                          ) **AND MOTION TO LIFT STAY;**
19                         Plaintiff      ) **MEMORANDUM OF POINTS &**
20       v.                               ) **AUTHORITIES; DECLARATION**
                                          ) **OF J. MICHAEL KALER**
21   LEXAR MEDIA, INC., a Delaware        )
22   corporation; and DOES 1 – 100,       ) Date:  May 18, 2009
                                          ) Time:  9:00 A.M.
23                         Defendants.    ) Courtroom 8, 4th Floor
24                                        ) Judge:  The Hon. James Ware
                                          )
25   and related counterclaims.           ) *Oral Argument is Respectfully Requested*
26                                        ) *at Hearing on This Matter.*
                                          )
27                                        )
28

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE that on May 18, 2009, at 9:00 A.M. or as soon

3    thereafter as this matter may be heard before the Honorable James Ware, Judge of

4    the United States District Court; Plaintiff Jens Erik Sorensen, as trustee of Sorensen

5    Research and Development Trust, will move and hereby does move this Court for an

6    order lifting the stay in the above-captioned matter.

7        This motion is made on the ground that:   The United States Patent and

8    Trademark Office ("PTO") has published an Ex Parte Reexamination Interview

9    Summary noting that PTO Examiner reached agreement with the Patentee/Plaintiff

10   to withdraw the all of the PTO's claim rejections regarding U.S. Patent No.

11   4,935,184 ("the '184 patent") in the two reexamination proceedings upon which the

12   stay is based.

13       This motion is based on this notice of motion, the supporting Memorandum of

14   Points and Authorities; and the declaration of J. Michael Kaler filed herewith; as

15   well as the pleadings and other files and records in each of these actions, and upon

16   such other written or oral argument as may be presented to the court.

17

18   RESPECTFULLY SUBMITTED this Tuesday, April 07, 2009,

19

20                           JENS ERIK SORENSEN, as Trustee of
                             SORENSEN RESEARCH AND DEVELOPMENT
21                           TRUST, Plaintiff

22                           /s/ J. Michael Kaler

23                           _____

24                           J. Michael Kaler, Esq.
                             Melody A. Kramer, Esq.
25                           Attorneys for Plaintiff

26

27

28

# EXHIBIT 11

STANDARD, STAYED

## United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:09-cv-02946-JD

DORMAN PRODUCTS, INC. v. SORENSEN RESEARCH
AND DEVELOPMENT TRUST
Assigned to: HONORABLE JAN E. DUBOIS
Cause: 35:183 Patent Infringement

Date Filed: 06/29/2009
Jury Demand: Defendant
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

### Plaintiff

**DORMAN PRODUCTS, INC.**

represented by **ANTHONY S. VOLPE**
VOLPE & KOENIG PC
UNITED PLAZA, STE. 1600
30 S. 17TH ST.
PHILADELPHIA , PA 19103
215-568-6400
Fax: 215-568-6499
Email: avolpe@volpe-koenig.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RYAN WILLIAM O'DONNELL**
VOLPE & KOENIG PC
UNITED PLAZA
30 S. 17TH STREET
SUITE 1600
PHILADELPHIA , PA 19103
215-568-6400
Email: rodonnell@volpe-koenig.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**SORENSEN RESEARCH AND
DEVELOPMENT TRUST**

represented by **J. MICHAEL KALER**
KALER LAW OFFICES
9930 MESA RUN RD
SAN DIEGO , CA 92121
858-362-3151
Email: michael@kalerlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELODY A. KRAMER**
9930 MESA RIM ROAD STE 1600
SAN DIEGO , CA 92121
858-362-3150
Email: mak@kramerlawip.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MICHAEL A. BERMAN**
LAW OFFICES OF ADAMS,
BUONOCORE, PATRYLAK &
BERMAN
219 B. RACE ST.
PHILA , PA 19106-1909
*ATTORNEY TO BE NOTICED*

**STACY NADINE LILLY**
2200 ARCH STREET
SUITE 510
PHILADELPHIA , PA 19103
215-561-0204
Email: stacy.lilly@hotmail.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/29/2009 | 1 | COMPLAINT against SORENSEN RESEARCH AND DEVELOPMENT TRUST ( Filing fee $ 350 receipt number 004267.), filed by DORMAN PRODUCTS, INC.. (Attachments: # 1 Cover Sheet, # 2 Case Management Track, # 3 Designation, # 4 Ex. A., # 5 Ex. B., # 6 Ex. C., # 7 Ex. D., # 8 Ex. E., # 9 Ex. F., # 10 Ex. G., # 11 Ex. H.)(ks, ) (Entered: 07/01/2009) |
| 06/29/2009 | | Summons Issued as to SORENSEN RESEARCH AND DEVELOPMENT TRUST. Forwarded To: Counsel on 7/1/09 (ks, ) (Entered: 07/01/2009) |
| 06/29/2009 | 2 | Disclosure Statement Form pursuant to FRCP 7.1 by DORMAN PRODUCTS, INC..(ks, ) (Entered: 07/01/2009) |
| 06/29/2009 | 3 | Copy of Form to Register of Copyrights. (ks, ) (Entered: 07/01/2009) |
| 07/02/2009 | 4 | NOTICE of Appearance by RYAN WILLIAM O'DONNELL on behalf of DORMAN PRODUCTS, INC. with Certificate of Service(O'DONNELL, RYAN) (Entered: 07/02/2009) |
| 07/09/2009 | 5 | FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT against SORENSEN RESEARCH AND DEVELOPMENT TRUST, filed by DORMAN PRODUCTS, INC.. (Attachments: # 1 EXHIBIT A, # 2 EXHIBIT B, # 3 EXHIBIT C, # 4 EXHIBIT D, # 5 EXHIBIT E, # 6 EXHIBIT F, # 7 EXHIBIT G, # 8 EXHIBIT H)(tomg, ) (Entered: 07/10/2009) |
| | | |

| 07/10/2009 | | Summons Issued as to SORENSEN RESEARCH AND DEVELOPMENT TRUST. Forwarded To: Anthony S. Volpe on 7/10/2009 (tomg, ) (Entered: 07/10/2009) |
|---|---|---|
| 07/24/2009 | 6 | SUMMONS Returned Executed by DORMAN PRODUCTS, INC. re: Al Gottlieb served Summons and Complaint upon SORENSEN RESEARCH AND DEVELOPMENT TRUST by Hand Delivery. SORENSEN RESEARCH AND DEVELOPMENT TRUST served on 7/21/2009, answer due 8/10/2009. (VOLPE, ANTHONY) (Entered: 07/24/2009) |
| 08/10/2009 | 7 | MOTION TO DISMISS FILED BY DEFENDANT SORENSEN RESEARCH AND DEVELOPMENT TRUST, MEMORANDUM, AFFIDAVIT, CERTIFICATE OF SERVICE.(mbh, ) (Entered: 08/11/2009) |
| 08/27/2009 | 8 | MOTION to Enjoin *Defendant, Sorensen Research and Development Trust from Proceeding with its Second-Filed Action in the Southern District of California* filed by DORMAN PRODUCTS, INC..Memorandum, Certificate of Service. (Attachments: # 1 Text of Proposed Order, # 2 Memorandum of Law in Support of Motion to Enjoin, # 3 Exhibit A to Memorandum of Law, # 4 Exhibit B to Memorandum of Law, # 5 Exhibit C to Memorandum of Law, # 6 Exhibit D to Memorandum of Law, # 7 Exhibit E to Memorandum of Law, # 8 Exhibit F to Memorandum of Law, # 9 Exhibit G to Memorandum of Law, # 10 Exhibit H to Memorandum of Law, # 11 Exhibit I to Memorandum of Law, # 12 Exhibit J to Memorandum of Law, # 13 Exhibit K to Memorandum of Law, # 14 Exhibit L to Memorandum of Law, # 15 Certificate of Service)(VOLPE, ANTHONY) (Entered: 08/27/2009) |
| 08/27/2009 | 9 | Memorandum of Law in Opposition re 7 MOTION to Dismiss *Pursuant to F.R.CIV.P. 12(b)(2)* filed by DORMAN PRODUCTS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Certificate of Service)(VOLPE, ANTHONY) Modified on 8/28/2009 (nd). (Entered: 08/27/2009) |
| 09/14/2009 | 10 | ORDER THAT JURISDICTIONAL DISCOVERY SHALL BE COMPLETED BY 11/12/2009. THE COURT DEFERS RULING ON DEFENDANT'S MOTION TO DISMISS UNTIL RECEIPT OF SUPPLEMENTAL MEMORANDA OF LAW. IT IS FURTHER ORDERED THAT THE TIME FOR RESPONDING TO PLAINTIFF'S MOTION TO ENJOIN DEFENDANT FROM PROCEEDING WITH ITS SECOND-FILED ACTION IN THE SOUTHERN DISTRICT OF CALIFORNIA IS EXTENDED UNTIL FURTHER ORDER OF THE COURT. SIGNED BY HONORABLE JAN E. DUBOIS ON 9/11/2009. 9/15/2009 ENTERED AND COPIES MAILED AND E-MAILED.(mbh, ) (Entered: 09/15/2009) |
| 09/15/2009 | 11 | Minute Entry for Telephone Conference held on 9/11/2009 before Judge DuBois. (mbh, ) (Entered: 09/16/2009) |
| 11/12/2009 | 12 | NOTICE of Appearance by STACY NADINE LILLY on behalf of SORENSEN RESEARCH AND DEVELOPMENT TRUST with Certificate of Service(LILLY, STACY) (Entered: 11/12/2009) |
| 11/12/2009 | 13 | Application of MICHAEL KALER, ESQUIRE to Practice in this Court |

| | | Pursuant to Local Rule of Civil Procedure 83.5.2(b) on behalf of DEFENDANT SORENSEN RESEARCH AND DEVELOPMENT TRUST, Certificate of Service. ($40.00 filing fee paid) (mbh, ) (Entered: 11/13/2009) |
|---|---|---|
| 11/13/2009 | 14 | ORDER THAT THE APPLICATION OF J. MICHAEL KALER, ESQUIRE TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b) IS GRANTED. SIGNED BY HONORABLE JAN E. DUBOIS ON 11/13/2009. 11/16/2009 ENTERED AND COPIES MAILED AND E-MAILED.(mbh, ) (Entered: 11/16/2009) |
| 11/13/2009 | 15 | ORDER THAT JURISDICTIONAL DISCOVERY SHALL BE COMPLETED BY 1/11/2010. PLAINTIFF'S PRETRIAL MEMORANDA IS DUE ON 2/1/2010. DEFENDANT'S PRETRIAL MEMORANDA IS DUE ON 2/15/2010. SIGNED BY HONORABLE JAN E. DUBOIS ON 11/12/2009. 11/16/2009 ENTERED AND COPIES MAILED AND E-MAILED.(mbh, ) (Entered: 11/16/2009) |
| 11/19/2009 | 16 | NOTICE by SORENSEN RESEARCH AND DEVELOPMENT TRUST *of Termination of Representation by Michael Berman* (LILLY, STACY) (Entered: 11/19/2009) |
| 12/04/2009 | 17 | NOTICE by SORENSEN RESEARCH AND DEVELOPMENT TRUST *of Lodgment of Order Denying First-To-File Rule to This Case* (Attachments: # 1 Exhibit A)(LILLY, STACY) (Entered: 12/04/2009) |
| 12/07/2009 | 18 | ORDER THAT ON OR BEFORE 12/17/09, THE PARTIES SHALL FILE AND SERVE A JOINT STATUS REPORT IN WHICH THEY DETAIL THEIR POSITIONS ON A TRANSFER OF THE CASE TO THE SOUTHERN DISTRICT OF CALIFORNIA IN VIEW OF THE DECISION OF HONORABLE BARRY TED MOSKOWITZ DATED 11/24/09, ETC.. SIGNED BY HONORABLE JAN E. DUBOIS ON 12/7/09. 12/8/09 ENTERED AND COPIES MAILED TO PRO HAC VICE, MAILED, E-MAILED.(dp, ) (Entered: 12/08/2009) |
| 12/09/2009 | 19 | APPLICATION/PETITION *of Melody Kramer, Esquire to Practice in this Court Pursuant to Local Rule of Civil Procedure 83.5.2(b)* by SORENSEN RESEARCH AND DEVELOPMENT TRUST. (LILLY, STACY) (Entered: 12/09/2009) |
| 12/10/2009 | 20 | ORDER THAT THE APPLICATION OF MELODY A. KRAMER, ESQUIRE TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b) IS GRANTED. SIGNED BY HONORABLE JAN E. DUBOIS ON 12/9/2009. 12/10/2009 ENTERED AND COPIES MAILED AND E-MAILED.(mbh, ) (Entered: 12/10/2009) |
| 12/10/2009 | | Filing fee: $ 40.00, receipt number 014096 (mbh, ) (Entered: 12/11/2009) |
| 12/17/2009 | 21 | STATUS REPORT *(Joint Status Report Detailing the Parties' Position(s) Regarding Transfer of This Case to the Southern District of California in View of Order in Parallel Case Per Court Order at Doc. #18)* by DORMAN PRODUCTS, INC.. (VOLPE, ANTHONY) (Entered: 12/17/2009) |
| 12/18/2009 | 22 | ORDER THAT ON OR BEFORE 1/4/2010, THE PARTIES SHALL FILE |

| | | |
|---|---|---|
| | | AND SERVE A JOINT STATUS REPORT IN WHICH THEY DETAIL THEIR POSITIONS ON A STAY OF PROCEEDINGS IN THIS CASE PENDING REEXAMINATION OF THE '184 PATENT BY THE UNITED STATES PATENT AND TRADEMARK OFFICE. SIGNED BY HONORABLE JAN E. DUBOIS ON 12/18/2009. 12/21/2009 ENTERED AND COPIES MAILED AND E-MAILED.(mbh, ) (Entered: 12/21/2009) |
| 01/04/2010 | 23 | STATUS REPORT *(Joint) Detailing the Parties' Position(s) Regarding a Stay of Proceedings in this Case Pending Reexamination of the '184 Patent by the United States Patent and Trademark Office (Per Court Order at Docket No. 22)* by DORMAN PRODUCTS, INC.. (Attachments: # 1 Exhibit P-1, # 2 Exhibit P-2, # 3 Exhibit P-3, # 4 Exhibit P-4, # 5 Exhibit P-5, # 6 Exhibit P-6, # 7 Exhibit P-7, # 8 Exhibit P-8, # 9 Exhibit D-1, # 10 Exhibit D-2, # 11 Exhibit D-3, # 12 Exhibit D-4)(VOLPE, ANTHONY) (Entered: 01/04/2010) |
| 01/07/2010 | 24 | ORDER THAT DEFENDANT SHALL COMPLY WITH THIS DISCOVERY ORDER ON OR BEFORE 2/16/2010. SIGNED BY HONORABLE JAN E. DUBOIS ON 1/6/2010. 1/8/2010 ENTERED AND COPIES MAILED AND E-MAILED.(mbh, ) (Entered: 01/08/2010) |
| 01/19/2010 | 25 | Copy Re: Documenst (Motion to Transfer and Consolidation) Filed Before the Judicial Panel on Multidistrict Litigation regarding In Re: U.S. Patent 4,935,184. (tjd) (Entered: 01/20/2010) |
| 01/20/2010 | 26 | MOTION for Reconsideration re 24 Order, Set Deadlines filed by SORENSEN RESEARCH AND DEVELOPMENT TRUST.memorandum, certificate of service. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(LILLY, STACY) (Entered: 01/20/2010) |
| 01/22/2010 | 27 | Copy Re: Document (Revised Proof of Service) Filed Before the Judicial Panel on Multidistrict Litigation regarding In Re: U.S. Patent 4,935,184. (tjd) (Entered: 01/22/2010) |
| 02/03/2010 | 28 | Combined Memorandum of Law in Opposition re 26 MOTION for Reconsideration and MOTION FOR SANCTIONS *with Certificate of Service* filed by DORMAN PRODUCTS, INC.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P) (VOLPE, ANTHONY) Modified on 2/4/2010 (nd). (Entered: 02/03/2010) |
| 02/04/2010 | 29 | ORDER THAT ALL PROCEEDINGS ARE STAYED PENDING A DECISION ON THE MOTION TO TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION. SIGNED BY HONORABLE JAN E. DUBOIS ON 2/4/2010. 2/5/2010 ENTERED AND COPIES MAILED AND E-MAILED.(mbh, ) (Entered: 02/05/2010) |
| 02/08/2010 | 30 | Copy Re: Notice of Appearance filed before the USJPML Regarding MDL 2149. (kk, ) (Entered: 02/08/2010) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/12/2010 19:50:12 | | |
| **PACER Login:** wg0135 | **Client Code:** | 59204.0004-6689 |
| **Description:** Docket Report | **Search Criteria:** | 2:09-cv-02946-JD |
| **Billable Pages:** 4 | **Cost:** | 0.32 |

# EXHIBIT 12

1    MELODY A. KRAMER, SBN 169984
     9930 Mesa Rim Road, Suite 1600
2    San Diego, California 92121
3    Telephone (858) 362-3150
     mak@kramerlawip.com
4

5    J. MICHAEL KALER, SBN 158296
     9930 Mesa Rim Road, Suite 200
6    San Diego, California 92121
7    Telephone (858) 362-3151
     michael@kalerlaw.com
8

9    Attorneys for Plaintiff JENS ERIK SORENSEN,
     as Trustee of SORENSEN RESEARCH AND
10   DEVELOPMENT TRUST

11

12                  UNITED STATES DISTRICT COURT

13             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15   JENS ERIK SORENSEN, as Trustee of   )   Case No. 08cv00060 BTM CAB
     SORENSEN RESEARCH AND               )
16   DEVELOPMENT TRUST,                  )   **NINTH AMENDED NOTICE OF**
                                         )   **RELATED CASES**
17                     Plaintiff         )
                                         )
18        v.                             )
                                         )
19   EMERSON ELECTRIC CO., a Missouri    )
20   corporation; ONE WORLD             )
     TECHNOLOGIES, INC., a Delaware      )
21   corporation; RIDGE TOOL COMPANY,    )
     an Ohio corporation; RIDGID, INC., a )
22   Delaware corporation; and           )
23   DOES 1 – 100                        )
                       Defendants.       )
24   _____ )
                                         )
25   and related counterclaims.          )
                                         )
26   _____ )

27

28

1        Pursuant to Local Civil Rule 40.1(e), Plaintiff JENS E. SORENSEN, as

2   TRUSTEE OF THE SORENSEN RESEARCH AND DEVELOPMENT TRUST

3   ("SRDT"), hereby gives NINTH AMENDED notice of cases related to the present

4   case.  Specifically, SRD TRUST gives notice of the following related cases that all

5   arise from alleged infringement of United States Patent Number 4,935,184 ("the '184

6   patent"), whether pending, dismissed, or otherwise terminated:

7

8                          **SUMMARY OF RELATED CASES**

9
        Judgment Entered ............................................................1

10      Settled and Dismissed ...................................................20

11      Pending – Not Stayed .....................................................6

12      Pending – Stay by District Court ...................................23

13      Bankruptcy Stay ............................................................2

14      Dismissed Without Service ............................................9

15

16                             **JUDGMENT ENTERED**

17       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

18  *Trust v. First International Digital, Inc., et al*, Case No. 3:07-cv-5525-JSW, filed

19  October 30, 2007 in the United States District Court for the Northern District of

20  California. Judgment of $500,000.00 has been entered.

21

22                           **SETTLED AND DISMISSED**

23       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

24  *Trust v. Star Asia, U.S.A., LLC, et al.*, Case No. 08cv307 BTM CAB, filed February

25  15, 2008 in the United States District Court for the District of Southern California.

26  The case is dismissed.

27       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

28

                                                    Case No. 08cv00060 BTM CAB

1    *Trust v. Digital Networks North America, Inc., et al*, Case No. 07cv5568 JSW, filed

2    November 1, 2007 in the United States District Court for the Northern District of

3    California. The parties have settled and the case is dismissed.

4        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

5    *Trust v. Logitech, Inc., et al.*, Case No. 08cv308 BTM CAB, filed February 15, 2008

6    in the United States District Court for the District of Southern California. This case

7    was settled and dismissed.

8        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

9    *Trust v. Ampro Tools Corporation,* Case No. 4:08-cv-00096-CW, filed January 7,

10   2008 in the United States District Court for the District of Northern California. This

11   case was settled and dismissed.

12       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

13   *Trust v. CTT Tools, Inc., et al.*, Case No. 08cv231 BTM CAB, filed February 5, 2008

14   in the United States District Court for the District of Southern California.

15       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

16   *Trust v. The Black & Decker Corporation, et al,* Civil Case No. 06cv1572 BTM

17   CAB, filed August 7, 2006, in the United States District Court for the Southern

18   District of California.

19       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

20   *Trust v. Phillips Plastics Corp.,* Case No. 09cv0021 BTM CAB, filed June 26, 2008

21   in the United States District Court for the District of Northern California, but since

22   transferred to the District of Southern California.

23       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

24   *Trust v. Amash Imports, et al,* Case No. 09cv557 BTM CAB, filed March 18, 2009 in

25   the United States District Court for the District of Southern California.

26       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

27   *Trust v. Energizer Holdings, Inc., et al*, Case No. 07cv2321 BTM CAB, filed

28   December 11, 2007 in the United States District Court for the Southern District of

3.

1   California.

2        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
3   *Trust v. Johnson Level & Tool Mfg. Co., Inc.,* Case No. 08cv0025 BTM CAB, filed
4   January 4, 2008 in the United States District Court for the District of Southern
5   California.

6        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
7   *Trust v. Sanyo North America Corporation, et al.,* Case No. 08cv0135 BTM CAB,
8   filed January 23, 2008 in the United States District Court for the District of Southern
9   California.

10       *PowerStation LLC, et al v. Sorensen Research and Development Trust,* Case
11  No. 07cv04167 RBH, filed December 31, 2007 in the United States District Court
12  for the District of South Carolina.

13       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
14  *Trust v. Tecnica USA, Inc and Nordica USA, Inc.,* Civil Case No. 06cv1941 B MLS,
15  filed September 18, 2006 in the Southern District of California.

16       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
17  *Trust v. Head USA Inc.* Civil Case No.: 06cv1434 BTM CAB, filed July 2006 in
18  the Federal District for the Southern District of California.

19       *Head USA Inc. v. Jens Erik Sorensen (As Trustee of the Sorensen Research*
20  *and Development Trust), and Sorensen Research And Development Trust.* Docket
21  No.: 06cv00983, filed June 2006 in the Federal District of Connecticut. The matter
22  was transferred and consolidated with the *Sorensen Research and Development Trust*
23  *v. Head USA Inc.* action filed in the Southern District of California, Civil Case No.:
24  06cv1434 BTM CAB.

25       *Nordica USA Corp. v. Jens Ole Sorensen, Jens Erik Sorensen, and Sorensen*
26  *Research and Development Trust.* Docket No. 1:06-cv-91-JM filed March 8, 2006 in
27  the Federal District of New Hampshire. The matter was transferred and consolidated
28  with *Jens Erik Sorensen as Trustee of the Sorensen Research And Development*

Case No. 08cv00060 BTM CAB

1   *Trust v.  Tecnica USA, Inc and Nordica USA, Inc.,* Civil Case No. 06CV1941 B
2   MLS, filed in the Southern District of California.

3   *Jens Ole Sorensen, and Jens E. Sorensen, as Trustee Of The Sorensen*
4   *Research and Development Trust v. DaimlerChrysler AG, and Mercedes-Benz USA,*
5   *LLC.*  Civil No.  03-1763 (HAA) filed in the United States District Court for
6   Northern California and transferred to the United States District Court for New
7   Jersey.

8   *In the Matter of Certain Automobile Tail Light Lenses And Products*
9   *Incorporating Same.*  Investigation No. 337-TA-502 filed in the United States
10  International Trade Commission.  The matter was remanded after appeal to the
11  Federal Circuit Court of Appeals, then settled and dismissed.

12  *Jens E. Sorensen, as Trustee Of The Sorensen Research and Development*
13  *Trust v. Premier Automotive Group, Ford Motor Company, and Jaguar, Ltd.*  Case
14  No. 03-cv-01107, filed March 14, 2003 in the Federal Court for the Northern District
15  of California.

16  *Sorensen et al v. International Trade Commission et al.*, 427 F.3d 1375 (Fed.
17  Cir. 2005).  After the Federal Circuit ruled in patentee's favor, the parties settled and
18  dismissed.

19

20                          **PENDING – NOT STAYED**

21  *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
22  *Trust v. Fein, et al,* Case No. 09cv558 BTM CAB, filed March 18, 2009 in the
23  United States District Court for the District of Southern California.  Plaintiff alleges
24  infringement of the '184 patent by Defendants.

25  *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
26  *Trust v. Grizzly Industrial, Inc. et al,* Case No. 09cv531 BTM CAB, filed March 17,
27  2009 in the United States District Court for the District of Southern California.
28  Plaintiff alleges infringement of the '184 patent by Defendants.  The case has been

                                    5.

1    settled and dismissed as to three of four defendants already.

2    *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
3    *Trust v. Freshlink Product Development, LLC, et al,* Case No. 09cv0267, filed
4    February 12, 2009 in the United States District Court for the District of Southern
5    California.  Plaintiff alleges infringement of the '184 patent by Defendants.

6    *Big Lots Stores, Inc. v. Sorensen Research and Development Trust,* Case No.
7    08cv00506, filed May 23, 2008 in the United States District Court for the Southern
8    District of Ohio.  Plaintiff seeks declaratory judgment that the '184 patent is invalid
9    and not infringed by them.  Sorensen's Rule 12 motion for lack of personal
10   jurisdiction in the Ohio court is pending.

11   *Dorman Products, Inc. v. Sorensen Research & Development Trust,* Case No.
12   09cv02946 JD, filed June 26, 2009 in the USDC for the Eastern District of
13   Pennsylvania.  Sorensen has filed a Rule 12 motion for lack of personal jurisdiction;
14   a ruling thereon has not yet issued.

15   *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
16   *Trust v. Dorman Products, Inc., et al,* Case No. 09cv1579, filed July 21, 2009 in the
17   United States District Court for the District of Southern California.  Plaintiff alleges
18   infringement of the '184 patent by Defendants.

19

20                    **PENDING – STAYED BY DISTRICT COURT**

21   *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
22   *Trust v. Target Brands, Inc., et al,* Case No. 09cv0056, filed January 14, 2009 in the
23   United States District Court for the District of Southern California.  Plaintiff alleges
24   infringement of the '184 patent by Defendants.

25   *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
26   *Trust v. Lowe's Companies, Inc., et al,* Case No. 09cv0059, filed January 14, 2009 in
27   the United States District Court for the District of Southern California.  Plaintiff
28   alleges infringement of the '184 patent by Defendants.

6.                          Case No. 08cv00060 BTM CAB

1      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
2  *Trust v. Big Lots Stores, Inc., et al,* Case No. 09cv0057, filed January 14, 2009 in the
3  United States District Court for the District of Southern California.    Plaintiff alleges
4  infringement of the '184 patent by Defendants.

5      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
6  *Trust v. Axonn, LLC, et al,* Case No. 09cv0060 BTM CAB, filed January 14, 2009 in
7  the United States District Court for the District of Southern California.    Plaintiff
8  alleges infringement of the '184 patent by Defendants.

9      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
10  *Trust v. Lexar Media, Inc.,* Case No. 5:08-cv-00095-JW, filed January 7, 2008 in the
11  United States District Court for the District of Northern California. Plaintiff alleges
12  infringement of the '184 patent by Defendants.

13      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
14  *Trust v. DMS Holdings, Inc., et al.,* Case No. 08cv559, filed March 25, 2008 in the
15  United States District Court for the District of Southern California. Plaintiff alleges
16  infringement of the '184 patent by Defendants.

17      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
18  *Trust v. Alltrade Tools, LLC., et al.*, Case No. 08cv232 BTM CAB, filed February 5,
19  2008 in the United States District Court for the District of Southern California.
20  Plaintiff alleges infringement of the '184 patent by Defendants.  Assignment to the
21  same district judge as other '184 patent cases in the district has already occurred.

22      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
23  *Trust v. Human Touch LLC, et al,* Case No. 08cv1080 BTM CAB, filed June 18,
24  2008 in the United States District Court for the District of Southern California.
25  Plaintiff alleges infringement of the '184 patent by Defendants.  Assignment to the
26  same district judge as other '184 patent cases in the district has already occurred.

27      *Acco Brands USA LLC v. Jens Erik Sorensen as Trustee of the Sorensen*
28  *Research and Development Trust,* Case No. 08cv1670 BTM CAB, filed September

1    12, 2008 in the USDC for the District of Southern California.  Plaintiff requests a
2    declaratory judgment of non-infringement, but is not challenging validity of '184
3    patent. Defendant has counterclaimed for patent infringement.

4          *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
5    *Trust v. Conair Corporation,* Case No. 08cv1256 BTM CAB, filed July 11, 2008 in
6    the United States District Court for the District of Southern California.    Plaintiff
7    alleges infringement of the '184 patent by Defendants.

8          *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
9    *Trust v. Metabo Corporation, et al.,* Case No. 08cv304 BTM CAB, filed February
10   15, 2008 in the United States District Court for the District of Southern California.
11   Plaintiff alleges infringement of the '184 patent by Defendants.

12         *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
13   *Trust v. Kyocera International, Inc., et al.,* Case No. 08cv411 BTM CAB, filed
14   March 4, 2008 in the United States District Court for the District of Southern
15   California. Plaintiff alleges infringement of the '184 patent by Defendants.

16         *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
17   *Trust v. Central Purchasing, LLC, et al.,* Case No. 08cv309 BTM CAB, filed
18   February 15, 2008 in the United States District Court for the District of Southern
19   California. Plaintiff alleges infringement of the '184 patent by Defendants.

20         *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
21   *Trust v. Rally Manufacturing, Inc., et al.,* Case No. 08cv302 BTM CAB, filed
22   February 15, 2008 in the United States District Court for the District of Southern
23   California. Plaintiff alleges infringement of the '184 patent by Defendants.

24         *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
25   *Trust v. Sunbeam Products, Inc., et al.,* Case No. 08cv306 BTM CAB, filed February
26   15, 2008 in the United States District Court for the District of Southern California.
27   Plaintiff alleges infringement of the '184 patent by Defendants.

28         *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

Case No. 08cv00060 BTM CAB

1    *Trust v. Emissive Energy Corp., et al.*, Case No. 08cv234 BTM CAB, filed February

2    5, 2008 in the United States District Court for the District of Southern California.

3    Plaintiff alleges infringement of the '184 patent by Defendants.

4        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

5    *Trust v. Motorola, Inc., et al.*, Case No. 3:08-cv-0136 BTM CAB, filed January 23,

6    2008 in the United States District Court for the District of Southern California.

7    Plaintiff alleges infringement of the '184 patent by Defendants.

8        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

9    *Trust v. Informatics, inc., et al.*, Case No. 08-cv-0134 BTM CAB, filed January 23,

10    2008 in the United States District Court for the District of Southern California.

11    Plaintiff alleges infringement of the '184 patent by Defendants.

12        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

13    *Trust v. Ryobi Technologies, Inc., et al.*, Case No. 3:08-cv-0070-BTM-CAB, filed

14    January 11, 2008 in the United States District Court for the District of Southern

15    California. Plaintiff alleges infringement of the '184 patent by Defendants.

16        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

17    *Trust v. Emerson Electric Co., et al,* Case No. 3:08-cv-0060-BTM-CAB, filed

18    January 10, 2008 in the United States District Court for the District of Southern

19    California. Plaintiff alleges infringement of the '184 patent by Defendants.

20        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

21    *Trust v. Giant International, Inc., et al*, Case No. 3:07-CV-2121-BTM-CAB, filed

22    November 6, 2007 in the United States District Court for the Southern District of

23    California. Plaintiff alleges infringement of the '184 patent by Defendants.

24        *Jens Erik Sorensen as Trustee of Sorensen Research and Development Trust v.*

25    *Esseplast (USA) NC, Inc., et al*, Case No. 3:07-cv-2277-BTM-CAB, filed December

26    4, 2007 in this District.    Plaintiff alleges infringement of the '184 patent by

27    Defendants.

28        *Jens Erik Sorensen as Trustee of Sorensen Research and Development Trust v.*

Case No. 08cv00060 BTM CAB

1    *Helen of Troy Texas Corporation, et al*, Case No. 3:07-cv-2278-BTM-CAB, filed

2    December 4, 2007 in this District. Plaintiff alleges infringement of the '184 patent

3    by Defendants.

4

5                          **BANKRUPTCY STAY**

6        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

7    *Trust v. Senco Products, Inc.,* Case No. 3:08-cv-0071-BTM-CAB, filed January 11,

8    2008 in the United States District Court for the District of Southern California.

9    Plaintiff alleges infringement of the '184 patent by Defendants. The case is currently

10    subject to a bankruptcy stay. (*In re SENCORP, et al.,* Case No. 09-12869 (JVA),

11    filed on May 8, 2009 in the United States Bankruptcy Court, Southern District of

12    Ohio.)

13        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

14    *Trust v. Global Machinery Company, et al.*, Case No. 08cv233 BTM CAB, filed

15    February 5, 2008 in the United States District Court for the District of Southern

16    California. Plaintiff alleges infringement of the '184 patent by Defendants. The case

17    is currently subject to a bankruptcy stay. (*In re GMC WORLDWIDE PTY LTD, et al.,*

18    Case No. 09-04679-JM15, filed on April 9, 2009 in the United States Bankruptcy

19    Court, Southern District of California.)

20

21                 **DISMISSED WITHOUT SERVICE**

22        *American Safety Razor Co. v. Sorensen Research & Development Trust,* Civil

23    Case No. 07-CV-00730-HHK, filed April 20, 2007, in the United States District

24    Court for the District of Columbia. This case has been dismissed.

25        *Freshlink Product Development, L.L.C. v. Sorensen Research & Development*

26    *Trust*, Case. No. 08cv08382 LAK, filed September 30, 2008 in the USDC for the

27    Southern District of New York. This case has been dismissed.

28        *Freshlink Product Development, L.L.C. v. Sorensen Research & Development*

    Case No. 08cv00060 BTM CAB

1   *Trust*, Case. No. 1:08-cv-05021-MGC, filed May 30, 2008 in the USDC for the

2   Southern District of New York. This case has been dismissed.

3       *DMS Holdings, Inc. v. Sorensen Research & Development Trust.* Civil Case

4   No.: 07-CV-02690, filed May 11, 2007, in the United States District Court for the

5   Northern District of Illinois. This case has been dismissed. Sorensen filed against

6   DMS Holdings in the United States District Court for Southern California (see

7   above).

8       *Lowe's Companies, Inc., et al v. Sorensen Research and Development Trust.*

9   Case No. 05-cv-00234 filed July 29, 2005 in the Federal Court for the Western

10  District of North Carolina. The matter was never served and was dismissed.

11      *Digital Innovations LLC v. Sorensen Research and Development Trust.* Case

12  No. 05-cv-06428, filed November 9, 2005 in the Federal Court for the Northern

13  District of Illinois. The matter was never served and was dismissed.

14      *Big Lots v. Sorensen Research and Development Trust.* Case No. 2:06-cv-

15  1089, filed December 29, 2006 in the Federal Court for the Southern District of

16  Ohio. The matter was never served and was dismissed.

17      *Bon-Aire v. Sorensen Research and Development Trust.* Case No. 07-cv-054-

18  S, filed January 2007 in the Federal Court for the District of Idaho. The matter was

19  never served and was dismissed.

20      *Husqvarna Outdoor Products, Inc. v. Sorensen Research and Development*

21  *Trust.* CIV. NO. CV106-160 in the Federal Court for the Southern District of

22  Georgia on October 30, 2006. The matter was never served and was dismissed.

23

24      /

25      /

26      /

27      /

28

11.

DATED this Monday, November 16, 2009.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer
Melody A. Kramer, Esq.
J. Michael Kaler, Esq.
Attorneys for Plaintiff

12.

1 | PROOF OF SERVICE

2 | I, Melody A. Kramer, declare:  I am and was at the time of this service working within in

3 | the County of San Diego, California.  I am over the age of 18 year and not a party to the within

4 | action.  My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600,

5 | San Diego, California, 92121.

6 | On Monday, November 16, 2009, I served the following documents:

7 |
8 | **NINTH AMENDED NOTICE OF RELATED CASES**

9 | Service was effectuated by electronically filing the documents via the CM/ECF system for

10 | the United States District Court for the Southern District of California in the above-identified case,

11 | and relying upon the ECF emailing to distribute service to all parties.

12 |

13 | I declare that the foregoing is true and correct, and that this declaration was executed on

14 | Monday, November 16, 2009, in San Diego, California.

15 |

16 | /s/ Melody A. Kramer

17 | Melody A. Kramer

18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

13.                                    Case No. 08cv00060 BTM CAB

# EXHIBIT 13

ORIGINAL
FILED

2008 MAR -4  PH 1:56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY___KNH____
DEPUTY

1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
   Telephone (858) 362-3150
4  mak@kramerlawip.com
5
6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
8  Telephone (858) 362-3151
9  michael@kalerlaw.com
10
11
   Attorneys for Plaintiff JENS ERIK SORENSEN,
12 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
13
14
15
               UNITED STATES DISTRICT COURT
16
         FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17
18 JENS ERIK SORENSEN, as Trustee of ) Case No. 08 CV 0411 JLS BLM
19 SORENSEN RESEARCH AND             )
   DEVELOPMENT TRUST,                ) **COMPLAINT FOR PATENT**
20                                   ) **INFRINGEMENT**
                                     )
21                Plaintiff          )
                                     )
22       v.                          )
                                     ) REQUEST FOR JURY TRIAL
23 KYOCERA INTERNATIONAL, INC., a    )
   California Corporation; KYOCERA   )
24 WIRELESS CORP., a California       )
   Corporation; and DOES 1 – 100,    )
25                                   )
26                Defendants.        )
                                     )
27
28

1    U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of

2    infringement in this District.

3    8.    This Court has personal jurisdiction over Defendants because they have

4    manufactured within, imported into, offered for sale, and/or sold infringing products

5    in this District.

## CLAIM FOR RELIEF

### (Patent Infringement)

8    9.    SRDT realleges and incorporates herein by reference paragraphs 1

9    through 7, inclusive, as though fully set forth herein.

10    10.    The '184 patent entitled "Stabilized Injection Molding When Using a

11    Common Mold Part With Separate Complimentary Mold Parts," was issued on June

12    19, 1990.

13    11.    On information and belief, Defendants have, within the past six years,

14    made, imported into, sold or offered for sale within the United States and this

15    District, products for which the two plastic component external plastic shells are

16    manufactured through processes which incorporate all elements of the '184 patented

17    process (hereinafter "Accused Products").

18    12.    Accused Products include the product(s) specifically identified below,

19    and any other of Defendants' products sold under any name which were

20    manufactured utilizing similar processes, including but not limited to, any other

21    product manufactured using the same injection mold as any of the products identified

22    in the following table:

23

24                     KYOCERA PUSH TO TALK PHONE, KX444

25    13.    Defendants have not obtained a license or any other valid authorization

26    for import, sale, or offer for sale in the United States of products manufactured

27    through use of the '184 patented process.

28

Case No. _____

3.

ORIGINAL

FILED

07 DEC -4 PM 4:42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'07 CV  2278 IEG  (LSP)

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br>                    Plaintiff <br>        v. <br><br> HELEN OF TROY Texas Corporation; OXO International Ltd.; and DOES 1 – 100, <br><br>                    Defendants. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> REQUEST FOR JURY TRIAL |

//

1    more of each other during some or all of the times relative to the subject matter of
2    this Complaint. .

3

4                                 **JURISDICTION and VENUE**

5         5.      This action arises under the Patent Laws of the United States of
6    America, Title 35, United States Code. Jurisdiction is founded on Title 28, United
7    States Code §§ 1331, 1332(a), and 1338(a).

8         6.      On information and belief, venue in this district is proper under 28
9    U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of
10    infringement in this District.

11        7.      This Court has personal jurisdiction over Defendants because they
12    manufacture within, import into, offer for sale, and/or sell infringing products in this
13    District.

14

15                                   **CLAIM FOR RELIEF**

16                                   **(Patent Infringement)**

17        8.      SRDT realleges and incorporates herein by reference paragraphs 1
18    through 7, inclusive, as though fully set forth herein.

19        9.      The '184 patent entitled "Stabilized Injection Molding When Using a
20    Common Mold Part With Separate Complimentary Mold Parts," was issued on June
21    19, 1990.

22        10.      On information and belief, Defendants have in the past and presently
23    make, import into, sell or offer for sale within the United States and this District,
24    products for which the two plastic component external plastic shells are
25    manufactured through processes which incorporate all elements of Claim 1 of the
26    '184 patented process. Those products identified below and any other OXO products
27    sold under any name which are manufactured utilizing similar processes, including
28    but not limited to, any other product manufactured using the same injection mold as

           Case No. _____

1  any of the products identified in the following table, are collectively referred to
2  herein as "Accused Products":

3          a.      OXO Good Grips 5.5 oz. Funnel

4          b.      OXO Good Grips 16 oz. Funnel

5      11.     Defendants have not obtained a license or any other valid authorization
6  for import, sale, or offer for sale in the United States of products manufactured
7  through use of the '184 patented process.

8      12.     Upon information and belief, OXO controls the nature and quality of the
9  Accused Products and manufactures these products in accordance with its design and
10  product specifications.

11     13.     OXO possesses the manufacturing process information for the Accused
12  Products.

13     14.     OXO has been on constructive notice of the '184 patent since its
14  issuance on June 19, 1990.

15     15.     Defendants have been on actual notice of the '184 patented process at
16  least as early as October 2005.

17     16.  Upon information and belief, the Defendants have engaged in design,
18  manufacture, import, sell, and/or offer for sale within the United States, including
19  this District, products that have dual-layer external plastic housings.

20     17.     On information and belief, said products identified herein and as-yet-
21  unidentified products manufactured through the same or substantially similar process
22  are manufactured through processes which incorporate all elements of the '184
23  patented process.

24     18.     None of the Defendants have obtained a license or any other
25  authorization from the Plaintiff for manufacture, import, sale, and/or offer for sale in
26  the United States of products manufactured through use of the '184 patented process.

27     19.     Plaintiff's initial infringement notice to one of OXO's parent companies
28  dated October 17, 2005 provided OXO with a drawing and associated claim chart

                                    4.                    Case No._____

ORIGINAL

FILED

07 DEC -4 PM 4:31

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

1   **MELODY A. KRAMER**, SBN 169984
2   KRAMER LAW OFFICE, INC.
    9930 Mesa Rim Road, Suite 1600
3   San Diego, California 92121
    Telephone (858) 362-3150
4

5   **J. MICHAEL KALER**, SBN 158296
6   KALER LAW OFFICES
    9930 Mesa Rim Road, Suite 200
7   San Diego, California 92121
    Telephone (858) 362-3151
8

9   Attorneys for Plaintiff JENS ERIK SORENSEN,
    as Trustee of SORENSEN RESEARCH AND
10  DEVELOPMENT TRUST

11

12

13              UNITED STATES DISTRICT COURT

14          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15  JENS ERIK SORENSEN, as Trustee of  )  Case No. **'07 CV 2277 JAH (ELM)**
16  SORENSEN RESEARCH AND              )
17  DEVELOPMENT TRUST,                 )  **COMPLAINT FOR PATENT**
                                       )  **INFRINGEMENT (WILLFUL)**
18                  Plaintiff,         )
19      v.                             )
                                       )  REQUEST FOR JURY TRIAL
20  ESSEPLAST (USA) NC, INC., a        )
21  Delaware corporation, and DOES 1-10, )
                                       )
22                  Defendants.        )
23                                     )
                                       )
24  _____)

25  //
26  //
27
28

1   products at their regular and established places of business.

2       7.    This Court has personal jurisdiction over Defendant ESSEPLAST under

3   the long-arm statute of California and U.S. constitutional law because Defendant

4   ESSEPLAST ships its products into the Southern District of California, offers those

5   products for sale and sells those products in this district, and maintains a network of

6   authorized distribution arrangements with retailers in this district for the purpose of

7   selling ESSEPLAST products.

8

9   **GENERAL ALLEGATIONS**

10       8.    The '184 patent entitled "Stabilized Injection Molding When Using a

11   Common Mold Part With Separate Complimentary Mold Parts," was issued on June

12   19, 1990.

13       9.    Defendants have been on constructive notice of the '184 patent since its

14   issuance on June 19, 1990.

15       10.    Defendants have been on actual notice of the '184 patented process at

16   least as early as June 2006.

17       11.  Upon information and belief, the Defendants have engaged in design,

18   manufacture, import, sell, and/or offer for sale within the United States, including

19   this District, products that have dual-layer external plastic housings.

20       12.    On information and belief, said products identified herein and as-yet-

21   unidentified products manufactured through the same or substantially similar process

22   are manufactured through processes which incorporate all elements of Claim 1 of the

23   '184 patented process.

24       13.    The Defendants have not obtained a license or any other authorization

25   from the Plaintiff for manufacture, import, sale, and/or offer for sale in the United

26   States of products manufactured through use of the '184 patented process.

27

28   **CLAIM FOR RELIEF**

3.

Case No. _____

**(Patent Infringement)**

14.  SRDT realleges and incorporates herein by reference paragraphs 1 through 13, inclusive, as though fully set forth herein.

15.  On information and belief, ESSEPLAST has in the past and does presently make, import into, sell or offer for sale within the United States and this District, products manufactured through processes which incorporate all elements of the '184 patented process.  Those products include the Topfin Hand Held Glass Scrubber and any other ESSEPLAST products sold under any name which are manufactured utilizing similar processes, including but not limited to, any other product manufactured using the same injection mold as any of the identified product.

16.  Upon information and belief, ESSEPLAST controls the nature and quality of the Accused Products and manufactures these products in accordance with its design and product specifications.

17.  ESSEPLAST possesses the manufacturing process information for the Accused Products.

18.  ESSEPLAST has been offered an opportunity to refut Plaintiff's infringement analysis or deny infringement, but has not done so.

19.  Pursuant to 35 U.S.C. § 295, ESSEPLAST has been requested to provide information about the manufacturing process for the Accused Products that could either prove or disprove the use of the '184 patented process, but has not done so.

20.  SRDT also offered to negotiate a license with ESSEPLAST for its use of the '184 patent in the event that ESSEPLAST could not demonstrate that it was not using the '184 patented process in making the Accused Products.

21.  Despite the evidence of patent infringement, ESSEPLAST has not procured a license for its use of the '184 patent.

22.  On information and belief, ESSEPLAST continues to make, use, sell and/or offer for sale within the United States and this District, and import into the

4.

Case No._____

**ORIGINAL**

F I L E D

08 FEB -5 PM 4: 26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
4  Telephone (858) 362-3150
   mak@kramerlawip.com
5
6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
8  San Diego, California 92121
   Telephone (858) 362-3151
9  michael@kalerlaw.com
10
11
   Attorneys for Plaintiff JENS ERIK SORENSEN,
12 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
13
14
15              UNITED STATES DISTRICT COURT
16        FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17                                   '08 CV 0234 JM NLS
18 JENS ERIK SORENSEN, as Trustee of   ) Case No.
19 SORENSEN RESEARCH AND               )
   DEVELOPMENT TRUST,                  ) **COMPLAINT FOR PATENT**
20                                     ) **INFRINGEMENT**
21                 Plaintiff           )
                                       )
22     v.                             )
                                       ) REQUEST FOR JURY TRIAL
23 EMISSIVE ENERGY CORP., a            )
   Delaware Corporation; and DOES 1 –  )
24 100,                                )
25                                     )
                 Defendants.           )
26                                     )
27 _____     )
28

1    manufacture within, import into, offer for sale, and/or sell infringing products in this

2    District.

3

4                                **CLAIM FOR RELIEF**

5                                (Patent Infringement)

6        8.    SRDT realleges and incorporates herein by reference paragraphs 1

7    through 7, inclusive, as though fully set forth herein.

8        9.    The '184 patent entitled "Stabilized Injection Molding When Using a

9    Common Mold Part With Separate Complimentary Mold Parts," was issued on June

10   19, 1990.

11       10.   On information and belief, Defendants have in the past and presently

12   make, import into, sell or offer for sale within the United States and this District,

13   products for which the two plastic component external plastic shells are

14   manufactured through processes which incorporate all elements of the '184 patented

15   process. Those products identified below and any other Defendants products sold

16   under any name which are manufactured utilizing similar processes, including but

17   not limited to, any other product manufactured using the same injection mold as any

18   of the products identified in the following table, are collectively referred to herein as

19   "Accused Products":

20

21                            INOVA CB-G MICROLIGHT

22       11.   Defendants have not obtained a license or any other valid authorization

23   for import, sale, or offer for sale in the United States of products manufactured

24   through use of the '184 patented process.

25       12.   Defendants have been on constructive notice of the '184 patent since its

26   issuance on June 19, 1990.

27       13.   Defendants have been on actual express notice of the '184 patented

28

                                         3.                        Case No. _____

ORIGINAL
FILED

08 JAN 11 PH 4: 12

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ⊘

DEPUTY

1   MELODY A. KRAMER, SBN 169984
2   9930 Mesa Rim Road, Suite 1600
    San Diego, California 92121
3   Telephone (858) 362-3150
4   email: mak@kramerlawip.com

5   J. MICHAEL KALER, SBN 158296
6   9930 Mesa Rim Road, Suite 200
    San Diego, California 92121
7   Telephone (858) 362-3151
8   email: michael@kalerlaw.com

9
    Attorneys for Plaintiff JENS ERIK SORENSEN,
10  as Trustee of SORENSEN RESEARCH AND
    DEVELOPMENT TRUST
11

12

13                  UNITED STATES DISTRICT COURT

14            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15
    JENS ERIK SORENSEN, as Trustee of  )  Case No. '08 CV 0070 JLS (RBB)
16  SORENSEN RESEARCH AND              )
17  DEVELOPMENT TRUST,                 )  COMPLAINT FOR PATENT
                                       )  INFRINGEMENT
18                   Plaintiff         )
19       v.                            )
                                       )  REQUEST FOR JURY TRIAL
20  RYOBI TECHNOLOGIES, INC., a        )
21  Delaware corporation; TECHTRONIC   )
    INDUSTRIES NORTH AMERICA,          )
22  INC., a Delaware corporation; and DOES )
23  1 – 100,                           )
                                       )
24                   Defendants.       )
25                                     )
                                       )
26                                     )
27                                     )

28

1    States Code §§ 1331, 1332(a), and 1338(a).

2          8.    On information and belief, venue in this district is proper under 28

3    U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of

4    infringement here and have extensive networks of dealers and online retailers which

5    sell its products nationwide and in this District.

6          9.    This Court has personal jurisdiction over Defendants under the long-

7    arm statute of California and U.S. constitutional law because Defendants market

8    and/or ships its products into this District, offer those products for sale and sells

9    those products in this District, provide advertising in this District targeted to this

10   district's residents, and maintain a network of authorized distribution arrangements

11   with retailers in this district for the purpose of selling their products.

12

13                            **GENERAL ALLEGATIONS**

14         10.   The '184 patent entitled "Stabilized Injection Molding When Using a

15   Common Mold Part With Separate Complimentary Mold Parts," was issued on June

16   19, 1990.

17         11.   Upon information and belief, Defendants jointly, and with other entities

18   not named as parties herein, engage in the design, manufacture, import, distribution,

19   marketing, selling, and/or offering for sale of power tools under the Ryobi®

20   trademarks.

21         12.   Upon information and belief, Defendants jointly, and with other entities

22   unknown, engage in the design, manufacture, import, distribution, marketing, selling,

23   and/or offering for sale of power tools under the Craftsman® trademark.

24         13.   Defendants have been on constructive notice of the '184 patent since its

25   issuance on June 19, 1990.

26         14.   Defendants have been on actual express notice of the '184 patented

27   process at least as early as September 2004.

28         15.   Upon information and belief, the Defendants have engaged in design,

3.                                    Case No. _____

1    manufacture, import, sell, and/or offer for sale within the United States, including
2    this District, power tools that have dual-layer external plastic housings.

3        16.    On information and belief, all products identified herein and all as-yet-
4    unidentified products manufactured through the same or substantially similar
5    processes are manufactured utilizing processes which incorporate all elements of the
6    '184 patented process.

7        17.    None of the Defendants have obtained a license or any other
8    authorization from the Plaintiff for manufacture, import, sale, and/or offer for sale in
9    the United States of products manufactured through use of the '184 patented process.

10

11    ## CLAIM 1 - PATENT INFRINGEMENT AS TO RYOBI PRODUCTS

12        18.    SRDT realleges and incorporates herein by reference paragraphs 1
13    through 17, inclusive, as though fully set forth herein.

14        19.    On information and belief, Defendants have, within the past six years,
15    designed, manufactured, imported into, sold and/or offered for sale within the United
16    States and this District, products having dual-layer external plastic shells.

17        20.    On information and belief, the products referred to in paragraph 19,
18    above, include the following:

19            a.    Ryobi 18.0V Circular Saw, Model No. R10631;
20            b.    Ryobi 13 AMP Circular Saw, Model No. CSB131;
21            c.    Ryobi 14.4V Drill, Model No. HP1441MK2F;
22            d.    Ryobi 18.0V Drill/Driver, Model No. HP1802MK2F;
23            e.    Ryobi 14.4V Drill/Driver, Model No. HP1442MK2F;
24            f.    Ryobi Hammer Drill, Model No. HP1800MK2F;
25            g.    Ryobi 18" Electric Chainsaw;
26            h.    Ryobi One+ Lithium 18V Circular Saw, Model No. P104;
27            i.    Ryobi One+ Lithium 18V Reciprocating Saw, Model No. P513;
28            j.    Ryobi One+ Lithium 18V Drill/Driver, Model No. P203; and

4.

Case No. _____

*ORIGINAL*

1    J. MICHAEL KALER, SBN 158296
2    KALER LAW OFFICES
     9930 Mesa Rim Road, Suite 200
3    San Diego, California 92121
     Telephone (858) 362-3151
4    michael@kalerlaw.com
5
6    MELODY A. KRAMER, SBN 169984
     KRAMER LAW OFFICE, INC.
7    9930 Mesa Rim Road, Suite 1600
     San Diego, California 92121
8    Telephone (858) 362-3150
9    mak@kramerlawip.com
10
11   Attorneys for Plaintiff JENS ERIK SORENSEN,
     as Trustee of SORENSEN RESEARCH AND
12   DEVELOPMENT TRUST

13                                   '08 CV 0134 L NLS

14

15              UNITED STATES DISTRICT COURT

16        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

17
     JENS ERIK SORENSEN, as Trustee of  ) Case No.
18   SORENSEN RESEARCH AND              )
19   DEVELOPMENT TRUST,                 ) **COMPLAINT FOR PATENT**
                                        ) **INFRINGEMENT**
20                          Plaintiff   )
21        v.                            )
                                        ) REQUEST FOR JURY TRIAL
22   INFORMATICS, INC., a Texas         )
23   Corporation; and DOES 1 – 100,     )
                                        )
24                          Defendants. )
25                                      )
                                        )
26                                      )
27
28   //

1    manufacture within, import into, offer for sale, and/or sell infringing products in this
2    District.

3

4                              **CLAIM FOR RELIEF**

5                              **(Patent Infringement)**

6        8.     SRDT realleges and incorporates herein by reference paragraphs 1
7    through 7, inclusive, as though fully set forth herein.

8        9.     The '184 patent entitled "Stabilized Injection Molding When Using a
9    Common Mold Part With Separate Complimentary Mold Parts," was issued on June
10   19, 1990.

11       10.    On information and belief, Defendants have in the past and presently
12   make, import into, sell or offer for sale within the United States and this District,
13   products for which the two plastic component external plastic shells are
14   manufactured through processes which incorporate all elements of the '184 patented
15   process. Those products identified below and any other Defendants' products sold
16   under any name which are manufactured utilizing similar processes, including but
17   not limited to, any other product manufactured using the same injection mold as any
18   of the products identified in the following table, are collectively referred to herein as
19   "Accused Products":

20

21                          WASP WLS 9000 SCANNER

22
         11.    Defendants have not obtained a license or any other valid authorization
23
     for import, sale, or offer for sale in the United States of products manufactured
24
     through use of the '184 patented process.
25
         12.    Upon information and belief, Defendants control the nature and quality
26
     of the Accused Products and manufactures these products in accordance with its
27
     design and product specifications.
28

                                        3.                    Case No. _____

ORIGINAL

FILED

08 FEB 15 PM 3: 22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                         
                    DEPUTY

1   MELODY A. KRAMER, SBN 169984
2   KRAMER LAW OFFICE, INC.
    9930 Mesa Rim Road, Suite 1600
3   San Diego, California 92121
    Telephone (858) 362-3150
4   mak@kramerlawip.com
5
6   J. MICHAEL KALER, SBN 158296
    KALER LAW OFFICES
7   9930 Mesa Rim Road, Suite 200
    San Diego, California 92121
8   Telephone (858) 362-3151
9   michael@kalerlaw.com
10
11
    Attorneys for Plaintiff JENS ERIK SORENSEN,
12  as Trustee of SORENSEN RESEARCH AND
    DEVELOPMENT TRUST
13
14
15              UNITED STATES DISTRICT COURT
16          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17                              '08 CV 306    JM POR
18  JENS ERIK SORENSEN, as Trustee of  )  Case No.
19  SORENSEN RESEARCH AND              )
    DEVELOPMENT TRUST,                 )  COMPLAINT FOR PATENT
20                                     )  INFRINGEMENT
21                         Plaintiff   )
          v.                           )
22                                     )  REQUEST FOR JURY TRIAL
23  SUNBEAM PRODUCTS, INC., a          )
    Delaware Corporation; and DOES 1 – )
24  100,                               )
25                                     )
                   Defendants.         )
26                                     )
27  _____)
28

1    manufactured within, imported into, offered for sale, and/or sold infringing products

2    in this District.

3

4                              **CLAIM FOR RELIEF**

5                              **(Patent Infringement)**

6         8.    SRDT realleges and incorporates herein by reference paragraphs 1

7    through 7, inclusive, as though fully set forth herein.

8         9.    The '184 patent entitled "Stabilized Injection Molding When Using a

9    Common Mold Part With Separate Complimentary Mold Parts," was issued on June

10   19, 1990.

11        10.   On information and belief, Defendants have, within the past six years,

12   made, imported into, sold or offered for sale within the United States and this

13   District, products for which the two plastic component external plastic shells are

14   manufactured through processes which incorporate all elements of the '184 patented

15   process (hereinafter "Accused Products").

16        11.   Accused Products include the product(s) specifically identified below,

17   and any other of Defendants' products sold under any name which were

18   manufactured utilizing similar processes, including but not limited to, any other

19   product manufactured using the same injection mold as any of the products identified

20   in the following table:

21

22                        SUNBEAM PROFESSIONAL IRON 4243

23        12.   Defendants have not obtained a license or any other valid authorization

24   for import, sale, or offer for sale in the United States of products manufactured

25   through use of the '184 patented process.

26        13.   Defendants have been on constructive notice of the '184 patent since its

27   issuance on June 19, 1990.

28

                                                              Case No. _____

                                    3.

ORIGINAL
FILED

08 JUN 18  PM 2: 44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____ DEPUTY

1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151
   michael@kalerlaw.com
5
6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE, INC.
7  9930 Mesa Rim Road, Suite 1600
8  San Diego, California 92121
   Telephone (858) 362-3150
9  mak@kramerlawip.com
10
   Attorneys for Plaintiff JENS ERIK SORENSEN,
11 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
12
13
14              UNITED STATES DISTRICT COURT
15         FOR THE SOUTHERN DISTRICT OF CALIFORNIA
16
17 JENS ERIK SORENSEN, as Trustee of  )  Case No. '08 CV 1080 L POR
   SORENSEN RESEARCH AND            )
18 DEVELOPMENT TRUST,                )  COMPLAINT FOR PATENT
19                                   )  INFRINGEMENT
                                     )
20            Plaintiff              )
      v.                             )
21                                   )  REQUEST FOR JURY TRIAL
22 HUMAN TOUCH LLC, a Delaware       )
   company, INTERACTIVE HEALTH,      )
23 Inc., a Delaware corporation; and DOES )
   1 – 100,                          )
24                                   )
25            Defendants.            )
                                     )
26
27
28

CR

1   States Code §§ 1331, 1332(a), and 1338(a).

2        7.    On information and belief, venue in this district is proper under 28

3   U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of

4   infringement in this District.

5        8.    This Court has personal jurisdiction over Defendants because they have

6   manufactured within, imported into, offered for sale, and/or sold infringing products

7   in this District.

## CLAIM FOR RELIEF
### (Patent Infringement)

11       9.    SRDT realleges and incorporates herein by reference paragraphs 1

12  through 8, inclusive, as though fully set forth herein.

13       10.   The '184 patent entitled "Stabilized Injection Molding When Using a

14  Common Mold Part With Separate Complimentary Mold Parts," was issued on June

15  19, 1990.

16       11.   On information and belief, Defendants have, within the past six years,

17  made, imported into, sold or offered for sale within the United States and this

18  District, products for which the two plastic component external plastic shells are

19  manufactured through processes which incorporate all elements of the '184 patented

20  process (hereinafter "Accused Products").

21       12.   Accused Products include the product(s) specifically identified below,

22  and any other of Defendants' products sold under any name which were

23  manufactured utilizing similar processes, including but not limited to, any other

24  product manufactured using the same injection mold as any of the products identified

25  in the following table:

27                        HT-1260 ACUVIBE

3.

Case No. _____

ORIGINAL

FILED

08 JUL 11 PM 4:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
   Telephone (858) 362-3150
4  mak@kramerlawip.com
5
6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
8  Telephone (858) 362-3151
9  michael@kalerlaw.com
10
11
   Attorneys for Plaintiff JENS ERIK SORENSEN,
12 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
13
14
15              UNITED STATES DISTRICT COURT
16
         FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17
18 JENS ERIK SORENSEN, as Trustee of  ) Case No. 08 CV 1256 H LSP
19 SORENSEN RESEARCH AND            )
   DEVELOPMENT TRUST,               )
                                    ) COMPLAINT FOR PATENT
20                                  ) INFRINGEMENT
21              Plaintiff           )
        v.                          )
22                                  ) REQUEST FOR JURY TRIAL
23 Conair Corporation, a Delaware   )
   Corporation; and DOES 1 – 100,   )
24                                  )
25              Defendants.         )
                                    )
26                                  )
27 _____ )
28



1    manufactured within, imported into, offered for sale, and/or sold infringing products
2    in this District.

3

4                              **CLAIM FOR RELIEF**

5                              **(Patent Infringement)**

6        8.    SRDT realleges and incorporates herein by reference paragraphs 1
7    through 7, inclusive, as though fully set forth herein.

8        9.    The '184 patent entitled "Stabilized Injection Molding When Using a
9    Common Mold Part With Separate Complimentary Mold Parts," was issued on June
10    19, 1990.

11        10.    On information and belief, Defendants have, within the past six years,
12    made, imported into, sold or offered for sale within the United States and this
13    District, products for which the two plastic component external plastic shells are
14    manufactured through processes which incorporate all elements of the '184 patented
15    process (hereinafter "Accused Products").

16        11.    Accused Products include the product(s) specifically identified below,
17    and any other of Defendants' products sold under any name which were
18    manufactured utilizing similar processes, including but not limited to, any other
19    product manufactured using the same injection mold as any of the products identified
20    in the following table:

21

22                         CONAIR COLOR ZONE BRUSH

23              THE CONAIR CHOPPER 2-IN-1 GROOMING SYSTEM

24

25        12.    Defendants have not obtained a license or any other valid authorization
26    for import, sale, or offer for sale in the United States of products manufactured
27    through use of the '184 patented process.

28        13.    Defendants have been on constructive notice of the '184 patent since its

                                    3.                            Case No. _____

ORIGINAL

FILED

08 MAR 25 PM 3: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ CP
                    DEPUTY

1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
   Telephone (858) 362-3150
4  mak@kramerlawip.com
5
6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
8  Telephone (858) 362-3151
9  michael@kalerlaw.com
10
11
   Attorneys for Plaintiff JENS ERIK SORENSEN,
12 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
13
14
15              UNITED STATES DISTRICT COURT
16        FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17
18 JENS ERIK SORENSEN, as Trustee of )  Case No. '08 CV 0559 H NLS
19 SORENSEN RESEARCH AND            )
   DEVELOPMENT TRUST,               )  COMPLAINT FOR PATENT
20                                  )  INFRINGEMENT
21              Plaintiff           )
                                    )
22      v.                          )
                                    )  REQUEST FOR JURY TRIAL
23 DMS HOLDINGS, INC. d.b.a. MABIS  )
   HEALTHCARE and DURO-MED          )
24 INDUSTRIES, a a Delaware Corporation; )
   and DOES 1 – 100,                )
25                                  )
26              Defendants.         )
27 _____)
28

1     7.     This Court has personal jurisdiction over Defendants because they have

2 manufactured within, imported into, offered for sale, and/or sold infringing products

3 in this District.

4

5

6                      **CLAIM FOR RELIEF**

7                      **(Patent Infringement)**

8     8.     SRDT realleges and incorporates herein by reference paragraphs 1

9 through 7, inclusive, as though fully set forth herein.

10     9.     The '184 patent entitled "Stabilized Injection Molding When Using a

11 Common Mold Part With Separate Complimentary Mold Parts," was issued on June

12 19, 1990.

13     10.     On information and belief, Defendants have, within the past six years,

14 made, imported into, sold or offered for sale within the United States and this

15 District, products for which the two plastic component external plastic shells are

16 manufactured through processes which incorporate all elements of the '184 patented

17 process (hereinafter "Accused Products").

18     11.     Accused Products include the product(s) specifically identified below,

19 and any other of Defendants' products sold under any name which were

20 manufactured utilizing similar processes, including but not limited to, any other

21 product manufactured using the same injection mold as any of the products identified

22 in the following table:

23

24                 RELION DIGITAL THERMOMETER,

            BD RAPID FLEX DIGITAL THERMOMETER

25

26     12.     Defendants have not obtained a license or any other valid authorization

27 for import, sale, or offer for sale in the United States of products manufactured

28 through use of the '184 patented process.

Case No. _____

ORIGINAL

FILED

2009 JAN 14  PM 4: 08

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1   MELODY A. KRAMER, SBN 169984
    KRAMER LAW OFFICE, INC.
2   9930 Mesa Rim Road, Suite 1600
3   San Diego, California 92121
    Telephone (858) 362-3150
4   mak@kramerlawip.com
5

6   J. MICHAEL KALER, SBN 158296
    KALER LAW OFFICES
7   9930 Mesa Rim Road, Suite 200
    San Diego, California 92121
8   Telephone (858) 362-3151
9   michael@kalerlaw.com

10

11

    Attorneys for Plaintiff JENS ERIK SORENSEN,
12  as Trustee of SORENSEN RESEARCH AND
    DEVELOPMENT TRUST
13

14

15              UNITED STATES DISTRICT COURT
16          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17
                                          '09 CV 0056 W AJB
18  JENS ERIK SORENSEN, as Trustee of  ) Case No. ....
    SORENSEN RESEARCH AND              )
19  DEVELOPMENT TRUST,                 )
                                       ) COMPLAINT FOR PATENT
20                                     ) INFRINGEMENT
21                Plaintiff            )
         v.                            )
22                                     ) REQUEST FOR JURY TRIAL
23  TARGET BRANDS, INC., a Minnesota   )
    Corporation; and DOES 1 – 100,     )
24                                     )
25                Defendants.          )
                                       )
26                                     )
27  _____   )

28

1    manufactured within, imported into, offered for sale, and/or sold infringing products

2    in this District.

3

4    ### CLAIM FOR RELIEF

5    **(Patent Infringement)**

6        8.    SRDT realleges and incorporates herein by reference paragraphs 1

7    through 7, inclusive, as though fully set forth herein.

8        9.    The '184 patent entitled "Stabilized Injection Molding When Using a

9    Common Mold Part With Separate Complimentary Mold Parts," was issued on June

10   19, 1990.

11       10.    On information and belief, Defendants have, within the past six years,

12   made, imported into, sold or offered for sale within the United States and this

13   District, products for which the two plastic component external plastic shells are

14   manufactured through processes which incorporate all elements of the '184 patented

15   process (hereinafter "Accused Products").

16       11.    Accused Products include the product(s) specifically identified below,

17   and any other of Defendants' products sold under any name which were

18   manufactured utilizing similar processes, including but not limited to, any other

19   product manufactured using the same injection mold as any of the products identified

20   below:

21       a.    Durabuilt 12' Measuring Tape;

22       b.    Durabuilt 18v Cordless Drill;

23       c.    Durabuilt 18v Cordless Detail Sander;

24       d.    Durabuilt 18v Cordless Circular Saw;

25       e.    Durabuilt Electric Rotary Tool;

26       f.    Dog Bowl from Target;

27       g.    Target Brands Garden Place Grass Shears; and

28

Case No. _____

3.

h.      Shedding Blade by Target Brands

12.     Defendants have not obtained a license or any other valid authorization for import, sale, or offer for sale in the United States of products manufactured through use of the '184 patented process.

13.     Defendants have been on constructive notice of the '184 patent since its issuance on June 19, 1990.

14.     Defendants have been on actual express notice of the '184 patented process since at least October 22, 2004.

15.     Upon information and belief, the Defendants have engaged in design, manufacture, import, sell, and/or offer for sale within the United States, including this District, products that have dual-layer external plastic housings.

16.     On information and belief, the Accused products identified herein and as-yet-unidentified products manufactured through the same or substantially similar process have been manufactured through processes which incorporate all elements of the '184 patented process.

17.     None of the Defendants have obtained a license or any other authorization from the Plaintiff for manufacture, import, sale, and/or offer for sale in the United States of products manufactured through use of the '184 patented process.

18.     Plaintiff's initial infringement notice to Defendants on October 22, 2004, provided Defendants with a drawing and associated claim chart showing the substantial likelihood pursuant to 35 U.S.C. § 295, of the infringement of the '184 patented process as to at least one product by the import, sale and/or offer for sale in this District and the United States of the identified Accused Products and all other Defendants' products manufactured with processes which incorporate the elements of the '184 patent.

19.     The evidence provided to Defendants in the initial letter and subsequent correspondence identifying additional accused products, illustrate how the processes

4.

1   MELODY A. KRAMER, SBN 169984
    KRAMER LAW OFFICE, INC.
2   9930 Mesa Rim Road, Suite 1600
    San Diego, California 92121
3   Telephone (858) 362-3150
    mak@kramerlawip.com
4

5   J. MICHAEL KALER, SBN 158296
    KALER LAW OFFICES
6   9930 Mesa Rim Road, Suite 200
    San Diego, California 92121
7   Telephone (858) 362-3151
    michael@kalerlaw.com
8

9   Attorneys for Plaintiff JENS ERIK SORENSEN,
    as Trustee of SORENSEN RESEARCH AND
10  DEVELOPMENT TRUST

11

12                      UNITED STATES DISTRICT COURT

13              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15  ACCO BRANDS USA LLC,                    )  Case No. 08cv1670 BTM CAB
    a Delaware corporation,                 )
16                          Plaintiff,      )  **ANSWER AND COUNTERCLAIMS FOR**
                                            )  **PATENT INFRINGEMENT**
    v.                                      )
17                                          )
    JENS ERIK SORENSEN, as Trustee of       )
18  SORENSEN RESEARCH AND                   )  REQUEST FOR JURY TRIAL
    DEVELOPMENT TRUST,                      )
19                                          )
                          Defendant.        )
20  _____ )
                                            )
21  JENS ERIK SORENSEN, as Trustee of       )
    SORENSEN RESEARCH AND                   )
22  DEVELOPMENT TRUST,                      )
                                            )
23                      Counterclaimant     )
                                            )
24  v.                                      )
                                            )
25  ACCO BRANDS USA LLC, a Delaware         )
    corporation; ACCO BRANDS CORPORATION    )
26  and DOES 1 – 100,                       )
                                            )
27                      Counterdefendants.  )
    _____ )
28

1    through 12, inclusive, as though fully set forth herein.

2        14.    The '184 patent entitled "Stabilized Injection Molding When Using a

3    Common Mold Part With Separate Complimentary Mold Parts," was issued on June

4    19, 1990.

5        15.    On information and belief, Counterdefendants have in the past and

6    presently make, import into, sell or offer for sale within the United States and this

7    District, products for which the two plastic component external plastic shells are

8    manufactured through processes which incorporate all elements of the '184 patented

9    process. Those products identified below and any other Counterdefendants products

10   sold under any name which are manufactured utilizing similar processes, including

11   but not limited to, any other product manufactured using the same injection mold as

12   any of the products identified in the following table, are collectively referred to

13   herein as "Accused Products":

14

15                          Kensington Ci70LE Wireless Mouse
                            Kensington Ci70 Wireless Mouse
16

17       16.    Counterdefendants have not obtained a license or any other valid

18   authorization for import, sale, or offer for sale in the United States of products

19   manufactured through use of the '184 patented process.

20       17.    Counterdefendants have been on constructive notice of the '184 patent

21   since its issuance on June 19, 1990.

22       18.    Counterdefendants have been on actual express notice of the '184

23   patented process since at least April 11, 2006.

24       19.    Upon information and belief, the Counterdefendants have engaged in

25   design, manufacture, import, sell, and/or offer for sale within the United States,

26   including this District, products that have dual-layer external plastic housings.

27       20.    On information and belief, the Accused Products identified herein and

28   as-yet-unidentified products manufactured through the same or substantially similar

ORIGINAL

FILED

2009 JAN 14  PM 4: 19

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1    MELODY A. KRAMER, SBN 169984
     KRAMER LAW OFFICE, INC.
2    9930 Mesa Rim Road, Suite 1600
3    San Diego, California 92121
     Telephone (858) 362-3150
4    mak@kramerlawip.com
5

6    J. MICHAEL KALER, SBN 158296
     KALER LAW OFFICES
7    9930 Mesa Rim Road, Suite 200
     San Diego, California 92121
8    Telephone (858) 362-3151
9    michael@kalerlaw.com   .

10

11   Attorneys for Plaintiff JENS ERIK SORENSEN,
12   as Trustee of SORENSEN RESEARCH AND
     DEVELOPMENT TRUST
13

14

15                   UNITED STATES DISTRICT COURT
16
              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17

18   JENS ERIK SORENSEN, as Trustee of   )   Case No. 09 CV 0060 WQH AJB
19   SORENSEN RESEARCH AND                )
     DEVELOPMENT TRUST, .                 )   COMPLAINT FOR PATENT
20                                        )   INFRINGEMENT
21                   Plaintiff            )
             v.                           )
22                                        )   REQUEST FOR JURY TRIAL
23   AXONN, LLC, a Louisiana Corporation; )
     SPOT, LLC, a Colorado Company;       )
24   GLOBALSTAR, INC., a Delaware         )
25   Corporation, and DOES 1 – 100,       )
                                          )
26                   Defendants.          )
27                                        )
28

1  America, Title 35, United States Code. Jurisdiction is founded on Title 28, United

2  States Code §§ 1331, 1332(a), and 1338(a).

3      8.    On information and belief, venue in this district is proper under 28

4  U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of

5  infringement in this District.

6      9.    This Court has personal jurisdiction over Defendants because they have

7  manufactured within, imported into, offered for sale, and/or sold infringing products

8  in this District.

9

10                             **CLAIM FOR RELIEF**

11                            **(Patent Infringement)**

12     10.    SRDT realleges and incorporates herein by reference paragraphs 1

13  through 9, inclusive, as though fully set forth herein.

14     11.    The '184 patent entitled "Stabilized Injection Molding When Using a

15  Common Mold Part With Separate Complimentary Mold Parts," was issued on June

16  19, 1990.

17     12.    On information and belief, Defendants have, within the past six years,

18  made, imported into, sold or offered for sale within the United States and this

19  District, products for which the two plastic component external plastic shells are

20  manufactured through processes which incorporate all elements of the '184 patented

21  process (hereinafter "Accused Products").

22     13.    Accused Products include the product(s) specifically identified below,

23  and any other of Defendants' products sold under any name which were

24  manufactured utilizing similar processes, including but not limited to, any other

25  product manufactured using the same injection mold as any of the products identified

26  in the following table:

27

28                         SPOT Satellite Personal Tracker

                                                    Case No. _____

                                    3.

# EXHIBIT 14

```
 1              UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 2

 3                                    )
      JENS ERIK SORENSEN, as          )
 4    Trustee of SORENSEN             )
      RESEARCH AND DEVELOPMENT        )
 5    TRUST,                          )
                                      )
 6                                    )
                   Plaintiff,         )  Case No. 07cv02278BTM
 7                                    )
                                      )
 8                 vs.                )
                                      )
 9    HELEN OF TROY TEXAS             )
      CORPORATION; OXO                )
10    INTERNATIONAL, LTD; and         )
      DOES 1-100,                     )
11                                    )
                                      )
12             Defendants.            )
                                      )  San Diego, California
13                                    )
                                      )  February 25, 2008
14

15

16                   Status Conference

17      BEFORE THE HONORABLE BARRY TED MOSKOWITZ
                UNITED STATES DISTRICT JUDGE
18

19    APPEARANCES:

20    For the Plaintiff:        Kaler Law Offices
                                J. Michael Kaler
21                              9930 Mesa Rim Road St. 200
                                San Diego, CA 92121
22
                                Kramer Law Office
23                              Melody A. Kramer
                                9930 Mesa Rim Road, St.1600
24                              San Diego, CA 92121

25
```

1

2       *For the Defendants:*                Seyfarth Shaw
                                            Eric B. Von Zeipel
3                                           2029 Century Park East,
                                            Suite 3300
4                                           Los Angeles, CA 90067

5

6       *Official Reporter:*               Barbara Harris CM/RPR/CRR
                                           880 Front Street
                                           San Diego, CA 92101
7                                          619-990-3116

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1            San Diego, California  -  February 25, 2008

 2

 3            THE COURT:  We are going to call the case.  We have

 4    a court reporter here.

 5            THE CLERK:  Number 1 on calendar, 07CV2278,          16:21:53

 6    Sorenson vs. Helen of Troy Texas Corporation, et al., on for

 7    status conference.

 8            THE COURT:  Okay.  For the plaintiff?

 9            MR. KALER:  Michael Kaler and Melody Kraemer for

10    the plaintiff.                                               16:21:53

11            THE COURT:  Can you hear him?  Did you hear Mr.

12    Kaler?

13            MR. VON ZEIPEL:  I did, yes.

14            THE COURT:  Okay.  There were two things that I

15    wanted to talk about.  One is the issue of the default, and  16:21:54

16    the other thing I wanted to talk about is whether this is a

17    case that perhaps should have Multidistrict Litigation Panel

18    consideration, and I'm going to be asking the plaintiff's

19    counsel some questions about that.  Maybe it's not and maybe

20    yes.  So we will do that in one second.                      16:21:54

21            First let's take the issue of the default.  In

22    looking over the docket, it looks like the summons was --

23    summons and complaint were served on December 10th, 2007, and

24    you filed a motion to stay litigation on January 7th, 2008.

25            MR. VON ZEIPEL:  Right.                              16:21:55
```

```
 1   next step, because I'm sure you've got plenty of things to
 2   do.  You don't need time to waste on things that really
 3   aren't going to accomplish anything.
 4          You filed at least in one other district.  Did you
 5   file cases in --                                              16:22:07
 6          MR. KALER:  Northern District of California.
 7          THE COURT:  -- any other district?
 8          MR. KALER:  No.  We have been sued with dec relief
 9   actions in at least three other districts.  None of those
10   have actually come at issue as of yet because they just      16:22:07
11   started serving them, but our actions --
12          THE COURT:  Can you still hear him, Mr. Von Zeipel?
13          MR. VON ZEIPEL:  Yes, I can hear.
14          MR. KALER:  So there are three other districts
15   where there is litigation against us which has been pending  16:22:08
16   or the time has not come to respond, but we have only been
17   sued in the Northern District --
18          THE COURT:  Here is my concern as a judge:  That if
19   there is litigation in multiple districts and it involves
20   interpretation of the patent, you can have different results 16:22:08
21   in different districts.  And then if there are issues about
22   -- that would apply across the board, for example,
23   invalidity -- you know, a lot of times there are arguments
24   about invalidity for failure to disclose thing to the Patent
25   Office, or obviousness or other things that go to invalidity, 16:22:08
```

 1   that you could have different results in different districts.
 2   And it can really be a mess.
 3        And now, I checked, this would be -- with
 4   declaratory judgment actions and with affirmative actions by
 5   the patent holder, this would be a case that could be            16:22:08
 6   appropriate for multidistrict litigation, so there is one
 7   group of, you know, discovery that everybody gets and you
 8   don't have to make discovery in all different districts.
 9   There is one group of patent litigation about the terms of
10   the patent rather than having multiple litigation over it.       16:22:09
11        But, the Multidistrict Litigation Panel or the
12   court on its own can't -- the Multidistrict Litigation Panel
13   can, but a district judge can't sua sponte have it considered
14   by the Multidistrict Litigation Panel.
15        And the Multidistrict Litigation Panel's staff told 16:22:09
16   me that they routinely do not do it sua sponte.  So that
17   unless a party, any party, makes a motion to the
18   Multidistrict Litigation Panel, they will not, you know, just
19   reach out and consolidate it or even issue an order to show
20   cause as to whether it should be done.  So it's really up to    16:22:10
21   the defendants and the plaintiff.
22        Now, the defendants may have less of an interest
23   because if one defendant loses it's not collateral estoppel
24   against another defendant.  If the plaintiff loses one case,
25   the plaintiff loses every case, because it's collateral          16:22:10

1    estoppel, where it doesn't work the other way if the other

2    parties aren't involved.

3          So I leave it -- I wanted to address the issue, but

4    it's really up to the parties as to whether they want the

5    Multidistrict Litigation Panel to consider whether it should    16:22:10

6    all be in one place.  The advantages of it being in one place

7    is you would have one claim construction.  I assume it's the

8    same claims; right?

9          MR. KALER:  For the most part.  There might be some

10   variation with a few of the defendants.    16:22:10

11         THE COURT:  But there would be one claim

12   construction hearing that would apply to everybody.  There

13   would be, you know, uniform discovery of what would be a

14   privilege issue that would be resolved uniformly for

15   everybody rather than having it resolved one way in one place    16:22:10

16   and potentially another way in another place, and there would

17   also be the speed of having one -- having it done one time.

18         So I toss that out, and it's really up to the

19   parties as to whether they want to apply to the Multidistrict

20   Litigation Panel.  The statute is 28 USC, is it 1407, I think    16:22:11

21   is the statute.  So I toss that out as a possibility to have

22   separate -- the possibility of separate inconsistent

23   decisions on many different issues in these cases.

24         MR. KALER:  That is certainly something I want to

25   discuss with the client before I make a decision, your Honor.    16:22:11

14

```
 1              THE COURT:  Well, but here essentially you have a
 2    mini multidistrict litigation.  You have a mini not
 3    multidistrict, but a single district litigation, because they
 4    are all coming to me, and as related cases.
 5              So, to the degree that they are all in the Southern 16:22:12
 6    District of California, I'm getting all the cases anyway, so
 7    the risk is that in any of the other districts, whether it be
 8    declaratory relief actions or others, there could be
 9    inconsistent decisions.
10              MS. KRAEMER:  We will take a look at that.  We will 16:22:12
11    take a look at that.
12              THE COURT:  Okay.  So, back to the first part about
13    the stay, and the answer.  Putting aside multidistrict
14    litigation, one thing that should be considered is whether
15    there should be an answer before a stay, and if the parties    16:22:12
16    were to agree -- were to be in agreement with that, then I
17    could take care of the whole thing by just giving them X
18    number of days, weeks, whatever, to file an answer.
19              MR. KALER:  Well, it's certainly plaintiff's
20    position that having an answer on file clarifies some issues   16:22:12
21    when you are determining whether or not to issue the stay.  I
22    suspect the defense takes a different view or they would have
23    already filed an answer.
24              THE COURT:  Mr. Von Zeipel, what do you think?
25              MR. VON ZEIPEL:  That is correct, we do take a       16:22:13
```

```
 1  care of the -- the answer will be filed.  We will extend the
 2  time for filing the answer.  It will grant the stay without
 3  prejudice.  And I think that takes care of everything.
 4              MR. KALER:  Thank you, your Honor.
 5              THE COURT:  And you'll think about -- the parties      16:22:21
 6  will think about whether they want to -- one or more wants to
 7  seek multidistrict litigation consolidation.  All right?
 8              MR. KALER:  Understood.
 9              MS. KRAEMER:  All right.
10              THE COURT:  And I think that if there is a request     16:22:22
11  to vacate the stay, to take certain discovery, rather than
12  make you go to a magistrate and then come back, I will do it
13  so you don't have to go through a double process.
14              MR. KALER:  Thank you, your Honor.
15              THE COURT:  I want to save everybody time and          16:22:22
16  effort.  Okay?
17              MR. KALER:  Okay.
18              THE COURT:  Anything else we can do today?
19              MR. VON ZEIPEL:  Nothing on this side, your Honor.
20              THE COURT:  Okay.  And make sure the answer covers     16:22:22
21  the right Texas parties.  And you have to do a new
22  disclosure.
23              It won't affect me since I have no investments, but
24  you have to file that disclosure because the Texas
25  corporation may have -- it may be different ownership          16:22:23
```

# EXHIBIT 15

1   MELODY A. KRAMER, SBN 169984
    9930 Mesa Rim Road, Suite 1600
2   San Diego, California 92121
3   Telephone (858) 362-3150
    email: mak@kramerlawip.com
4

5   J. MICHAEL KALER, SBN 158296
    9930 Mesa Rim Road, Suite 200
6   San Diego, California 92121
7   Telephone (858) 362-3151
    email: michael@kalerlaw.com
8

9
    Attorneys for Plaintiff JENS ERIK SORENSEN,
10  as Trustee of SORENSEN RESEARCH AND
    DEVELOPMENT TRUST
11

12

13              UNITED STATES DISTRICT COURT

14        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15
    JENS ERIK SORENSEN, as Trustee of   )  Case No. 08 cv 00060 BTM CAB
16  SORENSEN RESEARCH AND                )
17  DEVELOPMENT TRUST,                   )
                                         )
18                     Plaintiff         )
19         v.                            )  SECOND AMENDED NOTICE OF
                                         )  RELATED CASES
20  EMERSON ELECTRIC CO., a Missouri    )
21  corporation; ONE WORLD              )
    TECHNOLOGIES, INC., a Delaware       )
22  corporation; RIDGE TOOL COMPANY, )
23  an Ohio corporation; RIDGID, INC., a )
    Delaware corporation; and            )
24  DOES 1 – 100                         )
25                                       )
                       Defendants.       )
26                                       )
                                         )
27  _____ )

28

1    Pursuant to Local Civil Rule 40.1(e), Plaintiff JENS E. SORENSEN, as
2    TRUSTEE OF THE SORENSEN RESEARCH AND DEVELOPMENT TRUST
3    ("SRDT"), hereby gives SECOND AMENDED notice of cases related to the present
4    case. Specifically, SRD TRUST gives notice of the following related cases that all
5    arise from alleged infringement of United States Patent Number 4,935,184 ("the '184
6    patent"), whether pending, dismissed, or otherwise terminated:

7    *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
8    *Trust v. Central Purchasing, LLC, et al.*, Case No. 08cv309, filed February 15, 2008
9    in the United States District Court for the District of Southern California. Plaintiff
10    alleges infringement of the '184 patent by Defendants.    Consolidation is not
11    recommended because this related case involves different parties and has different
12    products at issue.

13    *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
14    *Trust v. Logitech, Inc., et al.*, Case No. 08cv308, filed February 15, 2008 in the
15    United States District Court for the District of Southern California. Plaintiff alleges
16    infringement of the '184 patent by Defendants.    Consolidation is not recommended
17    because this related case involves different parties and has different products at issue.

18    *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
19    *Trust v. Metabo Corporation, et al.*, Case No. 08cv304, filed February 15, 2008 in
20    the United States District Court for the District of Southern California. Plaintiff
21    alleges infringement of the '184 patent by Defendants.    Consolidation is not
22    recommended because this related case involves different parties and has different
23    products at issue.

24    *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
25    *Trust v. Rally Manufacturing, Inc., et al.*, Case No. 08cv302, filed February 15, 2008
26    in the United States District Court for the District of Southern California. Plaintiff
27    alleges infringement of the '184 patent by Defendants.    Consolidation is not
28    recommended because this related case involves different parties and has different

2.

Case No. 08cv00060 BTM CAB

1    products at issue.

2        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

3    *Trust v. Sunbeam Products, Inc., et al.*, Case No. 08cv306, filed February 15, 2008 in

4    the United States District Court for the District of Southern California. Plaintiff

5    alleges infringement of the '184 patent by Defendants.    Consolidation is not

6    recommended because this related case involves different parties and has different

7    products at issue.

8        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

9    *Trust v. Star Asia, U.S.A., LLC, et al.*, Case No. 08cv307, filed February 15, 2008 in

10   the United States District Court for the District of Southern California. Plaintiff

11   alleges infringement of the '184 patent by Defendants.    Consolidation is not

12   recommended because this related case involves different parties and has different

13   products at issue.

14       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

15   *Trust v. CTT Tools, Inc., et al.*, Case No. 08cv231, filed February 5, 2008 in the

16   United States District Court for the District of Southern California. Plaintiff alleges

17   infringement of the '184 patent by Defendants.  Consolidation is not recommended

18   because this related case involves different parties and has different products at issue.

19       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

20   *Trust v. Global Machinery Company, et al.*, Case No. 08cv233, filed February 5,

21   2008 in the United States District Court for the District of Southern California.

22   Plaintiff alleges infringement of the '184 patent by Defendants.  Consolidation is not

23   recommended because this related case involves different parties and has different

24   products at issue.

25       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

26   *Trust v. Emissive Energy Corp., et al.*, Case No. 08cv234, filed February 5, 2008 in

27   the United States District Court for the District of Southern California. Plaintiff

28   alleges infringement of the '184 patent by Defendants.    Consolidation is not

3.                    Case No. 08cv00060 BTM CAB

1    recommended because this related case involves different parties and has different

2    products at issue.

3        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

4    *Trust v. Alltrade Tools, LLC., et al.*, Case No. 08cv232, filed February 5, 2008 in the

5    United States District Court for the District of Southern California. Plaintiff alleges

6    infringement of the '184 patent by Defendants.  Consolidation is not recommended

7    because this related case involves different parties and has different products at issue.

8        *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

9    *Trust v. Motorola, Inc., et al.*, Case No. 3:08-cv-0136 LAB RBB, filed January 23,

10   2008 in the United States District Court for the District of Southern California.

11   Plaintiff alleges infringement of the '184 patent by Defendants.  Consolidation is not

12   recommended because this related case involves  different parties and has different

13   products at issue.

14       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

15   *Trust v. Sanyo North America Corporation, et al.*, Case No. 3:08-cv-0135 DMS

16   POR, filed January 23, 2008 in the  United States District Court for the District of

17   Southern California. Plaintiff alleges infringement of the '184 patent by Defendants.

18   Consolidation is not recommended because this related case involves different

19   parties and has different products at issue.

20       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

21   *Trust v. Informatics, inc., et al.*, Case No. 3:08-cv-0134-L NLS, filed January 23,

22   2008 in the United States District Court for the District of Southern California.

23   Plaintiff alleges infringement of the '184 patent by Defendants.  Consolidation is not

24   recommended because this related case involves different parties and has different

25   products at issue.

26       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

27   *Trust v. Ryobi Technologies, Inc., et al.*, Case No. 3:08-cv-0070-BTM-CAB, filed

28   January 11, 2008 in the United States District Court for the District of Southern

4.

Case No. 08cv00060 BTM CAB

1   California. Plaintiff alleges infringement of the '184 patent by Defendants.

2   Consolidation is not recommended because this related case involves different

3   parties and has different products at issue.

4       *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

5   *Trust v. Senco Products, Inc.,* Case No. 3:08-cv-0071-BTM-CAB, filed January 11,

6   2008 in the United States District Court for the District of Southern California.

7   Plaintiff alleges infringement of the '184 patent by Defendants. Consolidation is not

8   recommended because this related case involves different parties and has a single

9   different product at issue.

10      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

11  *Trust v. Johnson Level & Tool Mfg. Co., Inc.,* Case No. 3:08-cv-0025-BTM-CAB,

12  filed January 4, 2008 in the United States District Court for the District of Southern

13  California. Plaintiff alleges infringement of the '184 patent by Defendants.

14  Consolidation is not recommended because this related case involves different

15  parties and has different, unrelated products at issue.

16      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

17  *Trust v. Lexar Media, Inc.,* Case No. 5:08-cv-00095-JW, filed January 7, 2008 in the

18  United States District Court for the District of Northern California. Plaintiff alleges

19  infringement of the '184 patent by Defendants. Consolidation is not recommended

20  because this related case involves different parties and has different unrelated

21  products at issue.

22      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*

23  *Trust v. Ampro Tools Corporation,* Case No. 4:08-cv-00096-CW, filed January 7,

24  2008 in the United States District Court for the District of Northern California.

25  Plaintiff alleges infringement of the '184 patent by Defendants. Consolidation is not

26  recommended because this related case involves different parties and has different,

27  unrelated products at issue.

28      *PowerStation LLC, et al v. Sorensen Research and Development Trust,* Case

5.

Case No. 08cv00060 BTM CAB

1  No. 07-cv-04167-RBH, filed December 31, 2007 in the United States District Court
2  for the District of South Carolina. Plaintiff seeks declaratory judgment that the '184
3  patent is invalid and not infringed by them, and also makes an unfair trade practices
4  claim. Consolidation is not recommended because case involves different parties
5  and different products, and adds a state law cause of action.

6      *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
7  *Trust v. Energizer Holdings, Inc., et al*, Case No. 3:07-CV-2321-BTM-CAB, filed
8  December 11, 2007 in the United States District Court for the Southern District of
9  California. Consolidation is not recommended because this related case involves
10 different parties and has different, unrelated products at issue.

11     *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
12 *Trust v. Giant International, Inc., et al*, Case No. 3:07-CV-2121-BTM-CAB, filed
13 November 6, 2007 in the United States District Court for the Southern District of
14 California. Consolidation is not recommended because this related case involves
15 different parties and has different, unrelated products at issue.

16     *Jens Erik Sorensen as Trustee of Sorensen Research and Development Trust v.*
17 *Esseplast (USA) NC, Inc., et al*, Case No. 3:07-cv-2277-BTM-CAB, filed December
18 4, 2007 in this District. Consolidation is not recommended because this related case
19 involves different parties and has different, unrelated products at issue.

20     *Jens Erik Sorensen as Trustee of Sorensen Research and Development Trust v.*
21 *Helen of Troy Texas Corporation, et al*, Case No. 3:07-cv-2278-BTM-CAB, filed
22 December 4, 2007 in this District. Consolidation is not recommended because this
23 related case involves different parties and has different, unrelated products at issue.

24     *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
25 *Trust v. First International Digital, Inc., et al*, Case No. 3:07-cv-5525-JSW, filed
26 October 30, 2007 in the United States District Court for the Northern District of
27 California. Consolidation is not recommended because this related case involves
28 different parties and has different, unrelated products at issue.

Case No. 08cv00060 BTM CAB

1    *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
2    *Trust v. Digital Networks North America, Inc., et al*, Case No. 3:07-5568-JSW, filed
3    November 1, 2007 in the United States District Court for the Northern District of
4    California. Consolidation is not recommended because this related case involves
5    different parties and has different, unrelated products at issue.

6    *Jens Erik Sorensen as Trustee of the Sorensen Research and Development*
7    *Trust v. The Black & Decker Corporation, et al,* Civil Case No.: 3:06-CV-1572-
8    BTM-CAB, filed August 7, 2006, in the United States District Court for the Southern
9    District of California.  Consolidation is not recommended because this related case
10   involves different parties and has different, unrelated products at issue.

11   *American Safety Razor Co. v. Sorensen Research & Development Trust,* Civil
12   Case No. 07-CV-00730-HHK, filed April 20, 2007, in the United States District
13   Court for the District of Columbia.  Consolidation is not recommended because this
14   related case involves different parties and has different, unrelated products at issue.

15   *DMS Holdings, Inc. v. Sorensen Research & Development Trust.* Civil Case
16   No.: 07-CV-02690, filed May 11, 2007, in the United States District Court for the
17   Northern District of Illinois.  Consolidation is not recommended because this related
18   case involves different parties and has different, unrelated products at issue.

19   *Jens Erik Sorensen as Trustee of the Sorensen Research And Development*
20   *Trust v.  Tecnica USA, Inc and Nordica USA, Inc.,* Civil Case No. 06CV1941 B
21   MLS, filed September 18, 2006 in the Southern District of California. The action
22   was settled by the parties, and dismissed.

23   *Jens Erik Sorensen As Trustee of The Sorensen Research And Development*
24   *Trust v.  Head USA Inc.* Civil Case No.: 06CV1434BTN CAB, filed July 2006 in
25   the Federal District for the Southern District of California.  The action was settled by
26   the parties, and dismissed.

27   *Head USA Inc. v. Jens Erik Sorensen (As Trustee of The Sorensen Research*
28   *And Development Trust), and Sorensen Research And Development Trust.* Docket

7.

1   No.: 306CV00983, filed June 2006 in the Federal District of Connecticut. The matter
2   was transferred and consolidated with the *Sorensen Research And Development*
3   *Trust v. Head USA Inc.* action filed in the Southern District of California, Civil Case
4   No.:  06CV1434BTM  CAB.  The action was later settled by the parties, and
5   dismissed.

6       *Nordica USA Corp. v. Jens Ole Sorensen, Jens Erik Sorensen, and Sorensen*
7   *Research and Development Trust.* Docket No. 1:06-cv-91-JM filed March 8, 2006 in
8   the Federal District of New Hampshire. The matter was transferred and consolidated
9   with *Jens Erik Sorensen As Trustee of The Sorensen Research And Development*
10  *Trust v. Tecnica USA, Inc and Nordica USA, Inc.,* Civil Case No. 06CV1941 B
11  MLS, filed in the Southern District of California. The action was later settled by the
12  parties.

13      *Jens Ole Sorensen, and Jens E. Sorensen, as Trustee Of The Sorensen*
14  *Research and Development Trust v. DaimlerChrysler AG, and Mercedes-Benz USA,*
15  *LLC.*  Civil No.  03-1763 (HAA) filed in the United States District Court for
16  Northern California and transferred to the United States District Court for New
17  Jersey. This matter has been settled and dismissed.

18      *In the Matter of Certain Automobile Tail Light Lenses And Products*
19  *Incorporating Same.*  Investigation No. 337-TA-502 filed in the United States
20  International Trade Commission.  The matter was remanded after appeal to the
21  Federal Circuit Court of Appeals, then settled and dismissed.

22      *Jens E. Sorensen, as Trustee Of The Sorensen Research and Development*
23  *Trust v. Premier Automotive Group, Ford Motor Company, and Jaguar, Ltd.* Case
24  No. 03-cv-01107, filed March 14, 2003 in the Federal Court for the Northern District
25  of California. The matter was settled and dismissed.

26      *Lowe's Companies, Inc., et al v. Sorensen Research and Development Trust.*
27  Case No. 05-cv-00234 filed July 29, 2005 in the Federal Court for the Western
28  District of North Carolina. The matter was never served and was dismissed.

Case No. 08cv00060 BTM CAB

1    *Digital Innovations LLC v. Sorensen Research and Development Trust.* Case

2    No. 05-cv-06428, filed November 9, 2005 in the Federal Court for the Northern

3    District of Illinois. The matter was never served and was dismissed.

4        *Big Lots v. Sorensen Research and Development Trust.* Case No. 2:06-cv-

5    1089, filed December 29, 2006 in the Federal Court for the Southern District of

6    Ohio. The matter was never served and was dismissed.

7        *Bon-Aire v. Sorensen Research and Development Trust.* Case No. 07-cv-054-

8    S, filed January 2007 in the Federal Court for the District of Idaho. The matter was

9    never served and was dismissed.

10      *Husqvarna Outdoor Products, Inc. v. Sorensen Research and Development*

11   *Trust.*  CIV. NO.  CV106-160 in the Federal Court for the Southern District of

12   Georgia on October 30, 2006. The matter was never served and was dismissed.

13      *Sorensen et al v. International Trade Commission et al.*  427 F.3d 1375

14   (Fed.Cir., 2005).  After the Federal Circuit ruled in patentee's favor, the parties

15   settled and dismissed.

16

17   DATED this 25th day of February, 2008.

18                          JENS ERIK SORENSEN, as Trustee of
                            SORENSEN RESEARCH AND DEVELOPMENT
19                          TRUST, Plaintiff

20

21                          /s/ Melody A. Kramer

                            Melody A. Kramer, Esq.
22                          J. Michael Kaler, Esq.

23                          Attorneys for Plaintiff

24

25

26

27

28

9.

Case No. 08cv00060 BTM CAB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On February 25, 2008, I served the following documents:

## SECOND AMENDED NOTICE OF RELATED CASES

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Roger G. Perkins, Esq<br>rperkins@mpplaw.com<br>MORRIS POLICH & PURDY LLP<br>501 West Broadway, Suite 500<br>San Diego, California 92101 | One World Technologies, Inc. | Email - Pleadings Filed with the Court via ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

☐ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

10.

Case No. 08cv00060 BTM CAB

1    I declare that the foregoing is true and correct, and that this declaration was executed on

2    Monday, February 25, 2008, in San Diego, California.

3

4                                         /s./ Melody A. Kramer

5                                          Melody A. Kramer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.                    Case No. 08cv00060 BTM CAB

# EXHIBIT 16

STAYED, MDL

## U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:08-cv-00060-BTM-CAB

| | |
|---|---|
| Sorensen v. Emerson Electric Co. et al | Date Filed: 01/10/2008 |
| Assigned to: Judge Barry Ted Moskowitz | Jury Demand: Both |
| Referred to: Magistrate Judge Cathy Ann Bencivengo | Nature of Suit: 830 Patent |
| Related Case: 3:08-cv-00134-BTM-CAB | Jurisdiction: Federal Question |
| Cause: 35:271 Patent Infringement | |

### Plaintiff

**Jens Erik Sorensen**
*as Trustee of Sorensen Research and Development Trust*

represented by **James Michael Kaler**
Law Offices of James M Kaler
9930 Mesa Rim Road
Suite 200
San Diego, CA 92121
(858)362-3151
Fax: (858)824-9073
Email: michael@kalerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melody A Kramer**
Kramer Law Office
9930 Mesa Rim Road
Suite 1600
San Diego, CA 92121
(858)362-3150
Fax: (858)225-0874
Email: mak@kramerlawip.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Emerson Electric Co.**
*a Missouri corporation*

represented by **Kristina M Pfeifer**
Morris Polich and Purdy
501 West Broadway
Suite 500
San Diego, CA 92101
(619)557-0404
Fax: (619)557-0460
Email: kpfeifer@mpplaw.com
*TERMINATED: 12/17/2008*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Orlando Cabanday**
Hennelly & Grossfeld LLP
4640 Admiralty Way
Suite 850
Marina Del Rey, CA 90292
(310)305-2100
Fax: (310)305-2116
Email: ocabanday@hgla.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter J. Lucca , Jr.**
Morris Polich & Purdy LLP
501 West Broadway
Suite 500
San Diego, CA 92101
(619)557-0404
Fax: (619)557-0460
Email: plucca@mpplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Kim**
Morris Polich Purdy
501 West Broadway
Suite 500
San Diego, CA 92101
(619)557-0404
Fax: (619)557-0460
*TERMINATED: 04/08/2009*
*ATTORNEY TO BE NOTICED*

**Richard R. Marschall**
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
(414)271-6560
Fax: (414)277-0656
Email: rhmarschall@michaelbest.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert S. Mallin**
Brinks Hofer Gilson & Lione
NBC Tower
455 North City Front Plaza Drive
Suite 3600

Chicago, IL 60611-5599
(312)321-4221
Fax: (312) 321-4299
Email: Rmallin@brinkshofer.com
*TERMINATED: 11/24/2008*
*ATTORNEY TO BE NOTICED*

**Defendant**

**One World Technologies, Inc.**
*a Delaware corporation*

represented by **Kristina M Pfeifer**
(See above for address)
*TERMINATED: 12/17/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter J. Lucca , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert S. Mallin**
(See above for address)
*TERMINATED: 11/24/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger G Perkins**
Morris Polich & Purdy, LLP
501 W. Broadway
Suite 500
San Diego, CA 92101
(619) 557-0404
Fax: (619) 557-0460
Email: rperkins@mpplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Kim**
(See above for address)
*TERMINATED: 04/08/2009*
*ATTORNEY TO BE NOTICED*

**Richard R. Marschall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ridge Tool Company**
*an Ohio corporation*

represented by **Kristina M Pfeifer**
(See above for address)
*TERMINATED: 12/17/2008*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Orlando Cabanday**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter J. Lucca , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Kim**
(See above for address)
*TERMINATED: 04/08/2009*
*ATTORNEY TO BE NOTICED*

**Richard R. Marschall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert S. Mallin**
(See above for address)
*TERMINATED: 11/24/2008*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ridgid, Inc.**                    represented by **Kristina M Pfeifer**
*a Delaware corporation*                            (See above for address)
                                                    *TERMINATED: 12/17/2008*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Orlando Cabanday**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Peter J. Lucca , Jr.**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Angela Kim**
                                                    (See above for address)
                                                    *TERMINATED: 04/08/2009*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Robert S. Mallin**
                                                    (See above for address)
                                                    *TERMINATED: 11/24/2008*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**DOES 1-100**

**Counter Claimant**

**One World Technologies, Inc.**         represented by **Kristina M Pfeifer**
                                                    (See above for address)
                                                    *TERMINATED: 12/17/2008*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Peter J. Lucca , Jr.**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Robert S. Mallin**
                                                    (See above for address)
                                                    *TERMINATED: 11/24/2008*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Roger G Perkins**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Angela Kim**
                                                    (See above for address)
                                                    *TERMINATED: 04/08/2009*
                                                    *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Jens Erik Sorensen**                    represented by **James Michael Kaler**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Melody A Kramer**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Ridge Tool Company**
*an Ohio corporation*

represented by **Kristina M Pfeifer**
(See above for address)
*TERMINATED: 12/17/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Orlando Cabanday**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter J. Lucca , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Kim**
(See above for address)
*TERMINATED: 04/08/2009*
*ATTORNEY TO BE NOTICED*

**Robert S. Mallin**
(See above for address)
*TERMINATED: 11/24/2008*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Jens Erik Sorensen**
*as Trustee of Sorensen Research and*
*Development Trust*

represented by **Melody A Kramer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/10/2008 | 1 | COMPLAINT t/w Jury Demand, against Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc., DOES 1-100 ( Filing fee $ 350, receipt number 146309), filed by Jens Erik Sorensen. (patent form prepared and sent)(jcj) (Entered: 01/14/2008) |
| 01/10/2008 | 2 | Summons Issued as to Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc. (jcj) (Entered: 01/14/2008) |
| 01/10/2008 | 3 | NOTICE of Related Cases by Jens Erik Sorensen. (vet) (Entered: 01/15/2008) |
| 01/18/2008 | 4 | NOTICE by Jens Erik Sorensen *First Amended Notice of Related Cases* (Kramer, Melody) Modified on 1/24/2008 - atty contacted re missing proof of service (vet, ). (Entered: 01/18/2008) |
| | | |

| 01/21/2008 | 5 | NOTICE of Appearance by Melody A Kramer on behalf of Jens Erik Sorensen (Kramer, Melody) Modified on 1/24/2008 - atty contacted re missing proof of service (vet, ). (Entered: 01/21/2008) |
|---|---|---|
| 02/12/2008 | 6 | Joint MOTION And Stipulation *To Extend Deadline For Defendant One World Technologies, Inc. To Respond To Plaintiffs Complaint* by One World Technologies, Inc.. (Perkins, Roger) Modified on 2/13/2008 - edited text (vet, ). (Entered: 02/12/2008) |
| 02/12/2008 | 7 | E-Filed in Error - Incorrect Image attached - Corporate Disclosure Statement by One World Technologies, Inc.. (Perkins, Roger) Modified text on 2/12/2008 to reflect error (lao). (Entered: 02/12/2008) |
| 02/12/2008 | 8 | Corporate Disclosure Statement by One World Technologies, Inc.. (Perkins, Roger) (vet, ). (Entered: 02/12/2008) |
| 02/13/2008 | 9 | SUMMONS Returned Executed by Jens Erik Sorensen. Ridge Tool Company served on 1/24/2008, answer due 2/13/2008. (Attachments: # 1 Exhibit Certified Mail Receipt)(Kramer, Melody) (vet, ). (Entered: 02/13/2008) |
| 02/13/2008 | 10 | SUMMONS Returned Executed by Jens Erik Sorensen. Ridgid, Inc. served on 1/24/2008, answer due 2/13/2008. (Attachments: # 1 Exhibit Certified Mail Receipt)(Kramer, Melody) (vet, ). (Entered: 02/13/2008) |
| 02/13/2008 | 11 | SUMMONS Returned Executed by Jens Erik Sorensen. One World Technologies, Inc. served on 1/28/2008, answer due 2/19/2008. (Attachments: # 1 Exhibit Certified Mail Receipt)(Kramer, Melody) (vet, ). (Entered: 02/13/2008) |
| 02/13/2008 | 12 | SUMMONS Returned Executed by Jens Erik Sorensen. Emerson Electric Co. served on 1/24/2008, answer due 2/13/2008. (Attachments: # 1 Exhibit Certified Mail Receipt)(Kramer, Melody) (vet, ). (Entered: 02/13/2008) |
| 02/13/2008 | 13 | ORDER Extending Deadline for Defendant One World Technologies, Inc. to Respond to Plaintiff's Complaint. Response due by 3/5/08. Signed by Judge Barry Ted Moskowitz on 2/13/08. (vet) (Entered: 02/14/2008) |
| 02/25/2008 | 14 | NOTICE by Jens Erik Sorensen *Second Amended Notice of Related Cases* (Kramer, Melody) (vet, ). (Entered: 02/25/2008) |
| 02/27/2008 | 15 | Joint MOTION for Extension of Time to File Answer by Emerson Electric Co.. (Cabanday, Orlando) (vet, ). (Entered: 02/27/2008) |
| 02/27/2008 | 16 | Joint MOTION for Extension of Time to File Answer by Ridge Tool Company. (Cabanday, Orlando) (vet, ). (Entered: 02/27/2008) |
| 02/27/2008 | 17 | Joint MOTION for Extension of Time to File Answer by Ridgid, Inc.. (Cabanday, Orlando) (vet, ). (Entered: 02/27/2008) |
| 03/03/2008 | 18 | ORDER Granting Joint 15 Motion to Extend Deadline for Defendants Emerson Electric Co., Ridge Tool Co., and Ridgid, Inc. to Respond to Plaintiff's Complaint. Emerson Electric Co., Ridge Tool Company, and Ridgid, Inc. answer due 3/5/2008. Signed by Judge Barry Ted Moskowitz on 2/29/08. (vet) (Entered: 03/03/2008) |

| 03/05/2008 | 19 | ANSWER to Complaint with Jury Demand by Emerson Electric Co.. (Cabanday, Orlando) Modified on 3/6/2008 - missing proof of service, atty e-mailed (vet, ). (Entered: 03/05/2008) |
|---|---|---|
| 03/05/2008 | 20 | ANSWER to Complaint with Jury Demand, COUNTERCLAIM against all plaintiffs by One World Technologies, Inc..(Kim, Angela) (vet, ). Modified on 3/13/2008 - to include counterclaim text (vet, ). (Entered: 03/05/2008) |
| 03/05/2008 | 21 | ANSWER to Complaint with Jury Demand, COUNTERCLAIM against all plaintiffs by Ridge Tool Company.(Cabanday, Orlando) (vet, ). (Entered: 03/05/2008) |
| 03/05/2008 | 22 | ANSWER to Complaint with Jury Demand by Ridgid, Inc..(Cabanday, Orlando) (vet, ). (Entered: 03/05/2008) |
| 03/06/2008 | 23 | CERTIFICATE OF SERVICE by Emerson Electric Co. re 21 Answer to Complaint, Counterclaim, 22 Answer to Complaint, 19 Answer to Complaint *(and by Ridge Tool Co. and Ridgid, Inc.)* (Cabanday, Orlando) (vet, ). (Entered: 03/06/2008) |
| 03/11/2008 | 24 | ANSWER to Counterclaim *of Ridge Tool Company* by Jens Erik Sorensen. (Kramer, Melody) Modified on 3/11/2008 - edited text (vet, ). (Entered: 03/11/2008) |
| 03/12/2008 | 25 | *Amended* ANSWER to Counterclaim *of Ridge Tool Company* by Jens Erik Sorensen.(Kramer, Melody) Modified on 3/13/2008 - edited text (vet, ). (Entered: 03/12/2008) |
| 03/12/2008 | 26 | ANSWER to Counterclaim *of One World Technologies, Inc.* by Jens Erik Sorensen.(Kramer, Melody) Modified on 3/13/2008 - edited text (vet, ). (vet, ). (Entered: 03/12/2008) |
| 03/24/2008 | 27 | NOTICE of Appearance by Angela Kim on behalf of Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc., One World Technologies, Inc. (Kim, Angela) (vet, ). (Entered: 03/24/2008) |
| 03/24/2008 | 28 | MOTION to Stay *The Litigation Pending the Outcome of Reexamination Proceedings* by One World Technologies, Inc., One World Technologies, Inc.. (Attachments: # 1 Memo of Points and Authorities in Support of Motion to Stay# 2 Declaration of Robert S. Mallin in support of Motion to Stay# 3 Exhibits 1- 8 in Support of Motion to Stay# 4 Proof of Service)(Kim, Angela) (vet, ). (Entered: 03/24/2008) |
| 03/24/2008 | 29 | MOTION to Stay *the litigation pending the outcome of reexamination proceedings* by Emerson Electric Co., Ridge Tool Company, Ridgid, Inc.. (Attachments: # 1 Memo of Points and Authorities in support of motion to stay the litigation pending the outcome of reexamination proceedings# 2 Declaration of Robert Mallin in support of motion to stay the litigation pending the outcome of reexamination proceedings# 3 Exhibit Exhbit 1-3 in support of motion to stay the litigation pending the outcome of reexamination proceedings# 4 Exhibit Exhibits 4-8# 5 Proof of Service)(Kim, Angela) (vet, ). (Entered: 03/24/2008) |
| 03/26/2008 | 30 | MOTION Accelerate ID of Claimed Invalidating Prior Art by Jens Erik |

| | | |
|---|---|---|
| | | Sorensen. (Attachments: # 1 Declaration of Melody A. Kramer# 2 Memo of Points and Authorities)(Kramer, Melody) (vet, ). (Entered: 03/26/2008) |
| 03/27/2008 | 31 | PRO HAC VICE APPOINTED: Robert S. Mallin appearing for Defendant One World Technologies, Inc. (mkz) (Entered: 03/27/2008) |
| 03/28/2008 | 32 | MOTION Request for Oral Arguments re 30 MOTION Accelerate ID of Claimed Invalidating Prior Art by Jens Erik Sorensen. (Kramer, Melody) (vet, ). (Entered: 03/28/2008) |
| 04/03/2008 | 33 | NOTICE of Appearance by Robert S. Mallin on behalf of Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc., One World Technologies, Inc. (Mallin, Robert) (vet, ). (Entered: 04/03/2008) |
| 04/09/2008 | 34 | MOTION to Consolidate Cases by Jens Erik Sorensen. (Attachments: # 1 Memo of Points and Authorities)(Kramer, Melody) (mjj, ) (Entered: 04/09/2008) |
| 04/15/2008 | 35 | RESPONSE in Opposition re 29 MOTION to Stay *the litigation pending the outcome of reexamination proceedings of Emerson, Ridge Tools, and Ridge, Inc.* filed by Jens Erik Sorensen. (Attachments: # 1 Declaration of Melody Kramer, # 2 Exhibit to Kramer Declaration, # 3 Request for Judicial Notice, # 4 Exhibit to Request for Judicial Notice)(Kaler, James) (vet). (Entered: 04/15/2008) |
| 04/15/2008 | 36 | RESPONSE in Opposition re 28 MOTION to Stay *The Litigation Pending the Outcome of Reexamination Proceedings of One World Technologies, Inc.* filed by Jens Erik Sorensen. (Attachments: # 1 Declaration of Melody Kramer, # 2 Exhibit to Kramer Declaration, # 3 Request for Judicial Notice, # 4 Exhibit to request for judicial notice)(Kaler, James) (vet). (Entered: 04/15/2008) |
| 04/23/2008 | 37 | MOTION for Application of 35 USC section 295 Presumption of Infringement by Jens Erik Sorensen. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Melody A. Kramer, # 3 Exhibit to Kramer Decl A through C, # 4 Exhibit to Kramer Declaration D through F, # 5 Exhibit G to Kramer Declaration, # 6 Declaration of Paul Brown, # 7 Declaration of Edward Truitt, # 8 Supplement Request for Oral Arguments)(Kramer, Melody) (vet). (Entered: 04/23/2008) |
| 04/25/2008 | 38 | ORDER granting Defendants' Motion for Stay Pending Patent Reexamination. Defendant is ordered to file a notice informing the Court of the PTO's decision on the pending application for reexamination within 10 days of receipt of such decision. All other pending motions in these cases are DENIED as premature. Requests Plaintiff may renew these motions after the stay has been lifted. Signed by Judge Barry Ted Moskowitz on 4/25/08. (vet) (Entered: 04/28/2008) |
| 06/09/2008 | 39 | MOTION for Exception to Stay to Preserve Evidence by Jens Erik Sorensen. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Melody A. Kramer)(Kramer, Melody) (leh). (Entered: 06/09/2008) |
| 06/27/2008 | 40 | NOTICE by Jens Erik Sorensen *3d Amended Notice of Related Cases* (Kramer, Melody) (vet). (Entered: 06/27/2008) |
| 07/24/2008 | 41 | Order Setting Oral Argument. Motion Hearing previously set for 8/8/08 is |

| | | |
|---|---|---|
| | | continued to 8/20/2008 10:30 AM in Courtroom 15 before Judge Barry Ted Moskowitz. Signed by Judge Barry Ted Moskowitz on 7/24/08. (vet) (Entered: 07/25/2008) |
| 07/31/2008 | 42 | NOTICE of Hearing on Motion 39 MOTION for Exception to Stay to Preserve Evidence : Motion Hearing set for 8/20/2008 11:30 AM in Courtroom 15 before Judge Barry Ted Moskowitz. (CHANGE IN TIME ONLY)(tml) (Entered: 07/31/2008) |
| 08/06/2008 | 43 | RESPONSE in Opposition re 39 MOTION for Exception to Stay to Preserve Evidence filed by Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc. (Attachments: # 1 Declaration Of Robert S. Mallin In Support Of Emerson Electric Co.s, Ridge Tool Companys, Ridgid Inc.s And One World Technologies, Inc.s Opposition To Plaintiffs Motion For Exception To Stay To Preserve Evidence, # 2 Exhibits 1 -6, # 3 Exhibits 7-9, # 4 Proof of Service)(Pfeifer, Kristina) Modified on 8/8/2008 - clarify text (vet). (Entered: 08/06/2008) |
| 08/13/2008 | 44 | REPLY to Response to Motion re 39 MOTION for Exception to Stay to Preserve Evidence filed by Jens Erik Sorensen. (Attachments: # 1 Declaration of Melody A. Kramer #2)(Kramer, Melody) (vet). (Entered: 08/13/2008) |
| 08/20/2008 | 45 | Minute Entry for proceedings held before District Judge Barry Ted Moskowitz:Motion Hearing held on 8/20/2008. Court to issue order.(Court Reporter Barbara Harris).(Plaintiff Attorney James Michael Kaler, Melody A. Kramer).(Defendant Attorney Robert Mallin, Michael Hurvitz).(ibf) (Entered: 08/21/2008) |
| 08/26/2008 | 46 | CERTIFICATE OF SERVICE by Jens Erik Sorensen *of Proposed Order re Motion for Exception to Stay* (Kramer, Melody) Modified on 8/28/2008 - atty previously notified re signature (vet). (Entered: 08/26/2008) |
| 09/02/2008 | 47 | AMENDED COMPLAINT with Jury Demand against all defendants, filed by Jens Erik Sorensen.(Kramer, Melody) (vet). (Entered: 09/02/2008) |
| 09/03/2008 | 48 | ORDER Regarding Plaintiff's Motion for Exception to Stay: Granting in Part and Denying in Part 39 Motion for Exception to Stay. Plaintiff is granted leave to file an Amended Complaint adding accused products within 30 days of this Order. Defendant must respond to said the Amended Complaint within 45 days after the stay is lifted. The Court denies without prejudice Plaintiffs request for leave of court to use appropriate procedural discovery steps to acquire prototype, production, design, technical documents or evidence regarding the accused products from nonparties at this time; any subsequent requests will be reviewed on a case-by-case basis. Signed by Judge Barry Ted Moskowitz on 9/2/2008. (mjj) (Entered: 09/03/2008) |
| 09/15/2008 | 49 | NOTICE by Jens Erik Sorensen *4th Amended Notice of Related Cases* (Kramer, Melody). Modified on 9/17/2008 - no low number order prepared (vet). (Entered: 09/15/2008) |
| 11/21/2008 | 50 | PRO HAC VICE APPOINTED: Richard R. Marschall appearing for Defendants Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company (All non-registered users served via U.S. Mail Service).(mkz) |

| | | (Entered: 11/21/2008) |
|---|---|---|
| 11/21/2008 | 51 | Joint MOTION to Substitute Attorney *Richard H. Marschall for Robert S. Mallin* by Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc., One World Technologies, Inc.. (Pfeifer, Kristina) Modified on 11/24/2008 - Atty e-mailed re attaching proposed orders (vet). (Entered: 11/21/2008) |
| 11/24/2008 | 52 | ORDER Granting 51 Motion to Substitute Attorney. Richard H. Marschall substitutes as counsel of record in this action in place of Attorney Robert S. Mallin. Signed by Judge Barry Ted Moskowitz on 11/24/08. (All non-registered users served via U.S. Mail Service).(vet) (Entered: 11/24/2008) |
| 12/17/2008 | 53 | NOTICE of Appearance by Peter J. Lucca, Jr on behalf of Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc., One World Technologies, Inc. (Lucca, Peter) (mdc) (Entered: 12/17/2008) |
| 01/28/2009 | 54 | NOTICE by Jens Erik Sorensen *5th Amended Notice of Related Cases* (Kramer, Melody) Modified on 1/29/2009 - No low number order prepared. Case is already assigned to the same district judge (vet). (Entered: 01/28/2009) |
| 02/27/2009 | 55 | MOTION for Exception to Stay due to Financial Instability of Defendant Companies by Jens Erik Sorensen. (Attachments: # 1 Memo of Points and Authorities, # 2 Supplement Request for Oral Arguments)(Kramer, Melody) (vet). (Entered: 02/27/2009) |
| 02/27/2009 | 56 | Ex Parte MOTION to Shorten Time *for Hearing on Motion for Exception to Stay due to Financial Instability of Defendant Companies* by Jens Erik Sorensen. (Kramer, Melody) (vet). (Entered: 02/27/2009) |
| 03/06/2009 | 57 | RESPONSE in Opposition to Motion re 56 Ex Parte MOTION to Shorten Time *for Hearing on Motion for Exception to Stay due to Financial Instability of Defendant Companies* filed by Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc., One World Technologies, Inc. (Lucca, Peter) Modified on 3/9/2009 - Atty e-mailed re s/signature (vet). (Entered: 03/06/2009) |
| 03/23/2009 | 58 | NOTICE of PTO's Agreement With Patentee Regarding Claims of U.S. Patent No. 4,935,184 by Jens Erik Sorensen (Attachments: # 1 Exhibit A)(Kaler, James) Modified on 3/24/2009 - Edit all caps (vet). (Entered: 03/23/2009) |
| 03/25/2009 | 59 | MOTION Lift Stay *Notice Of Motion And Motion To Lift Stay; Memorandum Of Points & Authorities; Declaration Of J. Michael Kaler* by Jens Erik Sorensen. (Kaler, James) (vet). (Entered: 03/25/2009) |
| 03/26/2009 | 60 | AMENDED DOCUMENT by Jens Erik Sorensen. Amendment to 58 Notice (Other) *of PTO's Agreement with Patentee Regarding Claims of U.S. Patent 4,935,184*. (Kramer, Melody) (vet). (Entered: 03/26/2009) |
| 03/27/2009 | 61 | RESPONSE to Motion re 55 MOTION for Exception to Stay due to Financial Instability of Defendant Companies filed by Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc., One World Technologies, Inc.. (Lucca, Peter) (mkz). (Entered: 03/27/2009) |
| | | |

| 03/27/2009 | 62 | DECLARATION re RESPONSE to Motion re 55 MOTION for Exception to Stay due to Financial Instability of Defendant Companies *[Declaration of Richard Marschall]* filed by Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc., One World Technologies, Inc.. (Lucca, Peter) Modified on 3/30/2009 to edit event (mkz). (Entered: 03/27/2009) |
|---|---|---|
| 03/30/2009 | 63 | REPLY re 61 Response to Motion, *for Exception to Stay* filed by Jens Erik Sorensen. (Kramer, Melody) (vet). (Entered: 03/30/2009) |
| 04/08/2009 | 64 | NOTICE of Appearance by Peter J. Lucca, Jr on behalf of Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc. (Lucca, Peter) (vet). (Entered: 04/08/2009) |
| 04/10/2009 | 65 | MINUTE ORDER submitting 55 Motion ; submitting 56 Motion to Shorten Time; submitting 59 Motion (tml) (Entered: 04/10/2009) |
| 04/23/2009 | 66 | ORDER Staying 55 Motion for Exception to Stay; Denying as Moot 56 Ex Parte Motion to Shorten Time for Hearing on the Motion for Exception to Stay. Signed by Judge Barry Ted Moskowitz on 4/23/09. (All non-registered users served via U.S. Mail Service).(vet) (jrl). (Entered: 04/24/2009) |
| 05/01/2009 | 67 | RESPONSE in Opposition re 59 MOTION Lift Stay *Notice Of Motion And Motion To Lift Stay; Memorandum Of Points & Authorities; Declaration Of J. Michael Kaler* filed by Emerson Electric Co., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc., One World Technologies, Inc.. (Attachments: # 1 Exhibits 1-5)(Lucca, Peter) Modified on 5/4/2009 - Atty e-mailed re s/signature does not match login name. Missing table of contents for exhibits (vet). (Entered: 05/01/2009) |
| 05/08/2009 | 68 | REPLY to Response to Motion re 59 MOTION Lift Stay *Notice Of Motion And Motion To Lift Stay; Memorandum Of Points & Authorities; Declaration Of J. Michael Kaler* filed by Jens Erik Sorensen. (Kaler, James) (vet). (Entered: 05/08/2009) |
| 05/15/2009 | 69 | MINUTE ORDER submitting 55 Motion ; submitting 59 Motion (tml) (Entered: 05/18/2009) |
| 06/15/2009 | 70 | NOTICE by Jens Erik Sorensen *Sixth Amended Notice of Related Cases* (Kramer, Melody) Modified on 6/16/2009 - No low number order prepared, assignment to the same district judge has already occurred (vet). (Entered: 06/15/2009) |
| 07/10/2009 | 71 | ORDER Denying Plaintiff's 59 Motion to Lift Stay. Signed by Judge Barry Ted Moskowitz on 7/10/09. (All non-registered users served via U.S. Mail Service).(vet) (jrl). (Entered: 07/13/2009) |
| 07/27/2009 | 72 | ORDER Denying 55 Motion for Exception to Stay. Signed by Judge Barry Ted Moskowitz on 7/27/09. (All non-registered users served via U.S. Mail Service).(cap) (jrl). (Entered: 07/27/2009) |
| 08/10/2009 | 73 | NOTICE by Jens Erik Sorensen *Seventh Amended Notice of Related Cases* (Kramer, Melody) Modified on 8/11/2009 - No low-number order prepared, already assigned to same district judge and magistrate judge (vet). (Entered: |

| | | 08/10/2009) |
|---|---|---|
| 09/14/2009 | 74 | NOTICE by Jens Erik Sorensen *Re Issuance of Second Non-Final Office Action in the '184 Patent Reexamination* (Kramer, Melody) (vet). (Entered: 09/14/2009) |
| 10/15/2009 | 75 | MOTION to Terminate Immoderate and Unlawful Stay by Jens Erik Sorensen. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Melody Kramer, # 3 Request for Judicial Notice, # 4 Request for Oral Arguments) (Kramer, Melody) (vet). (Entered: 10/15/2009) |
| 10/23/2009 | 76 | NOTICE by Jens Erik Sorensen *Eighth Amended Notice of Related Cases* (Kramer, Melody). Modified on 10/26/2009 - No low-number order prepared, already assigned to same district judge and magistrate judge (vet). (Entered: 10/23/2009) |
| 11/16/2009 | 77 | NOTICE by Jens Erik Sorensen *Ninth Amended Notice of Related Cases* (Kramer, Melody) Modified on 11/17/2009 - No low number order prepared, assignment to the same district and magistrate judge has already occurred (vet). (Entered: 11/16/2009) |
| 11/19/2009 | 78 | Joint Order Denying Motion for Oral Argument. The Motion to Terminate Immoderate and Unlawful Stay will be submitted on the papers and no personal appearances are necessary. Signed by Judge Barry Ted Moskowitz on 11/19/09. (All non-registered users served via U.S. Mail Service)(vet) (jrl). (Entered: 11/19/2009) |
| 11/25/2009 | 79 | RESPONSE in Opposition re 75 MOTION to Terminate Immoderate and Unlawful Stay filed by One World Technologies, Inc., One World Technologies, Inc., Ridge Tool Company, Ridgid, Inc. (Attachments: # 1 Declaration of Melanie Reichenberger, # 2 Proof of Service)(Lucca, Peter) Modified on 11/25/2009 - Atty e-mailed re electronic signature does not match login name. (vet). (Entered: 11/25/2009) |
| 12/04/2009 | 80 | REPLY to Response to Motion re 75 MOTION to Terminate Immoderate and Unlawful Stay t/w Ex Parte Application for Leave to File a 20-Page Joint Reply Brief in Lieu of 150 Pages of Separate Replies to Oppositions to Plaintiff's Motions to Terminate Immoderate and Unlawful Stay filed by Jens Erik Sorensen. (Kramer, Melody) Modified to edit text on 12/7/2009 (vet). (Entered: 12/04/2009) |
| 12/08/2009 | 81 | ORDER granting plaintiffs ex parte application for leave to file joint reply brief 80 . Signed by Judge Barry Ted Moskowitz on 12/8/09. (tkl) (jrl). (Entered: 12/08/2009) |
| 12/11/2009 | 82 | MINUTE ORDER submitting 75 Motion (tml) (Entered: 12/11/2009) |
| 12/21/2009 | 83 | Joint Order Denying Motions to Lift Stay. Order denying 75 Motion to Terminate Immoderate and Unlawful Stay. The parties in all pending '184 Patent cases shall appear before the Court for a status conference on May 5, 2010 at 4:00 p.m. Signed by Judge Barry Ted Moskowitz on 12/21/09. (vet) (jrl). (Entered: 12/22/2009) |
| 01/13/2010 | 84 | NOTICE by Jens Erik Sorensen *of Activity in the USPTO's Reexamination of* |

| | | |
|---|---|---|
| | | *U.S. Patent No. 4,935,184* (Kramer, Melody). (jah). (Entered: 01/13/2010) |
| 01/19/2010 | 85 | NOTICE of MDL Filing: Jens Erik Sorensen as Trustee of Sorensen Research and Development Trust's Motion for Transfer and Consolidation of Related Patent Infringement Actions Pursuant to 28 U.S.C. 1407 (Attachments: # 1 Brief, # 2 Schedule of Actions, # 3 Proof of Service, # 4 Notice of Appearance)(kaj) (Entered: 01/21/2010) |
| 01/22/2010 | 86 | NOTICE of MDL Filing: Revised Schedule of Actions t/w Revised Proof of Service (kaj) (Entered: 01/25/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/15/2010 13:34:00 | | | |
| **PACER Login:** | wg0135 | **Client Code:** | 59204.0004-6689 |
| **Description:** | Docket Report | **Search Criteria:** | 3:08-cv-00060-BTM-CAB |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

# EXHIBIT 17

1  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE
2  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
3  Telephone (858) 362-3150

4
   J. MICHAEL KALER, SBN 158296
5  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
6  San Diego, California 92121
   Telephone (858) 362-3151
7  Email: michael@kalerlaw.com

8
   Attorneys for Plaintiff JENS ERIK SORENSEN,
9  as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST

10              UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13 SORENSEN RESEARCH AND            Case No. C 075525 JSW
   DEVELOPMENT TRUST,
14                    Plaintiff,
15     v.                          **PLAINTIFF'S RESPONSE TO JUDICIAL
                                    REFERRAL FOR PURPOSE OF
16 FIRST INTERNATIONAL DIGITAL, INC. DETERMINING RELATIONSHIP OF
                                    CASES**
17                    Defendant.
                                    Case No. 07-05568 JSW
18 SORENSEN RESEARCH AND
   DEVELOPMENT TRUST,
19                    Plaintiff,
20     v.
21 DIGITAL NETWORKS NORTH AMERICA,
                      Defendant.
22                                 Case No. 08-00096 CW
   SORENSEN RESEARCH AND
23 DEVELOPMENT TRUST,
                      Plaintiff,
24     v.
25 AMPRO TOOLS CORPORATION
26                    Defendant.
27
28

1      Plaintiff Jens Erik Sorensen as Trustee of Sorensen Research and

2 Development Trust ("Sorensen") hereby submits its opposition to an order relating

3 the above-captioned cases for the reasons set forth herein.

4      Pursuant to Civil L.R. 3-12(c), an action is related to another when (1) the

5 actions concern substantially the same parties, property, transaction or event; and (2)

6 it appears likely that there will be an unduly burdensome duplication of labor and

7 expense or conflicting results if the cases are conducted before different Judges.

8      *Sorensen v. First International Digital, Inc., et al*, Case No. 07-05525, does

9 not meet these criteria because the case does not have any overlapping defendants or

10 products accused of patent infringement with either of the other two cases, and

11 because a default judgment has already been entered in the case.

12      *Sorensen v. Digital Networks North America, Inc., et al*, Case No. 07-05568,

13 does not meet these criteria either because the case does not have any overlapping

14 defendants or products accused of patent infringement with either of the other two

15 cases.

16      *Sorensen v. Ampro Tools Corporation,* Case No. 08-00096, does not meet

17 these criteria because the case does not have any overlapping defendants or products

18 accused of patent infringement with either of the other two cases, and because

19 default has already been entered against the Defendant.

20

21    DATED this 31st day of March, 2008.

22

23                        JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT

24                        TRUST, Plaintiff

25                        /s/ Melody A. Kramer

26

27                        Melody A. Kramer, Esq.
J. Michael Kaler, Esq.

28                        Attorneys for Plaintiff

                       Case No. 08cv96

1

**Proof of Service**

2      I, Melody A. Kramer, declare:

3      I am and was at the time of this service working within the County of San

4  Diego, California. I am over the age of 18 years and not a party to the within action.

5  My business address is Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600,

6  San Diego, CA 92121.

7      On March 31, 2008, I served the following documents:

8  **PLAINTIFF'S RESPONSE TO JUDICIAL REFERRAL FOR PURPOSE OF**

9  **DETERMINING RELATIONSHIP OF CASES**

10  on the parties to this action as follows:

11      AMPRO TOOLS CORPORATION

12      c/o Agent for Service of Process

13      CELIA CHU

14      1108 ELMSFORD DR

15      CUPERTINO, CA 95014

By FedEx. I deposited with the FedEx a sealed envelope containing a true copy of

16

17  the foregoing documents with postage fully prepaid addressed to the above-noted

addressee.

18

19      I declare that the foregoing is true and correct, and this declaration was

executed on March 31, 2008, in San Diego, California.

20

21                      */s/ Melody A. Kramer*

22                      Melody A. Kramer, Esq.

23

24

25

26

27

28

Case No. 08cv96

# EXHIBIT 18

1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151
   Email: michael@kalerlaw.com
5
6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE
7  9930 Mesa Rim Road, Suite 1600
8  San Diego, California 92121
   Telephone (858) 362-3150
9
   Attorneys for Plaintiff
10
                    UNITED STATES DISTRICT COURT
11
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
12

13 JENS ERIK SORENSEN, as Trustee of     )  Case No. C08-00095 JW
14 SORENSEN RESEARCH AND                 )  Case No. CV 08-3094 MHP
   DEVELOPMENT TRUST,                    )
15                                        )  **NOTICE OF MOTION AND**
16                         Plaintiff      )  **ADMINISTRATIVE MOTION TO**
                                          )  **CONSIDER WHETHER CASES**
17       v.                               )  **SHOULD BE RELATED (L.R. 3-12**
                                          )  **(b)); MEMORANDUM OF POINTS**
18 LEXAR MEDIA, INC., *et al*             )  **AND AUTHORITIES**
19                                        )
                         Defendants.      )
20 _____)  (Filed concurrently with Proposed Order
                                          )  and Declaration of inability to stipulate)
21 JENS ERIK SORENSEN, as Trustee of     )
   SORENSEN RESEARCH AND                 )
22 DEVELOPMENT TRUST,                     )  Courtroom 8, 4th Floor
23                                        )  Judge: The Hon. James Ware
                         Plaintiff        )
24       v.                               )  *No Oral Argument Unless Requested by*
25                                        )  *the Court.*
   PHILLIPS PLASTICS CORP., *et al*       )
26                                        )
27                       Defendants.      )
   _____)
28

1    Please take notice that Plaintiff Jens Erik Sorensen, as Trustee of the Sorensen

2    Research and Development Trust, will move and hereby does administratively move

3    pursuant to Civil L.R. §§ 7-11 and 3-12(b) for the Court to consider whether

4    *Sorensen v. Phillips Plastics*, Case No. CV08-3094 MHP ("*Phillips*"), should be

5    related to the lower numbered case of *Sorensen v. Lexar Media*, Case No. CV08-

6    0095 JW ("*Lexar*").    This motion is supported by this Notice Of Motion And

7    Administrative Motion To Consider Whether Cases Should Be Related (L.R. Rule

8    3-12 (B)); Memorandum Of Points And Authorities; and by the Declaration of J.

9    Michael Kaler, filed concurrently herewith.

10

11                                    **SUMMARY**

12    The newly filed case, *Sorensen v. Phillips Plastics*, Case no. CV08-3094 MHP

13    ("*Phillips*"), in addition to having the same plaintiff as the low numbered case,

14    *Sorensen v. Lexar Media*, Case no. CV08-0095 JW ("*Lexar*"), also is an action to

15    recover for infringement of the same property, U.S. Patent No. 4,935,184 ("the '184

16    patent").   Because the two disputes relate to the same intellectual property, and both

17    cases will turn on the issue of claim construction of the '184 patent, substantial

18    judicial resources can be conserved by having the two cases heard by the same

19    Court, and consolidating certain specific procedures such as claim construction and

20    validity.   For these reasons, the cases should be determined to be related cases and

21    assigned to the judge in the low numbered *Lexar* case for all further proceedings.

22

23    **I.    THE TWO CASES ARE RELATED WITHIN THE MEANING OF
        LOCAL RULE § 3-12.**

24

25    Northern District Local Rule § 3-12(a) provides that an action is related to

26    another when:

27            (1)  The actions concern substantially the **same parties, property**,

28            transaction or event; and

1.                                    Case No. 08CV0095
                                      Case No. 08CV3094

1

2     (2) It appears likely that there will be an **undue burdensome**
     **duplication of labor and expense or conflicting results** if the
3     cases are conducted before different judges.

4   The two cases at issue share a common plaintiff, and share a dispute over the

5 same property, a single United States patent. This confluence of partial commonality

6 of parties and complete commonality of the subject property in the two cases

7 satisfies the requirements of L.R. § 3-12(a)(1).

8   If the two cases are considered separately by different judges, rulings on

9 several key issues will substantially impact rights in the other case. In particular,

10 rulings on the key issues of the claim construction and validity of the subject patent

11 will strongly impact ongoing proceedings in the parallel case.

12   Further, claim construction is an involved and often complex procedure in

13 patent litigation, which requires the Court to become educated about the subject

14 technology and the details of the file history of the subject patent. To have the cases

15 heard by two separate judges not only requires the Plaintiff to duplicate effort in

16 briefing and arguing the claim construction issues twice, but requires two different

17 judges to expend the considerable judicial resources to make the determination on

18 claim construction. Moreover, if there are even slight differences in the claim

19 construction rulings issued by two different judges, such minor differences can cause

20 wholly different results in the two cases. The conservation of party and judicial

21 resources, and avoidance of inconsistent rulings, that will come from relating the two

22 cases in front of a single judge is the purpose of Local Rule § 3-12(a)(2).

23   Similarly, the issue of validity is critical to most patent infringement lawsuits.

24 Much like claim construction, validity is an issue, which requires the court to study

25 the matter and the relevant prior art in great detail, typically after extensive briefing

26 by the parties. Much like claim construction, a different finding by two different

27 courts will likely result in wholly inconsistent determinations on the merits. Thus,

28 like claim construction, the validity issue should be determined by a single court to

Case No. 08CV0095
Case No. 08CV3094

1   conserve resources and to avoid conflicting results, again independently satisfies the

2   requirements of Local Rule § 3-12(a)(2).

3

## II.    THESE TWO CASES ARE THE ONLY ACTIVE '184 PATENT CASES PENDING IN THIS DISTRICT.

6       *Lexar* and *Phillips* are the only actively litigated cases involving Plaintiff

7   Sorensen and the '184 patent pending in the Northern District.

8       There are three other cases involving the '184 patent that are on file in the

9   Northern District.    Previously, Judge Claudia Wilken referred those cases for

10  determination if they were related.   The three cases addressed were:  *Sorensen v.*

11  *First International Digital*, Case no. CV07-5525 JSW ("*FID*"); *Sorensen v. Digital*

12  *Networks of North America*, Case no. CV07-5568 JSW ("*DNNA*") and *Sorensen v.*

13  *Ampro Tools*, Case no. CV08-0096 CW ("*Ampro*").    Counsel for Sorensen and

14  DNNA both opposed relation of those three cases because of the default status of

15  both FID and Ampro.  DNNA's opposition included the following statement:

16

17          As reflected in the Docket Reports for Case No. CV-05525-JSW and
            Case No. CV-00096-CW. Judge White has entered a default judgment
18          against First International, and Judge Wilken's Clerk has entered a
            Notice of Default against Ampro Tools. Unlike the suit against
19          DNNA, the First International and Ampro Tools cases are likely to
20          involve the enforcement of default judgments rather than the
            interpretation of Sorensen's asserted patent.
21

22  DNNA's Response To Judicial Referral For Purpose Of Determining Relationship

23  Of Cases (Dkt. #43), Case No. 07 CV5568 JSW.

24      Additionally, the *DNNA* case is stayed pending reexamination.  The defaults

25  and stay in those cases leave the *Lexar* and *Phillips* cases as the only active cases

26  involving the '184 patent in this district.   There was no benefit to relating two

27  defaulted cases and one stayed case, as there were no judicial efficiencies to derive.

28  By contrast, the two active cases, *Lexar* and *Phillips*, can benefit from a substantial

                                        3.          Case No. 08CV0095
                                                    Case No. 08CV3094

1    conservation of judicial resources if they are related before the Honorable Judge

2    James Ware, the Judge in the low numbered *Lexar* case.

3

4    **CONCLUSION**

5       For the reasons cited hereinabove regarding the overlap of common parties,

6    the commonality of intellectual property in dispute, the substantial conservation of

7    judicial resources, and the avoidance of inconsistent decisions that arise from having

8    a single judge conduct all claim construction and other determinations with regard to

9    the subject '184 patent, the *Phillips* case should be deemed related to the *Lexar* case

10    and transferred to the judge in the low-numbered case.

11

12    DATED this Thursday, July 17, 2008.

13            JENS ERIK SORENSEN, as Trustee of

             SORENSEN RESEARCH AND DEVELOPMENT

14            TRUST, Plaintiff

15

16            /s/ J. Michael Kaler

             J. Michael Kaler, Esq.

17            Melody A. Kramer, Esq.

18            Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

           4.            Case No. 08CV0095

                                           Case No. 08CV3094

1

**PROOF OF SERVICE**

2

    I, J. Michael Kaler, declare: I am and was at the time of this service working within in the
3
County of San Diego, California. I am over the age of 18 year and not a party to the within action.
My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego,
4
California, 92121.

5

    On Thursday, July 17, 2008, I served the following documents:

6

    NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER
7   CASES SHOULD BE RELATED (L.R. 3-12 (b)); MEMORANDUM OF POINTS AND
AUTHORITIES
8
    DECLARATION OF J. MICHAEL KALER IN SUPPORT OF ADMINISTRATIVE MOTION
9          TO CONSIDER WHETHER CASES SHOULD BE RELATED

10  [PROPOSED ORDER] GRANTING ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED (L.R. 3-12 (b))
11

12

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
13
|---|---|---|
14| Jared Bobrow<br>jared.bobrow@weil.com<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |
| Robert L. Binder<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>414/297-4900 FAX<br>rbinder@foley.com | Phillips Plastics Corp. | Email-- to an email address represented to be the correct email address for the above noted addressee |
| Richard L. Schwaab<br>Pavan K. Agarwal<br>C. Edward Polk, Jr.<br>Foley & Lardner LLP<br>3000 K Street, N.W. Suite 500<br>Washington, DC 20007<br>202/672-5399 FAX<br>rschwaab@foley.com<br>pagarwal@foley.com<br>epolk@foley.com | Phillips Plastics Corp. | Email-- to an email address represented to be the correct email address for the above noted addressee |
| Phillips Plastics Corp.<br>C/o CT Corporation System<br>8040 Excelsior Drive, Ste. 200 | Phillips Plastics Corp. | U.S. Mail |

5.

Case No. 08CV0095
Case No. 08CV3094

Madison, WI  53717

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees.  The facsimile transmissions were reported as complete and without error.

☒ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

☒ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Thursday, July 17, 2008, in San Diego, California.

/s/ J. Michael Kaler

J. Michael Kaler

6.

Case No. 08CV0095
Case No. 08CV3094

# EXHIBIT 19

1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JENS ERIK SORENSEN, as Trustee of          CASE NO. 06cv1572 BTM (CAB)
     SORENSEN RESEARCH AND                                06cv1941 BTM (CAB)
12   DEVELOPMENT TRUST,
                                                **ORDER RESETTING**
13                              Plaintiff,       **CONSOLIDATED CLAIM**
                    vs.                          **CONSTRUCTION HEARING**
14
     THE BLACK AND DECKER
15   CORPORATION, et al.,

16                             Defendants.
     JENS ERIK SORENSEN, as Trustee of
17   SORENSEN RESEARCH AND
     DEVELOPMENT TRUST,
18
                                Plaintiff,
19                  vs.

20   TECNICA USA CORP., a New
     Hampshire Corporation; and NORDICA
21   USA CORP., a New Hampshire
     Corporation,
22
                               Defendants.
23

24        In a June 20, 2007 order, this Court set a consolidated claim construction hearing in

25   these matters for October 31, 2007.   In two separate orders entered subsequently,

26   Magistrate Judge Bencivengo set detailed claim construction schedules in both matters,

27   culminating in a hearing October 31, 2007.

28        Due to issues of Court scheduling, this Court hereby resets the consolidated claim

                                          1                              07cv118

1 | construction hearing for **November 19, 2007 at 10:00am**. The claim construction schedule

2 | established by Magistrate Judge Bencivengo will remain the same in all respects, except for

3 | this change in the claim construction hearing date.

4 |

5 | **IT IS SO ORDERED.**

6 |

7 | DATED:  July 2, 2007

8 |

9 | Hon. Barry Ted Moskowitz
United States District Judge

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# EXHIBIT 20

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSON,<br><br>                                        Plaintiff,<br><br><br><br>        vs.<br><br><br><br><br><br>KYOCERA INTERNATIONAL, INC., et al.,<br><br>                                        Defendant. | CASE NO. 07cv2121 BTM (CAB)<br>CASE NO. 07cv2277 BTM (CAB)<br>CASE NO. 07cv2278 BTM (CAB)<br>CASE NO. 08cv0060 BTM (CAB)<br>CASE NO. 08cv0070 BTM (CAB)<br>CASE NO. 08cv0071 BTM (CAB)<br>CASE NO. 08cv0134 BTM (CAB)<br>CASE NO. 08cv0136 BTM (CAB)<br>CASE NO. 08cv0232 BTM (CAB)<br>CASE NO. 08cv0233 BTM (CAB)<br>CASE NO. 08cv0234 BTM (CAB)<br>CASE NO. 08cv0304 BTM (CAB)<br>CASE NO. 08cv0305 BTM (CAB)<br>CASE NO. 08cv0306 BTM (CAB)<br>CASE NO. 08cv0307 BTM (CAB)<br>CASE NO. 08cv0308 BTM (CAB)<br>CASE NO. 08cv0309 BTM (CAB)<br>CASE NO. 08cv0411 BTM (CAB)<br>CASE NO. 08cv0559 BTM (CAB)<br>CASE NO. 08cv1080 BTM (CAB)<br>CASE NO. 08cv1256 BTM (CAB)<br>CASE NO. 08cv1670 BTM (CAB)<br><br>**ORDER DENYING MOTION TO LIFT STAY AND DENYING MOTION TO STRIKE** |

///

///

///

///

1

08cv411 BTM (CAB)

1     On March 25, 2009, Plaintiff Jens Erik Sorenson ("Sorenson") filed a Motion to Lift
2   Stay in twenty-six related patent cases presently stayed before this Court.[1]  For the reasons
3   discussed below, the Court **DENIES** Plaintiff's Motion to Lift Stay and **DENIES as moot**
4   Defendants' Motions to Strike.

5     On July 30, 2007, a third party request for reexamination of the validity of U.S. Patent
6   No. 4,935,184 (the "184 patent") was filed with the United States Patent and Trademark
7   Office ("PTO"). On September 10, 2007, the Court issued an order staying Sorenson v. The
8   Black and Decker Corp., No. 06cv1572 BTM (CAB) pending the outcome of the
9   reexamination proceedings before the PTO [Docket No. 243]. The Court concluded that a
10  reasonable stay was appropriate because Plaintiff had not established undue prejudice and
11  the PTO's reexamination would simplify issues for the Court and save expense for the
12  parties.  The Court similarly later stayed the above related cases.

13    Plaintiff now moves to lift the stay, arguing that the reexamination procedure is
14  complete and that continuing the stay will prejudice Plaintiff. Plaintiff's motion is premature.
15  The record is not clear that allowance of the claims is a foregone conclusion. An ex parte
16  reexamination generally concludes when the PTO issues a "Notice of Intent to Issue an Ex
17  Parte Reexamination Certificate" ("NIIRC"). See 37 C.F.R. § 1.570 (the NIIRC is published
18  in the Official Gazette on the date of its issuance).  Furthermore, at the conclusion of the
19  reexamination proceedings, the PTO issues a reexamination certificate detailing the changes
20  to the claims and the fact that certain claims have been accepted or rejected. See Id.

21    The record does not show that the PTO has yet issued either a NIIRC or a
22  reexamination certificate.  The  "Ex Parte Reexamination Summary only states that the
23  "Examiner indicated . . . that he would withdraw the '103 rejections," but does not confirm that
24  the reexamination proceedings are complete.  If Sorenson is correct, and a reexamination
25  certificate shortly issues, then he will suffer minimal prejudice by a continuance of the stay.
26  If the reexamination certificate does not soon issue, however, the Court's initial reasons for

27

28    [1]     Since Sorenson filed its Motion, four cases have been closed: Case Nos.
      06cv1572 BTM (CAB), 07cv2321 BTM (CAB), 08cv0231 BTM (CAB), and 09cv0021 BTM
      (CAB).

1 | the stay hold.  Therefore, the Court **DENIES** Plaintiff's Motion to Lift Stay.  The Court also

2 | **DENIES as moot** Defendants' Motion to Strike.

3 | **IT IS SO ORDERED.**

4 | DATED:  July 10, 2009

5

*Barry Ted Moskowitz*

6 | Honorable Barry Ted Moskowitz
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BIG LOTS STORES, INC.,

     Plaintiff,

     v.

                      Case No. 2:08-cv-00506
                      JUDGE GREGORY L. FROST
                      Magistrate Judge Terence P. Kemp

SORENSEN RESEARCH AND
DEVELOPMENT TRUST,

     Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of a motion (Doc. # 13) filed by

Defendant Sorensen Research and Development Trust to dismiss the claim against it for lack of

personal jurisdiction, or in the alternative, to transfer the case on the basis of improper venue. In

addition to the motion, a memorandum in opposition (Doc. # 24) filed by Plaintiff Big Lots

Stores, Inc. and Defendant's reply memorandum (Doc. # 26), are before the Court. For the

reasons that follow, the Court **GRANTS** Defendant's motion to transfer the case to the United

States District Court for the Southern District of California.

### I. Background

On May, 23, 2008, Plaintiff, a discount retailer with its place of business in Ohio, brought

the instant suit against Defendant, an entity based in San Diego, California. (Doc. # 2 ¶¶ 1-2.)

Plaintiff alleges that Defendant sent Plaintiff multiple cease-and-desist letters accusing Plaintiff

of infringement of United States Patent No. 4,935,184 (the '184 Patent). (*Id.* ¶ 6.) Plaintiff

1

seeks declaratory judgment that Plaintiff has not infringed upon Defendant's patent rights. (*Id.* ¶ 9.)

On April 20, 2009, Defendant filed a motion to dismiss the action, or in the alternative, to transfer the case to the Southern District of California. (Doc. # 13, at 1-2, 11.) Defendant argues that this Court lacks personal jurisdiction over Defendant because the cease-and-desist letters are insufficient to meet the requirements of the Due Process Clause. (*Id.* at 9.) Moreover, Defendant contends that the Southern District of Ohio is an improper venue for this case and that the proper venue is the Southern District of California, the place where Defendant resides and conducts business. (*Id.* at 11-13.)

Plaintiff submitted a memorandum in opposition, arguing that this Court has personal jurisdiction over Defendant. (Doc. # 24.) Specifically, Plaintiff argues that Defendant engaged in "additional conduct"–namely, voluntarily entering into an agreement with another undisclosed party which among other things provides that any dispute arising from breach of the agreement shall be resolved in the courts of Ohio–that evidences additional purposefully directed conduct by Defendant into this forum. (*Id.* at 2-3; see also *Exhibit 1* ¶ 9.1, attached thereto.) Plaintiff also argues that venue is proper because this Court has personal jurisdiction over Defendant. (*Id.* at 12.)

Defendant submitted a reply memorandum, arguing that the cease-and-desist letters are not enough to show that Defendant is amenable to service of process under Ohio's "long-arm" statute. (Doc. # 26, at 3-5.) Additionally, Defendant contends that even if Defendant's conduct falls within the scope of Ohio's long-arm statute, the exercise of personal jurisdiction over

2

Defendant is still inappropriate for purposes of the Due Process Clause and Defendant's rights

afforded therein. (*Id.* at 5.) Specifically, Defendant argues that the cease-and-desist letters, the

existence of multiple non-exclusive licensing agreements with other entities in the forum state,

and the forum selection and choice of law clauses contained in the aforementioned agreement,

are not enough to support this Court's jurisdiction over Defendant. (*Id.* at 6, 9, 12.)

The parties have completed briefing the issues involved, and the motion is now ripe for

disposition.

## II. Standard to be Applied

Under Federal Rule of Civil Procedure 12(b)(2), Defendant may move to dismiss a claim

for lack of personal jurisdiction. In ruling upon a Rule 12(b)(2) motion, a court has three

alternatives: (1) it may make a determination based on written submissions and affidavits alone;

(2) it may permit discovery in aid of the motion; or (3) it may conduct an evidentiary hearing on

the merits of the motion. *Serras v. First Tennessee Bank National Association*, 875 F.2d 1212,

1214 (6th Cir. 1989). Where, as here, the Court elects to rule on the matter based upon the

pleadings and other documentary evidence, Plaintiff need only establish a *prima facie* case for

jurisdiction. *Bridgeport Music, Inc. v. Still N The Water Publishing,* 327 F.3d 472, 478 (6th Cir.

2003). Although the Court considers the pleadings in a light most favorable to Plaintiff, Plaintiff

must still set forth specific facts demonstrating that the Court has jurisdiction. *Serras,* 875 F.2d

at 1214. If the facts support jurisdiction, the Court must deny the motion to dismiss even in the

face of controverting evidence provided by Defendant. *Id.* The Sixth Circuit has explained that

"any other rule would empower a defendant to defeat personal jurisdiction merely by filing a

3

written affidavit contradicting jurisdictional facts alleged by a plaintiff." *Id.* (citing *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

When a motion to dismiss is made in the context of a patent infringement dispute, a district court applies Federal Circuit law to determine personal jurisdiction. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). Accordingly, this Court's personal jurisdiction analysis applies the law of the forum state, subject to the limits of the Due Process Clause of the Fifth Amendment.[1] *Red Wing Shoe Co., Inc v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed. Cir. 1998). If Defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice," then personal jurisdiction exists. *Id.* Because Ohio's long-arm statute does not extend personal jurisdiction to the fullest extent of the Due Process Clause, Plaintiff must show that Defendant is amenable to suit under Ohio's long arm statute and that Defendant's activities in the State of Ohio satisfy the minimum contacts requirement of the Due Process Clause. *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002) (citing *International Shoe*, 326 U.S. at 316); *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 638 N.E.2d 541, 545 n.1 (1994)).

---

[1] The Sixth Circuit invokes the Due Process Clause of the Fifth Amendment in its personal jurisdiction analysis for patent infringement cases. *See Akro Corp.*, 45 F.3d at 1544. Nonetheless, in applying the analysis, the Sixth Circuit employs the Fourteenth Amendment state-minimum contacts test of *International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945). *See Red Wing Shoe,* 148 F.3d at 1358 n.1.

4

### III. Discussion

#### A. Ohio's Long-Arm Statute

Defendant moves to dismiss this action on the grounds that Ohio's long-arm statute does

not extend so far as to permit service of process on Defendant. (Doc. # 13, at 7.) Ohio's long-

arm statute provides in pertinent part that "[a] court may exercise personal jurisdiction over a

person who acts directly or by an agent, as to a cause of action arising from the person's

*transacting any business* in this state . . . ." Ohio Rev. Code § 2307.382 (emphasis added).

The phrase "transacting any business" is broadly worded and permits jurisdiction over

nonresident defendants "who are transacting any business in Ohio." *Muzzin v. Brooks*, 168 Ohio

App.3d 231, 236, 859 N.E.2d 584, 588 (2006) (citing *Kentucky Oaks Mall Co. v. Mitchell's*

*Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75, 559 N.E.2d 477, 480 (1990)). The word "transact" in

the context of the Ohio Revised Code means " 'to prosecute negotiations; to carry on business; to

have dealings . . . . The word embraces in its meaning the carrying on or prosecution of business

negotiations but it is a broader term than the word 'contract' and may involve business

negotiations which have been either wholly or partly brought to a conclusion . . . .' " *Kentucky*

*Oaks Mall Co.*, 53 Ohio St. 3d at 75, 559 N.E.2d at 480 (quoting Black's Law Dictionary (5th

ed. 1979)). Moreover, personal jurisdiction "does not require physical presence in the forum

state." *Goldstein*, 70 Ohio St. 3d at 236, 638 N.E.2d at 544.

Plaintiff's pleading does not explicitly state on what basis this Court has personal

jurisdiction over Defendant. (Doc. # 2 ¶ 4.) The Complaint does, however, point to several

cease-and-desist letters that Plaintiff received from Defendant regarding the use of the '184

5

Patent. (*Id.* ¶ 6.) Because the Complaint offers no other facts to establish Defendant's minimum

contacts with the state of Ohio, the issue is whether the broad scope of § 2307.382 and the

meaning of the word "transacting" encompasses Defendant's cease-and-desist letters.

In light of the Ohio Revised Code's acceptance of the Black's Law Dictionary definition

for "transact" to mean "prosecute negotiations," "carry on business" or "have dealings," there is

at least some *arguable* merit to Plaintiff's contention that Defendant's cease-and-desist letters

fall within the scope of the statute. Plaintiff's Complaint alleges that Defendant's letters

"demanded payment of a sum certain for alleged past damages and future sales." (Doc. # 2 ¶ 6.)

Given that it appears that the principle source of Defendant's business is deriving revenues from

patent licensing, it is potentially reasonable to conclude that Defendant's letters containing

demand amounts (presumably based on such revenue streams) fall within the scope of carrying

on business, prosecuting negotiations, and having dealings. Under a similar fact pattern, the

court in *Red Wing Shoe Co.* agreed that there was some merit to the argument that cease-and-

desist letters made a showing of minimum contacts with a forum state. 148 F.3d at 1359-60

(also noting that other courts have viewed cease-and-desist letters as merely having a tangential

relationship to the essence of the dispute, which is patent infringement). But the letters involved

here can also be easily regarded as simply one-sided business solicitation that hardly presents a

substantial connection with Ohio. Therefore, this Court assumes only for the sake of argument

that Defendant's cease-and-desist letters sent to Plaintiff are enough to fall within the scope of

"transacting any business" within the State of Ohio.

### B. Due Process Analysis

Even assuming *arguendo* that Plaintiff has met the first prong of today's inquiry, the

Court concludes that Plaintiff has failed to demonstrate that permitting suit against Defendant in

Ohio does not violate Defendant's due process rights. *Hildebrand*, 279 F.3d at 1354. This test

can be met on the basis of either general or specific jurisdiction. *Red Wing Shoe,* 148 F.3d at

1359. General jurisdiction is found where a defendant's contacts with the forum state are of

such a "continuous and systematic" nature that the state may exercise personal jurisdiction over

the defendant even if the action is unrelated to the defendant's contacts with the state. *Id.*

Plaintiff provides no facts in the Complaint, nor does Plaintiff make any argument in its response

to the motion, that general jurisdiction applies to the instant case.

Specific jurisdiction, on the other hand, may be found on the basis of a single act,

provided that the action "is directly and substantially related to the plaintiff's claim." *Id.* at

1359-60 (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 222 (1957)). Here, the

Court determines whether the following criteria are met: (1) Defendant must purposefully direct

its activities at residents of Ohio; (2) Plaintiff's claim for relief must "arise out of or relate to"

Defendant's activities in Ohio; and (3) the exercise of personal jurisdiction over Defendant must

be "fair and reasonable." *Imperial Products, Inc. v. Endura Prods., Inc.*, 109 F. Supp. 2d 809,

815 (S.D. Ohio 2000) (citing *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458

(Fed. Cir. 1997)).

The crux of the analysis centers upon Plaintiff showing that Defendant purposefully

directed its activities to residents of the State of Ohio. To this end, Plaintiff acknowledges that

7

more activity is required of Defendant than merely sending letters regarding suspected

infringement of the '184 patent. (Doc. # 24, at 8 (citing *Silent Drive, Inc v. Strong Industries,*

*Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) ("to comport with fair play and substantial justice,

there must be 'other activities' directed at the forum and related to the cause of action besides the

letters threatening an infringement suit"); *see also Red Wing Shoe Co.*, 148 F.3d at 1361 ("a

patentee should not subject itself to personal jurisdiction in a forum solely by informing a party

who happens to be located there of suspected infringement").)  The court in *Red Wing Shoe Co.*

held that "[g]rounding personal jurisdiction on such contacts alone would not comport with

principles of fairness." 148 F.3d at 1361.  Because the Complaint offers no other evidence of

Defendant's purposefully directed activities with residents of Ohio, on the face of the Complaint

alone Plaintiff has not established a *prima facie* case for this Court's exercise of personal

jurisdiction over Defendant.

Plaintiff would have this Court look beyond the four corners of the Complaint and the

evidence submitted in its response in opposition to the motion to dismiss for support for finding

jurisdiction over Defendant.  Plaintiff relies on *Campbell Pet Company v. Miale* for the

proposition that Defendant's actions fall within "additional conduct" sufficient to confer

jurisdiction over Defendant.  (Doc. # 24, at 9 (citing *Campbell Pet Company v. Miale*, 542 F.3d

879, 885-86 (Fed. Cir. 2008)).)  Specifically, Plaintiff highlights a non-exclusive licensing

agreement with a different forum-based corporation and a particular clause contained therein as

evidence of "other activities."  (Doc. # 24, at 9, *Exhibit 1* ¶ 9.1 ("any cause of action or claim

accrued or to accrue because of any breach or default by the other party or any term of the

agreement shall be actionable in the courts of the State of Ohio . . . .").)  Even if the Court were

8

to look beyond the pleadings for evidence establishing personal jurisdiction, the Court does not find this additional argument well taken.

*Campbell Pet*'s examples of "additional conduct" do not provide adequate shelter to Plaintiff's argument. 542 F.3d at 885-86. For instance, *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.* is distinguishable from the instant facts because it is not alleged and the facts do not support that Defendant has entered into an *exclusive* licensing agreement with an entity in Ohio. 444 F.3d 1356, 1366-67 (Fed. Cir. 2006) (emphasis added). In fact, the court in *Breckenridge Pharmaceutical* differentiates the facts surrounding an exclusive licensing agreement in its case from situations involving non-exclusive licensing agreements, stating that "the exercise of personal *jurisdiction is improper* . . . where the defendant has successfully licensed the patent in the forum state, even to *multiple non-exclusive licensees*, but does not, for example, exercise control over the licensees' sales activities and, instead, has no dealings with those licensees beyond the receipt of royalty income." *Id.* at 1366 (citing *Red Wing Shoe*, 148 F.3d at 1357-58) (emphasis added).

Nonetheless, Plaintiff argues that the non-exclusive licensing agreement that Defendant entered into with an undisclosed entity, which called for any claim arising from breach from that specific contract to be resolved in Ohio courts, suffices as evidence that Defendant willingly subjected itself to this forum when it sent cease-and-desist letters to Plaintiff. To the contrary, the Courts concludes that the agreement provided in the exhibit merely shows Defendant's intent to be subjected to Ohio courts should *that specific agreement* be violated; the agreement shows no intent on the part of Defendant to be subjected to Ohio courts when responding to potential infringement by other entities *that are not parties* to that agreement. Plaintiff's argument fails in

9

the face of authority that holds even multiple non-exclusive license agreements with other
entities in the forum state do not amount to "additional conduct" and a showing of personal
jurisdiction. *Id.* In summary, even if the Court goes beyond the Complaint, Plaintiff fails to
show that Defendant's due process will be protected.

### C. Improper Venue

Defendant argues that should the Court decline to dismiss the action and instead elect to
transfer the case, the proper venue to receive the case is the United States District Court for the
Southern District of California. (Doc. # 13, at 11.) Defendant indicates that it resides in San
Diego, California, and that it does business only in that area. (*Id.* at 3.) Additionally, Defendant
points to an ongoing parallel action between it and Plaintiff also involving the '184 patent,
*Sorensen v. Big Lots*, Case No. 09-cv-47 BTM, that is currently pending in the Southern District
of California. Defendant states that this parallel action is one of 36 other actions involving the
same patent that are all pending in that court.

Plaintiff's pleading asserts that venue is proper in the Southern District of Ohio. (Doc. #
2 ¶ 5.) But Plaintiff's Complaint provides no basis for why venue is proper. 28 U.S.C. §
1391(b) is the general venue statute for federal civil actions not founded solely on diversity of
citizenship, as is the case with actions involving patent infringement. It states as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship
> may, except as otherwise provided by law, be brought only in (1) a judicial district
> where any defendant resides, if all defendants reside in the same State, (2) a judicial
> district in which a substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the action is situated,
> or (3) a judicial district in which any defendant may be found, if there is no district
> in which the action may otherwise be brought.

28 U.S.C. § 1391(b). It is well settled that this "general provision[ ] must be read together with another general statute, Section 1391(c), which defines residence of corporations for purposes of [this] provision." 17 James W. Moore, Moore's Federal Practice § 110.01[3][a], at 110-15 (3d ed. 2003).

Section 1391(c) provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. §1391(c).[2] Pursuant to § 1391(c), the test for determining proper venue for a corporate defendant incorporates the test utilized for determining personal jurisdiction. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1048 (S.D. Ohio 2002). Accordingly, if Plaintiff can establish a *prima facie* case that this Court has personal jurisdiction over Defendant, then Defendant would also be deemed to reside in the Southern District of Ohio for purposes of venue. However, because Plaintiff has not made a sufficient showing of this Court's personal jurisdiction over Defendant, the Court similarly concludes that this District is the improper venue for this case. Further, the Court finds Defendant's argument persuasive that the proper venue for this case is the Southern District of California.

---

[2] 28 U.S.C. § 1391(c) is liberally construed to include unincorporated associations such as trusts. *See Denver & Rio Grande Western R.R. Co v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 559-62 (1967).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to transfer and

**DENIES** the motion to dismiss. (Doc. # 13). The Clerk shall transfer this case to the United

States District Court for the Southern District of California.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

12

# EXHIBIT 22

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORMAN PRODUCTS, INC.<br>3400 East Walnut Street<br>Colmar, Pennsylvania 18915 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No._____ |
| | : | |
| SORENSEN RESEARCH AND DEVELOPMENT<br>TRUST<br>9930 Mesa Rim Road, Suite 300<br>San Diego, California 92121 | : | JURY TRIAL REQUESTED |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Dorman Products, Inc. ("Dorman"), by and through its undersigned

counsel, hereby complains of Defendant, Sorensen Research and Development Trust

("Sorensen"), as follows:

### Nature Of The Action

1.      This is an action for declaratory judgment seeking a declaration of no

liability arising from Sorensen's allegations that Dorman infringes U.S. Patent No.

4,935,184 (the "'184 Patent") pursuant to the Declaratory Judgment Act, 28 U.S.C.

§§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 100 *et*

*seq.*, and for such other relief as the Court deems just and proper.

## Parties

2.    Dorman is a Pennsylvania corporation with its principal place of business at 3400 East Walnut Street, Colmar, Pennsylvania, 18915.

3.    Dorman is a national supplier of goods primarily directed to the automotive industry.

4.    Dorman sells electrical tools, including its Ergo Stripper and Crimper (the "accused product").

5.    Dorman does not design or manufacture the accused product, and the accused product is not produced using Dorman tooling. Dorman purchases the accused product as a private label item from a Chinese manufacturer.

6.    Upon information and belief, no part of the accused product is produced in the United States.

7.    Upon information and belief, Sorensen is a trust entity organized, administered, and existing under the laws of the state of California, having a principal place of business at 9930 Mesa Rim Road, Suite 300, San Diego, California 92121.

8.    Upon information and belief, Sorensen does not sell any product within the scope of the '184 Patent. Instead, Sorensen is in the business of acquiring and holding patents and aggressively seeks licenses and files lawsuits to enforce its alleged rights as it is, or has been, involved in sixty-five (65) lawsuits directly involving the '184 Patent in districts courts located in fourteen (14) separate states. *See* Exhibit "A."

- 2 -

9.    Sorensen has been involved in multiple lawsuits in the northeast section of the country regarding the '184 Patent, including district courts in Ohio, New Jersey, New York, Connecticut, and New Hampshire. *See* Exhibit "A."

## Jurisdiction And Venue

10.    This is a Complaint for Declaratory relief under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

11.    Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

12.    This Court has personal jurisdiction over Sorensen consistent with the principles underlying the U.S. Constitution and Pennsylvania's long-arm statute because, among other things, an injury caused to Dorman occurred in Pennsylvania as a result of Sorensen's actions.

13.    Upon information and belief, Sorensen is doing business in the Commonwealth of Pennsylvania, including, in particular, its business of seeking to license its patents.

14.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## The '184 Patent

15.    The '184 Patent, titled "Stabilized Injection Molding When Using A Common Mold Part With Separate Complimentary Mold Parts" was filed on July 27, 1989 and issued on June 19, 1990. A copy of the '184 Patent is attached hereto as Exhibit "B."

16.     The '184 Patent has ten (10) claims all of which are directed to "[a] *method* of cyclic injection molding a thin-walled hollow, plastic product having a closed end and an open end with laminated walls terminating in a rim at the open end, utilizing a first mold cavity and a second mold cavity, the first mold cavity being defined by a first common mold part and a first complementary mold part, and the second mold cavity being defined by the first common mold part and a second complementary mold part … ."

17.     Jens O. Sorensen is identified as the sole inventor of the '184 Patent. *See* Exhibit "B."

18.     Primtec is identified on the title page of the '184 Patent as the assignee of the '149 Patent. *See* Exhibit "B."

19.     Pursuant to the United States Patent and Trademark Office's ("USPTO") public assignment records, an assignment from Primtec to Jens Ole Sorensen was recorded on December 11, 1995 at Reel 007732, Frame 0104, with respect to the '184 Patent. *See* Exhibit "C."

20.     Pursuant to the USPTO's public assignment records, an assignment from Jens Ole Sorensen to Sorensen Research And Development was recorded on May 9, 2003 at Reel 014022, Frame 0492, with respect to the '184 Patent. *See* Exhibit "C."

21.     The title page of the '184 Patent states that the '184 Patent is a continuation of U.S. Patent Application No. 07/152,670, filed on February 5, 1988, now abandoned. *See* Exhibit "B."

- 4 -

22.    Pursuant to 35 U.S.C. § 154(c), the enforceable term of the '184 Patent expired on February 5, 2008.

### Existence Of An Actual Case And Controversy Between The Parties

23.    On June 9, 2009, Sorensen's counsel wrote to Dorman providing notice of patent infringement in violation of 35 U.S.C. § 271 and alleging that Dorman's "Ero Stripper and Crimper" product "is substantially likely, within the meaning of Title 35 U.S.C. § 295, to have been produced through the use of a process, which infringed the '184 patent." *See* Exhibit "D."

24.    Sorensen's June 9, 2009 letter expressly states, **"PLEASE TAKE FURTHER NOTICE:** This letter constitutes a notice of patent infringement in violation of 35 U.S.C. § 271." *See* Exhibit "D."

25.    Sorensen's June 9, 2009 letter included a claim chart comparing Dorman's accused product with claim 1 of the '184 Patent in support of its infringement allegations. *See* Exhibit "D."

26.    Sorensen's June 9, 2009 letter further states that "Dorman must recognize that failure to obtain a release for its usage of the '184 patented technology can only lead to the risk and expense of litigation, an award of damages, and attorneys' fees. ... To protect Sorensen Research and Development's intellectual property rights, we cannot allow Dorman's unlicensed use. There is a narrow window of opportunity at this early stage wherein the parties can resolve this matter without incurring the high costs and legal fees through amicable discussions leading to a release agreement." *See* Exhibit "D."

27.    On June 16, 2009, Dorman's counsel responded to Sorensen's June 9, 2009 letter, requesting Sorensen's position on two items in order to expedite Dorman's investigation of this matter.    First, Dorman asked whether Sorensen agreed that its June 9, 2009 letter was Dorman's first notice of the '184 patent. Second, Dorman asked whether Sorensen agreed that the '184 patent expired on February 5, 2008. *See* Exhibit "E."

28.    On June 16, 2009, Sorensen's counsel responded to Dorman's June 16, 2009 letter agreeing that Sorensen's June 9, 2009 letter was the first notice given to Dorman of the '184 Patent and that the '184 Patent expired on February 5, 2008. Sorensen's June 16, 2009 letter repeated its demand that Dorman take a license under the '184 Patent. *See* Exhibit "F."

29.    On June 22, 2009, Dorman's counsel wrote to Sorensen's counsel advising that there can be no infringement of the '184 Patent after its February 5, 2008 expiration date and that pursuant to 35 U.S.C. § 287(a), (b)(2), and (b)(5)(A), there can be no remedy for infringement prior to Sorensen's June 9, 2009 notice. *See* Exhibit "G."

30.    On June 22, 2009, Sorensen's counsel responded to Dorman's June 22, 2009 letter stating that it will "be turning this case over to our outside counsel for litigation," and that Dorman should expect to receive a Complaint within the next two weeks. *See* Exhibit "H."

- 6 -

31.    Sorensen's June 22, 2009 correspondence warned Dorman that Sorensen is currently involved in thirty-three (33) lawsuits regarding the '184 Patent. *See* Exhibit "H."

32.    Sorensen's allegations of infringement are without merit because the '184 Patent expired on February 5, 2008, and Dorman was first notified of the '184 Patent on June 9, 2009, more than sixteen (16) months after the '184 Patent expired.

33.    There is an actual, substantial, and continuing justiciable controversy between Dorman Products and Sorensen as to Sorensen's right to threaten suit for infringement of the expired '184 Patent and whether Sorensen would be entitled to any remedy if infringement is ultimately proven.

34.    A judicial declaration is necessary and appropriate so that Dorman may ascertain its rights with respect to the '184 Patent.

### Count I:
### Declaratory Judgment Of No Liability (Statutory)

35.    Dorman incorporates paragraphs 1 through 34 as if set forth in full.

36.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy to warrant the issuance of a declaratory judgment of no liability to Dorman, even if infringement is ultimately proven by Sorensen.

37.    The '184 Patent is generally directed to a method of injection molding hollow plastic products. *See* Exhibits "B."

- 7 -

38.    Because Dorman's accused product is not produced in the United States, Sorensen's infringement allegations must be based on 35 U.S.C. § 271(g), which states:

> Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent. In an action for infringement of a process patent, no remedy may be granted for infringement on account of the noncommercial use or retail sale of a product unless there is no adequate remedy under this title for infringement on account of the importation or other use, offer to sell, or sale of that product. ...

39.    35 U.S.C. § 287(b)(2) limits the remedies for infringement under 35 U.S.C. § 271(g) stating:

> No remedies for infringement under section 271(g) of this title shall be available with respect to any product in the possession of, or in transit to, the person subject to liability under such section before that person had *notice of infringement* with respect to that product. The person subject to liability shall bear the burden of proving any such possession or transit. (Emphasis added).

40.    35 U.S.C. § 287(b)(5)(A) defines "notice of infringement," stating "[f]or purposes of this subsection, notice of infringement means actual knowledge, or receipt by a person of a written notification, or a combination thereof, of information sufficient to persuade a reasonable person that it is likely that a product was made by a process patented in the United States."

41.    Because Dorman's first notice of infringement occurred on June 9, 2009, it cannot be liable for any acts of infringement of the '184 Patent under 35 U.S.C. § 271(g) prior to June 9, 2009, even if infringement is ultimately proven by Sorensen.

- 8 -

42.    Because the '184 Patent expired on February 8, 2009, Dorman cannot be liable for any acts of infringement of the '184 Patent under 35 U.S.C. § 271(g) after February 8, 2009, even if infringement is ultimately proven by Sorensen.

43.    Dorman is entitled to a declaratory judgment that it is not subject to any liability for its alleged infringement of the '184 Patent.

## Count II:
## Declaratory Judgment Of No Liability (Equitable)

44.    Dorman incorporates paragraphs 1 through 43 as if set forth in full.

45.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy to warrant the issuance of a declaratory judgment of no liability to Dorman, even if infringement is ultimately proven by Sorensen.

46.    The '184 Patent issued on June 19, 1990 and expired on February 5, 2008.

47.    Sorensen did not notify Dorman of its alleged infringement of the '184 Patent at any time during the eighteen (18) year period from issuance of the '184 Patent to its expiration. In addition, Sorensen waited over sixteen (16) months after the expiration of the '184 Patent to provide notice of alleged infringement to Dorman.

48.    Based on the sixty-five (65) other suits involving the '184 Patent (Exhibit "A") and Sorensen's own admission that it has a record of actively pursuing other alleged infringers to "[stop] infringement wherever it is found" (Exhibit "D"), reasonable diligence on Sorensen's behalf should have uncovered the existence of

- 9 -

Dorman's accused product at some point during the twenty (20) year enforceable term of the '184 Patent prior. The fact that Sorensen waited sixteen (16) months following the expiration of the '184 Patent to provide Dorman with notice of its alleged infringement is unjust and unreasonable.

49.     Because Sorensen did not notify Dorman of its alleged infringement of the '184 Patent during the enforceable term of the '184 Patent and delayed over sixteen (16) months after the expiration of the '184 Patent to provide such notice to Dorman, Sorensen is barred from any relief arising from Dorman's alleged infringement of the '184 Patent under the equitable doctrine of laches.

50.     Dorman is entitled to a declaratory judgment that it is not subject to any liability for infringement of the '184 Patent.

WHEREFORE, Dorman prays for:

(a)     Entry of a declaration of no liability in favor of Dorman with respect to the '184 Patent, even if infringement is ultimately proven by Sorensen;

(b)     A declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

(c)     An award of Dorman costs, expenses, and attorneys' fees in this action under any and all applicable statutes; and

(d)     Such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury of all issues properly tried to a jury.

Respectfully submitted,

Dated: _June 26, 2009_

_Anthony S. Volpe_ (I.D. No. 24,733)
Ryan W. O'Donnell (I.D. No. 89,775)
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

_Attorneys for Plaintiff_
_Dorman Products, Inc._

- 11 -

# EXHIBIT 23

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DORMAN PRODUCTS, INC.,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **NO. 09-2946** |
| **SORENSEN RESEARCH AND** | : | |
| **DEVELOPMENT TRUST,** | : | |
| Defendant. | : | |

## O R D E R

**AND NOW**, this 7th day of December, 2009, upon consideration of Plaintiff Dorman

Products, Inc.'s Motion to Enjoin Defendant, Sorensen Research and Development Trust, From

Proceeding With Its Second-Filed Action in the Southern District of California (Document No. 8,

filled August 27, 2009), Defendant's Motion to Dismiss Pursuant to F.R.Civ.P. 12(b)(2);

Memorandum of Points and Authorities (Document No. 7, filed August 10, 2009), and Plaintiff's

Memorandum in Opposition (Document No. 9, filed August 27, 2009), **IT IS ORDERED** that,

on or before December 17, 2009, the parties shall file and serve a joint status report in which they

detail their position(s) on a transfer of the case to the Southern District of California in view of

the decision of Honorable Barry Ted Moskowitz dated November 24, 2009, in the case of *Jens*

*Erik Sorenson v. Dorman Products, Inc., et al*, in the United States District Court for the

Southern District of California, Case No. 09-cv-1579.

**BY THE COURT:**

/s/ **Jan E. DuBois**
**JAN E. DUBOIS, J.**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 8 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re Plastic Injection Molding                    **MDL -2149**
Manufacturing Process ('184 Patent Litigation)

## PROOF OF SERVICE

I, Kevin Kudlac, hereby certify that a copy of Lexar Media, Inc.'s Opposition To Sorensen's

Motion For Transfer And Consolidation Of Related Patent Infringement Actions Pursuant To 28 U.S.C. § 1407

and this Certificate of Service were served by e-mail or via Federal Express on February 16, 2010 to the

following:

| | |
|---|---|
| Melody A. Kramer<br>Kramer Law Office<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, California 92121<br>mak@kramerlawip.com<br><br>J. Michael Kaler<br>Kaler Law Offices<br>9930 Mesa Rim Road, Suite 200<br>San Diego, California 92121<br>michael@kalerlaw.com | **Counsel for Jens Erik Sorensen**<br>**as Trustee of Sorensen Research and**<br>**Development Trust**<br>**N.D. California, No: 5:08-cv-0095**<br>**S.D. California, No: 3:07-cv-2121**<br>**S.D. California, No: 3:07-cv-2277**<br>**S.D. California, No: 3:07-cv-2278**<br>**S.D. California, No: 3:08-cv-60**<br>**S.D. California, No: 3:08-cv-70**<br>**S.D. California, No: 3:08-cv-71**<br>**S.D. California, No: 3:08-cv-134**<br>**S.D. California, No: 3:08-cv-136**<br>**S.D. California, No: 3:08-cv-232**<br>**S.D. California, No: 3:08-cv-233**<br>**S.D. California, No: 3:08-cv-234**<br>**S.D. California, No: 3:08-cv-304** |

| | |
|---|---|
| | **S.D. California, No: 3:08-cv-305**<br>**S.D. California, No: 3:08-cv-306**<br>**S.D. California, No: 3:08-cv-309**<br>**S.D. California, No: 3:08-cv-411**<br>**S.D. California, No: 3:08-cv-559**<br>**S.D. California, No: 3:08-cv-1080**<br>**S.D. California, No: 3:08-cv-1256**<br>**S.D. California, No. 3:08-cv-01670**<br>**S.D. California, No. 3:09-cv-00056**<br>**S.D. California, No: 3:09-cv-57**<br>**S.D. California, No: 3:09-cv-58**<br>**S.D. California, No: 3:09-cv-59**<br>**S.D. California, No: 3:09-cv-60**<br>**S.D. California, No: 3:09-0T-267**<br>**S.D. California, No: 3:09-cv-531**<br>**S.D. California, No: 3:09-cv-558**<br>**S.D. California, No: 3:09-cv-1579**<br>**S.D. California, No: 3:09-cv-2702**<br>**E.D. Pennsylvania, No: 2:09-cv-2946** |
| Allison Goddard<br>J. Christopher Jaczko<br>Jaczko Goddard LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>agoddard@jaczkogoddard.com<br><br>Dale Lischer<br>Elizabeth G. Borland<br>Kerri A. Hochgesang Smith,<br>Gambrell & Russell, LLP<br>Promenade II, Suite 3100<br>1230 Peachtree St.,<br>N.E. Atlanta, GA 30309<br>egborland@sgrlaw.com | **Counsel for Defendant Giant International (USA)**<br>**LTD**<br>**S.D. California, No: 3:07-cv-2121** |
| Alan A. Limbach<br>Elizabeth Day<br>Vincent S Lam<br>Erik R. Fuehrer<br>DLA Piper USA LLC<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>alan.limbach@dlapiper.com<br>elizabeth.day@dlapiper.com<br>vincent.lam@dlapiper.com<br>erik.fuehrer@dlapiper.com | **Counsel for Defendant Esseplast USA (NC) Inc.**<br>**S.D. California, No: 3:07-cv-2277** |
| Erik B. Von Ziepel<br>Christopher C. Larkin | **Counsel for Defendants Helen of Troy Texas**<br>**Corporation; OXO International LTD** |

| | |
|---|---|
| Seyfarth Shaw LLP<br>2029 Century Park East, Suite 3300<br>Los Angeles, CA 90067<br>evonzeipel@seyfarth.com | **S.D. California, No: 3:07-cv-2278** |
| Roger G. Perkins<br>Peter J. Lucca<br>Morris Pouch & Purdy LLP<br>501 West Broadway, Suite 500<br>San Diego, California 92101<br>rperkins@mpplaw.com<br>plucca@mpplaw.com<br><br>Orlando F. Cabanday<br>Hennelly & Grossfeld LLP<br>4640 Admiralty Way, Suite 850<br>Marina del Rey, CA 90292<br>ocabanday&hgla.com<br><br>Richard Marschall<br>Michael Best & Friedrich LLP<br>100 East Wisconsin Avenue<br>Suite 3300<br>Milwaukee, WI 53202-4108<br>rmarschall@michaelbest.com | **Counsel for Defendants Emerson Electric Co.; One World Technologies, Inc.; Ridge Tool Company; Ridgid, Inc.**<br>**S.D. California, No: 3:08-cv-60** |
| Roger G. Perkins<br>Peter J. Lucca<br>Morris Pouch & Purdy LLP<br>501 West Broadway, Suite 500<br>San Diego, California 92101<br>rperkins@mpplaw.com<br>plucca@mpplaw.com<br><br>Richard Marschall<br>Michael Best & Friedrich LLP<br>100 East Wisconsin Avenue Suite 3300<br>Milwaukee, WI 53202-4108<br>rmarschall@michaelbest.com | **Counsel for Defendants Ryobi Technologies, Inc.; Techtronic Industries North America, Inc.**<br>**S.D. California, No: 3:08-cv-70** |
| Roger G. Perkins<br>Peter J. Lucca<br>Morris Pouch & Purdy LLP<br>501 West Broadway, Suite 500<br>San Diego, California 92101<br>rperkins@mpplaw.com<br>plucca@mpplaw.com<br><br>Richard Marschall<br>Michael Best & Friedrich LLP | **Counsel for Defendant Senco Products, Inc.**<br>**S.D. California, No: 3:08-cv-71** |

| | |
|---|---|
| 100 East Wisconsin Avenue Suite 3300<br>Milwaukee, WI 53202-4108<br>rmarschall@michaelbest.com | |
| James H. Shalek<br>Elias L. Schilowitz<br>Proskauer Rose LLP<br>1585 Broadway,<br>New York, NY 10036-8299<br>jshalek@proskauer.com<br><br>Jonathan E. Rich<br>Proskauer Rose LLP<br>2049 Century Park East, 32nd Floor<br>Los Angeles, CA 90067-3206<br>jrich@proskauer.com | **Counsel for Defendant Informatics, Inc.**<br>**S.D. California, No: 3:08-cv-134** |
| Rachel M. Capoccia<br>Hogan & Hartson L.L.P.<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, California 90067<br>rmcapoccia@hhlaw.com<br><br>Erik J. Lobenfeld<br>Hogan & Hartson LLP<br>875 Third Avenue<br>New York, NY 10022<br>ejlobenfeld@hhlaw.com | **Counsel for Defendant Motorola, Inc.**<br>**S.D. California, No: 3:08-cv-136** |
| Douglas R. Peterson<br>John V. Hanley<br>Steptoe & Johnson LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, CA 90067-5052<br>dpeterson@steptoe.com<br>jhanley@steptoe.com | **Counsel for Defendant Alltrade Tools, LLC**<br>**S.D. California, No: 3:08-cv-232** |
| M. Andrew Woodmansee<br>Morrison & Foerster LLP<br>12531 High Bluff Dr., Suite 100<br>San Diego, California 92130<br>mawoodmansee@mofo.com | **Counsel for Defendants Global Machinery**<br>**Company; GMCA PTY.; Trapone Corporation**<br>**PTY. LTD**<br>**S.D. California, No: 3:08-cv-233** |
| Jeff E. Scott<br>Kamran Salour<br>Greenberg Traurig, LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, California 90404<br>scottj@gtlaw.com<br>salourk@gtlaw.com | **Counsel for Defendant Emissive Energy Corp.**<br>**S.D. California, No: 3:08-cv-234** |
| Jeffrey D. Lewin<br>Sullivan, Hill, Lewin, Rez & Engel | **Counsel for Defendants Metabo Corporation;**<br>**Metabowerke GMBH** |

4

| | |
|---|---|
| 550 West "C" Street, Suite 1500<br>San Diego, CA 92101<br>lewin@shlaw.com<br><br>Arnold Rosenblatt, Esq.<br>Cook, Little, Rosenblatt & Manson<br>1000 Elm Street<br>Manchester, NH 03101<br>arosenblatt@clrm.com<br><br>Daniel J. Bourque<br>Bourque and Associates, PA<br>835 Hanover Street, Suite 301<br>Manchester, NH 03104<br>dbourque@nhpatlaw.com | **S.D. California, No: 3:08-cv-304** |
| Gary M. Anderson<br>Fulwider Patton LLP<br>Howard Hughes Center<br>6060 Center Drive, Tenth Floor<br>Los Angeles, CA 90045<br>ganderson@fulpat.com<br>litdocketla@fulpat.com<br><br>David S. Taylor<br>Matthew Stavish<br>Berenato, White & Stavish<br>6550 Rock Spring Drive, Suite 240<br>Bethesda, MD 20817<br>dtaylor@bwsiplaw.com<br>mstavish@bwsiplaw.com | **Counsel for Defendant Rally Manufacturing, Inc.**<br>**S.D. California, No: 3:08-cv-305** |
| George L. Fountain<br>Vy H.Vu<br>Fountain Law Group, Inc.<br>18201 Von Karman Ave., Suite 960<br>Irvine, CA 92612<br>george@fountainlaw.com<br>vyvu@fountainlaw.com<br><br>Kening Li, PH.D.<br>Pinsent Masons<br>C/O Baker Donelson Bearman Caldwell & Berkowitz<br>555 11th St., NW,<br>Washington, DC 20004<br>kening.li@pinsentmasons.com | **Counsel for Defendant Sunbeam Products, Inc.**<br>**S.D. California, No: 3:08-cv-306** |
| Mark J. Rosenberg<br>Sills Cumrais & Gross P.C.<br>One Rockefeller Plaza | **Counsel for Defendant Central Purchasing, LLC**<br>**S.D. California, No: 3:08-cv-309** |

| | |
|---|---|
| New York, New York 10020<br>mrosenberg@sillscummis.com<br><br>Susan E. Basinger<br>Higgs Fletcher & Mack LLP<br>401 West "A" Street, Suite 2600<br>San Diego, California 92101<br>basinger@higgslaw.com | |
| Anthony J. Dain<br>Victor M. Felix<br>Procopio, Cory, Hargreaves & Savitch LLP<br>530 B Street, Suite 2100<br>San Diego, California 92101<br>vmf@procopio.com<br>ajd@procopio.com | **Counsel for Defendants Kyocera International,<br>Inc.; Kyocera Wireless Corp.**<br>**S.D. California, No: 3:08-cv-411** |
| Teresa A. Ascencio<br>Sonnenschein Nath & Rosenthal LLP<br>4250 Main Street, Suite 1100<br>Kansas City, MO 64111<br>tascencio@sonnenschein.com | **Counsel for Defendant DMS Holdings, Inc.**<br>**S.D. California, No: 3:08-cv-559** |
| Gary Dukarich<br>Syed A. Hasan<br>Christie, Parker & Hale, LLP<br>350 West Colorado Blvd, Ste. 500<br>Post Office Box 7068<br>Pasadena, California 91109-7068<br>gsd@cph.com<br>sah@cph.com | **Counsel for Defendants Human Touch, LLC;<br>Interactive Health, Inc.**<br>**S.D. California, No: 3:08-cv-1080** |
| Allison H. Goddard<br>Jaczko Goddard LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>agoddard@jaczkogoddard.com<br><br>Dean D. Niro<br>Robert A. Conley<br>Niro, Scavone, Haller & Niro<br>181 West Madison, Suite 4600<br>Chicago, Illinois, 60602<br>dniro@nshn.com<br>rconley@nshn.com | **Counsel for Defendant Conair Corporation**<br>**S.D. California, No: 3:08-cv-1256** |
| Kenneth B. Black<br>Matthew D. Tayne<br>Stoel Rives LLP<br>201 South Main Street, Suite 1100<br>Salt Lake City, UT 84111<br>kbblack@stoel.com | **Counsel for Plaintiff Acco Brands USA LLC**<br>**S.D. California, No: 3:08-cv-01670** |

| | |
|---|---|
| mdthayne@stoel.com<br><br>Brian J. Nese<br>Stoel Rives LLP<br>12265 El Camino Real, Suite #303<br>San Diego, CA 92130<br>bjnese@stoel.com<br><br>Michael D. Fabiano<br>Mazzarella Caldarelli<br>550 West C Street<br>Suite 700<br>San Diego, CA 92101-8575<br>mfabiano@mazzcal.com | |
| James R Steffen<br>Lee M. Pulju<br>Faegre and Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55423<br>jrsteffen@faegre.com<br><br>Scott Casey Moore<br>Morrison & Foerster LLP<br>555 West Fifth Street<br>Suite 3500<br>Los Angeles, CA 90013-1024<br>smoore@mofo.com | **Counsel for Defendant Target Brands, Inc.**<br>**S.D. California, No. 3:09-cv-00056** |
| David A. Fox<br>John Shepherd Kyle<br>Cooley Godward<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>dfox@cooley.com<br>kylejs@cooley.com<br><br>Kent M Walker<br>Nydegger & Associates<br>348 Olive Street<br>San Diego, CA 92103<br>walkerkm@cooley.com<br><br>John M. Mueller<br>Taft Stettinius & Hollister LLP<br>425 Walnut Street<br>Suite 1800<br>Cincinnati, OH 45202-3957 | **Counsel for Defendant Big Lot Stores, Inc.**<br>**S.D. California, No: 3:09-cv-57** |

| | |
|---|---|
| mueller@taftlaw.com | |
| Frederick W. Kosmo, Jr.<br>Theresa Osterman Stevenson<br>Wilson Turner Kosmo LLP<br>550 West C Street, Suite 1050<br>San Diego, California 92101<br>fkosmo@wilsonturnerkosmo.com<br>tstevenson@wilsonturnerkosmo.com<br><br>Nicholas B. Clifford, Jr.<br>Michael H. Longmeyer<br>Armstrong Teasdale LLP<br>One Metropolitan Square, Suite 2600<br>St. Louis, Missouri 63102-2740<br>nclifford@armstrongteasdale.com<br>mlongmeyer@armstrongteasdale.com | **Counsel for Defendant Spectrum Brands, Inc.**<br>**S.D. California, No: 3:09-cv-58** |
| Gail J. Standish<br>Winston & Strawn LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071-1543<br>gstandish@winston.com | **Counsel for Defendants Lowe's Companies, Inc.,**<br>**LG Sourcing, Inc., Lowe's HIW, Inc.**<br>**S.D. California, No: 3:09-cv-59** |
| Allison H. Goddard<br>J. Christopher Jaczko<br>Jaczko Goddard LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>agoddard@jaczkogoddard.com<br>cjaczko@jaczkogoddard.com<br><br>Ryan Johnson<br>Michael Leachman<br>Bernard Meroney<br>Jones Walker<br>8555 United Plaza Blvd<br>Baton Rouge, Louisiana 70809<br>rjohnson@joneswalker.com<br>mleachman@joneswalker.com<br>bmeroney@joneswalker.com | **Counsel for Defendants Axonn, LLC; Spot, LLC;**<br>**Global Star, Inc.**<br>**S.D. California, No: 3:09-cv-60** |
| Lee A. Goldberg<br>Pearl Cohen Zedek & Latzer, LLP<br>1500 Broadway, 12th Floor<br>New York, NY 10036<br>leeG@pczlaw.com | **Counsel for Defendants Freshlink Product**<br>**Development, LLC; Pollen Design, Inc.**<br>**S.D. California, No: 3:09-0T-267** |
| David J. Noonan<br>Lauren E. Butz<br>Kirby Noonan Lance & Hoge LLP<br>350 Tenth Avenue, Suite 1300 | **Counsel for Defendant U.S. Tape Company, Inc.**<br>**S.D. California, No: 3:09-cv-531** |

| | |
|---|---|
| San Diego, California 92101-8700<br>dnoonan@klnh.com<br>lbutz@knlh.com<br><br>Michael D. LiPuma<br>Law Office of Michael LiPuma<br>Constitution Place, Ste.<br>1109 325 Chestnut Street<br>Philadelphia, PA 19106<br>mlipuma@lipumalaw.com | |
| John Karl Buche<br>Sean M. Sullivan<br>Buche & Associates, P.C.<br>875 Prospect, Suite 305<br>La Jolla, California 92037<br>jbuche@buchelaw.com<br>ssullivan@buchelaw.com<br><br>Wesley W. Whitmyer, Jr.<br>Todd M. Oberdick<br>Benjamin C. White<br>St. Onge Steward Johnston & Reens LLC<br>986 Bedford Street<br>Stamford, CT 06905<br>wwhitmyer@ssjr.com<br>toberdick@ssjr.com<br>bwhite@ssjr.com | **Counsel for Defendant Fein Power Tools, Inc.**<br>**S.D. California, No: 3:09-cv-558** |
| Ryan W. O'Donnell<br>Anthony S. Volpe<br>Volpe and Koenig, P.C.<br>United Plaza, Ste. 1600,<br>30 South 17th Street<br>Philadelphia, PA 19103<br>rodonnell@volpe-koenig.com<br>avolpe@volpe-koenig.com<br><br>Joseph T. Ergastolo<br>Robert C. Wright<br>Wright & L'Estrange<br>401 West A Street, Ste. 2250<br>San Diego, CA 92101<br>jte@wllawsd.com<br>rwright@wllawsd.com | **Counsel for Defendant Dorman Products, Inc.**<br>**S.D. California, No: 3:09-cv-1579** |
| John M. Mueller<br>Taft Stettinius LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, OH 45202-3957<br>mueller@taftlaw.com | **Counsel for Plaintiff Big Lots Stores, Inc.**<br>**S.D. California, No: 3:09-cv-2702** |

| Ryan W. O'Donnell | **Counsel for Plaintiff Dorman Products, Inc.** |
| Anthony S. Volpe | **E.D. Pennsylvania, No: 2:09-cv-2946** |
| Volpe and Koenig, P.C. | |
| United Plaza, Ste. 1600, | |
| 30 South 17th Street | |
| Philadelphia, PA 19103 | |
| rodonnell@volpe-koenig.com | |
| avolpe@volpe-koenig.com | |



Kevin Kudlac

WEIL, GOTSHAL & MANGES LLP
700 Louisiana #1600
Houston, TX 77002
(713) 546-5000 telephone
(713) 224-9511 facsimile

*Attorney for Defendant*
*Lexar Media, Inc.*



10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 19 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re Plastic Injection Molding
Manufacturing Process ('184 Patent Litigation)

**MDL -2149**

### AMENDED PROOF OF SERVICE

I, Kevin Kudlac, hereby certify that a copy of Lexar Media, Inc.'s Opposition To Sorensen's Motion For Transfer And Consolidation Of Related Patent Infringement Actions Pursuant To 28 U.S.C. § 1407 and this Certificate of Service were served by e-mail or via Federal Express on February 16, 2010 to all counsel of record indicated on the Panel Service List, except to the following counsel below who were served by e-mail or via U.S. Mail with the above on February 19, 2010:

| | |
|---|---|
| Bocchieri, Breton A.<br>Seyfarth Shaw LLP<br>2029 Century Park East, Suite 3300<br>Los Angeles, CA 90067<br>BBocchieri@seyfarth.com | **Counsel for Defendants Helen of Troy Texas Corporation; OXO International LTD**<br>**S.D. California, No: 3:07-cv-2278** |
| Best, J. Donald<br>Michael Best & Friedrich LLP<br>100 East Wisconsin Avenue<br>Suite 3300<br>Milwaukee, WI 53202-4108<br>jdbest@michaelbest.com | **Counsel for Defendants Emerson Electric Co.; One World Technologies, Inc.; Ridge Tool Company; Ridgid, Inc.**<br>**S.D. California, No: 3:08-cv-60**<br><br>**Counsel for Defendants Ryobi Technologies, Inc.; Techtronic Industries** |

| | |
|---|---|
| | **North America, Inc.**<br>**S.D. California, No: 3:08-cv-70**<br><br>**Counsel for Defendant Senco Products, Inc.**<br>**S.D. California, No: 3:08-cv-71** |
| Goldberg, Nolan M.<br>Proskauer Rose LLP<br>1585 Broadway,<br>New York, NY 10036-8299<br>ngoldberg@proskauer.com | **Counsel for Defendant Informatics, Inc.**<br>**S.D. California, No: 3:08-cv-134** |
| Scott, Craig M.<br>Scott & Bush Ltd<br>30 Kennedy Plaza<br>Fourth Floor<br>Providence, RI 02903<br>cscott@scottbushlaw.com | **Counsel for Defendant Emissive Energy Corp.**<br>**S.D. California, No: 3:08-cv-234** |
| Ferguson, Lisel M<br>Procopio, Cory, Hargreaves & Savitch LLP<br>530 B Street, Suite 2100<br>San Diego, California 92101<br>vmf@procopio.com<br>lmf@procopio.com | **Counsel for Defendants Kyocera International, Inc.; Kyocera Wireless Corp.**<br>**S.D. California, No: 3:08-cv-411** |
| Kenneth B. Black<br>Stoel Rives LLP<br>201 South Main Street, Suite 1100<br>Salt Lake City, UT 84111<br>kbblack@stoel.com<br>mdthayne@stoel.com | **Counsel for Plaintiff Acco Brands USA LLC**<br>**S.D. California, No. 3:08-cv-01670** |
| Stump, Matthew A.<br>Faegre and Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55423<br>mstump@faegre.com | **Counsel for Defendant Target Brands, Inc.**<br>**S.D. California, No. 3:09-cv-00056** |

I further certify that a copy of this Amended Proof of Service was served by email or via U.S. Mail on February 19, 2010 to all counsel of record indicated on the Panel Service List and via fax to the Clerk of the Panel, Judicial Panel on Multidistrict Litigation.

Kevin Kudlac

WEIL, GOTSHAL & MANGES
LLP
700 Louisiana #1600
Houston, TX 77002
(713) 546-5000 telephone
(713) 224-9511 facsimile

*Attorney for Defendant*
*Lexar Media, Inc.*

3

Printed on 02/18/2010

# Judicial Panel on Multidistrict Litigation - Panel Service List

## for

# MDL 2149 - IN RE: Plastic Injection Molding Manufacturing Process ('184) Patent

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
* Signifies that an appearance was made on behalf of the party by the representing attorney.
# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
All counsel and parties no longer active in this litigation have been suppressed.

## This Report is Based on the Following Data Filters
Docket: 2149 - Plastic Injection Molding Manufacturing Process ('184) PAT
For Open Cases

## Judicial Panel on Multidistrict Litigation - Panel Service List

Docket: 2149 - IN RE: Plastic Injection Molding Manufacturing Process ('184) Patent Litigation

Status: Pending on / /

Transferee District:        Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Anderson, Gary M<br>FULWIDER PATTON LLP<br>6060 Center Drive<br>10th Floor<br>Los Angeles, CA 90045 | =>Phone: (310) 824-5555 Fax: (310) 824-9696 Email: ganderson@fulpat.com<br>Rally Manufacturing, Inc.* |
| Ascencio, Teresa A.<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>4520 Main Street<br>Suite 1100<br>Kansas City, MO 64111 | =>Phone: (816) 460-2400 Fax: (816) 531-7545 Email: tascencio@sonnenchein.com<br>DMS Holdings, Inc. dba Mabis Healthcare dba Duro-Med Industries* |
| Best, J. Donald<br>MICHAEL BEST & FRIEDRICH LLP<br>One South Pinckney Street<br>Suite 700<br>Madison, WI 53703-4257 | =>Phone: (608) 257-3501 Fax: (608) 283-2275 Email: jdbest@michaelbest.com<br>Emerson Electric Co.*; One World Technologies, Inc.*; Ridge Tool Co.*; Ridgid, Inc.*, Ryobi<br>Technologies, Inc.*; Senco Products, Inc.*; Techtronic Industries North America, Inc.* |
| Black, Kenneth B.<br>STOEL RIVES LLP<br>201 South Main Street<br>Suite 1100<br>Salt Lake City, UT 84111 | =>Phone: (801) 328-3131 Fax: (801) 578-6999 Email: kbblack@stoel.com<br>ACCO Brands USA LLC* |
| Bocchieri, Breton A.<br>SEYFARTH SHAW LLP<br>2029 Century Park, East<br>Suite 3500<br>Los Angeles, CA 90067-3021 | =>Phone: (310) 277-7200 Fax: (310) 201-5219 Email: BBocchieri@seyfarth.com<br>Helen of Troy Texas Corp *; OXO International Ltd* |
| Borland, Elizabeth G.<br>SMITH GAMBRELL & RUSSELL LLP<br>Promenade II, Suite 3100<br>1230 Peachtree Street, N.E.<br>Atlanta, GA 30309-3592 | =>Phone: (404) 815-3645 Fax: (404) 685-6945 Email: egborland@sgrlaw.com<br>Giant International (USA) Ltd.* |
| Bourque, Daniel J.<br>BOURQUE & ASSOCIATES PA<br>835 Hanover Street<br>Suite 301<br>Manchester, NH 03104 | =>Phone: (603) 623-5111 Fax: (603) 624-1432 Email: dbourque@nhpatlaw.com<br>Metabo Corp.* |
| Clifford, Jr, Nicholas B.<br>ARMSTRONG TEASDALE LLP<br>One Metropolitan Square<br>Suite 2600<br>St. Louis, MO 63102-2740 | =>Phone: (314) 621-5070 Fax: (314) 621-5065 Email: nclifford@armstrongteasdale.com<br>Spectrum Brands, Inc * |
| Dukarich, Gary<br>CHRISTIE PARKER & HALE LLP | =>Phone: (949) 476-0757 Fax: (949) 476-8640 Email: gsd@cph.com<br>Human Touch LLC*; Interactive Health, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 2,149 Continued)*                                                                Page 2

| **ATTORNEY - FIRM** | **REPRESENTED PARTY(S)** |
|---|---|

3501 Jamboree Road
Suite 6000
Newport Beach, CA 92660-2960

Ferguson, Lisel M.                      => **Phone: (619) 238-1900  Fax: (619) 235-0398  Email: lmf@procopio.com**
PROCOPIO CORY HARGREAVES & SAVITCH LLP        Kyocera International, Inc.*; Kyocera Wireless Corp.*
530 B Street
Suite 2100
San Diego, CA 92101

Fuehrer, Erik R.                      => **Phone: (650) 833-2433  Fax: (650) 687-1182  Email: erik.fuehrer@dlapiper.com**
DLA PIPER US LLP                          Esseplast (USA) NC, Inc.*
2000 University Avenue
East Palo Alto, CA 94303

Goldberg, Lee A.                      => **Phone: (646) 878-0800  Fax: (646) 878-0801  Email: LeeG@pczlaw.com**
PEARL COHEN ZEDEK LATZER                  Freshlink Product Development. LLC*; Pollen Design, Inc.*
1500 Broadway
12th Floor
New York, NY 10036

Goldberg, Nolan M.                    => **Phone: (212) 969-3000  Fax: (212) 969-2900  Email: ngoldberg@proskauer.com**
PROSKAUER ROSE LLP                        Datalogic Scanning Holdings, Inc.*; Datalogic Scanning, Inc.*; Informatics Holdings, Inc.*;
1585 Broadway                             Informatics, Inc.*
New York, NY 10036-8299

Kramer, Melody A.                     => **Phone: (858) 362-3150  Fax: (858) 824-9073  Email: mak@kramerlawip.com**
KRAMER LAW OFFICE                         Sorensen (Trustee-Sorensen Research & Development Trust), Jens Erik*; Sorensen Research &
9930 Mesa Rim Road                        Development Trust*
Suite 1600
San Diego, CA 92121

Kudlac, Kevin                         => **Phone: (713) 546-5000  Fax: (713) 224-9511  Email: kevin.kudlac@weil.com**
WEIL GOTSHAL & MANGES LLP                 Lexar Media, Inc.*
700 Louisiana
Suite 1600
Houston, TX 77002

Leachman, Michael K.                  => **Phone: (225) 248-2420  Fax: (225) 248-3120  Email: MLeachman@joneswalker.com**
JONES WALKER WAECHTER ET AL               Axonn, LLC*; Globalstar, Inc.*; Spot, LLC*
8555 United Plaza Blvd.
Four United Plaza
4th Floor
Baton Rouge, LA 70809-7000

Lobenfeld, Eric J.                    => **Phone: (212) 918-8202  Fax: (212) 918-3100  Email: ejlobenfeld@hhlaw.com**
HOGAN & HARTSON LLP                       Motorola, Inc.*
875 Third Avenue
Suite 2600
New York, NY 10022

Mueller, John M.                      => **Phone: (513) 357-9610  Fax: (513) 381-0205  Email: mueller@taftlaw.com**
TAFT STETTINIUS & HOLLISTER LLP           Big Lots Stores, Inc.*

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 2,149 Continued)*                                          Page 3

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

425 Walnut Street
Suite 1800
Cincinnati, OH 45202-3957

Niro, Dean D.                                    =>Phone: (312) 236-0733  Fax: (312) 236-3137  Email: dniro@nshn.com
NIRO SCAVONE HALLER & NIRO               Conair Corp.*
181 West Madison Street
Suite 4600
Chicago, IL 60602-4515

Noonan, David J.                                 =>Phone: (619) 231-8666  Fax: (619) 231-9593  Email: dnoonan@knlb.com
KIRBY NOONAN LANCE & HOGE LLP            U.S. Tape Co., Inc.*
350 Tenth Avenue
Suite 1300
San Diego, CA 92101-8700

Peterson, Douglas R.                             =>Phone: (310) 734-3269  Fax: (310) 734-3300  Email: dpeterson@steptoe.com
STEPTOE & JOHNSON LLP                    Alltrade Tools, LLC*
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067

Rosenberg, Mark J.                               =>Phone: (212) 500-1563  Fax: (212) 643-6500  Email: mrosenberg@sillscummis.com
SILLS CUMMIS & GROSS PC                  Central Purchasing, LLC*
One Rockefeller Plaza
New York, NY 10020

Rosenblatt, Arnold                               =>Phone: (603) 621-7100  Fax: (603) 621-7111  Email: a.rosenblatt@clrm.com
COOK LITTLE ROSENBLATT & MANSON          Metabowerke GMBH
1000 Elm Street
Manchester, NH 03101

Scott, Craig M.                                  =>Phone: (401) 865-6035  Fax: (401) 865-6039  Email: cscott@scottbushlaw.com
SCOTT & BUSH LTD                        Emissive Energy Corp.*
30 Kennedy Plaza
Fourth Floor
Providence, RI 02903

Shalek, James H.                                 =>Phone: (212) 969-3000  Fax: (212) 969-2900  Email: jshalek@proskauer.com
PROSKAUER ROSE LLP                      WASP Barcode Technologies
1585 Broadway
New York, NY 10036

Standish, Gail J.                                =>Phone: (213) 615-1700  Fax: (213) 615-1750  Email: gstandish@winston.com
WINSTON & STRAWN LLP                    L.G. Sourcing, Inc.*; Lowe's Companies, Inc.*, Lowe's HIW, Inc.*
333 S. Grand Ave
38th Floor
Los Angeles, CA 90071

Stump, Matthew A.                                =>Phone: (612) 766-8758  Fax: (612) 766-1600  Email: mstump@faegre.com
FAEGRE BENSON LLP                       Target Corp.*
2200 Wells Fargo Center
90 South Seventh Street

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 2,149 Continued)*    Page 4

## ATTORNEY - FIRM                    REPRESENTED PARTY(S)

Minneapolis, MN 55402-3901

Volpe, Anthony S.
VOLPE & KOENIG PC
United Plaza
30 South 17th Street
Philadelphia, PA 19103

=>Phone: (215) 568-6400  Fax: (215) 568-6499  Email: avolpe@volpe-koenig.com
Dorman Products, Inc.*

Vu, Vy H.
FOUNTAIN LAW GROUP INC
18201 Von Karman Avenue
Suite 960
Irvine, CA 92612

=>Phone: (949) 769-6992  Fax: (949) 769-6995  Email: vyvu@fountainlawgroup.com
Sunbeam Products, Inc.*

Whitmyer, Jr, Wesley W.
ST ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT 06905

=>Phone: (203) 324-6155  Fax: (203) 327-1096  Email: litigation@ssjr.com
Fein Power Tools, Inc.*

Woodmansee, M. Andrew
MORRISON & FOERSTER LLP
12531 High Bluff Drive
Suite 100
San Diego, CA 92130

=>Phone: (858) 720-5167  Email: mawoodmansse@mofo.com
Global Machinery Co.; GMCA PTY. Ltd.; Trapone Corp., PTY. Ltd.

Note: Please refer to the report title page for complete report scope and key.